COPY

FILED

2016 FEB 10 AM 9: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption and Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, CA 90012
        Telephone: (213) 894-0284/3541/4849
        E-mail:     Brandon.Fox@usdoj.gov
                    Lizabeth.Rhodes@usdoj.gov
                    Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                 v.<br><br>LEROY BACA,<br><br>            Defendant. | No. **CR16-0066**<br><br>PLEA AGREEMENT FOR DEFENDANT<br>LEROY BACA |

1.    This constitutes the plea agreement between LEROY BACA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO"). This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 19 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 22 and 23 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3.    Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to an information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with willfully making false statements in violation of 18 U.S.C. § 1001(a)(2).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

2

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 14 of this agreement.

c.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further criminally prosecute defendant for violations arising out defendant's conduct described in the agreed-to factual basis set forth in paragraphs 9 and 10 below, including but not limited to obstruction of justice under 18 U.S.C. § 1503.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that

3

occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in the Information, that is, willfully making a false statement, in violation of Title 18, United States Code, Section 1001(a)(2), the following must be true:

a. Defendant made a false statement in a matter within the jurisdiction of the USAO and Federal Bureau of Investigation ("FBI");

b. The statement was material to the activities or decisions of the USAO and FBI; that is, it had a natural tendency to influence, or was capable of influencing, the USAO's and FBI's decisions or activities; and

c. Defendant acted willfully; that is, deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful.

PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1001(a)(2), is: five years' of imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

4

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of

5

guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

a.    On April 12, 2013, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the Federal Bureau of Investigation and the United States Attorney's Office for the Central District of California, defendant LEROY BACA, knowingly and willfully made a materially false and fictitious statement and representation.  Specifically, defendant BACA, who was Sheriff of Los Angeles County at all relevant times, falsely stated that he was not aware that LASD officials were going to approach FBI Special Agent LM until he received a phone call from the Assistant Director in Charge of the FBI in Los Angeles after LASD officials had threatened her arrest on September 26, 2011.  In fact, as defendant BACA knew at the time he made the statement, he had been aware that LASD officials were going to approach FBI Special Agent LM before they did so.

10.  Defendant will not contest at any change of plea hearing, sentencing hearing, or future proceeding:

a.    Defendant was the Sheriff of Los Angeles County from approximately December 1998 to January 2014.  The Los Angeles County Sheriff's Department ("LASD") was responsible for, among other things, managing the Los Angeles County Jails, including the Los

6

Angeles County Men's Central Jail ("MCJ") and the Los Angeles County Twin Towers Correctional Facility ("TTCF").

b.    On August 18, 2011, defendant learned from the FBI Assistant Director in Charge ("ADIC") that the FBI had conducted an undercover operation that resulted in Inmate AB receiving a cellular phone from a deputy sheriff at MCJ.  Defendant later learned that the FBI, the USAO, and a federal grand jury were conducting a civil rights and public corruption investigation involving LASD deputies working at MCJ and TTCF.

c.    On August 19 and August 20, 2011, defendant met with several LASD officials, including Undersheriff Paul Tanaka, Captain William "Tom" Carey, Lieutenant Greg Thompson, and Deputies Gerard Smith and Mickey Manzo about the situation.  Defendant ordered Inmate AB to be isolated and for LASD officials to investigate how the phone ended up in an inmate's hands.  Defendant then put Undersheriff Tanaka in charge of how these items would be carried out.

d.    On August 23, 2011, defendant was informed by Lieutenant Thompson that the FBI had interviewed Inmate AB at MCJ, and that the LASD had terminated the interview.  Thompson apologized to defendant for allowing the FBI to interview Inmate AB and stated that he would take measures to ensure that it would not happen again.

e.    On August 29, 2011, defendant, Undersheriff Tanaka, Captain Carey, and others met with the United States Attorney and other members of the USAO.  Defendant stated that he wanted the USAO to work with LASD, instead of the FBI, to investigate the allegations of civil rights and corruption violations by deputies working in the jails.

7

f.    On or about September 25, 2011, defendant had a meeting with Undersheriff Tanaka, Captain Carey, and Lieutenant Steve Leavins.   During this meeting, they discussed approaching FBI Special Agent LM, who was one of the case agents involved in the federal civil rights and public corruption investigation of deputies working in the MCJ and TT.   Defendant stated during the meeting that LASD's Internal Criminal Investigations Bureau should approach Special Agent LM.   Defendant further stated that the LASD should do everything but put handcuffs on Special Agent LM.

g.    On September 26, 2011, two sergeants with the LASD's Internal Criminal Investigations Bureau approached Special Agent LM outside of her home and threatened her arrest.

h.    On or about April 12, 2013, defendant was interviewed in Los Angeles by members of the USAO and FBI about his involvement in the above-described matters.   During the interview, defendant stated: (1) he was not involved in any conversation about keeping the FBI and Inmate AB away from each other; (2) defendant was unaware and was not informed that the LASD had terminated an FBI interview of Inmate AB at MCJ on August 23, 2011; and (3) he was not aware that LASD officials were going to approach FBI Special Agent LM until he received a phone call from the Assistant Director in Charge of the FBI in Los Angeles after LASD officials had threatened her arrest on September 26, 2011.

### SENTENCING FACTORS

11.    Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

8

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 4 | |
| Criminal History Category: | I | |
| Guidelines Range: | 0-6 (pursuant to Rule 11(c)(1)(C) | |

13. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

14. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence of: zero-to-six months' imprisonment; three years' supervised release, with conditions to be fixed by the Court; no fine; and a $100 special assessment.

WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial. Defendant

9

understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

16.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.    Defendant agrees that, provided the Court imposes the sentence specified in paragraph 14 above, defendant gives up the right to appeal any portion of that sentence.

18. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 14 above, the USAO gives up its right to appeal any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date defendant signed this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

11

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

    a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

12

extent that such defenses existed as of the date of defendant's signing of this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

d.    As this agreement is entered into pursuant to Rule 11(c)(1)(C), a decision by the Court not to accept the agreement is not a breach of the agreement, and should the Court refuse to accept and be bound by this agreement, neither defendant's statements at the change of plea hearing nor the executed copy of this agreement can be used against defendant in any future proceeding, trial, or sentencing hearing.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

24.    Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will

decide for itself whether to accept and agree to be bound by this agreement.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 12 and 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

14

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney

_Brandon Fox_ _____    2-9-16
BRANDON D. FOX                    Date
Assistant United States Attorney

_Leroy Baca_ _____    2-8-16
LEROY BACA                        Date
Defendant

_Michael Zweiback_ _____    2-8-16
MICHAEL ZWEIBACK                  Date
Attorney for Defendant
Leroy Baca

15

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____     2-8-16
LEROY BACA                            _____
Defendant                             Date

16

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LEROY BACA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Michael Zweiback_                    _2-8-16_
MICHAEL ZWEIBACK                      Date
Attorney for Defendant
Leroy Baca

## CERTIFICATE OF SERVICE

I, **G. MORENO**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT LEROY BACA**

Service was:

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By facsimile, as follows:

☐ By e-mail, as follows:

**MICHAEL ZWEIBACK**
**ARENT FOX LLP**
**555 W. 5th Street, 48th Floor**
**Los Angeles, CA 90013**

This certificate is executed on **February 9, 2016**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

G. MORENO
Legal Assistant