Michael Zweiback (State Bar No. 143549)
michael.zweiback@alston.com
Rachel L. Fiset (State Bar No. 240828)
rachel.fiset@alston.com
Erin C. Coleman (State Bar No. 281092)
erin.coleman @alston.com

**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-1410
Telephone:  213-576-1000

Attorneys for Defendant Leroy Baca

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEROY BACA,<br><br>Defendant. | Case No.: CR16-0066-PA<br><br>**DEFENDANT SHERIFF LEROY BACA'S OBJECTIONS TO THE PRESENTENCE REPORT**<br><br>**(Filed concurrently with Defendant's Sentencing Position and Declaration of Michael Zweiback)**<br><br><br>Date:  July 11, 2016<br>Time: 8:30 AM<br>Ctrm: No. 15 |

DEFENDANT SHERIFF LEROY BACA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT
LEGAL02/36482514v1

Defendant Sheriff Leroy Baca ("Sheriff Baca"), by and through his counsel of record, hereby respectfully submits his objections to the Presentence Report disclosed on April 8, 2016.

**Plea Agreement**

The plea agreement between Sheriff Baca and the government identifies the following applicable Sentencing Guideline factors resulting in a total offense level of four (4), as follows:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 4 | |
| Criminal History Category: | I | |
| ---------------------------------------- | | |
| Guideline Range: | 0-6 (pursuant to Rule 11(c)(1)(C) | |

Sheriff Baca does not challenge an offense level of four (4) set forth above per the plea agreement.

**Sheriff Baca Objects to the Offense Level Computation in the Presentence Investigation Report**

**Paragraphs 28-29:**  Although the offense level computation in the Presentence Investigation Report has no impact on the Guideline Range, Sheriff Baca objects to Paragraphs 28-29 concluding that a two-level increase in the "Total Offense Level" is warranted for an abuse of a position of trust.  *See* U.S.S.G. § 3B1.3; Presentence Investigation Report (hereinafter, "PSR") at ¶¶ 28, 29.  For the abuse of trust enhancement to apply "the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense." U.S.S.G. § 3B1.3, Applications Notes 1. This two-level enhancement under Section 3B1.3 does not apply.

Section 3B1.3 is limited to people with "professional or managerial discretion" over victims of their crime, for example, "an embezzlement of a client's funds by an attorney serving as guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination." U.S.S.G. § 3B1.3, Application Note 1. The enhancement solely applies to matters where a clear and obvious relationship of trust exists between the defendant and the victim. *See, e.g., United States v. Thorn,* 446 F.3d 478, 388 (2d Cir. 2006) (contractor defrauded his customer); *United States v. Santoro,* 302 F.3d 76, 82 (2d Cir. 2002) (stock broker defrauded his clients); *United States v. Hirsch,* 239 F.3d 221, 226-28 (2d Cir. 2001) (investment advisor defrauded his clients); *United States v. Jinwright*, 683 F.3d 471 (4th Cir. 2012) (custodians of church finances embezzled money with which they were entrusted to facilitate tax evasion); *United States v. Gill,* 99 F.3d 484 (1st Cir. 1996) ("[T]he threat-illustrated by the lawyer who bilks the client out of trust funds or the doctor who sexually abuses a patient.").

The "common thread" in cases applying Section 3B1.3 is the "victim's special trust and reliance" on the defendant and the "defendant's authority over the victim's valuables . . . ." *United States v. Bradshaw*, 670 F.3d 768, 770 (7th Cir. 2012) (citation omitted). This analysis must be from the point of view of the victim of the offense. *See United States v. Hall,* 349 F.3d 1320, 1325 (11th Cir. 2003) ("It was the government's burden during sentencing, to show, by a preponderance of the evidence, that [defendant] occupied a position of trust with respect to his victims."), *aff'd,* 543 U.S. 209 (2005). The victim must have entrusted the "professional or managerial discretion" to the defendant. *See United States v. Roberts*, 660 F.3d 149 (2nd Cir. 2011) (citations omitted); *United States v. Jolly*, 102 F.3d 46, 48 (2d Cir. 1996) ("the abuse of trust enhancement applies only where the defendant has abused discretionary authority entrusted to the defendant").

Here, Sheriff Baca pled guilty to a felony of making a false statement to the Federal Bureau of Investigation (FBI). Sheriff Baca "falsely stated that he was not

aware that LASD officials were going to approach FBI Special Agent LM until he received a phone call from the Assistant Director in Charge of the FBI in Los Angeles after LASD officials had threatened her arrest on September 26, 2011." (Plea Agreement, Dkt. 5, ¶ 9(a).) Sheriff Baca did not "abuse a position of trust" in making this statement. *See United States v. Broderson*, 67 F.3d 452, 455 (2d Cir. 1995) (rejecting a Section 3B1.3 enhancement for a corporate executive who made a false statement to the government because he was trusted with discretionary authority over the company, not the government); *United States v. Hall,* 349 F.3d 1320, 1325-26 (11th Cir. 2003) (finding no abuse of a position of trust by pastor in investment scheme because victims were not church members seeking spiritual guidance); *United States v. Caplinger,* 339 F.3d 226, 237-38 (4th Cir. 2003) (purported physician did not assume a physician-patient relationship with any victims of investment scheme); *United States v. Jolly,* 102 F.3d 46, 48-50 (2d Cir. 1996) ("no abuse of trust when the defendant solicited loans from investors for sham business venture but did not hold himself out as an investment advisor or broker to the investors") (citations omitted); *United States v. Mullens,* 65 F.3d 1560, 1566–67 (11th Cir. 1995) (no abuse of trust where defendant "did not have a 'special, close, or personal attachment, or fiduciary relationship, with any' of the investors" in a ponzi scheme) (citations omitted).

The crime to which Sheriff Baca pleaded guilty is not one in which he had "authority over the victim's valuables," nor was it a crime where he abused a discretionary trust. *See Bradshaw*, 670 F.3d at 770. Sheriff Baca's false statement was not made in connection with his managerial authority as Sheriff, nor was he given a position of trust in granting an interview with the FBI regarding the FBI's undercover investigation into the LASD. Although Sheriff Baca may have been "trusted" by the public or inmates in carrying out duties as Sheriff, a statement to the FBI relating to a criminal investigation that was initially carried out undercover – specifically, placing him outside the trust of the FBI – was not an abuse of trust

bestowed upon him as a result of his title.

The two-level enhancement is unwarranted under Section 3B1.3. The total offense level, therefore, should remain at four (4) per the terms set forth in the Plea Agreement.

DATED:  June 20, 2016          **ALSTON & BIRD LLP**

                             /s/   *Michael Zweiback*
                          MICHAEL ZWEIBACK
                          RACHEL L. FISET
                          ERIN C. COLEMAN
                          Attorneys for Defendant LEROY BACA

DEFENDANT SHERIFF LEROY BACA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT
LEGAL02/36482514v1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2016, I caused a copy of **DEFENDANT SHERIFF LEROY BACA'S OBJECTIONS TO THE PRESENTENCE REPORT** to be served upon the following counsel in the manner described below:

Via the Court's CM/ECF system:
Michael Zweiback
Michael.zweiback@alston.com

 /s/     *Michael Zweiback*
Attorney for Defendant Leroy Baca

DEFENDANT SHERIFF LEROY BACA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT
LEGAL02/36482514v1