EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
    1500/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/4849
    Facsimile: (213) 894-7631
    E-mail:    Brandon.Fox@usdoj.gov
            Lizabeth.Rhodes@usdoj.gov
            Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-066-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT LEROY BACA'S SENTENCING POSITION |
| v. | |
| LEROY BACA, | Hearing Date: July 11, 2016 |
| Defendant. | Hearing Time: 8:30 a.m.<br>Location:    Courtroom of the<br>           Hon. Percy Anderson |

Defendant Leroy Baca asks for this Court for a probationary sentence based on the support of the community, his prior accomplishments, and his medical condition. The government has already explained why a six-month sentence of imprisonment is appropriate, but files this limited response to briefly address some of the issues raised by defendant in his filing.

Defendant has submitted hundreds of letters urging leniency on his behalf.  That defendant has an abundance of support from friends, family, political allies, and community members is commendable.  But it also is expected for someone who held elected office for so long. "Politicians are in the business of dispensing favors; and while gratitude like charity is a virtue, expressions of gratitude by beneficiaries of politicians' largesse should not weigh in sentencing."  United States v. Vrdolyak, 593 F.3d 676, (7th Cir. 2010).

Among defendant's supporters are former and current elected officials from municipal, county, state, federal, and foreign governments.  (Def.'s Mem. Ex. D at 118, 121, 140, 156, 185, 186, 223, 224, 243, 264, 284, 295, 361, 377, 400, 412, 429, 433).  Some public officials even expressed their support on official letterhead. (See, e.g., Def.'s Mem. Ex. D at 121, 243.)  Clearly, high-ranking public officials are paying attention to the case, as is the community in general.  A sentence of imprisonment would provide for general deterrence.  It would show that elected officials and heads of agencies still must adhere to the law and will be held accountable for their misdeeds.

Defendant also asks for a probationary sentence because of his diagnosis of being in the early stages of Alzheimer's disease.[1]  As

---

[1] That defendant is not suffering severe cognitive impairment is clear from those very same letters of support.  The government does not believe that one of them discussed defendant's declining cognitive condition.  Indeed, many indicated that defendant is still highly functioning.  (See, e.g., Def.'s Mem. Ex. D at 117 (defendant has recently provided advice based on his life experience); Ex. D at 135 (when recently meeting with defendant and listening to speeches, author notes that defendant's "messages always cut to the
*(footnote cont'd on next page)*

noted in Exhibit A, the Bureau of Prisons can house and treat defendant in his current condition.  The Bureau of Prisons currently houses approximately 300 inmates with more severe forms of cognitive impairment resulting from dementia or Alzheimer's disease.  (Ex. A at ¶ 14.)  Defendant will have appropriate access to doctors, including specialists.  (Id. at ¶¶ 15-21.)

Defendant claims that he is unlikely to receive his prescription medicine to help treat the disease.  This is wrong.  While the medication is not on the BOP's formulary, approximately twenty-five inmates already take the same medication.  (Id. at ¶ 25.)  As the Western Regional Medical Director for the Bureau of Prisons, Dr. James Pelton will be deciding whether defendant receives non-formulary medicine.  Based on his review of defendant's medical records, Dr. Pelton believes that it is "very likely" that he will place defendant on this medication even though it is not on the formulary if the Court sentences defendant to prison.  (Id.)  As a result, defendant's claim that there is a "grave danger" that he will not receive "the medically appropriate care for his disease" is grossly overstated.

Defendant's contention that a custodial setting would be difficult for him is speculative.  Based on Dr. Pelton's experience, inmates with cognitive impairment succeed in custodial settings based on the structure and routine in the facilities.  (Id. at 26.)  This is especially true in the short term, while defendant is minimally impaired.  (Id.)  As a result, Dr. Pelton believes defendant would

issue . . ."); Ex. D at 231 (successful businessman notes that he still meets with Baca at least once a month)).

3

"function well if sentenced to a period of incarceration of up to six months." (Id.)

Finally, defendant claims that his condition and past career make him susceptible to abuse while in custody. However, the Bureau of Prisons houses many well-known inmates. (Id. at 27.) Based on the type of facility that defendant likely would be assigned to, he will not be encountering violent criminals. Indeed, at the type of facility where defendant would be housed, "there are rarely any serious assaults," even if the inmate is a well-known defendant. (Id.)

Dated: July 7, 2016                    Respectfully submitted,

                                       EILEEN M. DECKER
                                       United States Attorney

                                       LAWRENCE S. MIDDLETON
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                            /s/
                                       _____
                                       Brandon D. Fox
                                       Lizabeth A. Rhodes
                                       Eddie A. Jauregui
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

4