EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
     1500/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-6436
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-66(A)-PA |
| Plaintiff, | [*PROPOSED*] |
| v. | PROTECTIVE ORDER |
| LEROY BACA, | |
| Defendant. | |

IT IS ORDERED, for good cause shown, pursuant to Federal Rule of Criminal Procedure 16(d) and the Court's power to regulate discovery, and based upon the stipulation between and among the parties and the files and records in this matter, that the following Protective Order shall be issued:

1.  The First Superseding Indictment in this case alleges that defendant engaged in crimes of Conspiracy, in violation of Title 18, United States Code, Section 371; Obstruction of Justice, in violation

of Title 18, United States Code, Section 1503(a); and False Statements, in violation of Title 18, United States Code, Section 1001.

2.  In the course of the government's investigation, it obtained numerous records, including the following:

a.  Personnel records, which include home addresses, Social Security numbers, dates and places of birth, and personal identifying information of spouses and children.

b.  Medical records.

c.  Scholastic records.

d.  Incident and arrest reports, which include information such as home addresses, social security numbers, dates of birth of victims and witnesses, and other personal or sensitive information.

e.  Financial records.

f.  Criminal history reports.

g.  Reports and findings of internal investigations for policy violations, use of force reviews, and internal criminal investigations.

h.  Compelled statements from LASD personnel, including statements given during the course of administrative LASD Internal Affairs Bureau investigations

i.  Grand jury testimony or recorded statements in lieu of such testimony.

3.  The government has produced this material in discovery to the defense.  With the exception of information and documents that are in the public domain at the time the Protective Order is filed, all materials that the government produces or has produced to the

2

defense are subject to this Protective Order and are solely for the use of defendant, his attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.  The purpose of this Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others.

4.    This Protective Order applies to defendant, employees of defendant, attorneys for defendant, individuals hired by defendant or attorneys for defendant, including investigators and paralegals, and to any individual who is assisting the defendant or defense attorney(s) in any way in connection with this case (the "defense team").

5.    The defense team shall keep the discovery in this case, which is all produced pursuant to the Protective Order, in a secure place to which no person who does not have reason to know its contents has access.

6.    The discovery in this case, which is all produced pursuant to the Protective Order, shall be viewed only by persons who, by reason of their participation in this case, have reason to know such information.

7.    Members of the defense team may review the content of any of the discovery in this case which is subject to the Protective Order with a witness or potential witness in this case. Additionally, members of the defense team may send copies of any statements made by or referencing the witness or potential witness that are subject to the Protective Order to counsel for the witness or potential witness.  Before being shown any item, however, any witness, potential witness, or counsel for such witness must be

3

informed of, and agree to be bound by, the requirements of this Protective Order.  That is, any witness or potential witness shall not disclose to any other person or entity any information covered by this Protective Order.  Further, any witness or potential witness may not retain, documents or items, or any part of any document or item, or any reproduction or copy thereof, after his or her review of such document with members of the defense team or his/her counsel is complete.  Counsel for any witness or potential witness may not retain documents or items, or any part of any document or item, or any reproduction or copy thereof, after his/her client's trial testimony in the instant matter (CR No. 16-66(A)), and in no instance after trial in this matter is complete.  Defendant's attorneys shall maintain a list of individuals to whom discovery has been provided. Should the government believe there has been a breach of the Protective Order, it may request the court to order defendant to produce to the court a list of individuals to whom discovery was provided.

8.    The Protective Order shall apply to all discovery produced in this matter, whether it was produced prior to or after the entry of the Protective Order.  Defense counsel may seek to have discovery which is subject to the Protective Order exempted from the Protective Order.  If defense counsel seeks to have such discovery exempted from the Protective Order, he or she shall make the request to government counsel and attempt to reach an agreement as to whether and what discovery should be exempted.  Defense counsel may make a request to the Court to have discovery that is subject to the Protective Order exempted from the Protective Order on a showing of good cause, only

4

if counsel has first made such a request to the government and been unable to reach agreement.

9.    Members of the defense team shall use discovery produced in this case only for this case.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, none of the discovery obtained during the course of litigation in this matter may be used, in any way, for any reason, absent the express written agreement of the government or an order by this Court.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, counsel for defendant shall, within ten business days, (a) return to the government all copies of all the discovery, in whatever form (e.g., printed or digital); and (b) certify in writing that he or she has complied with the terms of this provision.

10.    The parties' stipulation and the Court's Order shall bind the defense team.  Present counsel of record shall ensure that any successor counsel or co-counsel has been informed of, and has agreed to be bound by, the requirements of this Protective Order before providing them with access to the discovery that is subject to the Protective Order.

//

//

//

//

//

//

//

//

11.    Defendant and his attorneys are required to give a copy of this Protective Order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case.  A willful violation of this Protective Order by defendant, his attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.


DATED: _____          _____
                                        HONORABLE PERCY ANDERSON
                                        UNITED STATES DISTRICT JUDGE