EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
General Crimes Section
Assistant United States Attorneys
     1500/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-7631
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-66(A)-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION FOR DETERMINATION OF DEFENDANT LEROY BACA'S MENTAL COMPETENCY; PROPOSED ORDER |
| v. | |
| LEROY BACA, | |
| Defendant. | [Proposed] Status Conference: September 26, 2016 |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, hereby files this motion for a hearing to determine the mental competency of defendant Leroy

Baca ("defendant") pursuant to 18 U.S.C. § 4241(a) and Federal Rule of Criminal Procedure 12.2(c)(1)(A).  Although the government believes defendant is competent to stand trial, certain statements by defendant, his attorneys, and his experts, if taken at face value, provide "reasonable cause to believe that defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a) (emphasis added).  If the Court grants this motion, it will help ensure that defendant's trial proceeds in a timely fashion if he is competent and will save resources if he is not competent.

The government's motion is based upon the attached memorandum of points and authorities, the files and records in this case, the concurrently filed under seal filing, and such other evidence and argument as may be presented.

DATED: August 24, 2016          Respectfully Submitted,

                                EILEEN M. DECKER
                                United States Attorney

                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division


                                 /s/ *Brandon D. Fox*_____
                                BRANDON D. FOX
                                LIZABETH A. RHODES
                                EDDIE A. JAUREGUI
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Leroy Baca ("defendant"), the former sheriff of the Los Angeles County Sheriff's Department, is charged in a first superseding indictment with violations of 18 U.S.C. §§ 371 (conspiracy), 1503 (obstruction of justice), and 1001 (false statements).  Trial is set for December 6, 2016.  Although the government believes defendant is competent to stand trial, it moves for a mental competency determination because defendant, his counsel, and his medical experts have made statements about the state of defendant's cognitive abilities that provide "reasonable cause to believe that defendant may be suffering from a mental disease or defect rendering him mentally incompetent" to stand trial.  18 U.S.C. § 4241(a) (emphasis added).

**II.   FACTUAL BACKGROUND AND BASIS FOR GOVERNMENT'S MOTION**

**A.   Notice Regarding Defendant's Condition**

On or about January 7, 2016, defendant's attorneys provided the government with information concerning defendant's medical condition.  Specifically, defense counsel provided the government with medical records reflecting evaluations of defendant by two different physicians.  To protect defendant's medical privacy, those records are discussed separately in an under seal document filed concurrently with this motion.

**B.   Information and Guilty Plea**

On February 10, 2016, defendant appeared before the Court for an arraignment and pled guilty to an information filed that day, which charged him with the making of a false statement.  Before taking defendant's guilty plea, the Court made a number of inquiries

of defendant and his counsel in order to determine whether

defendant's plea was knowing and voluntary, including the following:

THE COURT:    Have you recently been treated for any form of mental illness or addiction?

DEFENDANT:    No.

THE COURT:    Have you taken any medication, drugs or alcohol within the last 72 hours?

DEFENDANT:    No.

THE COURT:    Are you currently suffering from any mental condition that would prevent you from understanding fully the charge against you or the consequences of any guilty plea you might enter to that charge?

DEFENDANT:    No.

THE COURT:    Is there any reason at all why we cannot go forward at this time?

DEFENDANT:    No, Your Honor.

THE COURT:    Counsel, have you had an opportunity to talk with your client immediately prior to this proceeding?

COUNSEL:    Yes, Your Honor.

THE COURT:    Do you have any reason to believe that your client is not competent to enter his guilty plea at this time?

COUNSEL:    I do not.

THE COURT:    Any reason at all why we cannot go forward?

COUNSEL:    I don't.

THE COURT:    Is it your opinion that your client is in full possession of his faculties?

COUNSEL:    Yes.

(Tr. of Proceedings, Feb. 10, 2016, at 5:4-6:5.)  Based on these statements, the Court found that defendant was in full possession of his faculties.

**C.     Statements Regarding Defendant's Mental Condition in Anticipation of Sentencing**

In anticipation of sentencing, defendant interviewed with a Probation Officer and disclosed information regarding his health. That information is reflected in the Presentence Investigation Report ("PSR") and is discussed in the government's under seal filing.

On June 20, 2016, defendant filed a sentencing brief in support of his request for a probationary sentence.  (Dkt. 34.)  The brief emphasized defendant's diagnosis of Alzheimer's disease and attached, among other items, a letter from his physician.  (See Government's Under Seal filing.)

At the sentencing hearing, defense counsel highlighted, among other things, defendant's medical condition.  Defense counsel noted that the parties' experts "agree that he has" Alzheimer's Disease and "also agree on what is self-evident, which is, it's neurological, it's progressive, it affects people in much much different ways . . . ."  (Tr. of Sentencing Proceedings, July 18, 2016, at 16-17.)  Defense counsel went on to note that defendant "can't remember his friends' names, that there are certain very basic things . . .  that he is unable to recall," and defendant's "recorder is now broken."  (Id. at 18:8-19:5.)

**D.    Defendant's Statements to the Press**

After the Court declined to accept the parties' Rule 11(c)(1)(C) plea agreement, defendant and his attorneys made a number of statements to the press, again emphasizing defendant's deteriorating mental condition.  The Los Angeles Times reported on August 1, 2016, that defendant's attorney stated that "medical records would show Baca's mental deterioration had already begun in April 2013, when he made the allegedly false statements to federal prosecutors . . . ." Joel Rubin & Cindy Chang, Ex-L.A. County Sheriff Lee Baca Withdraws His Guilty Plea, Clearing the Way for a High-Profile Trial, LOS ANGELES TIMES, Aug. 1, 2016 (available at http://www.latimes.com/ local/lanow/la-me-ln-baca-plea-sentence-20160801-snap-story.html).  The same article reported that defense counsel stated that defendant's "dementia has progressed since the initial diagnosis, and he suffers from, among other things, short-term memory loss."  (Id.)[1]

**E.    Defendant's Statements at Arraignment Hearing**

On August 12, 2016, defendant was arraigned on the first superseding indictment.  During the arraignment proceedings, defendant told the Court that he was being treated for Alzheimer's disease and that although his mind was clear, he suffered from "cloudiness in my brain," which he had for "quite a while."  When

---

[1] The article further noted that defense counsel "said he planned to argue to jurors that Baca's growing awareness of his illness led him increasingly to delegate more authority to [former Undersheriff Paul] Tanaka and others."  (Id.)

asked if he understood the charges against him, defendant initially stated that he did not fully understand all of the charges, specifically saying, "I can't say I fully get it."  (Tr. Of Arraignment, August 12, 2016, at 5:20-25.)  Defendant ultimately said that he did understand the charges and that there was no reason he could not go forward with the arraignment.  (Id. at 6:1-10.)

For his part, defense counsel represented that "at this time" he believed his client was competent to go forward and was in full possession of his faculties.  (Id. at 6:15-7:2.)  The Court made the same finding.

**III.  THE COURT SHOULD ORDER AN EXAMINATION TO DETERMINE DEFENDANT'S COMPETENCY TO STAND TRIAL**

**A.    Legal Standard**

"[A] conviction obtained against an incompetent defendant 'is a clear violation of the constitutional guarantee of due process.'" United States v. Loyola-Dominguez, 125 F.3d 1315, 1318 (9th Cir. 1997).  To ensure that defendant is competent, the Court must hold a hearing if the Court "is presented with evidence that creates a 'bona fide doubt' about the defendant's competency to stand trial."[2] Id. See also United States v. Fernandez, 388 F.3d 1199, 1252 (9th Cir. 2004) ("A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent.").  Accordingly, the standard on whether to hold a

_____

[2] A "bona fide doubt" has also been called a "sufficient doubt," a "good faith doubt," a "genuine doubt," a "reasonable doubt," and a "substantial question." Chavez v. United States, 656 F.2d 512, 516 n.1 (9th Cir. 1981) (collecting cases).

hearing is not whether the defendant is competent or incompetent (indeed, the government believes the defendant is competent). Instead, the question is whether "the evidence of incompetence [is] such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." United States v. Dreyer, 705 F.3d 951, 960 (9th Cir. 2013); United States v. George, 85 F.3d 1433, 1437 (9th Cir. 1996) ("If reasonable cause exists, section 4241(a) requires a district court to conduct a competency hearing.").  The governing statute itself says that the Court must grant a motion for a mental competency determination "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a) (emphasis added).

In determining whether to hold a hearing, the Court should consider "three broad categories: defendant's medical history, his behavior in and out of court, and defense counsel's statements about the defendant's competency." United States v. Garza, 751 F.3d 1130, 1134 (9th Cir. 2014).  "[N]one of these factors is determinative. Any one of them may be sufficient to raise a reasonable doubt about competence."  Id. (quoting Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir. 1997)).  A diagnosis of a mental disease or defect may raise a bona fide doubt as to competency.  Dreyer, 705 F.3d at 962, 964 (court should have sua sponte held competency hearing based on defendant's diagnosis of dementia).

6

**B.    The Medical Records and Statements by Defendant and his Counsel Call for a Competency Hearing**

The government believes that the Court should hold a competency hearing based on the statements by defendant, his attorney's statements, and the medical records and diagnoses provided to the Court and to the government.

The medical records and diagnoses are discussed in the government's under seal filing.  But the public statements by defense counsel by defendant also raise doubts about defendant's current cognitive state.

Defense counsel has described defendant's condition as rapidly deteriorating and has claimed that defendant's mental health issues (and his awareness thereof) caused him to "increasingly delegate" authority to subordinates while serving as the Sheriff.  See Rubin & Chang, Ex-L.A. County Sheriff Lee Baca Withdraws His Guilty Plea, supra; see also Brian Melley & Delara Shakib, Ex-LA Sheriff Cites Alzheimer's In Decision To Go To Trial, Associated Press, Aug. 2, 2016 (available at http://bigstory.ap.org/article/a6fb61cd426b4520-a25fcc83a5f0841d/ex-la-sheriff-cites-alzheimers-decision-go-trial) (noting defense counsel's statements that "the arc of the disease started well before" 2013).  Finally, defendant himself has told this Court that he has suffered periods of "cloudiness in [his] brain" for "quite a while."  To be clear, the government cannot fully assess the veracity and reliability of this information at this time (indeed, the government believes an examination and hearing will show that defendant is competent); however, the government believes the medical records and statements by defendant

and his counsel provide a bona fide doubt as to whether defendant "may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a); Chavez, 656 F.2d at 516; Dreyer, 705 F.3d at 962.  The government therefore believes that the Court should hold a hearing to ensure that defendant is competent to stand trial.

**C.    The Court Should Order a Competency Examination by Licensed Psychologist Recommended by the Government and Approved by the Court**

To determine the defendant's present mental state, the Court may order "a psychiatric or psychological examination of the defendant."  18 U.S.C. § 4241(b); see also United States v. Warren, 984 F.2d 325, 329 (9th Cir. 1993) ("Having ordered a [competency] hearing, the Court had discretion to order a competency examination sua sponte.") (internal citations omitted).  The examination must be conducted "by a licensed or certified psychiatrist or psychologist." 18 U.S.C. § 4247(b).  The Court may also order examination by "more than one such examiners."  Id.

The psychiatrist(s) or psychologist(s) designated to conduct the examination must then prepare a report with certain clinical findings and the examiner's opinion as to whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  18 U.S.C. § 4247(c).  Thereafter, the

8

report must be filed with the Court and served on all parties. Id. At the subsequent hearing, defendant may testify, present evidence, subpoena witnesses on his behalf, and confront and cross-examine witnesses who appear. 18 U.S.C. § 4247(d).

Because defendant has already been evaluated by at least two neuropsychologists he selected (and defense counsel suggested in Court today that he has two additional experts on the issue of defendant's mental state), the government asks this Court to order a licensed psychologist selected by the government to conduct an examination of defendant. Otherwise, the government will be left with no expert witness who has examined defendant, while defendant has at least two (and possibly four) who have evaluated him and who may testify at a competency hearing. This is particularly important because it is clear that the defense has not provided to the government anywhere close to all of the medical records relied upon by his experts.

Further, the government has already engaged a licensed forensic psychologist for consultation and potential testimony in this matter should defendant raise a defense based on a mental disease or defect bearing on the issue of guilt under Federal Rule of Criminal Procedure 12.2(b).[3] This licensed forensic psychologist has already reviewed the medical reports disclosed by the defendant to the government. As a result, appointing this licensed forensic

---

[3] As discussed in Court, defendant has not provided the government with such notice, despite the public statements by his counsel. The Court ordered him to provide any notice of a Rule 12.2 defense by September 12, 2016.

psychologist to examine defendant for the purpose of a competency hearing will save resources.

Contrary to the defendant's representations in Court, nothing in Section 4241 or 4247 instructs the Court to appoint a licensed forensic psychologist or psychologist who is independent of both parties. Should the Court, however, wish to appoint an expert to examine defendant that is independent of the parties, the Court has the discretion to order two examinations. 18 U.S.C. § 4247(b). One can be conducted by an independent expert and the other could be conducted by the government's expert.

If the Court agrees to allow the government's expert to evaluate defendant for competency, the government will provide the Court with the name of its chosen licensed forensic psychologist for the Court's approval. If the Court approves of this licensed forensic psychologist's credentials, the government will ask the Court to order the government's expert to examine defendant.

Another course that the Court may wish to take is to wait until September 12, 2016, when defendant's Rule 12.2 notice is due, to decide whether to order defendant to be examined by the government's expert for competency. Given defendant's concession in Court that the government's expert would be able to examine defendant once he raises a Rule 12.2 defense, defendant will suffer no prejudice by the Court ordering the government's expert to evaluate defendant for competency.

**IV.    CONCLUSION**

The government respectfully requests that the Court order a competency hearing and a psychiatric or psychological examination for defendant pursuant to 18 U.S.C. §§ 4241 and 4247 and Federal Rule of Criminal Procedure 12.2(c)(1)(A) to determine whether defendant is competent to stand trial.

DATED: August 24, 2016          Respectfully Submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Brandon D. Fox*

_____
BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

11