EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
General Crimes Section
     1300/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-6436
     E-mail:     Brandon.Fox@usdoj.gov
                 Lizabeth.Rhodes@usdoj.gov
                 Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>LEROY BACA,<br><br>          Defendant. | No. CR 16-66(A)-PA<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**   10-4-2016<br>**[PROPOSED] TRIAL DATE:** 12-6-2016 |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, and defendant LEROY BACA ("defendant"), individually and by and through his counsel of record, Nathan Hochman, hereby stipulate as follows:

1.    The Information in this case was filed on February 10, 2016.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 10, 2016.  On the same date, the parties filed a plea agreement, wherein defendant agreed to plead guilty to making false statements in violation of 18 U.S.C. § 1001(a)(2).  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 20, 2016.

2.    On February 10, 2016, defendant appeared before this Court for an arraignment and plea hearing.  Defendant pleaded guilty to the single-count Information.  The Court set a sentencing date of May 16, 2016.  Sentencing was later continued to July 18, 2016.  (See Dkt. Nos. 28, 31, 60.)

3.    On July 18, 2016, the Court declined to accept the parties' Rule 11(c)(1)(C) binding plea agreement.  Upon defendant's request, sentencing was continued to August 1, 2016.

4.    On August 1, 2016, defendant withdrew his guilty plea and the Court set a trial date of September 20, 2016.

5.    On August 5, 2016, a federal grand jury indicted defendant for conspiracy to obstruct justice, in violation of 18 U.S.C. § 371; obstruction of justice, in violation of 18 U.S.C. § 1503(a); and making false statements, in violation of 18 U.S.C. § 1001(a)(2).

6.    On August 12, 2016, defendant was arraigned on the first superseding indictment.  On that date, the Court continued the trial date to October 4, 2016.

7.    On August 24, 2016, the Court held a status conference.  At that status conference, defendant requested a continuance of the trial date.  The Court set a new trial date of December 6, 2016, a

final status conference date of November 21, 2016, at 3:00 p.m., and a motion schedule as follows:

        a.    Motions, including in limine motions:  9-26-2016

        b.    Oppositions:  10-10-2016

        c.    Replies, if any: 10-17-2016

        d.    Hearing on motions: 10-31-2016, 3:00 p.m.

8.   The Court further set a deadline of September 12, 2016 for the filing of any 12.2 notice by defendant.  The deadline for disclosing Rule 12.2 expert discovery is September 23, 2016.

9.   Defendant is released on bond pending trial.

10.  The Court has previously found the time period of February 10, 2016 to August 1, 2016 to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(G).  (See Dkt. 92.)

11.  By this stipulation, defendant moves to continue the trial date to December 6, 2016.

12.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.   Defendant is charged with violations of 18 U.S.C. § 371, 1503, and 1001.  The government has produced discovery to the defense, including written reports, trial transcripts, grand jury transcripts, audio recordings, personnel files, medical files, internal files of the Los Angeles County Sheriff's Department, and other materials.

        b.   On August 12, 2016, defendant's current counsel substituted in as counsel of record.  Defense counsel represents that he will not have the time that he believes is necessary to prepare to

3

try this case before December 6, 2016.  Additionally, defense counsel requests time to consult with medical experts and possibly have those experts examine defendant.

c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.   The government does not object to the continuance.

f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

13.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 1, 2016 to December 6, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without

government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

14.   In addition, the parties agree that the time period of August 24, 2016, the date the government filed its motion for determination on mental competency (Dkt. 85), to the conclusion of the hearing on the motion or other prompt disposition of the motion, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D).

15.   Having conferred, the parties further agree on the following briefing schedule should defendant provide notice of expert evidence of a mental condition pursuant to Federal Rule of Criminal Procedure 12.2(b):

a.   By September 23, 2016: defense disclosure of expert discovery to the government.

b.   By September 30, 2016: defendant to be examined by government's expert.

c.   By October 31, 2016: government disclosure of expert report to defense.

d.   By November 7, 2016: motions pertaining to expert evidence.

e.   By November 14, 2016: responses to motions pertaining to expert evidence.

f.   By November 18, 2016: optional replies to responses to motions pertaining to expert evidence.

16.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 26, 2016          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


*/s/ Brandon D. Fox*
BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am LEROY BACA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 6, 2016 is an informed and voluntary one.

_____     9-9-16
NATHAN HOCHMAN                       Date
Attorney for Defendant
LEROY BACA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 6, 2016. I understand that I will be ordered to appear in the Courtroom of the Honorable Percy Anderson, United States Courthouse, on December 6, 2016, at 8:30 am.

_____     9-9-16
LEROY BACA                           Date
Defendant

7