Nathan J. Hochman, SBN 139137
Brianna Leigh Abrams, SBN 239474
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA  90404-4082
Tel:   +1.310.907.1000
Fax:   +1.310.907.1001
e-mail:  nathan.hochman@morganlewis.com
e-mail: brianna.abrams@morganlewis.com

Attorneys for Defendant
LEROY BACA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>LEROY BACA,<br><br>                    Defendant. | Case No. CR 16-66(A) - PA<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANT LEROY BACA TO STRIKE SURPLUSAGE FROM FIRST SUPERSEDING INDICTMENT; MEMORANDUM IN SUPPORT OF THEREOF<br><br>Hearing Date: October 31, 2016<br>Time: 3:00 p.m.<br>Courtroom:  15 |

To the Clerk of the Court, and all parties and their counsel of record,

PLEASE TAKE NOTICE THAT on October 31, 2016 at 3:00 p.m. or as soon

thereafter as counsel may be heard, in Courtroom 15 of the United States District

Court at 312 North Spring Street, Los Angeles, California, Defendant LEROY

BACA, by and through his counsel of record, will and hereby does move the Court

for an order striking as surplusage the entirety of paragraph 7(b) of the Introductory

Allegations in the First Superseding Indictment that:

> From no later than December 2010 and continuing to at
> least July 2011, allegations surfaced that LASD deputies
> working   on   the   3000   floor   of   MCJ,   who   called

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30654615.1

CR 16-66(A) - PA

themselves the "3000 Boys," exhibited gang-like and violent behavior, used excessive force against inmates, and falsified reports to cover up wrongdoing.

Docket ("Dkt.") No. 70 at 3.

The motion is made pursuant to Federal Rule of Criminal Procedure 12(b) and Federal Rule of Criminal Procedure 7(d) and on the grounds that the assertion is surplusage because it goes beyond alleging the elements of the offenses charged, is irrelevant and is extremely prejudicial.

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the files and records of the case and such further and additional evidence and argument as may be presented at the hearing on the motion.

Respectfully submitted,

Dated:    September 26, 2016             MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Nathan J. Hochman*
Nathan J. Hochman
Attorneys for Defendant
LEROY BACA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30654615.1

2

CR 16-66(A) - PA

## **TABLE OF CONTENTS**

**Page**

I.      Introduction ...............................................................................................1
II.     The First Superseding Indictment ...............................................................1
III.    Argument.................................................................................................3
IV.     Conclusion ...............................................................................................7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Kennedy v. Lockyer*,
379 F.3d 1041 (9th Cir. 2004).................................................................................5

*Moreno v. Los Angeles Cty. Sheriff's Dep't*,
No. 2:13-CV-07570-CAS(MANX), 2015 WL 5050507 (C.D. Cal.
Aug. 24, 2015).......................................................................................................5

*U.S. v. Martin*,
No. CR 07-1205(B)CBM, 2009 WL 667299 (C.D. Cal. Mar. 10,
2009).......................................................................................................................4

*United States v. Fernandez*,
388 F.3d 1199 (9th Cir. 2004)................................................................................3

*United States v. Jenkins*,
785 F.2d 1387 (9th Cir. 1986)................................................................................3

*United States v. Miller*,
26 F. Supp. 2d 415 (N.D.N.Y. 1998).....................................................................4

*United States v. Poore*,
594 F.2d 39 (4th Cir. 1979)....................................................................................3

*United States v. Terrigno*,
838 F.2d 371 (9th Cir. 1988)...............................................................................3, 4

*United States v. Xiong*,
No. 07-CR-112, 2007 WL 2703859 (E.D. Wis. Sept. 14, 2007) ..........................6

**STATUTES**

18 U.S.C. § 371.............................................................................................................1

18 U.S.C. § 1001(a)(2) .................................................................................................2

18 U.S.C. § 1503(a) ......................................................................................................1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

i

CR 16-66(A) - PA

DB2/ 30654615.1

**OTHER AUTHORITIES**

Federal Rule of Criminal Procedure 7(c)(1)..................................................................... 3

Federal Rule of Criminal Procedure 7(d) ....................................................................... 1, 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

CR 16-66(A) - PA

DB2/ 30654615.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The First Superseding Indictment in this matter contains prejudicial allegations that should be stricken as surplusage.  Fed. R. Crim. P. 7(d).  Defendant Sheriff (ret.) Baca seeks an order striking the entirety of paragraph 7(b) of the First Superseding Indictment ("Paragraph 7(b)") as extremely prejudicial and entirely unnecessary to prove the charges against Mr. Baca.  Paragraph 7(b) references gang-like behavior and inmate abuse by deputies within the Los Angeles Sheriff's Department ("LASD").  The only purpose of including this paragraph is to prejudice the jury since none of the allegations against Mr. Baca pertain to his involvement with gangs or abuse of inmates.

While limited reference to allegations of abuse of prisoners conveyed to Mr. Baca may be marginally relevant to provide context for the nature of the Government investigation at issue, the Government's inflammatory allegations that LASD officers (not including Mr. Baca) "called themselves the '3000 Boys,' exhibited gang-like and violent behavior, used excessive force against inmates, and falsified reports to cover up wrongdoing" go far beyond such "background" facts. First Superseding Indictment, Docket ("Dkt.") No. 70 at 3.  Mr. Baca is not on trial for being a member of a gang, using excessive force against inmates, exhibiting violent behavior, or falsifying reports.  Thus, the inclusion of these inapposite allegations in Paragraph 7(b) does nothing but create a substantial risk that the jury will associate such despicable conduct with Mr. Baca.  Mr. Baca respectfully asks that this Court strike Paragraph 7(b) from the First Superseding Indictment in its entirety.

## II.   THE FIRST SUPERSEDING INDICTMENT

The First Superseding Indictment charges Mr. Baca with one count of conspiracy to corruptly influence the due administration of justice and a federal grand jury investigation in violation of 18 U.S.C. § 371, one count of corruptly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

1

CR 16-66(A) - PA

influencing a federal grand jury investigation in violation of 18 U.S.C. § 1503(a), and one count of knowingly and willfully making materially false statements in violation of 18 U.S.C. § 1001(a)(2). The essence of these charges is that Mr. Baca allegedly interfered with or conspired to interfere with a Government investigation and allegedly made false statements concerning such interference. Notably, however, Mr. Baca is not charged with any alleged abuse of prisoners at Los Angeles County's Men's Central Jail ("MCJ") or any other jail.

Pages one through five of the First Superseding Indictment contain "Introductory Allegations" that are incorporated by reference into each count of the First Superseding Indictment and purport to provide background facts and context for the charges brought. Many of these allegations pertain to the abuse of prisoners at MCJ. Limited reference to such abuse conveyed to Mr. Baca may be minimally relevant to provide context for the nature of the Government investigation into the prison abuse; however, the Government includes a number of unnecessary and prejudicial details. The most egregious examples of these details are contained in Paragraph 7(b), which falls under the section titled "Allegations of Abuse at MCJ and TTCF." That section has three subparagraphs, 7(a)-(c). Paragraph 7(b) states:

> From no later than December 2010 and continuing to at least July 2011, allegations surfaced that LASD deputies working on the 3000 floor of MCJ, who called themselves the "3000 Boys," exhibited gang-like and violent behavior, used excessive force against inmates, and falsified reports to cover up wrongdoing.

Dkt. No. 70 at 3. In contrast to Paragraph 7(b), which does not explicitly connect Mr. Baca to the allegation of abuse at the jails, paragraphs 7(a) and 7(c) at least allege that Mr. Baca was aware of certain allegations of abuse at the jails made by

the ACLU (paragraph 7(a)) or by a chaplain (paragraph 7(c)).[1]  *Id.*

## III.   <u>ARGUMENT</u>

It is axiomatic that an indictment should be a plain, concise, and definite written statement of the essential facts constituting the offense charged.  Fed. R. Crim. P. 7(c)(1).  Rule 7(d) requires that surplusage be stricken from the indictment upon motion by the defendant.  Fed. R. Crim. P. 7(d).  The purpose of this subsection is to provide a "means of protecting the defendant against immaterial or irrelevant allegations in the indictment . . . which may, however, be prejudicial." *Id.*, advisory committee's notes on subdivision (d) (1944); *see also United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) ("The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges;" citations omitted); *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979) (same; holding that the district court's refusal to strike the nature of the defendant's prior felony conviction from the indictment as surplusage constituted an abuse of discretion).  Allegations in the indictment that are not necessary to charge a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime. *United States v. Fernandez*, 388 F.3d 1199, 1220 (9th Cir. 2004) (citing *United States v. MacIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994)).  Moreover, "[t]he inclusion of surplusage must not be allowed to prejudice a defendant in the context of his case."  *United States v. Jenkins*, 785 F.2d

---

[1] Paragraph 7(a) alleges: "Between at least sometime in 2009 and September 2011, the American Civil Liberties Union (the 'ACLU') informed defendant BACA of and published reports about allegations of pervasive physical abuse, violence, and retaliation by LASD deputies against inmates. Defendant BACA and the LASD generally responded to these allegations with denials and internal investigations that almost always concluded that the allegations were 'unfounded.'"  Paragraph 7(c) alleges: "By no later than on or about July 26, 2011, defendant BACA was told that a chaplain witnessed deputy abuse of an inmate at MCJ."

1387, 1392 (9th Cir. 1986).

Here, the Government's allegations in Paragraph 7(b) constitute such surplusage because they are both prejudicial and irrelevant. *Terrigno*, 838 F.2d at 373. Whether or not LASD officers other than Mr. Baca "called themselves the '3000 Boys,' exhibited gang-like and violent behavior, used excessive force against inmates, and falsified reports to cover up wrongdoing" is entirely superfluous to the Government's charges and does nothing but introduce prejudice to the jury. Specifically, there is a significant risk that the jury will attribute these actions to Mr. Baca despite the fact that the Government has not charged Mr. Baca with any of this conduct, or with possessing any knowledge of this conduct by the "3000 Boys."

In determining if an allegation should be struck, courts must consider both the prejudicial effect of the allegation and its relevance. *Id.*; *see also United States v. Martin*, No. CR 07-1205(B)CBM, 2009 WL 667299, at 5 (C.D. Cal. Mar. 10, 2009) (granting defendant's motion to strike certain paragraphs describing threats by the defendant that, "while relevant to telling the entire story, [are] not critical for the Government to prove its case"). In some circumstances, reference to certain facts may be of limited relevance in providing context for the charges alleged; allegations that exceed this purpose should be excluded. On similar facts to those here, courts have excluded such inflammatory allegations regarding violence not charged to the defendant despite arguments by the government that such statements were relevant for contextual purposes. *See, e.g.*, *United States v. Miller*, 26 F. Supp. 2d 415, 420-21 (N.D.N.Y. 1998). In *Miller*, the court granted the defendant's motion to strike allegations that "there were numerous confrontations between members of the New York State Police and armed members of a paramilitary group known as the 'Warriors Society'" because they were "irrelevant" and "inflammatory" and also "highly prejudicial" because they improperly implied the defendant's involvement in uncharged acts of violence. *Id.*

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Santa Monica

4

CR 16-66(A) - PA

DB2/ 30654615.1

at 420.  The *Miller* court rejected the Government's argument that the statement provided context for the charges brought.  *Id.*  Here, the Government's inflammatory characterizations in Paragraph 7(b) are entirely unnecessary as they go far beyond providing the limited context that may be helpful for the jury to understand the nature of the Government's investigation into the prison abuse at MCJ.  The Court should preclude the jury from being exposed to such inflammatory, unnecessary, and prejudicial statements.

Further, Paragraph 7(b)'s references to the "3000 Boys" and "gang-like behavior" create a risk that the jury will associate Mr. Baca with such "gang-like" behavior and draw negative character inferences.  The Ninth Circuit routinely excludes references to gang affiliation as prejudicial.  *See, e.g.*, *Kennedy v. Lockyer*, 379 F.3d 1041, 1055 (9th Cir. 2004) ("Our cases make it clear that evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error . . . [T]he use of gang membership evidence to imply 'guilt by association' is impermissible and prejudicial;" citations omitted); *see also Moreno v. L.A. Cty. Sheriff's Dep't*, No. 2:13-CV-07570-CAS(MANX), 2015 WL 5050507, at *2 (C.D. Cal. Aug. 24, 2015) (excluding reference to defendant's alleged gang affiliation as unduly prejudicial despite its limited relevance because of "the risk that the jury will draw impermissible character inferences").  Moreover, the limited probative value of evidence that a defendant was a member of a gang is nonexistent here, as the Government has not alleged that Mr. Baca was a member of the "3000 Boys," that he exhibited any of the "gang-like" behavior described, that he condoned such conduct, or that he was even aware of it at the time it was happening.  Yet, the substantial risk that the jury will associate Mr. Baca with such behaviors remains high.  This unnecessary risk of prejudice warrants exclusion of Paragraph 7(b).

In addition to being prejudicial, the allegations contained in Paragraph 7(b) should be excluded as surplusage because they are irrelevant to Mr. Baca's alleged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30654615.1

5

CR 16-66(A) - PA

crimes. The allegations purportedly occurred from December 2010 to July 2011, a period that entirely predates the conduct charged to Mr. Baca, which the Government claims began in August 2011. Dkt. No. 70 at 3, 6, 12, 13. Courts often exclude evidence of uncharged conduct by a defendant that predates the crimes charged as irrelevant surplusage. *See, e.g.*, *United States v. Xiong*, No. 07-CR-112, 2007 WL 2703859, at *11 (E.D. Wis. Sept. 14, 2007) (striking as irrelevant, allegations regarding the defendant's alleged uncharged fraudulent conduct that predated the conspiracy charged, and noting that inclusion of such evidence "is prejudicial because the jury could draw the inference that the defendants are accused of crimes not charged in the indictment"). It stands to reason that reference to such uncharged conduct is considerably less relevant when the Government does not allege that the defendant himself ever engaged in such conduct, as is the case here. Thus, the statements contained in Paragraph 7(b), which entirely predate the charged conduct, are irrelevant and should be stricken.

Further supporting striking the paragraph is the argument that none of the allegations contained in Paragraph 7(b) are necessary to prove the alleged violations in Counts 1-3. Here, the Government has charged Mr. Baca with obstructing a federal investigation into prison abuse, conspiring to do the same, and then providing false statements twenty months later to a government agency. Notably, none of these charges require that the Government prove that prison abuse was occurring at MCJ or the details of such abuse, particularly if Mr. Baca is not connected with or aware of such abuse as alleged in Paragraphs 7(a) (ACLU allegations) or 7(c) (chaplain allegation). Accordingly, the allegations in Paragraph 7(b), which not only state that LASD officers other than Mr. Baca were committing such abuses, but also go as far as to describe the officer's behavior as "gang-like" and "violent" and refer to the officers by their purported nickname, the "3000 Boys," go far beyond what is necessary for the Government to prove the charges alleged and have no place in the First Superseding Indictment.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

6

CR 16-66(A) - PA

## IV.   **CONCLUSION**

For the reasons stated, Mr. Baca respectfully asks that this Court strike the entirety of Paragraph 7(b) from the First Superseding Indictment as surplusage.

Dated:   September 26, 2016            MORGAN, LEWIS & BOCKIUS LLP


                                      By */s/ Nathan J. Hochman*
                                         Nathan J. Hochman
                                         Attorneys for Defendant
                                         LEROY BACA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30654615.1                                      CR 16-66(A) - PA