# EXHIBIT 6

# EXHIBIT 6



**NEWS RELEASE**

For Immediate Distribution

**December 9, 2013**

# André Birotte Jr.

United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
(213) 894-6947
thom.mrozek@usdoj.gov
www.justice.gov/usao/cac

## 18 Charged as Result of Federal Investigation into Corruption and Civil Rights Abuses by Members of L.A. County Sheriff's Department

*Current and Former Deputies Charged with Federal Crimes, including Illegal Beatings of Jail Inmates and Obstruction of Justice*

*LOS ANGELES* – Five criminal cases that charge a total of 18 current or one-time deputy sheriffs of various ranks were unsealed today as part of ongoing and wide-ranging FBI investigation into allegations of civil rights violations and corruption involving members of the Los Angeles County Sheriff's Department. Four grand jury indictments and one criminal complaint allege crimes that include unjustified beatings of jail inmates and visitors at downtown Los Angeles jail facilities, unjustified detentions and a conspiracy to obstruct a federal investigation into misconduct at the Men's Central Jail.

Federal authorities announced the charges after 16 of the defendants were taken into custody earlier today. Those defendants are expected to be arraigned on the charges this afternoon in United States District Court in Los Angeles.

"The five cases allege a wide scope of illegal conduct," said United States Attorney André Birotte Jr. "This investigation started by focusing on misconduct in county jails, and we uncovered examples of civil rights violations that included excessive force and unlawful arrests.

"Our investigation also found that these incidents did not take place in a vacuum – in fact, they demonstrated behavior that had become institutionalized. The pattern of activity alleged in the obstruction of justice case shows how some members of the Sheriff's Department considered themselves to be above the law. Instead of cooperating with the federal investigation to ensure that corrupt law enforcement officers would be brought to justice, the defendants in this case are accused of taking affirmative steps designed to ensure that light would not shine on illegal conduct that violated basic constitutional rights."

Exh.6, Pg. 001531

Bill Lewis, the Assistant Director in Charge of the FBI's Los Angeles Field Office, commented: "The defendants charged in this case are facing serious allegations, including violating the trust of the public they were sworn to serve. It is equally as important to point out that these charges should not reflect on the thousands of men and women of the Sheriff's Department who proudly serve the citizens of Los Angeles County, and who partner with the FBI in a variety of crime areas."

This morning, FBI agents took into custody 16 of the 18 defendants named in four indictments and one criminal complaint. Most of the defendants were arrested at various LASD facilities.

The five cases, which are part of an ongoing investigation, were unsealed this morning.

### *United States v. Brunsting and Branum*, CR13-573

Two deputy sheriffs – Bryan Brunsting and Jason Branum – are charged in a six-count indictment with civil rights violations and making false statements in reports. Brunsting, who was a training officer, is charged in relation to an incident in which an inmate allegedly was assaulted and suffered bodily injury. Both Brunsting and Branum are charged in another assault. The victims were inmates at the Twin Towers Correctional Facility, where both deputies worked. Following the two incidents, the indictment alleges that Brunsting used deputies he was training to file reports that covered up the abuse. This case is being handled by Assistant United States Attorneys Brandon Fox (213-894-0284), Lizabeth A. Rhodes (213-894-3541) and Margaret Carter (213-894-7413) of the Civil Rights and Public Corruption Section.

### *United States v. Gonzalez, et al.*, CR13-574

This indictment charges a sergeant and four deputies with civil rights violations that allege they arrested or detained five victims – including the Austrian consular official – when they arrived to visit inmates at the Men's Central Jail (MCJ) in 2010 and 2011.

The lead defendant in this indictment – Sergeant Eric Gonzalez, who was a supervisor in the MCJ visiting center, but no longer works for LASD – fostered an atmosphere "that encouraged and tolerated abuses of the law, including through the use of unjustified force and unreasonable searches and seizures by deputy sheriffs he supervised," according to the indictment.

Each of the four deputies – Sussie Ayala, Fernando Luviano, Pantamitr Zunggeemoge and Noel Womack – is charged with participating in at least one of the four incidents in which victims allegedly suffered civil rights violations. In one incident, a man suffered a broken arm and a dislocated shoulder that has left him permanently disabled. In another incident, the Austrian consulate official and her husband were handcuffed and detained.

This case is being handled by Assistant United States Attorneys Brandon Fox (213-894-0284), Lizabeth A. Rhodes (213-894-3541) and Margaret Carter (213-894-7413).

*United States v. Thompson, et al.*, CR13-819

This six-count indictment that alleges a broad conspiracy to obstruct justice charges seven sworn members of the LASD. This case developed when deputies assigned to the Men's Central Jail – including Lieutenant Gregory Thompson, who oversaw LASD's Operation Safe Jails Program, and Lieutenant Stephen Leavins, who was assigned to the LASD's Internal Criminal Investigations Bureau – learned that an inmate was an FBI informant and was acting as a cooperator in the FBI's corruption and civil rights investigation.

After learning that the inmate received a cellular phone from a deputy sheriff who took a bribe and that the inmate was part of a civil rights investigation, those allegedly involved in the obstruction scheme took affirmative steps to hide the cooperator from the FBI and the United States Marshals Service, which was attempting to bring the inmate to testify before a federal grand jury in response to an order issued by a federal judge. As part of the conspiracy, the deputies allegedly altered records to make it appear that the cooperator had been released. They then re-booked the inmate under a different name, and then told the cooperator that he had been abandoned by the FBI.

Over the course of several weeks, the deputy sheriffs allegedly also attempted to obtain an order from a Los Angeles Superior Court judge that would have compelled the FBI to turn over information about its investigation to LASD. After the judge refused to issue such an order, according to the indictment, two LASD sergeants who are charged in this case nevertheless confronted an FBI special agent at her residence in an attempt to intimidate her into providing details about the investigation. The sergeants falsely told the special agent and her supervisor that they were obtaining a warrant for her arrest, according to the indictment.

Thompson no longer works for LASD. The other deputies named in this indictment are Gerard Smith, Mickey Manzo, and James Sexton, who were assigned to the Operation Safe Jails Program; and Scott Craig and Maricella Long, who were LASD sergeants within the Internal Criminal Investigations Bureau.

This case is being handled by Assistant United States Attorneys Brandon Fox (213-894-0284), Lizabeth A. Rhodes (213-894-3541) and Margaret Carter (213-894-7413)

*United States v. Piquette*, CR13-821

Deputy Richard Piquette is charged in the fourth indictment with illegally building and possessing an assault rifle. The indictment charges Piquette with possessing an unregistered Noveske Rifleworks N-4 .223 caliber rifle with a barrel length of less than

16 inches. The second count in the indictment charges Piquette with manufacturing the Noveske rifle. Piquette, who is currently on leave with LASD, was previously assigned to the Twin Towers Correctional Facility. The investigation in this case was conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives. This case is being handled by Assistant United States Attorney Lane Dilg of the Civil Rights and Public Corruption Section (213-894-3493).

*United States v. Khounthavong, et al.*, 13-3105M

The fifth case unsealed today is a criminal complaint that charges three LASD deputies, all of whom are brothers, with conspiracy to make false statements to two banks in connection with a "buy-and-bail" mortgage fraud scheme. The complaint alleges that the three deputies – Billy Khounthavong, Benny Khounthavong, and Johnny Khounthavong – made false statements and reports to Flagstar Bank to purchase a 3,900-square-foot residence in Corona. The brothers then made additional false statements and reports to Bank of America in relation to another large residence they owned. The brothers walked away from – or "bailed" on – that home in which they were "under water," meaning they owed substantially more than the residence was worth. As a result of the scheme, the brothers allegedly avoided more than $340,000 of unpaid mortgage debt. Benny Khounthavong and Johnny Khounthavong are assigned to LASD jail facilities. This case is being handled by Assistant United States Attorney Margaret Carter (213-894-7413)

*An indictment contains allegations that a defendant has committed a crime. Every defendant is presumed innocent until and unless proven guilty.*

The five cases announced today are part of an ongoing investigation being conducted by the Federal Bureau of Investigation.

Release No. 13-143

Exh.6, Pg. 001534



**NEWS RELEASE**

For Immediate Distribution

**February 2, 2016**

**Eileen M. Decker**

United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Two L.A. County Sheriff's Deputies involved in Use-of-Force Incident against Shackled Inmate Found Guilty of Obstruction of Justice

*LOS ANGELES* – Two Los Angeles Sheriff's deputies who were assigned to the 3000 Floor of the Men's Central Jail were found guilty this afternoon of falsifying reports with the intent to obstruct justice. The false reports were filed after an incident in which a shackled inmate was struck, kicked, repeatedly hit by a flashlight, and pepper-sprayed by the defendants.

Concluding a two-week trial, a federal jury convicted former deputies Joey Aguiar, 28, and Mariano Ramirez, 40. Both men were found guilty of one count of falsifying records with the intent to obstruct justice, a charge that carries a statutory maximum penalty of 20 years in federal prison.

The jury in the case was unable to reach a unanimous decision on a civil rights offense that alleges the deputies unlawfully beat the victim during the incident on February 11, 2009. The jury reported in open court that it was split 10-2 in favor of guilt.

The jury acquitted Aguiar and Ramirez of conspiring to violate the inmate's civil rights.

United States District Judge Beverly Reid O'Connell scheduled a sentencing date for April 25. Federal prosecutors have yet to decide if they will retry Aguiar and Ramirez on the unresolved civil rights charge.

Aguiar was convicted of one count of falsification of records for submitting a report that falsely stated the inmate, Bret Phillips, who is now 44, was beaten after he had attempted to headbutt deputy Aguiar's face and that Phillips violently kicked at Aguiar. Mr. Phillips did neither, according to testimony presented at the trial.

It was undisputed that Mr. Phillips was waist-chained with handcuffs binding his hands to a chain around his stomach throughout the entire beating.

During the trial, Chaplin Paulino Juarez, who was an eyewitness to the event, testified that he repeatedly raised concerns about what he had seen with senior LASD officials, but was rebuffed. Chaplin Juarez ultimately relayed his concerns to the ACLU. The information provided to the ACLU by the chaplain later came to the attention of the

Exh.6, Pg. 001535

FBI.  By this time the FBI had begun a wide-ranging investigation into civil rights abuses by the LASD in custodial settings, particularly excessive uses of force by deputies on the 3000 Floor of the Men's Central Jail. Another witness, who was an inmate when Mr. Phillips was beaten, testified that he hid in the shower to avoid being seen by LASD personnel as he watched the deputies beat a defenseless and unmoving inmate.

Ramirez was found guilty of one count of falsification of records for submitting a report that falsely stated the victim had "viciously kicked his legs at deputies."

During the incident – which allegedly involved an excessive and unreasonable use of force, according to the still-pending charge in the case – Aguiar and Ramirez punched and kicked the victim before using pepper spray on him and then hitting him repeatedly with a flashlight, according to the testimony at trial.

Soon after the incident, the deputies wrote the false reports, which formed the basis of a referral to the Los Angeles County District Attorney's Office for potential criminal prosecution of Mr. Phillips.

"These defendants failed to report accurately the circumstances surrounding the beating of an inmate who was restrained with waist chains in an attempt to obstruct a subsequent investigation," said United States Attorney Eileen M. Decker. "This failure to tell the truth and attempt to thwart oversight tarnishes the outstanding work of law enforcement officers everywhere."

The case against Aguiar and Ramirez is the result of an investigation by the FBI, and is one in a series of cases resulting from an investigation into corruption and civil rights abuses at county jail facilities in downtown Los Angeles. As a result of the investigation, 17 current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges.

CONTACT:   Assistant United States Attorney Jennifer L. Williams
Public Corruption and Civil Rights Section
(213) 894-5862

Assistant United States Attorney Mack E. Jenkins
Public Corruption and Civil Rights Section
(213) 894-2091

Release No. 16-020



**NEWS RELEASE**

For Immediate Distribution

**May 9, 2016**

# Eileen M. Decker
United States Attorney
Central District of California

Wesley L. Hsu
Executive Assistant United States Attorney
wesley.hsu@usdoj.gov
(213) 894-3045
www.justice.gov/usao-cdca
@CDCANews

## Two L.A. County Sheriff's Deputies involved in Use-of-Force Incident against Shackled Inmate Sentenced to Prison

*LOS ANGELES* – Two Los Angeles Sheriff's deputies who were found guilty after a two-week trial earlier this year of falsifying reports with the intent to obstruct justice related to their assault of a waist-chained inmate were sentenced to prison terms today.

Former deputies Joey Aguiar, 28, and Mariano Ramirez, 40 were sentenced respectively to 18 months and 13 months in prison by United States District Judge Beverly Reid O'Connell. When imposing sentence Judge O'Connell found that, in addition to falsifying their reports, Aguiar and Ramirez had engaged in excessive force against the shackled inmate, who was struck, kicked, repeatedly hit by a flashlight and pepper-sprayed while he was on the ground.

Aguiar was convicted of one count of falsification of records for submitting a report that falsely stated the inmate, Bret Phillips, who is now 44, was beaten after he attempted to headbutt deputy Aguiar's face and that Phillips violently kicked at Aguiar. Mr. Phillips did neither, according to testimony presented at the trial.

It was undisputed that Mr. Phillips was waist-chained with handcuffs binding his hands to a chain around his stomach throughout the entire beating.

During the trial, Chaplin Paulino Juarez, who was an eyewitness to the event, testified that he repeatedly raised concerns about what he had seen with senior LASD officials, but was rebuffed. Chaplin Juarez ultimately relayed his concerns to the ACLU. The information provided to the ACLU by the chaplain later came to the attention of the FBI. By this time the FBI had begun a wide-ranging investigation into civil rights abuses by the LASD in custodial settings, particularly excessive uses of force by deputies on the 3000 Floor of the Men's Central Jail. Another witness, who was an inmate when Mr. Phillips was beaten, testified that he hid in the shower to avoid being seen by LASD personnel as he watched the deputies beat a defenseless and unmoving inmate. During the sentencing, Judge O'Connell stated that she believed the testimony of Chaplain Juarez and Mr. Maestaz.

Exh.6, Pg. 001537

"These defendants attempted to cover up an unwarranted attack upon an inmate who was restrained with waist chains," said United States Attorney Eileen M. Decker. "The reprehensible conduct of these defendants in this case undermines the work of law enforcement everywhere, tarnishing the outstanding performance of the vast majority of officers."

The jury in the case had been unable to reach a unanimous decision on a civil rights offense that alleges the deputies unlawfully beat the victim during the incident on February 11, 2009. The jury reported in open court that it was split 10-2 in favor of guilt. The jury acquitted Aguiar and Ramirez of conspiring to violate the inmate's civil rights.

The case against Aguiar and Ramirez is the result of an investigation by the FBI, and is one in a series of cases resulting from an investigation into corruption and civil rights abuses at county jail facilities in downtown Los Angeles. As a result of the investigation, 18 current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges.

CONTACT:   Assistant United States Attorney Jennifer L. Williams
Public Corruption and Civil Rights Section
(213) 894-5862

Assistant United States Attorney Mack E. Jenkins
Public Corruption and Civil Rights Section
(213) 894-2091

Release No. 16-104

Exh.6, Pg. 001538



**NEWS RELEASE**

For Immediate Distribution

**February 10, 2016**

# Eileen M. Decker
United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Former L.A. County Sheriff Lee Baca Agrees to Plead Guilty to Lying to Federal Authorities during Investigation into His Department

### *Ex-Sheriff Admits in Plea Agreement that He Lied to FBI and U.S. Attorney's Office about Deputies Contacting FBI Agent who was Threatened with Arrest*

*LOS ANGELES* – Former Los Angeles County Sheriff Lee Baca has agreed to plead guilty to a felony charge of making a false statement to federal authorities who were conducting a wide-ranging corruption and civil rights investigation into the Sheriff's Department.

In a plea agreement filed this morning in United States District Court, Baca admitted that he lied to the FBI and the United States Attorney's Office when he falsely stated that he did not know that LASD officials were going to approach the FBI's lead agent on the investigation in 2011. In fact, Baca was aware that his deputies were going to contact the agent, and he directed that they "should do everything but put handcuffs" on her, according to his plea agreement.

During an April 12, 2013 meeting with FBI agents and Assistant United States Attorneys, Baca falsely stated that he was not made aware of his deputies contacting the FBI case agent until he received a phone call from the FBI's then-Assistant Director in Charge of the Los Angeles Field Office, who told Baca that deputies had threatened to arrest the agent. In the plea agreement, Baca admitted that he knew his statement was untrue and that it was illegal to lie to federal investigators.

"Today's charge and plea agreement demonstrate that illegal behavior within the Sheriff's Department went to the very top of the organization," said United States

Exh.6, Pg. 001539

Attorney Eileen M. Decker. "More importantly, this case illustrates that leaders who foster and then try to hide a corrupt culture will be held accountable."

The threat to arrest the FBI case agent was part of an extensive scheme to obstruct justice which previously has resulted in eight LASD deputies with ranks as high as captain being convicted of federal charges. The ninth person to be charged in relation to conspiracy to obstruct justice – former Undersheriff Paul Tanaka – is currently scheduled to go on trial on March 22.

During the course of the investigation that was being conducted by the FBI, the U.S. Attorney's Office and a federal grand jury, a sheriff's deputy assigned to the Men's Central Jail accepted a bribe to smuggle a cell phone into the facility. The phone was delivered to an inmate who was working as an FBI informant. Jail officials later discovered the phone, linked it to the FBI and determined that the inmate was an informant. This led to a month-long scheme to obstruct the investigation, which included members of the conspiracy concealing the informant from the FBI, the United States Marshals Service and the grand jury. Members of the conspiracy also engaged in witness tampering and harassing the FBI agent.

Baca participated in a September 25, 2011 meeting in which senior members of the department discussed approaching the FBI case agent. The next day, two LASD sergeants approached the agent and threatened her with arrest.

During the 2013 meeting with the FBI and Assistant United States Attorneys, Baca denied knowing about the plan to approach the case agent, and he also denied participating in conversations about "keeping the FBI and Inmate AB away from each other," according to the statement of facts in the plea agreement.

"One of the measures of an organizational culture is how it handles its allegations of misconduct," said David Bowdich, Assistant Director in Charge of the FBI's Los Angeles Field Office. "Mr. Baca set the wrong command climate and allowed that culture to fester, instead of fostering an environment of accountability. In short, he did not lead when he had the opportunity to do so."

In the plea agreement, the parties agree that the federal sentencing guidelines call for a sentence of up to six months in federal prison, and they have agreed that Baca should not receive a sentence above the guideline range. Once he pleads guilty, the

actual sentence will be determined by the federal judge presiding over the case. But if the court decides to impose a sentence greater than six months, Baca would be allowed to withdraw from the plea agreement and face a possible indictment.

Baca made his initial appearance this morning in federal court, and he is expected to formally enter his guilty plea this afternoon at 2:30.

The case against Baca is the result of an investigation by the FBI, and is one in a series of cases resulting from an investigation into corruption and civil rights abuses at county jail facilities in downtown Los Angeles. As a result of the investigation, 17 current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges. If a federal judge accepts the plea agreement this afternoon, Baca would become the 18th person to be convicted.

    CONTACT:  Assistant United States Attorney Brandon Fox
              Chief, Public Corruption and Civil Rights Section
              (213) 894-0284

              Assistant United States Attorney Lizabeth A. Rhodes
              Chief, General Crimes Section
              (213) 894-3541

Release No. 16-027

Exh.6, Pg. 001541



**NEWS RELEASE**

For Immediate Distribution

**May 16, 2016**

**Eileen M. Decker**
United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Two Former L.A. Sheriff's Deputies Found Guilty of Violating Civil Rights of Jail Inmate who was Beaten as Punishment

*LOS ANGELES* – Two former deputies with the Los Angeles Sheriff's Department were found guilty today of violating the civil rights of a mentally ill jail inmate by beating, kicking and pepper spraying the victim after he showed disrespect to a jail employee.

Bryan Brunsting, 31, and Jason Branum (also known as Jason Johnson), 35, were each found guilty of three felony counts related to the unprovoked attack on March 22, 2010.

The evidence presented during a one-week trial in United States District Court showed that Brunsting and Branum assaulted the victim, who was an inmate at the Twin Towers Correctional Facility in downtown Los Angeles. The assault occurred after the inmate mouthed-off to a civilian Sheriff's Department employee. Brunsting, who was a training officer assigned to a rookie deputy who had just started working at the jail, told his trainee that they were going to "teach [the inmate] him a lesson."

Brunsting, Branum and the rookie deputy brought the victim out of the visiting area and directed him to a locked hallway without any surveillance cameras. Once in the hallway, the inmate realized he was going to be assaulted and began to run. The victim was tackled. Brunsting and Branum then beat the victim with fists, kicked him in the genitals and sprayed him in the eyes with pepper spray. Once other deputies arrived, they instructed the rookie deputy to handcuff the victim before he was led away for medical treatment.

After the beating, Brunsting, Branum and the rookie deputy met to coordinate and falsify their stories. The rookie deputy testified that he was told what to say and how to write his report. As prosecutors argued at trial, the reports submitted by Brunsting and the rookie were strikingly similar, and were written to justify the use of force by falsely claiming that the victim had attempted to punch the rookie.

"The civil rights in the Constitution are guaranteed to everyone in the United States, even those who are being held in jail," said United States Attorney Eileen M. Decker. "A violation of any civil right is a crime against the United States and affects the nation's entire citizenry, which is why we will tirelessly work to prosecute civil rights violations, especially when they are committed by people who have sworn to uphold the

Exh.6, Pg. 001542

Constitution."

After approximately one hour of deliberations, the jury convicted Brunsting and Branum of conspiracy to violate civil rights, deprivation of civil rights with bodily injury, and falsification of records for preparing reports that tried to justify their use of force against the victim.

United States District Judge George W. Wu is scheduled to sentence the two defendants on August 22, at which time they each will face a statutory maximum penalty of 40 years in federal prison.

Brunsting still faces civil rights charges in relation to another alleged use-of-force incident on August 20, 2009 at Twin Towers, and he is scheduled to go on trial later this year. It is important to note that Brunsting is only charged in relation to the 2009 incident and is considered to be innocent of these charges until he is proven guilty in court.

The case against Brunsting and Branum is the result of an investigation by the FBI, and is one in a series of cases resulting from an investigation into corruption and civil rights abuses at county jail facilities in downtown Los Angeles. As a result of today's guilty verdicts, 21 current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges.

CONTACT:    Assistant United States Attorney Brandon D. Fox
Chief, Public Corruption and Civil Rights Section
(213) 894-0284

Assistant United States Attorney Lindsey Greer Dotson
Public Corruption and Civil Rights Section
(213) 894-4443

Release No. 16-113

Exh.6, Pg. 001543



**NEWS RELEASE**

For Immediate Distribution

**October 16, 2015**

# Eileen M. Decker
United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Former L.A. Sheriff's Deputy Indicted by Federal Grand Jury on Charges Related to Cover-Up of Attack of Visitor to Men's Central Jail

*LOS ANGELES* – In a case stemming from the beating of a handcuffed man at Men's Central Jail in downtown Los Angeles, a sixth member of the Los Angeles Sheriff's Department was indicted today on federal charges for allegedly participating in the cover-up of the violent incident.

Byron Dredd, 33, who is no longer with the LASD, was named in a three-count indictment that charges him with conspiracy to violate the victim's civil rights and two counts of making false reports.

Five other former deputies have been convicted in relation to the 2011 attack and are pending sentencing (see: http://go.usa.gov/3Jypx).

Dredd, along with the other defendants previously convicted, was assigned to the Visiting Center at Men's Central Jail. On February 26, 2011, the victim and his girlfriend went to the jail to visit the victim's incarcerated brother. Both visitors had cell phones in their possession, which is prohibited under jail rules. When the phones were discovered, the victim was handcuffed and brought into an employee break room, where he was beaten and sprayed with a burning agent similar to pepper spray. The victim was later transferred to the hospital by paramedics. As a result of false statements made by the previously convicted deputies and allegedly made by Dredd, the victim was charged with several crimes, including resisting an officer and battery.

The indictment against Dredd alleges that he wrote an incident report in which he falsely claimed that the victim attacked one of the deputies and then attempted to escape.

"The Department of Justice will continue to hold accountable individuals who abuse their positions as law enforcement officers by committing crimes or by trying to cover them up," said United States Attorney Eileen M. Decker. "While this former deputy sheriff allegedly participated in a scheme to violate the civil rights of a man who had to be hospitalized after he was beaten by other deputies, his actions should not reflect on the good work performed by the overwhelming majority of Los Angeles deputy sheriffs."

Exh.6, Pg. 001544

*An indictment contains allegations that a defendant has committed a crime. Every defendant is presumed to be innocent until proven guilty in court.*

If convicted of the charges in the indictment, Dredd would face a statutory maximum penalty of 35 years in federal prison – up to 10 years for the civil rights conspiracy, up to 20 years for the falsification of records, and up to five years for making false statements to the FBI.

Dredd will be summonsed to appear for an arraigned in United States District Court in the coming weeks.

This case is the result of an investigation by the FBI, and is one in a series of cases resulting from an investigation into corruption and civil rights abuses at county jail facilities in downtown Los Angeles. As a result of the investigation, 15 current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges.

CONTACT:   Assistant United States Attorney Lizabeth A. Rhodes
Public Corruption and Civil Rights Section
(213) 894-3541

Release No. 15-108

Exh.6, Pg. 001545



# NEWS RELEASE

**For Immediate Distribution**

## May 14, 2015

## Stephanie Yonekura
Acting United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao/cac
@CDCANews

## Former No. 2 of Los Angeles Sheriff's Department Charged with Obstructing Federal Investigation into Misconduct at County Jails

*Former Head of LASD Criminal Investigation Unit also Accused of Obstructing Justice and Perjuring Himself during Trial Testimony of Co-Conspirators*

*LOS ANGELES* – Paul Tanaka, who was the second in command of the Los Angeles Sheriff's Department, and William Thomas Carey, who oversaw internal criminal investigations at the LASD, have been indicted on obstruction of justice charges for allegedly directing efforts to quash a federal investigation into corruption and civil rights violations by sheriff's deputies at two downtown jail complexes.

A federal grand jury yesterday returned a five-count indictment against Tanaka and Carey, who allegedly participated in a broad conspiracy to obstruct the investigation, a scheme that started when the Sheriff's Department learned that an inmate at the Men's Central Jail (MCJ) was an FBI informant. Tanaka and Carey allegedly directed, oversaw and participated in a conspiracy that last year resulted in the conviction of seven other former LASD deputies.

The obstruction of justice case was announced at a news conference this morning by Acting United States Attorney Stephanie Yonekura and FBI Assistant Director in Charge David Bowdich.

Tanaka and Carey, both 56, are charged with conspiracy to obstruct justice, and each is named in one count of obstruction of justice. Carey is charged with two counts of making false declarations for perjuring himself last year during the trials of co-conspirators.

Tanaka was the undersheriff – the number 2 in the LASD – until 2013, and he ran an unsuccessful campaign for sheriff last year. Carey left the LASD after reaching the rank of captain and heading the Internal Criminal Investigations Bureau.

Tanaka and Carey surrendered themselves to the FBI early this morning, and the two men are expected to be arraigned on the indictment this afternoon in United States District Court.

Exh.6, Pg. 001546

According to the indictment that was unsealed this morning, the two defendants were well aware of "problem deputies" at the jails, "allegations of rampant abuse of inmates," and "insufficient internal investigations" into deputy misconduct. But against this backdrop, Tanaka allegedly told deputies assigned to the jails to work in a "gray area" and that he thought that the LASD Internal Affairs Bureau should be reduced from 45 investigators to just one.

The scheme to thwart the federal investigation allegedly started when deputies in August 2011 recovered a mobile phone from an inmate in MCJ, linked the phone to the FBI, and determined that the inmate was an informant for the FBI and was cooperating in a federal corruption civil rights investigation. The phone was given to the inmate by a corrupt deputy, who subsequently pleaded guilty to federal bribery charges.

Alarmed by the federal investigation, members of the conspiracy, guided by Tanaka and Carey, took affirmative steps to hide the cooperator from the FBI and the United States Marshals Service, which was attempting to bring the inmate to testify before a federal grand jury in response to an order issued by a federal judge. The indictment alleges that as part of the conspiracy, the deputies altered records to make it appear that the cooperator had been released. They then re-booked the inmate under a different name, moved him to secure locations, prohibited FBI access to the informant, and then told the cooperator that he had been abandoned by the FBI.

Over the course of several weeks, members of the conspiracy allegedly sought an order from a Los Angeles Superior Court judge that would have compelled the FBI to turn over information about its investigation to the LASD. After the judge refused to issue the order because he had no jurisdiction over the federal law enforcement agency, and even though it was clear that the FBI was properly acting in the course of a lawful investigation, Tanaka and Carey met to discuss having two sergeants approach the lead FBI case agent. Soon thereafter, the sergeants confronted the agent at her residence in an attempt to intimidate her. The sergeants threatened the agent with arrest and later reiterated this threat to her supervisor, stating that the agent's arrest was imminent.

"As the allegations demonstrate, Tanaka had a large role in institutionalizing certain illegal behavior within the Sheriff's Department," said Acting United States Attorney Stephanie Yonekura. "This case also illustrates how leaders who foster and then try to hide a corrupt culture, will be held accountable, just like their subordinates."

The indictment also alleges that Tanaka and Carey oversaw co-conspirators who told fellow deputies not to cooperate in the federal investigation. Members of the conspiracy allegedly engaged in witness tampering by telling fellow deputies that the FBI would lie, threaten, manipulate and blackmail them to obtain information about the Sheriff's Department.

"The allegations in the indictment include cover-ups, diversionary tactics, retribution and a culture generally reserved for Hollywood scripts," said David Bowdich,

Exh.6, Pg. 001547

Assistant Director in Charge of the FBI's Los Angeles Field Office. "The public held the defendants to the highest standard, but, instead, they spent their time and energy setting a tone which minimized the value of their oath and dishonored the badge they wore."

*An indictment contains allegations that a defendant has committed a crime. Every defendant is presumed to be innocent until and unless proven guilty in court.*

The conspiracy count carries a statutory maximum sentence of five years in federal prison, and the obstruction of justice charges carry a maximum penalty of 10 years. The two false declaration counts against Carey each carry a potential penalty of five years.

As a result of this investigation, a total of 21 defendants who held various ranks in the LASD have been charged, including the deputy who took the bribe to smuggle the phone and seven co-conspirators in the scheme to obstruct justice (see, for example: http://www.justice.gov/usao/cac/Pressroom/2014/161.html).

The investigation into corruption, civil rights abuses and obstruction of justice related to the Los Angeles County jails is being conducted by the Federal Bureau of Investigation.

CONTACT:  Assistant United States Attorney Brandon Fox
Public Corruption and Civil Rights Section
(213) 894-0284

Assistant United States Attorney Lizabeth A. Rhodes
Public Corruption and Civil Rights Section
(213) 894-3541

Assistant United States Attorney Margaret L. Carter
Public Corruption and Civil Rights Section
(213) 894-7413

Release No. 15-044

Exh.6, Pg. 001548



**NEWS RELEASE**

**For Immediate Distribution**

**April 6, 2016**

**Eileen M. Decker**

United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Former No. 2 of Los Angeles Sheriff's Department Found Guilty of Obstructing Federal Investigation into Misconduct at County Jails

***Paul Tanaka, the Onetime Undersheriff at LASD, Faces up to 15 Years in Prison***

*LOS ANGELES* – Paul Tanaka, who was the second in command of the Los Angeles Sheriff's Department, was found guilty today of two obstruction of justice charges for overseeing efforts to derail a federal investigation into corruption and civil rights violations by sheriff's deputies at two downtown jail complexes.

After only a few hours of deliberations, a federal jury convicted Tanaka of being the leader of a broad conspiracy to obstruct the federal investigation, a scheme that started when the Sheriff's Department learned that an inmate at the Men's Central Jail (MCJ) was an FBI informant. Tanaka directed a conspiracy that has previously resulted in the conviction of eight other former LASD deputies.

In addition to the conspiracy count, Tanaka was found guilty of one substantive count of obstructing justice.

Tanaka, 57, faces a statutory maximum sentence of 15 years in federal prison when he is sentenced by United States District Judge Percy Anderson on June 20.

"Another jury has spoken and sent a clear message that the former leaders of the Sheriff's Department who abused their positions by encouraging, and then concealing, a corrupt culture, must be held accountable," said United States Attorney Eileen M. Decker. "Mr. Tanaka joins eight of his former subordinates who have been found guilty of actively working to undermine a federal investigation into illegal conduct at the jails. Law enforcement agencies that house inmates, even dangerous ones, must remain steadfast in upholding the law and protecting the civil rights of all of the individuals in their custody.  This is required by both the higher standard to which law enforcement is held and their sworn oath to uphold the law."

Tanaka was the undersheriff – the number 2 in the LASD – until 2013, and he ran an unsuccessful campaign for sheriff in 2014. As he rose through ranks during a 31-year career with the LASD, Tanaka became well aware of "problem deputies" at the

Exh.6, Pg. 001549

jails, allegations of rampant abuse of inmates and insufficient internal investigations into deputy misconduct. Nevertheless, Tanaka encouraged jail deputies to work in a "gray area," and he transferred a jail supervisor who sought to implement reforms at the jails, according to the testimony presented during a 10-day trial.

The scheme to disrupt the federal investigation started in August 2011 when unknown deputies recovered a mobile phone from an inmate in MCJ, linked the phone to the FBI, and determined that the inmate was an informant in the FBI's corruption and civil rights investigation. The phone was given to the inmate as part of an undercover investigation by a corrupt deputy, who subsequently pleaded guilty to a federal bribery charge.

In response to the federal investigation, members of the Tanaka-led conspiracy took steps to hide the cooperator from the FBI and the United States Marshals Service, which was attempting to bring the inmate to testify before a federal grand jury. The evidence presented during the trial showed that the deputies altered records to make it appear that the cooperator had been released from jail, when in fact he had been re-booked into custody under a fake name and moved to secure locations. Members of the conspiracy prohibited FBI access to the informant, and then told the cooperator that he had been abandoned by the FBI.

Over the course of several weeks, members of the conspiracy sought an order from a Los Angeles Superior Court judge to compel the FBI to turn over information about its investigation to the LASD. After the judge refused to issue the order because he had no jurisdiction over the federal law enforcement agency – and even though it was clear that the FBI was acting legally – two LASD sergeants confronted the lead FBI agent at her residence in an attempt to intimidate her. The sergeants threatened the agent with arrest and later reiterated this threat to her supervisor, stating that the agent's arrest was imminent.

Tanaka oversaw co-conspirators who told fellow deputies not to cooperate in the federal investigation. Members of the conspiracy engaged in witness tampering by telling fellow deputies that the FBI would lie, threaten, manipulate and blackmail them to obtain information about the Sheriff's Department.

"Mr. Tanaka created a culture of corruption seen only in the movies, and certainly nothing that anyone would expect from the nation's largest Sheriff's department," said David Bowdich, Assistant Director in Charge of the FBI's Los Angeles Field Office. "My hope is that this conviction is the last chapter in this case so that the dedicated, law-abiding deputies at the L.A. Sheriff's Department, as well as the citizens they're sworn to serve and protect, can move on without distraction."

Tanaka was indicted last year along with William Thomas Carey, a former LASD Captain who headed the Internal Criminal Investigations Bureau. Carey pleaded guilty last year and is pending sentencing. Now that Tanaka has been convicted, 10 members

Exh.6, Pg. 001550

of the department – including former Sheriff Leroy Baca – have been convicted in relation to the scheme to obstruct justice.

As a result of the federal investigation into the LASD, another nine deputies who held various ranks have been convicted on charges related to the illegal use of force, illegal firearms and bribery. Two additional deputies are scheduled to go on trial May 3 in a case alleging an illegal use of force at the Twin Towers jail.

CONTACT:   Assistant United States Attorney Brandon Fox
Public Corruption and Civil Rights Section
(213) 894-0284

Assistant United States Attorney Eddie A. Jauregui
General Crimes Section
(213) 894-4849

Release No. 16-067

Exh.6, Pg. 001551



**NEWS RELEASE**

For Immediate Distribution

**June 27, 2016**

**Eileen M. Decker**

United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Paul Tanaka, Former No. 2 in the Los Angeles Sheriff's Department, Sentenced to Five Years in Federal Prison for Obstructing Federal Investigation into Misconduct at County Jails

*LOS ANGELES* – Paul Tanaka, who was the second in command of the Los Angeles Sheriff's Department, was sentenced today to 60 months in federal prison for his conviction on obstruction of justice charges stemming from him leading the LASD's efforts to derail a federal investigation into corruption and civil rights violations by sheriff's deputies at two downtown jail complexes.

Tanaka, 57, a resident of Gardena who left the LASD in 2013 when he was the undersheriff, was sentenced this morning by United States District Judge Percy Anderson. In addition to the five-year prison term, which Tanaka was ordered to begin serving on August 1, Judge Anderson ordered the defendant to pay a $7,500 fine.

In sentencing Tanaka, Judge Anderson recounted Tanaka's career at the LASD, his role in the scheme to obstruct justice, and "the incalculable harm you have caused this community."

While he was the assistant sheriff in charge of the jails, Tanaka "perpetrated an environment of excessive deputy conduct," according to Judge Anderson, who said Tanaka's actions led directly to an increased number of use-of-force incidents against inmates at the jails. The obstruction of justice scheme was designed "to derail the federal grand jury investigation" and constituted "a gross abuse of the public trust."

A federal jury on April 6 found Tanaka guilty of two felony offenses – conspiring to obstruct justice and a substantive count of obstructing justice. After a 10-day trial, a federal jury deliberated for only a few hours before convicting Tanaka of being the head of a broad conspiracy to obstruct the federal investigation, a scheme that started when the LASD learned that an inmate at the Men's Central Jail (MCJ) was an FBI informant. Tanaka directed a conspiracy that has resulted in the conviction of other former LASD officials who received sentences of up to 41 months in prison.

"Paul Tanaka supervised a scheme to obstruct the FBI's investigation into corruption and civil rights violations at the jails," said United States Attorney Eileen M.

Exh.6, Pg. 001552

Decker. "Mr. Tanaka was the ringleader and the driving force behind a plot that concealed an FBI informant, tampered with witnesses and led to the threatened arrest of an FBI agent for doing nothing more than her job. In addition to being a top law enforcement officer who was personally involved in the obstruction of justice, Mr. Tanaka was responsible for a culture that unfortunately led to the widespread abuse of inmates at the jails that he personally oversaw."

Tanaka was the undersheriff – the number 2 in the LASD – until 2013, and he ran an unsuccessful campaign for sheriff in 2014. As he rose through ranks during a 31-year career with the LASD, Tanaka became well aware of problems with deputies at the jails, allegations of rampant abuse of inmates and insufficient internal investigations into deputy misconduct. "During his time as an executive, defendant threatened to discipline supervisors who frequently referred deputies to Internal Affairs, transferred captains who tried to reduce deputy abuse and break up cliques, instructed deputies to work in the 'gray area' of law enforcement, and expressed his desire to gut Internal Affairs," prosecutors wrote in a sentencing memorandum filed with the court. Tanaka's "actions caused deputies to believe that they could act with impunity, which, unfortunately, they did much too frequently."

"Mr. Tanaka swore to serve the county of Los Angeles, but disappointed the people through his corrupt actions, as well as many in the department under his command and influence," said Deirdre Fike, Assistant Director in Charge of the FBI's Los Angeles Field Office. "As this investigation comes to a close, the department's law-abiding deputies who serve honorably can put this behind them under new leadership at the L.A. Sheriff's Department."

The scheme to disrupt the federal investigation started in August 2011 when deputies recovered a mobile phone from an inmate in MCJ, linked the phone to the FBI, and determined that the inmate was an informant in the FBI's corruption and civil rights investigation. The phone was given to the inmate as part of an undercover investigation by a corrupt deputy, who subsequently pleaded guilty to a federal bribery charge and was recently sentenced to federal prison.

In response to the federal investigation, members of the Tanaka-led conspiracy took steps to hide the cooperator from the FBI and the United States Marshals Service, which was attempting to bring the inmate to testify before a federal grand jury. The evidence presented during Tanaka's trial showed that the deputies altered records to make it appear that the cooperator had been released from jail, when in fact he had been re-booked into custody under a fake name and moved to an LASD patrol station. Members of the conspiracy prohibited FBI access to the informant, and then told the cooperator that he had been abandoned by the FBI.

Over the course of several weeks, members of the conspiracy sought an order from a Los Angeles Superior Court judge to compel the FBI to turn over information about its investigation to the LASD. After the judge refused to issue the order because

he had no jurisdiction over the federal law enforcement agency – and even though it was clear that the FBI was acting legally – two LASD sergeants confronted the lead FBI agent at her residence in an attempt to intimidate her. The sergeants threatened the agent with arrest and later reiterated this threat to her supervisor, stating that the agent's arrest was imminent.

Tanaka oversaw co-conspirators who told fellow deputies not to cooperate in the federal investigation. Members of the conspiracy engaged in witness tampering by ordering fellow deputies not to speak to the federal government and telling them that the FBI would lie, threaten, manipulate and blackmail them to obtain information about the Sheriff's Department.

Tanaka was indicted last year along with William Thomas Carey, a former LASD Captain who headed the Internal Criminal Investigations Bureau. Carey pleaded guilty last year and is pending sentencing. A total of 10 members of the department – including former Sheriff Leroy Baca – have been convicted in relation to the scheme to obstruct justice. Baca, who pleaded guilty in February pursuant to a plea agreement, is scheduled to be sentenced by Judge Anderson on July 11.

As a result of the FBI investigation into the LASD, 21 current or former members of the Los Angeles Sheriff's Department have been convicted of federal charges. These include the following former members of the LASD:

- Former Sergeant Eric Gonzalez, who was sentenced to 8 years in prison for his conviction on civil rights charges related to the beating of a visitor to the Men's Central Jail;
- Fernando Luviano, who was sentenced to 7 years in prison for beating a jail visitor;
- Sussie Ayala, who was sentenced to 6 years in prison for the beating of a jail visitor;
- Former Lieutenant Gregory Thompson, who was ordered to serve 37 months in prison for obstructing justice;
- Former Lieutenant Stephen Leavins, who received a 41-month prison sentence for obstructing justice;
- Gerard Smith, who was ordered to serve 21 months in prison for obstructing justice;
- Mickey Manzo, who received a two-year prison sentence for obstructing justice;
- Former Sergeant Scott Craig, who was sentenced to 33 months for obstructing justice;
- Former Sergeant Maricela Long, who was sentenced to two years in federal prison for obstructing justice;
- James Sexton, who was sentenced to 18 months in prison for obstructing justice;
- Joey Aguiar, who was sentenced to 18 months in prison for falsifying reports related to a use-of-force incident;

- Mariano Ramirez, who was sentenced to 13 months in prison, who was convicted with Aguiar;
- Gilbert Michel who was sentenced to six months in prison in the bribery case; and
- Richard Piquette, who was sentenced on a firearms charge.

Six other defendants, including former Sheriff Leroy Baca, are scheduled for sentencing later this year.

The cases against Tanaka and Baca are being prosecuted by Assistant United States Attorney Brandon D. Fox, Chief of the Public Corruption and Civil Rights Section; Assistant United States Attorney Lizabeth A. Rhodes, Chief of the General Crimes Section; and Assistant United States Attorney Eddie A. Jauregui of the General Crimes Section.

Release No. 16-142

Exh.6, Pg. 001555



**NEWS RELEASE**

For Immediate Distribution

**November 2, 2015**

**Eileen M. Decker**

United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Former Sergeant with L.A. Sheriff's Dept. Sentenced to 8 Years in Prison in Civil Rights Case Stemming from Beating of Jail Visitor

*LOS ANGELES* – A former sergeant with the Los Angeles Sheriff's Department, who was found guilty this summer of federal civil rights offenses related to the beating of a handcuffed visitor to the Men's Central Jail, was sentenced today to 96 months in federal prison.

Eric Gonzalez, 46, received the eight-year sentence from United States District Judge George H. King, who immediately remanded the defendant into custody.

Judge King said Gonzalez "abused his authority and corrupted the very system he was sworn to uphold."

Gonzalez, who was a 12-year veteran of LASD at the time of the offense, was one of three former deputies who were found guilty in June of civil rights charges.

At the trial, a jury determined Gonzalez, along with former LASD Deputies Fernando Luviano and Sussie Ayala, violated the civil rights of the victim in 2011 when they beat the man and caused bodily injury. The jury also determined that all three defendants falsified records when they prepared reports claiming that the victim was not handcuffed during the incident. Gonzalez Ayala were additionally convicted of conspiring to violate the victim's civil rights by using unreasonable force.

Two other defendants who were named in a federal grand jury indictment in late 2013 – Pantamitr Zunggeemoge and Noel Womack – previously pleaded guilty.

"Today's lengthy prison sentence demonstrates that individuals who abuse their positions of trust as law enforcement officers will be held accountable," said United States Attorney Eileen M. Decker. "The former deputy sheriffs who participated in the

scheme to violate the civil rights of a handcuffed man who was beaten without cause cast a stain on the entire Sheriff's Department, where virtually all of the deputies serve admirably."

Gonzalez was the leader of the conspiracy to violate the victim's civil rights, according to a sentencing memo filed by prosecutors. "While [the victim] may have suffered the bruises and cuts, the negative impact of defendant Gonzalez's actions does not end with [the victim], nor is [he] the only victim. The actions undertaken by the defendants in this case have impacted the public trust and thus extend beyond [the victim] and his family," prosecutors wrote.

"Mr. Gonzalez's actions cast a pall on his department and dishonored the badge he wore for many years," said David Bowdich, the Assistant Director in Charge of the FBI's Los Angeles Field Office. "We must be vigilant when it comes to abuse-of-power allegations, and prosecute them when warranted. However, we should also recognize and respect those who wear the badge with pride and serve Los Angeles County honorably."

The evidence presented at trial showed that the victim and his girlfriend went to the jail to visit the woman's incarcerated brother on February 26, 2011. Both visitors were in the possession of cell phones, which are prohibited under jail rules. When the phones were discovered, the victim was handcuffed and brought into an employee break room, where prosecutors said he was subject to a "savage beating" and sprayed with a burning agent similar to pepper spray. The victim was later transferred to the hospital by paramedics.

Following the incident, Gonzalez instructed Zunggeemoge how to write a report that falsely described how the victim swung his left elbow and struck Zunggeemoge, which prompted the use of force. Subsequent reports by other defendants also falsely described how the victim attempted to escape from the break room.

"Instead of using his position to educate and advance a new generation of law enforcement officers that would make the LASD proud, [Gonzalez] used this to frustrate the goals of true law-enforcement," according to the government's sentencing memo. "As is clear from the pre-sentence report, to this day he has accepted no responsibility and seems to argue that he was 'right.'"

During today's sentencing hearing, Judge King said that when law enforcement officers "think they are above the law, the entire rule of law is threatened."

Ayala and Luviano are scheduled to be sentenced by Judge King on November 30. Ayala faces a face a statutory maximum sentence of 40 years in federal prison, and Luviano faces up to 30 years.

Last month, a federal grand jury indicted a sixth deputy in relation to the incident at the Visiting Center. Former Deputy Byron Dredd pleaded not guilty on Friday to conspiracy to violate civil rights and two counts of making false reports, and he was ordered to stand trial on December 22.

The case against Gonzalez and the other deputies is the result of an investigation by the FBI, and is one in a series of cases resulting from an investigation into corruption and civil rights abuses at county jail facilities in downtown Los Angeles. As a result of the investigation, 15 current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges.

CONTACT:   Assistant United States Attorney Lizabeth Ann Rhodes
Public Corruption and Civil Rights Section
(213) 894-3541

Assistant United States Attorney Brandon D. Fox
Chief, Public Corruption and Civil Rights Section
(213) 894-0284

Release No. 15-121

Exh.6, Pg. 001558



**NEWS RELEASE**

For Immediate Distribution

**November 30, 2015**

**Eileen M. Decker**

United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao-cdca
@CDCANews

## Two L.A. Deputy Sheriffs Sentenced to Federal Prison in Civil Rights Case Stemming from Beating of Visitor at Downtown Los Angeles Jail

*LOS ANGELES* – Two former Los Angeles Sheriff's deputies who violated the civil rights of a visitor to the Men's Central Jail by beating him while he was restrained with handcuffs were sentenced today, each being ordered to serve at least six years in federal prison.

Fernando Luviano, 37, was sentenced to 84 months in prison, and Sussie Ayala, 30, was sentenced to 72 months in prison.

The two defendants, who were each found guilty by a federal jury in June of violating the civil rights of the beating victim and falsifying records about the incident, were sentenced today by United States District Judge George H. King.

Following the imposition of the sentences, Judge King remanded both Luviano and Ayala into custody.

Another deputy sheriff who also was found guilty at trial – former Sergeant Eric Gonzalez – was sentenced earlier this month to eight years in federal prison and also was immediately taken into custody.

The jury that convicted Luviano, Ayala and Gonzalez found that they violated the civil rights of the victim in 2011 when they beat the man and caused serious bodily injury. Ayala and Gonzalez were additionally convicted of conspiring to violate the victim's civil rights by using unreasonable force.

"As Judge King said today, the lengthy prison sentences imposed in this case send a clear message that no law enforcement officer is above the law," said United States Attorney Eileen M. Decker. "These two former deputy sheriffs failed to uphold their oaths and abused their positions of power when they beat and pepper sprayed a handcuffed victim. Such conduct undermines the public's trust in law enforcement and all the good work that peace officers do every day to protect our communities."

Two other defendants involved in the incident – Pantamitr Zunggeemoge and Noel Womack – previously pleaded guilty and are scheduled to be sentenced by Judge King on January 25.

Exh.6, Pg. 001559

Last month, a federal grand jury indicted a sixth deputy in relation to the incident at the Visiting Center. Former Deputy Byron Dredd has pleaded not guilty.

The evidence presented at the trial of the three deputies showed that the victim and his girlfriend went to the jail to visit the woman's incarcerated brother on February 26, 2011. Both visitors were in the possession of cell phones, which is prohibited under jail rules. When the phones were discovered, the victim was handcuffed and brought into an employee break room, where he was beaten and sprayed with pepper spray. The victim was later transferred to the hospital by paramedics.

In court documents that argued Luviano had a reputation of being "heavy-handed" with the violent prisoners he guarded at the jail, prosecutors said that Luviano "initiated the excessive force and used the most force against" the victim. Prosecutors wrote in a brief that his "violent crime and cover-up are serious offenses that harm the specific victim and tarnish the public trust in law enforcement." Judge King agreed, finding there was "evidence of prior violent behavior toward inmates" by Luviano at Men's Central Jail.

In papers related to Ayala's sentencing, prosecutors wrote that "[s]he, like the other defendants in this case, abused her power by participating in a beating of a handcuffed man, lying to cover up her and her partners' misdeeds, jailing the victim of their abuse, and putting that victim at risk of prosecution and a significant sentence for crimes he did not commit."

In court today, Judge King said that Ayala's actions "demonstrates that this really was a practice" of using excessive force against people inside the jail.

This case is the result of an investigation by the FBI, and is one in a series of cases resulting from investigation into corruption and civil rights abuses at county jails in downtown Los Angeles. Fifteen current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges.

CONTACT:  Assistant United States Attorney Lizabeth A. Rhodes
Public Corruption and Civil Rights Section
(213) 894-3541

Assistant United States Attorney Brandon D. Fox
Chief, Public Corruption and Civil Rights Section
(213) 894-0284

Release No. 15-140

Exh.6, Pg. 001560



**NEWS RELEASE**

**For Immediate Distribution**

**June 24, 2015**

**Stephanie Yonekura**
Acting United States Attorney
Central District of California

Thom Mrozek, Public Affairs Officer
thom.mrozek@usdoj.gov
(213) 894-6947
www.justice.gov/usao/cac
@CDCANews

## Three Deputy Sheriffs Found Guilty of Federal Civil Rights Offense in Beating of Visitor at Downtown Los Angeles Jail

*LOS ANGELES* – A federal jury this afternoon returned guilty verdicts against three deputies with the Los Angeles Sheriff's Department who violated the civil rights of a visitor to the Men's Central Jail by beating him while he was restrained with handcuffs.

Concluding a one-week trial, the jury determined that Deputies Fernando Luviano and Sussie Ayala, as well as former Sergeant Eric Gonzalez, violated the civil rights of the victim in 2011 when they beat the man and caused bodily injury. The jury also determined that all three defendants falsified records when they prepared reports about the incident.

Ayala and Gonzalez were additionally convicted of conspiring to violate the victim's civil rights by using unreasonable force.

Two other defendants who were named in a federal grand jury indictment in late 2013 – Pantamitr Zunggeemoge and Noel Womack – previously pleaded guilty and are pending sentencing.

The evidence presented at trial showed that the victim and his girlfriend went to the jail to visit the woman's incarcerated brother on February 26, 2011. Both visitors were in the possession of cell phones, which is prohibited under jail rules. When the phones were discovered, the victim was handcuffed and brought into an employee break room, where he was beaten and sprayed with a burning agent similar to pepper spray. The victim was later transferred to the hospital by paramedics.

Following the incident, Gonzalez instructed Zunggeemoge how to write a report that falsely described how the victim swung his left elbow and struck Zunggeemoge, which prompted the use of force against the victim. Subsequent reports by other defendants also falsely described how the victim attempted to escape from the break room.

As a result of today's convictions, Ayala and Gonzalez face a statutory maximum sentence of 40 years in federal prison, and Luviano faces up to 30 years. United States

District Judge George H. King, who presided over the trial, is scheduled to sentence the three defendants on November 2.

This case is the result of an investigation by the FBI, and is one in a series of cases resulting from investigation into corruption and civil rights abuses at county jails in downtown Los Angeles. With today's verdicts, 14 current or former members of the Los Angeles Sheriff's Department have now been convicted of federal charges.

CONTACT:   Assistant United States Attorney Lizabeth A. Rhodes
Public Corruption and Civil Rights Section
(213) 894-3541

Assistant United States Attorney Brandon Fox
Public Corruption and Civil Rights Section
(213) 894-0284

Release No. 15-064

Exh.6, Pg. 001562