Nathan J. Hochman, SBN 139137
Brianna Leigh Abrams, SBN 239474
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA  90404-4082
Tel:    +1.310.255.9025
Fax:    +1.310.907.2025
e-mail:  nathan.hochman@morganlewis.com
e-mail: brianna.abrams@morganlewis.com

Attorneys for Defendant
LEROY BACA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           vs.<br><br>LEROY BACA,<br><br>                    Defendant. | Case No. CR 16-66 (A) - PA<br><br>**NOTICE OF MOTION AND DEFENDANT LEROY BACA'S MOTION FOR DISQUALIFICATION OF UNITED STATES DISTRICT JUDGE PERCY ANDERSON PURSUANT TO 28 U.S.C. §§ 144, 455, AND GENERAL ORDER 14-03**<br><br>Hearing date:   October 31, 2016<br>Time:              3:00 p.m.<br>Courtroom:      15 |

To the Clerk of the Court, and all parties and their counsel of record,

PLEASE TAKE NOTICE THAT on October 31, 2016 at 3:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 15 of the United States District Court at 312 North Spring Street, Los Angeles, California, Defendant LEROY BACA, by and through his counsel of record, will and hereby does move to disqualify the Honorable United States District Judge Percy Anderson from serving as the district judge in this criminal action.  Mr. Baca further requests that this case be promptly reassigned to a new district judge in order to keep the present trial date

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30658601.1

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION;
CASE NO. CR 16-66 (A) - PA

of December 6, 2016.

The motion is made pursuant to 28 U.S.C. §§ 144, and 455, and General Order 14-03 on the grounds that the Court's appearance of impartiality may reasonably be questioned.

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the files and records of the case and such further and additional evidence and argument as may be presented at a hearing on the motion.

Respectfully submitted,

Dated:   September 26, 2016          MORGAN, LEWIS & BOCKIUS LLP

By */s/ Nathan J. Hochman*
Nathan J. Hochman
Attorneys for Defendant
LEROY BACA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30658601.1

2

DEFENDANT LEROY MR. BACA'S
MOTION FOR DISQUALIFICATION CR 16-
66 (A) - PA

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.    INTRODUCTION AND BACKGROUND ...................................................... 1

    A.    Procedural Background ................................................................. 1

    B.    The Plea Agreement, Presentence Report, Parties' Sentencing Positions and July 18, 2016 Sentencing Hearing .................................. 1

II.    ARGUMENT ............................................................................................ 7

    A.    The Court's Predetermination of Facts Creates an Appearance of Partiality ....................................................................... 10

    B.    The Court Cannot Cure the Appearance if Impartiality .................... 12

III.    CONCLUSION ....................................................................................... 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

i

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION;
CASE NO. CR 16-66 (A) - PA

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adkins et al v. USDC-CAC*,
No. 06-74094 (9th Cir . Sep. 13, 2006) .................................................................... 7

*Adkins v. Miller*,
No. 01-1574 (C.D. Cal. November 15, 2006) (order granting
motion to recuse U.S. District Judge Percy Anderson) ........................................ 1

*Alexander v. Primerica Holdings, Inc.*,
10 F.3d 155 (3d Cir. 1993) ................................................................................. 8, 12

*Connelly v. United States Dist. Court*,
191 F.2d 692 (9th Cir. 1951) .............................................................................. 8, 11

*Liteky v. United States*,
510 U.S. 540 (1994) .................................................................................................. 8

*Nichols v. Alley*,
71 F.3d 347 (10th Cir. 1995) .................................................................................... 8

*SEC v. Antar (In re Antar)*,
71 F.3d 97 (3d Cir. 1995) .................................................................................... 9, 10

*United States v. Antar*,
53 F.3d 568 (3d Cir. 1995) ............................................................................ 9, 10, 12

*United States v. Clemens*,
428 F.3d 1175 (9th Cir. 2005) .................................................................................. 7

*United States v. Sibla*,
624 F.2d 864 (9th Cir. 1980) ................................................................................. 7, 8

*United States v. Wolff*,
263 Fed.Appx. 612 (9th Cir. 2008) .......................................................................... 7

*Withrow v. Larkin*,
421 U.S. 35 (1975) .................................................................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

ii

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION;
CASE NO. CR 16-66 (A) - PA

*Attorney Client Privilege*
*Attorney Work Product*
*Draft*

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**STATUTES**

18 U.S.C § 371 ..............................................................................................................3

18 U.S.C. §1001 ...........................................................................................................3

18 U.S.C. § 1001(a)(2) ................................................................................................1

18 U.S.C. § 1503(a) ......................................................................................................3

28 U.S.C. §144 .............................................................................................................7

28 U.S.C. § 455(a) .......................................................................................................7

28 U.S.C. § 455(b) .......................................................................................................7

**OTHER AUTHORITIES**

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ............................... 1, 2

General Order 14-03 ....................................................................................................7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

iii

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND BACKGROUND

Disqualification is appropriate when "[b]ased on the record of the pre-trial and trial proceedings, the impartiality of the trial judge might reasonably be questioned." *Adkins v. Miller*, No. 01-1574 (C.D. Cal. November 15, 2006) (order granting motion to recuse U.S. District Judge Percy Anderson).

### A.   Procedural Background

On February 10, 2016, Mr. Baca was charged in a one-count Information with making a false statement in violation of 18 U.S.C. § 1001(a)(2). *See* ECF No. 1.  He was **not** charged with conspiracy to commit obstruction of justice or obstruction of justice.  On that same day, Mr. Baca entered a plea of guilty to the false statement count in the Information, which exposed him to the statutory maximum sentence of five years.  *See* ECF No. 5.  On April 22, 2016, May 24, 2016, and July 8, 2016, the Court granted stipulations to continue Mr. Baca's sentencing on the guilty plea agreement.  *See* ECF Nos. 28, 31, & 60.  On July 18, 2016, at the scheduled sentencing, the Court declined to accept Mr. Baca's binding guilty plea agreement and continued the sentencing to August 1, 2016.  *See* ECF No. 62.  At the rescheduled sentencing on August 1, 2016, Mr. Baca withdrew his guilty plea, and trial was set.  *See* ECF No. 68.  The government filed a First Superseding Indictment on August 5, 2016.  *See* ECF No. 70.  Unlike the Information, that First Superseding Indictment contained three charges: conspiracy to obstruct justice, obstruction of justice, and false statement violations.  Mr. Baca entered a plea of not guilty on August 12, 2016.  *See* ECF No. 81.

### B.   The Plea Agreement, Presentence Report, Parties' Sentencing Positions and July 18, 2016 Sentencing Hearing

The binding plea agreement was entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  *See* ECF No. 5.  In the plea agreement, the parties agreed to the offense, factual basis, the sentencing factors, and the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

1

DEFENDANT LEROY BACA'S MOTION FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

sentencing guideline range which both parties acknowledged was consistent with the false statement offense to which Mr. Baca pleaded guilty. *Id*. Approximately three pages of the eighteen page plea agreement contained a short recitation of the facts relating exclusively to the false statement charge. *Id*. at pgs. 6-8, paras. 9(a), 10(a) - (h).

The Probation Office's Presentence Investigation Report ("PSR") in the section entitled "Baca's conduct" and "False Statements" lifted the facts set forth directly from the Factual Basis in the plea agreement. *See* ECF 25, paras. 14-20. Under the section "Adjustment for Obstruction of Justice," the Probation Officer explicitly stated that: **"The Probation Officer has no information indicating the defendant impeded or obstructed justice."** *Id*. at para. 22 (emphasis added).

The Addendum to the PSR ("Addendum") addressed briefly the government's sentencing position which argued for a custodial sentence of six months consistent with the binding plea agreement (it deferred this issue to the Court) and Mr. Baca's sentencing position and argument against imposing an enhancement for abuse of position of trust (again deferring to the Court). *See* ECF 56.

At the sentencing hearing, the Court rejected the plea agreement, which was within its discretion to do under Rule 11(c)(1)(C). *See* ECF No. 63. The only evidence before the Court at the sentencing hearing, however, was that which was referenced in the plea agreement, Information, the PSR and Addendum, and the parties' briefs in response to the PSR. The Court affirmed that this was the evidentiary record before it at the outset of the hearing: "The Court has received, read and considered the Presentence Report, an addendum to the Presentence Report, the parties' sentencing memoranda, and numerous letters received on behalf of the defendant." *See* Exhibit 1 (Reporter's Transcript of July 18, 2016 Sentencing Hearing) 8:21-24.

However, the Court ventured well beyond the confines of the evidentiary

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

2

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

record in this case to declare its predetermined opinion and views regarding charges and evidence not before it. As of the date of the July 18, 2016 sentencing hearing, the case against Mr. Baca in *United States v. Baca* involved one false statement count of 18 U.S.C. §1001. There were no conspiracy (18 U.S.C § 371) or obstruction of justice (18 U.S.C. § 1503(a)) charges before the Court. However, the Court revealed its predetermined factual findings of a conspiracy involving Mr. Baca during the sentencing hearing:

> It's one thing to lie to an AUSA; it's another thing entirely, *as the evidence has shown*, where the chief law enforcement officer of the County of Los Angeles is *involved in a wide-ranging conspiracy* to cover up abuse and corruption occurring in the Men's Central Jail.

*See* Exhibit 1, 36:11-15 (emphasis added). The Court continued to proclaim, "there's nothing about a sentence of zero to six months that adequately accounts for that nonmonetary harm caused by this defendant." *Id* at 36:22-24.

With respect to that nonmonetary harm, the Court stated:

> [Mr. Baca] received no enhancements related to the nonmonetary harm he caused by participating, in the Court's judgment, in a **broad-ranging conspiracy to obstruct justice** that included hiding an inmate from the grand jury, altering records, witness tampering, and threatening an FBI agent. *Id*. at 34:5-10 (emphasis added).

The Court made additional factual predeterminations relating to uncharged conduct of conspiracy and obstruction of justice. The Court stated:

> The nature and circumstances of the criminal conduct reveal that this conspiracy caused significant nonmonetary harm. Because of this conspiracy, an authorized federal grand jury investigation into the corruption and physical abuse of inmates was derailed. Steps were taken by the defendant's subordinates to hide an FBI informant from the grand jury, records were destroyed and altered, including a federal grand jury subpoena,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

3

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

> deputies were taught how to cover up abuses committed by their fellow deputies, how to look the other way, how to shield the department from embarrassment, all of which led to fostering an us-versus-them mentality, an unwritten code that taught deputies that when an inmate dared to attempt to harm a deputy, the deputies were taught to respond with enough violence to send that inmate to the hospital.

*Id.* at 35:35:19-25, 36:1-8.

While the Court may have considered facts from other related cases, such facts were not part of the evidentiary record in *United States v. Baca*. No witness from those other cases had testified in *United States v. Baca* nor had any evidence from those other cases been admitted in *United States v. Baca*. On the contrary, the evidentiary record in *United States v. Baca* was bereft of facts showing the Mr. Baca participated and was involved in a "wide-ranging" or "broad-ranging" conspiracy to obstruct justice. Contrary to the Court's predeterminations, the facts as determined in the PSR and by the government in its sentencing position brief and in its statements at the sentencing hearing demonstrated how the Court's supposed evidentiary record was lacking. As noted above, in the PSR, the Probation Officer expressly stated that she had "no information indicating the defendant impeded or obstructed justice." *See* ECF 25, para. 22.

Similarly, the government made the following factual arguments in its sentencing position which demonstrated the <u>lack of evidence</u> in the record at the sentencing hearing to show Mr. Baca at the head of a "wide-ranging conspiracy to cover up abuse and corruption occurring in the Men's Central Jail." Directly contradicting the Court's factual predetermination of Mr. Baca's involvement in the conspiracy, the government wrote:

> 1. "The investigation revealed no documents or witnesses connecting [the Sheriff's Department policy to keep the FBI out of the county jails] to defendant Baca." ECF 32, 4:3-7.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

4

DEFENDANT LEROY BACA'S MOTION FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

2. "Despite the extensive investigation and multiple trials, the evidence has not revealed whether defendant Baca was aware of Sheriff's Department movement of Brown, his name changes, or the federal writ."  ECF 32, 5:18-21.

3. "The extensive investigation and multiple trials have revealed no evidence that suggests defendant Baca was ever aware of…witness tampering."  ECF 32, 6:18-20

4. "The investigation has revealed no evidence that defendant Baca was aware of the failed attempt to obtain [a] court order [to obtain FBI records and information]."  ECF 32, 7:18-20.

5. The government emphasized that defendant's alleged "crime is not as serious as the crimes by the [other] members of the Sheriff's Department."  "[W]hile he was at the top of the organization, the evidence does not show that he was involved in the hiding of Brown and tampering with witnesses as his subordinates were."  ECF 32, 11:18-24.

At the sentencing hearing the government confirmed the lack of evidence proving Mr. Baca as the head of the conspiracy to obstruct justice.  For example, the government agreed with Mr. Baca's position that the two-level enhancement for an abuse of a position of trust did not apply, stating that Mr. Baca "did not abuse his position of trust in lying to us because it didn't help him facilitate his offense."  Exhibit 1 9:15-17.  The Court agreed with this argument by the parties and declined to apply this enhancement.  *Id.* at 10:19-22.

In contrasting Mr. Baca with other LASD deputies and officials that had been charged with and convicted of conspiracy and obstruction of justice, the government stated:  "[W]e believe that the other participants, their obstruction of justice was clear, their intent was clear.  It's not as clear with regard to Mr. Baca. . . [T]he quality and quantity of evidence is very different with respect to Mr. Baca compared to everybody else with respect to obstruction of justice."  *Id.* at 26:18-25. The government added: "[W]e think that Mr. Tanaka was the person who was most

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

5

DEFENDANT LEROY BACA'S MOTION FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

responsible for this conduct [involving the conspiracy and obstruction of justice]. . .” *Id*. at 26:8-10.

Thus, it is clear from the sentencing hearing that the Court predetermined that Mr. Baca is guilty of conspiracy and obstruction of justice based on an evidentiary record before it that date in *United States v. Baca* that lacked such evidence.  Stated differently, the Court has already convicted Mr. Baca of the conspiracy and obstruction of justice charges that were **not** before it on July 18, 2016, but which the government added in the First Superseding Indictment weeks later.  Contrary to the Court's statement at the sentencing hearing of what the evidence had "shown," that predetermination of Mr. Baca's guilt for conspiracy and obstruction of justice at the sentencing hearing was based on an evidentiary record in Mr. Baca's case at the time that lacked such facts for such a predetermination.  Indeed, that predetermination was contradicted by the arguments made by government counsel and the Probation Office and was based on not having heard one witness or admitted one exhibit in Mr. Baca's case relating to his involvement in conspiracy and obstruction of justice.[1]

That predetermination of Mr. Baca's guilt for charges that are now before the Court demonstrates that the "appearance of impartiality" of the Court to preside over the trial of such charges has been damaged sufficient to warrant the Court's

[1] The predetermination that Mr. Baca as the chief law enforcement officer of the County of Los Angeles was involved with a responsible for a "wide-ranging conspiracy to cover up abuse and corruption occurring in the Men's Central Jail" is consistent with the Court's views prior to taking the bench involving the responsibility of law enforcement management for failures of officers they supervised.  The Hon. Percy Anderson was a member of the Independent Commission on the Los Angeles Police Department ("the Christopher Commission"), which authored the 1991 report detailing the misconduct of the LAPD leading up to the Rodney King beating.  Some general determinations of the Christopher Commission include, "[t]he failure to control [certain] officers is a management issue that is at the heart of the problem…" and "[t]he LAPD's failure to analyze and act upon…revealing data evidences a significant breakdown in the management and leadership of the Department."  *See* Exhibit 2, Foreword at iv.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

6

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

recusal from the case

## II.    ARGUMENT

A court is required to recuse itself when its "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); 28 U.S.C. §144;[2] General Order 14-03.[3] Pursuant to § 455(b), a court is required to recuse itself when it has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b); *see United States v. Wolff*, 263 Fed.Appx. 612 (9th Cir. 2008) (unpublished) (Ninth Circuit ordered recusal of U.S. District Judge Percy Anderson where Judge Anderson's impartiality might reasonably be questioned based on his financial interest in the subject matter in controversy); *Adkins et al v. USDC-CAC*, No. 06-74094 (9th Cir . Sep. 13, 2006) (Ninth Circuit ordered recusal of U.S. District Judge Percy Anderson where Judge Anderson's impartiality might be reasonably questioned).

The standard for recusal under either Sections 455 or 144 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Clemens*, 428 F.3d

---

[2] 28 U.S.C. § 144 differs slightly from section 455 in that a motion pursuant to section 144 is brought by a party, whereas section 455 generally requires a Court to recuse itself *sua sponte*. *United States v. Sibla*, 624 F.2d 864, (9th Cir. 1980). "[A] party submitting a proper motion and affidavit under section 144 can get two bites of the apple. If, after considering all the circumstances, the judge declines to grant recusal pursuant to section 455(a) & (b)(1), the judge still must determine the legal sufficiency of the affidavit filed pursuant to section 144. If that affidavit is sufficient on its face, the motion must be referred to another judge for a determination of its merits under section 144." *Id*. at 869.

[3] The Central District has a procedure that requires a random assignment of a motion to disqualify to a district judge other than the district judge presiding over the case. General Order 14-03, pg. 16. The district judge to whom the motion is assigned is required to promptly determine the motion. Only if the motion is denied will the case proceed before the judge originally assigned to the case. *Id*. at 17.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

7

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

1175, 1178 (9th Cir. 2005); *United States v. Sibla*, 624 F.2d 864, 869 (9th Cir. 1980); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) ("'The public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted,' requires that 'justice must satisfy the appearance of justice.'") (quoting *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992)); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) ("If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation, then an appearance of partiality is created even though no actual partiality exists…"); *See also Connelly v. United States Dist. Court*, 191 F.2d 692 (9th Cir. 1951) ("It is not enough that the judge, despite his predetermination of essential facts, may put them aside and conduct a fair trial but that there also shall be such an atmosphere about the proceeding that the public will have the 'assurance' of fairness and impartiality.").

In situations where disqualification is a close call, "the balance tips in favor of recusal." *Nichols*, 71 F.3d at 352. Moreover, the Supreme Court has made clear that, "[n]ot only is a biased decision maker constitutionally unacceptable but 'our system of law has always endeavored to prevent even the probability of unfairness.'" *Withrow v. Larkin*, 421 U.S. 35, 47 (1975), quoting *In re Murchison*, 349 U.S. 133, 136 (1955).

For many years, the case law analyzing recusal focused on whether the evidence indicating a judge's impartiality was derived from an extrajudicial source. In 1994, the Supreme Court addressed this issue in *Liteky v. United States*, 510 U.S. 540 (1994). In *Liteky*, the Court engaged in a lengthy discussion of the significance of the "extrajudicial source" doctrine and ultimately concluded it was not outcome determinative. 510 U.S. at 548. Although significant, "[t]he most critical factor is not the source of the judge's prejudicial knowledge or bias, but rather the judge's 'inability to render fair judgment.'" *Id.*; *Nichols*, 71 F.3d at 351 ("…acquisition of alleged bias or prejudice from extra-judicial sources is neither a necessary nor

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

8

DEFENDANT LEROY BACA'S MOTION FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

sufficient condition for 455(a) recusal."). It is true that the statements made by the Court during the July 18, 2016 sentencing constitute a part of this proceeding. This, however, has no impact on whether recusal is appropriate. It is the appearance of impartiality that is important, not the source of the bias or prejudice.

The instant case closely resembles the *Antar* cases decided by the Third Circuit, *United States v. Antar*, 53 F.3d 568 (3d Cir. 1995), and *SEC v. Antar (In re Antar)*, 71 F.3d 97 (3d Cir. 1995), where recusal of the district judge was necessary in both instances to protect the appearance of impartiality of the judiciary. *United States v. Antar* was a criminal action brought against brothers Eddie and Mitchell Antar, et al., owners of Crazy Eddies, Inc., who were involved in a wide-spread conspiracy to commit securities and mail fraud. The evidence adduced at trial showed that Eddie and Mitchell operated what appeared to be a successful chain of consumer electronics stores from the early 1970s until the scheme unraveled in 1987. The brothers first engaged in "cash skimming" to evade income taxes. Due to the company's outward appearance as a profit center, the Antar brothers took the company public in 1983. However, the prior success of the company was based on manipulated and falsified financial statements. After four years operating as a public company, it was acquired in a hostile take-over and the new primary shareholder quickly discovered the company's inventory had been inflated, and approximately $45 million was missing. Not too long after, the brothers were charged, convicted and sentenced in 1994.

At the sentencing hearing, the judge made statements revealing he had predetermined the facts of the case and had the goal "from day one…to get back to the public that which was taken from it as a result of the fraudulent activities of this defendant and others." *United States v. Antar*, 53 F.3d at 573. On appeal to the Third Circuit, the appellate court focused on this predetermination and found that by revealing his goal of seeking retribution for the public, this predetermination first stated at the sentencing hearing was sufficient to warrant recusal. The court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

9

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

reversed the convictions of the Antar brothers and remanded the matters for new trials before a different district judge. *Id*. at 579.

*SEC v. Antar (In re Antar)*, 71 F.3d 97 (3d Cir. 1995), involved a civil suit brought by the Securities and Exchange Commission against Eddie and Mitchell Antar's father, Sam Antar. The district court judge who presided over the criminal proceeding (and was recused) also presided over the SEC action. While the suit was pending, and after the Antar brothers' conviction was overturned, Sam Antar petitioned the Third Circuit and argued the "appearance of impermissible judicial bias that tainted his sons' convictions also forces the same judge's recusal" in the SEC action. *Id*. at 99. As evidence of impartiality and bias, Sam Antar pointed to the judge's statement made during a hearing involving the disposition of bail money during the criminal proceeding. Specifically, Sam argued that the statements by the judge created the "appearance that the judge had predetermined the scope of Sam's involvement in the Crazy Eddie saga, based on evidence heard in the prosecutions of Eddie and Mitchell Antar." *Id*. at 100. Sam also directed the court to the prior statement from the brothers' sentencing hearing regarding the judge's goal from day one of the case. *Id*.

Citing the recusal of the same judge from the Antar brother's criminal proceeding, and relying on the judge's statements predetermining Sam Antar's culpability from evidence adduced in his sons' proceedings and the judge's goal from day one, the Third Circuit granted Sam Antar's petition for Writ of Mandamus and required the recusal of the district court judge from further proceedings. *Id*. at 102.

### A.   <u>The Court's Predetermination of Facts Creates an Appearance of Partiality</u>

Here, the Court's statements during the July 18, 2016 sentencing hearing create the **<u>appearance</u>** that the Court's "impartiality may be reasonably questioned." At that hearing, the Court predetermined Mr. Baca's culpability for the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

10

DEFENDANT LEROY BACA'S MOTION FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

conspiracy and obstruction of justice charges contained in Counts 1 and 2 of the First Superseding Indictment that were not before it at the time but added weeks later. The Court's appearance of impartiality may be reasonably questioned based on the following undisputed facts from the July 18th sentencing hearing:

(i) only the false statement charge to which Mr. Baca had pleaded guilty to in a one-count Information was before the Court, not the conspiracy or obstruction of justice charges;

(ii) the Probation Office, PSR, Addendum and government made no argument and presented no evidence (nor did Mr. Baca) that Mr. Baca was culpable for conspiracy or obstruction of justice; on the contrary, both the Probation Office and the government explicitly stated that he was not culpable for conspiracy and obstruction of justice; and

(iii) the Court's explicit statements predetermined Mr. Baca's participation and involvement in a "wide-ranging" and "broad-ranging" conspiracy to obstruct justice based on an evidentiary record in *United States v. Baca* bereft of such evidence.

There can be no doubt that when the Court stated that "the evidence has shown" that Mr. Baca was involved as the chief law enforcement officer of the County of Los Angeles "in a wide-ranging conspiracy to cover up abuse and corruption occurring in the Men's Central Jail" and participated in a "broad-ranging conspiracy to obstruct justice," the Court had predetermined that Mr. Baca committed those crimes. *See* Exhibit 1, 36:11-15, 34:5-10.

As the Ninth Circuit observed in *Connelly*, "[i]t is not enough that the judge, despite his predetermination of essential facts, may put them aside and conduct a fair trial but that there also shall be such an atmosphere about the proceeding that the public will have the 'assurance' of fairness and impartiality." 191 F.2d 692, 697. Here, the Court has left no doubt as to the Court's predetermination that Mr. Baca is guilty of the Count 1 conspiracy charge and the Count 2 obstruction of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

11

DEFENDANT LEROY BACA'S MOTION FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA

justice charge before one witness has testified or one exhibit has been admitted.

**B.      The Court Cannot Cure the Appearance of Partiality**

Even if the Court were to offer that it could put these predeterminations aside, the standard for recusal is whether the Court's appearance of impartiality may be reasonably questioned, not whether the Court is actually biased against Mr. Baca. Like the district judge in the Crazy Eddie *Antar* cases who was recused for prejudging the evidence and using evidence from one trial to influence his beliefs in another trial, so too has this Court engaged in the same predetermination process warranting recusal based on evidence from other cases and an unequivocal view of Mr. Baca's guilt on conspiracy and obstruction of justice charges.

As courts have stated, "'[t]he public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted,' requires that 'justice must satisfy the appearance of justice.'") *Alexander v. Primerica Holdings, Inc.*, 10 F.3d at 162 (quoting *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992)). The appearance of justice in this case has been tainted by the Court's numerous and explicit predeterminations of Mr. Baca's guilt on the conspiracy and obstruction of justice charges. Thus, as the Court's impartiality may reasonably be questioned, recusal is mandated.

**III.      CONCLUSION**

For the reasons set forth above, Mr. Baca respectfully requests that his disqualification motion be granted and the case be assigned to a new district judge.

Dated:       September 26, 2016          MORGAN, LEWIS & BOCKIUS LLP


By */s/ Nathan J. Hochman*
Nathan J. Hochman
Brianna Leigh Abrams
Attorneys for Defendant
LEROY BACA

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30649376.1

12

DEFENDANT LEROY BACA'S MOTION
FOR DISQUALIFICATION
CASE NO. CR 16-66 (A) - PA