**Government Exhibit 1**

**Excerpt of Transcript**

**of August 1, 2016 Sentencing Hearing**

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE PERCY ANDERSON, JUDGE PRESIDING

---

**UNITED STATES OF AMERICA,**                )
                                             )
                                             )
                                             )
                        Plaintiff,           )
                                             )No. CR **16-0066**PA
            VS                               )
                                             )
**LEROY BACA,**                              )
                                             )
                                             )
                        Defendant.           )
_____)

Reporter's Transcript of Proceedings
**SENTENCING HEARING**
Los Angeles, California
**MONDAY, AUGUST 1, 2016**
**8:30 A.M.**

ANNE KIELWASSER, CRR, RPR, CSR
Federal Official Court Reporter
312 North Spring Street, Room 432
Los Angeles, California 90012
Telephone: (213) 894-2969
anne.kielwasser@gmail.com
AKtranscripts.com

UNITED STATES DISTRICT COURT

A P P E A R A N C E S

ON BEHALF OF THE UNITED STATES:

**Brandon D Fox**
**Lizabeth A Rhodes**
**Eddie A Jauregui**
AUSA - Office of the US Attorney
312 North Spring Street, 12th Floor
Los Angeles, CA 90012
Tel:  213-894-0284
Fax:  213-894-0141
E-mail:  Brandon.fox@usdoj.gov
E-mail:  Lizabeth.rhodes@usdoj.gov
E-mail:  Eddie.jauregui@usdoj.gov


ON BEHALF OF THE DEFENDANT:

**Michael Zweiback**
Alston and Bird LLP
333 South Hope Street 16th Floor
Los Angeles, CA 90071
Tel:  213-576-1000
Fax:  213-576-1100
E-mail:  Michael.zweiback@alston.com


**Nathan J. Hochman**
Morgan Lewis
The Water Garden
Suite 2050 North
1601 Cloverfield Blvd.
Santa Monica, CA 90404-4082
United States
Phone:  310.255.9025
Fax:  310.907.2000
Nathan.hochman@morganlewis.com

UNITED STATES DISTRICT COURT

MONDAY, AUGUST 1, 2016                                    8:30 A.M.

~ ~ ~

P R O C E E D I N G S

~ ~ ~

**COURT CLERK:**  Calling Item No. 1.  CR 16-66.  USA versus Leroy Baca.

Counsel, state your appearances, please.

**MR. FOX:**  Good morning, Your Honor.  Brandon Fox, Elizabeth Rhodes and Eddie Jauregui on behalf of the United States.

**THE COURT:**  Good morning.

**MR. ZWELLBACK:**  Good morning, Your Honor.  Michael Zwellback and Nathan Hochman on behalf of Mr. Baca.

**MR. HOCHMAN:**  Good morning, Your Honor.

**THE COURT:**  Good morning.

Would you and your client approach the lectern, please?

**MR. ZWELLBACK:**  Yes.

**THE COURT:**  This matter is before the Court for the pronouncement of judgment and the imposition of sentence.

Is there any reason why judgment and sentence should not be imposed at this time?

**MR. ZWELLBACK:**  Your Honor, as my client has not at this time decided whether to withdraw from the plea agreement and proceed to trial or proceed to sentencing --

UNITED STATES DISTRICT COURT

and this was something that has been the subject of discussions not only through the last couple of weeks but all the way through the weekend and up through this morning -- we would like to a chance to at least approach the Court at sidebar and discuss one issue before a final decision is made.

**THE COURT:** All right.

(Sidebar conference.)

**THE COURT:** Mr. Hochman, you're new to this case.

**MR. HOCHMAN:** I am new.

The issue, Your Honor, is --

I've had a chance to read this sentencing transcript from the July 18 hearing, and Your Honor says very specifically, obviously that the parties didn't factor in an upward adjustment in -- and because the agreed upon offense level is zero to six, does not factor in the significant nonmonetary harm caused by a conduct, you are rejecting the Guidelines and then eventually rejecting the binding plea agreement.

We are seeking a clarification from the Court as to what the Court meant with respect to the type of upward departure that would include and factor in the nonmonetary harm. Because the parties are going back into the Guidelines and looked at adjustments for the position of trust, felony offense, alteration of documents, and it comes up with at

5

least six to an eight-level upward departure, depending on how you factor those various factors.

If you added that to the Guidelines that we're starting with, it would produce an offense level of either 6 to 12 months or 10 to 16 months.  And we're trying to inform our client as to where this thing could potentially end up, because obviously it can go up to five years in the statutory maximum.

So, we're seeking this clarification from the Court, from our point of view, just to be able to inform our client on, realistically, what he's looking at.

**MR. FOX:**  And, Your Honor, we understand that certainty matters to this client more than most clients because of his condition.  I know that he doesn't want to serve a life sentence, but we're concerned about Rule 11 being violated in this colloquy.

**THE COURT:**  I am, too.

Look, the only thing I can tell you is -- is the Court in trying to formulate an appropriate, individualized sentence, is going to take into account all of the factors, and that includes his health, the good deeds he's done, and I'm going to look at other factors.  That's pretty much all I can tell you.

I understand where you're trying to go, but I think -- I think that's problematic for me to comment on,

UNITED STATES DISTRICT COURT