EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
General Crimes Section
Assistant United States Attorneys
     1500/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-7631
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-66(A)-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE |
| v. | |
| LEROY BACA, | Hearing Date: 10/31/2016 |
| Defendant. | Hearing Time: 3:00 p.m. |
| | Location:    Courtroom of the Hon. Percy Anderson |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, hereby files its response to defendant's motion to strike paragraph 7(b) of the First Superseding Indictment as surplusage.  Defendant's motion should be denied, as the sub-paragraph to which he objects is relevant to show

defendant's knowledge, motive, and intent, and is neither inflammatory nor prejudicial.

Dated: October 10, 2016          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


*/s/ Brandon D. Fox*
BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant Leroy Baca has moved to strike paragraph 7(b) from the First Superseding Indictment on the ground that the allegations in that paragraph are irrelevant, inflammatory, and prejudicial.  As explained below, however, the allegations in paragraph 7(b) are relevant to show defendant's knowledge of corruption and abuse inside the Los Angeles County jails, as well as his motive and intent to obstruct a grand jury's investigation into those issues.  Moreover, while the facts alleged in the indictment may "prejudice" defendant, that alone is not a reason to strike.  Defendant's motion should be denied.

**II.    BACKGROUND**

Defendant is charged with conspiring to obstruct a federal investigation into corruption and abuse by deputy sheriffs inside the county jails.  He is also charged with the substantive crime of obstruction of justice.  To prove conspiracy, the government must prove, among other things, that defendant knew of the object of the conspiracy — in this case, to obstruct a federal grand jury's investigation of inmate abuse and corruption within the jails — and that he intended to help accomplish it.  To prove the substantive offense, the government must prove, among other things, that the defendant "acted corruptly" to obstruct the investigation, that is, "with the purpose of obstructing justice." United States v. Laurins, 857 F.2d 529, 536-37 (9th Cir. 1988).  The challenged allegations in the indictment are directly relevant to these charges.

Paragraph 7(b) of the First Superseding Indictment ("FSI") states:

<u>Allegations of Abuse at MCJ AND TTCF</u>

7.    Defendant BACA was well aware of the allegations of rampant abuse of inmates at [Men's Central Jail] and [Twin Towers Correctional Facility].  By no later than September 2011, the following had occurred . . .

b.    From no later than December 2010 and continuing to at least July 2011, allegations surfaced that LASD deputies working on the 3000 floor of MCJ, who called themselves the "3000 Boys," exhibited gang-like and violent behavior, used excessive force against inmates, and falsified reports to cover up wrongdoing[.]

(<u>See</u> FSI ¶ 7(b), Dkt. 70.)

**III.  ARGUMENT**

A motion to strike allegations from an indictment under Federal Rule of Criminal Procedure 7(d) should be granted only when the challenged allegations are irrelevant to the charges and contain inflammatory and prejudicial material.  <u>United States v. Laurienti</u>, 611 F.3d 530, 546-47 (9th Cir. 2010) ("The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges.") (quoting <u>United States v. Terrigno</u>, 838 F.2d 371, 373 (9th Cir. 1988)).

As courts throughout the country have noted, "[t]he standard under Rule 7(d) has been strictly construed against striking surplusage." <u>United States v. Watt</u>, 911 F. Supp. 538, 554 (D.D.C. 1995) (quoting <u>United States v. Jordan</u>, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980); <u>see also United States v. DePalma</u>, 461 F. Supp. 778, 797 (S.D.N.Y. 1978) (standard for striking allegations as surplusage is

2

"exacting"). Accordingly, "[m]otions to strike surplusage are rarely granted." United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006); C. Wright, Federal Practice and Procedure § 128 (4th ed.) ("[N]o matter how framed, it is an exacting standard, and courts are often slow to grant a motion to strike surplusage.").

Here, the allegations put at issue by the defendant are relevant and material to the charges, and are neither inflammatory nor prejudicial.

**A.    Paragraph 7(b) of the First Superseding Indictment is Relevant to the Charges Against Defendant**

In arguing that paragraph 7(b) should be stricken, defendant tacitly concedes that his knowledge of reports of deputy abuse alleged in paragraphs 7(a) and 7(c) is relevant and admissible at his trial. He claims that paragraph 7(b) is different, however, because the allegations in that paragraph do not specifically allege defendant's knowledge and "are both prejudicial and irrelevant." (Def.'s Br. at 4.) In defendant's view, the allegations raise a "significant risk" that the jury will attribute these actions to defendant, "despite the fact that the Government has not charged [defendant] with any of this conduct, or with possessing any knowledge of this conduct by the '3000 Boys.'" (Id.) Defendant is wrong. The government has alleged defendant's knowledge of the facts in paragraph 7(b), albeit not explicitly, and the information contained therein is not so prejudicial or inflammatory that it should be stricken.

Defendant is charged with both conspiracy to obstruct justice and obstruction of justice. Just as with paragraphs 7(a) and 7(c), the challenged allegations are directly relevant to these charges

3

because they show defendant's knowledge of a culture of abuse and corruption within the jails and provide a motive to obstruct the federal investigation.  The fact that defendant was aware of allegations of inmate abuse, problem deputies, and corruption provides a motive for defendant to obstruct the federal investigation in July-August 2011.  At that time, defendant was the elected Sheriff; he would have therefore owned any scandal that had occurred within his department, especially given the public's numerous attempts over the years to have defendant address the issue of deputy abuse in the jails.

Similarly, the allegations tend to show defendant's corrupt intent.  The government anticipates that defendant may argue, as have other defendants, that the LASD's actions vis-à-vis Anthony Brown and the FBI were aimed at protecting Brown and also ensuring that the FBI Special Agent working the case was not a "rogue" agent.  (In other words, that he had an innocent intent.)  But the fact that defendant had known of and had not stopped inmate abuse by members of the 3000 Boys tends to show a different intent – an intent to protect deputies and to stop the government from learning the truth.  The government seeks to introduce these facts because they are relevant and material, that is, they go to the elements of the crimes charged. See Laurienti, 611 F.3d at 547 (characterization of sales practices as "unlawful" was relevant where "government sought to prove that . . . the practices were indeed unlawful").

As defendant notes, paragraph 7(b) does not explicitly state that defendant knew or was informed of the activities of the 3000 Boys; but this is clearly implied by the introductory sentence to the paragraph.  (See FSI ¶ 7 ("Defendant was well aware of the

4

allegations of rampant abuse of inmates" at the jails. . . .)  Just as with paragraphs 7(a) and 7(c), the government intends to show at trial that defendant did, in fact, know of the reports regarding the 3000 Boys and their activities within the time period alleged.  The government has produced discovery to the defense evidencing his knowledge.  Should the government choose not to introduce this evidence at trial, or fail in its efforts to do so, the government will agree to strike paragraph 7(b) from the indictment.

**B.    Facts Alleged in Paragraph 7(b) Are Not Inflammatory and Prejudicial**

Additionally, the challenged allegations are neither inflammatory, nor prejudicial.  Paragraph 7 as a whole alleges only defendant's <u>knowledge</u> -- not that defendant himself was a member of the 3000 Boys or that he falsified reports to cover up wrongdoing. This stands in stark contrast with the cases cited by defendant, where the challenged language (or evidence) was irrelevant and implied defendants' direct involvement in the issues alleged.  <u>See</u> <u>United States v. Miller</u>, 26 F. Supp. 2d 415, 420-21 (N.D.N.Y. 1998) (in case involving illegal smuggling of tobacco and liquor products, allegations of confrontations between members of New York State police and "armed members of a paramilitary group" on Indian reservation deemed irrelevant and highly inflammatory because they "improperly implie[d] defendants involvement in uncharged acts of violence"); <u>Kennedy v. Lockyer</u>, 379 F.3d 1041, 1055 (9th Cir. 2004) (noting that evidence of defendants' gang membership may not be introduced to prove intent or culpability); <u>Moreno v. L.A. Cty. Sheriff's Dep't</u>, No. 13-CV-7570-CAS(MANX), 2015 WL 5050507, at *2 (C.D. Cal. Aug. 24, 2015) (excluding certain evidence of defendant's

5

membership in street gang under Fed. R. Evid. 403).[1]  Defendant is correct that he is not "on trial for being a member of a gang," Def.'s Br. at 1, but the government has neither alleged nor intimated that he is.  Paragraph 7(b) is not inflammatory.

Moreover, even if the allegations in paragraph 7(b) could be deemed "prejudicial," they may not be stricken as surplusage because evidence of the allegations would be relevant and admissible at trial.  See United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) ("[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.") (internal quotation and citation omitted); United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998); United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.").

Finally, to the extent defendant is making a Rule 403 argument, it too is without merit.  Although evidence of the allegations contained in the challenged paragraphs would "damage" defendant's case, in that it would tend to show defendant's knowledge of inmate abuse and misconduct within the jails, as well as improper motive and intent to obstruct the federal investigation (making the evidence relevant and highly probative), it would not be unfairly prejudicial because it does not "lure the factfinder from declaring guilt on a ground different from proof specific to the offense charged."  Old

---

[1] Neither Kennedy, nor Moreno, addressed motions to strike surplusage under Fed. R. Crim. 7(d).

Chief v. United States, 519 U.S. 172, 180 (1997); see also United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403") (internal quotations and citation omitted); United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) ("[U]nfair prejudice does not simply mean damage to the opponent's case. If it did, most relevant evidence would be deemed unfairly prejudicial.").

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to strike paragraph 7(b) at this time.  Should the government choose not to introduce evidence corresponding to the facts alleged in that sub-paragraph, it will agree voluntarily to strike it.

7