EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
General Crimes Section
Assistant United States Attorneys
     1500/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-7631
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-66(A)-PA |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECUSE BRANDON FOX FROM SERVING AS A PROSECUTOR AND A WITNESS AT TRIAL |
| v. | |
| LEROY BACA, | Hearing Date: October 31, 2016 |
| Defendant. | Hearing Time: 3:00 p.m. Location:    Courtroom of the Hon. Percy Anderson |

Defendant seeks to have Assistant United States Attorney Brandon D. Fox recused from the case because, he claims, defendant needs his testimony.  Defendant fails to describe <u>any</u> admissible evidence that AUSA Fox alone could provide.  Defendant's motion is nothing more than an attempt to have the government's lead attorney removed from the trial because defendant thinks he has a better chance to succeed without AUSA Fox prosecuting him.  For these, and other reasons

explained in the government's attached brief, the Court should deny defendant's motion.

Dated: October 10, 2016          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


*/s/ Brandon D. Fox*
BRANDON F. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant Leroy Baca seeks recusal of the lead prosecutor in this case by making the dubious claim that the prosecutor, Assistant United States Attorney ("AUSA") Brandon D. Fox, is a necessary witness for the defense and therefore must be recused under the advocate-witness rule.  Defendant's motion is frivolous.  Defendant has shown no need, let alone the required "compelling need" for AUSA Fox's testimony.  It is obvious that he does not intend to call AUSA Fox as a witness.  Instead, defendant's filing is a thinly-veiled attempt to remove from his case an experienced trial attorney who has led the successful prosecutions of defendant's co-conspirators. Defendant's motion must be denied.

**II.   STATEMENT OF FACTS**

In the summer of 2011, a federal grand jury was conducting an investigation into corruption and inmate abuse in the Los Angeles County jails.  In related cases, the government alleged and proved that members of the Los Angeles County Sheriff's Department ("LASD") conspired to obstruct the investigation, including officials at the highest levels of the department.

In 2013, as the government was investigating LASD's obstruction, prosecutors arranged for an interview with defendant, who was then the Sheriff.  Participating in that interview were three AUSAs (Brandon Fox, Lizabeth Rhodes, and Margaret Carter), two FBI agents (Jason Dalton and David Dahle), two defense attorneys, Brian Hershman and Beong Kim of the Jones Day firm, and defendant himself.  (Def.'s Ex. 6 at 2.)  The interview was conducted at Jones Day and was audio recorded.  (Id. at 3.)  The recording and transcript reflect a

discussion of the non-target letter provided to defendant, the agreement regarding the subject matter of the interview, and the time that was allotted for the interview.  (Id. at 3, 6, 7.)

**III. ARGUMENT**

Although defendant correctly recites the legal standards for compelling a prosecutor to testify, he fails to meet those standards. To compel a prosecutor's testimony, defendant must demonstrate a "compelling need" for the testimony, United States v. Tamura, 694 F.2d 591, 601 (9th Cir. 1982), and show that the testimony would be material to his defense, United States v. Prantil, 764 F.2d 548, 552 (9th Cir. 1985).  The case law in this Circuit is clear that defendant has an "obligation to exhaust other available sources of evidence" before a court will sustain his efforts to call a participating prosecutor as a witness.  Prantil, 764 F.2d at 551. Here, defendant fails on multiple fronts.  Not only does he fail to show a "compelling need" for AUSA Fox's testimony, or establish that it would be material to his defense, he has also fails to show that he has made any effort to obtain this same evidence from other available sources, of which there are many.

> **A.    Defendant Has Not Shown a Compelling Need for AUSA Fox's Testimony or Established How It Would Be Material**

Defendant claims AUSA Fox is a necessary witness for three main reasons.  First, defendant contends AUSA Fox is the only person capable of providing testimony regarding the "procedures controlling" defendant's April 12, 2013 interview and the "decisions prior to [the] interview."  (Def.'s Br. at 12.)  Second, defendant claims that only AUSA Fox can testify to his own conduct during the course of the interview, including his purported "decision" not to video record,

2

and instead only audio record, the interview.  And third, defendant argues that, as the lead questioner during the interview, AUSA Fox was in the "best position" to assess defendant's demeanor and "physical manifestations" at that time.  (Def.'s Br. at 15.)  All of these claims are flawed.

While the courts have counseled that the integrity of the judicial system depends on "full disclosure of all the facts," those facts must still "fall within the framework of the rules of evidence."  Prantil, 764 F.2d at 552.  Defendant has not shown why any testimony by AUSA Fox would be relevant, material, or admissible.  First, defendant has failed to show how or why the "ground rules" for his 2013 interview are relevant, much less material, to his defense.  Nowhere in his brief does he provide a defense theory for which it would be necessary to elicit AUSA's Fox's testimony on the time, place, or length of the interview, the topics to be covered, the decision to provide defendant with a non-target letter, or the "decision not to provide [defendant] with an offer of full immunity . . . ."  (Def.'s Br. at 12.)[1]  Indeed, nearly all of these items -- the time, place, and length of the interview; the topics to be covered; and the non-target letter -- are discussed in the recording.  Defendant does not explain why the government's thought-

---

[1] Defendant also raises the issue of the government's purported failure to warn defendant of a potential conflict of interest by Jones Day.  (Def.'s Br. at 14.)  This, too, is irrelevant and immaterial to the false statement count, not to mention confusing and a waste of time.  Nevertheless, defendant has the ability to ask either former AUSA Margaret Carter or Jones Day about the discussion the government had with Jones Day about potential conflicts regarding its representation of Los Angeles County, the Los Angeles County Sheriff's Department, and individuals.  Defendant and Jones Day are aware of and can testify about (if relevant and admissible) any signed conflict of interest waivers.

3

process on these issues is relevant (indeed, it is neither relevant nor admissible).  Similarly, defendant does not explain any relevance to the fact that AUSA Fox "ask[ed] the majority of questions."  Nor does he explain how AUSA Fox's choices regarding his admonitions to defendant operate as a defense to a false statement count.[2]  Defense counsel himself is an experienced federal practitioner who knows the Federal Rules of Evidence.  The lack of relevance and admissibility of any of these topics shows that defendant has no intention to call AUSA Fox as a witness and simply seeks a way to remove AUSA Fox from the case.

Second, a number of defendant's claims regarding AUSA Fox's knowledge and expected testimony are without support in the record. For instance, defendant suggests that AUSA Fox alone (not the other prosecutors, nor the defense) established the terms and conditions under which the interview would be conducted, including: (i) that defendant would receive a non-target letter; (ii) that defendant would not receive a proffer or immunity letter; (iii) that the interview would be in lieu of grand jury testimony; (iv) that the interview would be unsworn and not subject to the penalty of perjury; and (v) that the interview would be audio recorded but not videotaped.  (Def.'s Br. at 3.)  Each of these claims is made without any evidentiary basis whatsoever.[3]  These are not facts, they are

---

[2] To the extent defendant, the former Sheriff of Los Angeles County, who joined the Department in 1965, worked joint task forces with the federal government, and preached about "core values," wants to argue that he did not know it was a crime to lie to the FBI, the government invites him to do so.

[3] Defendant's Exhibit 3 and 4 are e-mail communications between Jones Day and the prosecutors working on this investigation in 2013. The exhibits do not establish that AUSA Fox was "ultimately responsible for putting in place the procedures controlling the

guesses, and defendant cannot remove the lead prosecutor from his case by claiming he needs to hale the prosecutor onto witness stand on the basis of guesses alone.  Tamura, 694 F.2d at 601.

Third, the idea that AUSA Fox would be in the "best position" to testify as to defendant's demeanor during the interview because he was the "primary questioner" is preposterous.  The interview was conducted in a room at the offices of defendant's counsel.  (Def.'s Ex. 6 at 3.)  Also seated in the room were defendant's lawyers, Special Agent Dalton, Special Agent Dahle, AUSA Lizabeth Rhodes, and former AUSA Margaret Carter.  (Id. at 2.)  There are several people besides AUSA Fox who are able to testify to defendant's demeanor, hand gestures, etcetera, including trained FBI agents.[4]  AUSA Fox was not imbued with special powers of perception simply because he asked the greatest number of questions during the interview.  Indeed, those not asking the majority of the questions may have been in a better position to perceive defendant's affect and body language because they did not have to worry about what to ask next.  Defendant's true motive for his motion is apparent by his attempt to ignore everyone else in the room as possible witnesses.

interview."  (Def.'s Br. at 12.)  To the contrary, they show that the three prosecutors worked together in establishing the "ground rules." In one email dated April 3, 2013, AUSA Fox writes to Messrs. Hershman and Kim, stating, "When you get back, Liz, Maggie, and I would like to meet with you before Friday of next week to discuss some ground rules for the interview.  Please let us know when you are available." (Ex. 3, pg. 11.)  In a separate e-mail, Mr. Kim writes to ask if he can call the prosecutors at a specific time and AUSA Fox responds, "Great. Please try Liz's office."  (Id., pg. 10.)

[4] Defendant also alleges, without any evidentiary support, that AUSA Fox was "staring directly at Mr. Baca as the primary questioner" and, thus, "is in the best position to testify (better than any other prosecutor or FBI agent) . . . ."  (Def.'s Br. at 15.)  This is pure conjecture.

As it stands, defendant has failed to show any need, and certainly no "compelling need," for AUSA Fox's testimony at trial. Unlike the prosecutor in Prantil, AUSA Fox was not a direct "participant in the factual events at issue." 764 F.2d at 552, 554. And although he may have witnessed defendant's lies in person, he did so along with six other people. Defendant, it seems, is seeking to "bend the advocate-witness rule" because he does not want AUSA Fox to prosecute him; he is not doing so to "protect the integrity of the fact finding process." Id. at 554. While defendant has the right to choose his own counsel, he has no right to choose his prosecutor.[5]

**B.   Defendant Has Failed to Exhaust All Other Available Sources of Evidence**

Defendant's motion should also be denied because he has failed to exhaust all other available sources of evidence. As noted above, most of the reasons provided by defendant for calling AUSA Fox as a witness are irrelevant or immaterial. But even where the reasons provided for calling AUSA Fox arguably are relevant (i.e., to discuss defendant's demeanor, movements, etc.), defendant could obtain that same evidence through at least five other witnesses, excluding AUSA Rhodes, who is also prosecuting this case. Defendant has provided no evidence that he has made any effort to obtain this testimony

---

[5] In an article published the same day that defendant filed his motions, defendant's counsel is quoted as saying that defendant "seeks a fair trial, with a fair judge, a fair prosecutor and a fair jury." See America Hernandez, Lee Baca's attorney seeks new venue, judge, prosecutor, Los Angeles Daily Journal, September 29, 2016. Counsel's comment suggests that the basis for seeking recusal of AUSA Fox is not that AUSA Fox's testimony is necessary to his defense. Even his claim to the media that AUSA Fox is not "fair" is baseless. Defendant raises no issue in this or any other filing as to AUSA Fox's fairness, which again supports the conclusion that he simply believes he has a better chance if AUSA Fox is not a member of the government's trial team.

6

elsewhere.  Accordingly, his motion should be denied.  <u>United States v. West</u>, 680 F.2d 652, 654 (9th Cir. 1982) ("[A] United States Attorney who participates in prosecuting a case should not be called as a witness 'unless all other sources of possible testimony have been exhausted.'").

**IV.  CONCLUSION**

Defendant has failed to show any reason, let alone a compelling need, to call AUSA Brandon Fox as a witness in his case.  Nor has he shown that the testimony he seeks could not be obtained elsewhere.  Defense counsel's comments in the press, and the brief itself, suggest that defendant is seeking to "bend the advocate-witness rule" for an improper purpose.  His motion should be denied.

7