EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
Major Frauds Section
     1500/1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-0140
     E-mail:     Brandon.Fox@usdoj.gov
                 Lizabeth.Rhodes@usdoj.gov
                 Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-0066(A)-PA |
| Plaintiff, | GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS |
| v. | Trial Date:  December 5, 2016 |
| LEROY BACA, | |
| Defendant. | |

Pursuant to the Court's Order, the parties jointly submit the following voir dire questions.[1]

---

[1] The parties submit as Attachment A the same questions in a questionnaire form, should the Court decide to have the venire fill out their answers in writing.

Dated: December 1, 2016

Respectfully submitted,

EILEEN M. DECKER
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


          /s/
BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**JOINT PROPOSED VOIR DIRE QUESTIONS**

1.   How many years have you lived in the Central District of California, which comprises the counties of Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara and Ventura)?

2.   What is your marital status?

3.   Do you have children?  If so, what are their ages?

4.   What is the last grade of school, including graduate school, that you completed?

5.   What is your employment status?  If you work, what is your occupation and who is your employer?

6.   Have you, has any member of your family, or have any of your close friends ever been employed with any Federal, State, or local law enforcement agency?

7.   Have you or any member of your immediate family ever assisted law enforcement in the investigation of any alleged criminal act?

8.   Have you or a close family member ever been arrested for, charged with, or convicted a crime (other than a traffic ticket)?

9.   Have you, a member of your family, or a close friend ever served time in prison or jail?

10.   Have you ever served in the military?

11.   Have you ever served on a jury before? If yes without revealing the verdict:

   a.   How long ago did you serve?

   b.   Was it a criminal or civil trial?

   c.   Were you the foreperson?

   d.   Did the jury reach a verdict?

12. Have you, your spouse/significant other, a family member, or close friend ever belonged to or held any office or title in, any civic, social, religious, political, professional, or trade clubs, unions, or organizations?

13. Have you, your spouse/significant other, a family member, or close friend ever participated in any group concerned with crime prevention or victims' rights?

14. Do you follow the news or current events? If so, what publications or websites do you read in order to follow the news or current events.

**Questions Specific to this Case**

15. This trial involves criminal charges against Leroy Baca, also known as Lee Baca, for conduct that allegedly occurred while Mr. Baca was serving as Los Angeles County Sheriff.  As with all cases, Mr. Baca is presumed innocent of the charges against him.

16. Have you heard of Leroy Baca? (Remainder at side-bar)

    a.   How do you know of him?

    b.   What do you know about him?

    c.   Where have you learned this information?

17. Mr. Baca is charged with allegedly conspiring to obstruct a federal grand jury investigation, and lying to the federal government about his involvement in the obstruction.  Mr. Baca has pleaded not guilty to the charges.  Other than what you just read in the previous paragraph, do you know anything about the criminal charges in this case? (Remainder at side-bar)

    a.   What do you know about the criminal charges?

    b.   Where have you learned this information?

18.  Have you followed any media reports or read any blogs regarding this case?  If so, which ones?

19.  Have you followed any media reports or read any blogs regarding allegations of abuse and corruption and the Los Angeles County jails?  If so, which ones?

20.  Do you have strong feelings about the Los Angeles County Sheriff's Department? If so, please explain.

21.  Do you have strong feelings about the Federal Bureau of Investigation?  If so, please explain.

**Specialized Training and Specific Experiences**

22.  Have you, any member of your family, or any close friends taken classes in the fields of law enforcement, criminology, or criminal justice, or been employed in those fields? If so, please describe.

23.  Have you, any member of your family, or any close friends worked in a prison or jail? If so, please describe.  If yes, please give a brief explanation below.

24.  Have you or any immediate family member received training in, or otherwise have specialized knowledge of the medical profession? If yes, please explain.

25.  Have you, any member of your family, or any close friends taken classes in the fields of counseling, sociology, psychiatry, psychology, social work, or worked in those fields?  If yes, please describe.

26.  Do you, any of your loved ones, or any close friends have cognitive or mental diseases or ailments? If yes, please describe.

27.  Have you ever been a caregiver to someone with physical or mental diseases or ailments? If yes, please describe.

3

28.  Do you have any strong opinions (good or bad) about people who have cognitive or mental deficiencies or ailments?  If yes, please explain.

29.  You may be asked to consider whether the defendant suffered from a mental impairment and whether that impairment affected his ability to recall certain events.  If so, will you be able to consider this evidence, along with the other evidence, and be fair to both sides in determining whether the government has proven its case beyond a reasonable doubt?

30.  Would you have a problem holding someone responsible for violating the law even if the person has a physical disability, thinking disorder, or mental condition if the government otherwise proves its case beyond a reasonable doubt?

31.  The defendant in this case is 74 years old.  Do you think a defendant's age should factor into your determination of whether the defendant is not guilty or guilty?

**Ability to be a Juror**

32.  If you are selected as a juror, I will instruct you to avoid any media article, website, blogs, or social media while you are a juror.  Is there a reason that you cannot follow this instruction?

33.  If you are selected as a juror, I will instruct you not to communicate about the case with anyone, including through social media, texts, internet chat rooms, blogs, and conversations. Is there a reason that you cannot follow this instruction?

34.  If you are selected as a juror, I will instruct you on the law and you will be obligated to follow the law.  Will you have a

4

problem following the law as I explain it to you, even if you disagree with it?

35.   If you are selected as a juror, I will instruct you that the defendant is presumed innocent unless and until at the end of the trial, after deliberations, that the government proved the defendant guilty beyond a reasonable doubt.  Will you be able to follow this instruction?

36.   If you are selected as a juror, I will instruct you that the defendant has the right not to testify and is not required to present any evidence or prove that he is not guilty, and if he chooses not to testify or present any evidence you cannot hold this against him. Will you be able to follow this instruction?

37.   If you are selected as a juror, you may need to decide which testimony to believe and which testimony not to believe.  I will instruct you that you should not necessarily rely on the number of witnesses who testify about a given fact in determining whether to believe a statement.  In other words, if you find the testimony of one witness or a few witnesses on a particular issue more persuasive than the testimony of a larger number of witnesses on the same issue, you need not accept the testimony of the larger number of witnesses on that issue.  Will you be able to follow this instruction?

38.   This trial is expected to last three weeks.  Do you have any pre-paid vacations over the next three weeks?

39.   If you have an employer, does your employer pay for jury service?  If so, how much?

40.   Is there a financial reason why serving as a juror for three weeks would severely burden you?

41.  Is there any other reason you feel you cannot serve as a juror for three weeks?

42.  Do you have any religious or moral briefs that would make it difficult for you to serve as a juror, or make it difficult for you to sit in judgment of another individual?

43.  Do you have any physical or other disability or condition that would make it difficult for you to serve as a juror?

44.  Is there anything else that the Court should know about you that would impact your ability to serve as a fair and impartial juror?

45.  Is there any reason why you cannot be fair to either side in this case?