EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
    1500/1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/4849
    Facsimile: (213) 894-0141
    E-mail:    Brandon.Fox@usdoj.gov
            Lizabeth.Rhodes@usdoj.gov
            Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>LEROY BACA,<br><br>        Defendant. | No. CR 16-66(A)-PA<br><br>GOVERNMENT'S MOTION TO SEVER COUNTS IF EXPERT TESTIMONY IS DEEMED ADMISSIBLE; DEFENDANT'S OPPOSITION<br><br>[Proposed] Hearing Date: 12/5/16<br>[Proposed] Hearing Time: 8:30 a.m.<br>Location:  Courtroom of the Hon.<br>           Percy Anderson |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, and defendant Leroy Baca ("defendant"), individually and by and through his counsel of record, Nathan Hochman, Tinos Diamantatos, and Briana Leigh Abrams, hereby

jointly submit the government's attached Motion to Sever Counts If Expert Testimony is Deemed Admissible ("Motion") and defendant's Opposition ("Opposition").

The government's Motion and defendant's Opposition are based upon the attached memoranda of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 2, 2016                Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


_____/s Brandon D. Fox_____
Brandon D. Fox
Lizabeth A. Rhodes
Eddie A. Jauregui
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA




_____/s Nathan Hochman_____
NATHAN HOCHMAN_____
BRIANNA ABRAMS

Attorneys for Defendant
LEROY BACA

2

**GOVERNMENT'S MOTION: MEMORANDUM OF POINTS AND AUTHORITIES**

The rules of criminal procedure invest the Court with "wide discretion," United States v. Matus-Leva, 311 F.3d 1214, 1217 (9th Cir. 2002), to "order separate trials of counts" where joinder would "prejudice a defendant or the government," Fed. R. Crim. P. 14(a) (emphasis added).  "Under Rule 14, the trial judge in his discretion is given the power to order separate trials of counts, and may sever one count for trial while the others are held in abeyance pending disposition of the first trial."  United States v. Olson, 504 F.2d 1222, 1225 (9th Cir. 1974); see also Zafiro v. United States, 506 U.S. 534, 541 (1993) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts.").  Here, to avoid prejudice to the government, if the Court denies the government's pending motion to bar the inadmissible testimony of defendant Leroy Baca's proposed expert witness, Dr. James Spar, (see Dkt. 134), counts one and two of the superseding indictment--charging defendant with conspiracy to obstruct justice and obstruction of justice in 2011--should be severed and tried separately from count three--charging defendant with making material false statements in 2013.

There is no dispute that Dr. Spar's testimony is entirely irrelevant to counts one and two of the superseding indictment.  As defendant's opposition to the government's motion to bar Dr. Spar's testimony makes clear, Dr. Spar is being proffered to opine that defendant's cognitive impairment may have affected his false statements to the government "during the April 12, 2013 interview."  (Dkt. 143 at 14-15 (emphasis added).)  Moreover, the parties have jointly proposed a jury instruction that any evidence of cognitive

impairment is not relevant and "may not" be "consider[ed] . . . in deciding whether defendant conspired to obstruct justice or obstructed justice, as charged in Counts One and Two." (Dkt. 175 at 51.) Because defendant has not and cannot argue that Dr. Spar's testimony has any bearing on defendant's obstructive conduct in 2011, severance of counts should be granted to prevent the jury from rendering a verdict on counts one and two based on entirely irrelevant evidence. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); United States v. Dunn, 946 F.2d 615, 617 (9th Cir. 1991) ("Of course, irrelevant evidence cannot be admitted.")

"[T]here are circumstances where charges in a trial must be severed to avoid prejudice." United States v. Lazarenko, 564 F.3d 1026, 1044 (9th Cir. 2009). Specifically, severance may be necessary to avoid prejudicial spillover. Id. at 1043. When evidence is inadmissible as to certain counts, joinder should ordinarily be avoided because "the risk of undue prejudice is particularly great." Sandoval v. Calderon, 241 F.3d 765, 772 (9th Cir. 2000). Here, the potential prejudice of admitting Dr. Spar's testimony in a trial on counts one and two is extreme, and defendant's proposed limiting instruction will not suffice. Defendant seeks to admit Dr. Spar's testimony that defendant has been "diagnosed with Alzheimer's disease," and, as a result, has suffered a "slowly progressive cognitive decline," a "loss of hippocampal and brain volume" (see Dkt. 143 at 10-11, 18) will undoubtedly evoke the jury's sympathy and unduly prejudice the jury in his favor. In evaluating the "degree of prejudice and, consequently, the adequacy of limiting instructions," district courts are "more likely to determine that separate trials are necessary" where, as here, "the risk of prejudice is high."

United States v. Mayfield, 189 F.3d 895, 904 (9th Cir. 1999). Accordingly, if Dr. Spar is permitted to testify, the district court should exercise its broad severance power to prevent serious, unavoidable prejudice to the government by severing the counts. Fed. R. Crim. P. 14(a).

The defendant's proposals will not cure any prejudice. While a limiting instruction might be appropriate in certain circumstances, it will not cure the prejudice here. Unlike with the Gilbert Michel testimony discussed below, there is no relevance to the evidence in an obstruction of justice prosecution. Further, the evidence is about defendant himself, while the abuse evidence introduced in Michel's testimony did not relate to the charged defendants.

Furthermore, while civil trials may allow for bifurcation of charges, there is no provision that allows for a bifurcation of charges in criminal cases. Nor would that be justified here. In a trial involving any defense that will include defendant's current diagnosis, the voir dire will necessarily have to indicate to the jury that defendant has cognitive impairment currently, which itself will prejudice the government.

**DEFENDANT'S OPPOSITION: MEMORANDUM OF POINTS AND AUTHORITIES**

At the hearing on December 1, 2016, the Court presented its tentative view that Dr. James Spar's proposed testimony regarding the April 12, 2013 government interview of Mr. Baca (Count 3) may be admissible and the government's argument went to the weight rather than the admissibility of such testimony. The Court continued by saying that it took the government's concerns under Rule 403 seriously as it pertained to the possible prejudice of this testimony as it related to Counts 1 and 2 for which Dr. Spar's testimony would

not be relevant.  The Court stated it did not believe a limiting instruction that expressly instructed the jury to only consider Dr. Spar's testimony for Count 3 and not consider it for Counts 1 and 2 would be effective since it would not be able to potentially cure juror confusion as to how to consider the Dr. Spar evidence and such evidence would carry "emotional weight" that would prevent the jury from following the limiting instruction.  The Court also said that having Dr. Spar and the government's rebuttal testimony would prolong the trial.  The Court then proposed the idea of severing Counts 1 and 2 from Count 3 under Federal Rules of Criminal Procedure 14 and having two trials where Dr. Spar's testimony would occur in a trial over Count 3 but not occur in a trial over Counts 1 and 2.

Mr. Baca respectfully submits that severance is not required under Rule 14 in this case for the following reasons.  First, in past LASD trials this Court has presided over, the Court has had full confidence that the jury can follow a limiting instruction concerning evidence that has significantly more "emotional weight" than Dr. Spar's testimony, namely, what the Court has described as the "savage and repeated" beatings by LASD deputies of inmates at Men's Central Jail.  As the Court has noted, none of the prior defendants were on trial for civil rights crimes; such evidence was only used to demonstrate the motivation of such defendants to obstruct an FBI investigation into such abuses.  Such evidence was manifestly extremely prejudicial as, for instance, it described inmates being beaten, punched, or stomped on, having their bones broken and their faces bloodied, and having false reports written about the incidents to cover them up.  Despite such extremely prejudicial and emotionally powerful testimony, the Court had full faith that the jury would

4

follow its limiting instruction and permitted such testimony, as it intends to do so in this case.

For instance, in the Thompson trial, the Court gave a limiting instruction right before the cross-examination of Gilbert Michel -- who had just testified to numerous "savage" beatings of inmates -- as follows:

[Sidebar]

THE COURT: Does anybody want me to give instructions about these -- this testimony [of Gilbert Michel] regarding the use of force that the defendants were on trial for?

MR. JOHNSON:    Yes.

MS. RHODES:    No objection.

THE COURT:    Thank you.

[End sidebar]

THE COURT:  Ladies and gentlemen, before we have our cross-examination, I want to remind you that the defendants are not on trial for any conduct or offenses that are not charged in the indictment.  You're only to determine whether the defendants are guilty or not guilty of the charges in the indictment.

(Reporter's Transcript of United States v. Thompson, May 3, 2014, pages 1428-1429).  The Court gave a similar limiting instruction at the close of the trial.

Here, the government and the defense have jointly proposed to the Court the following limiting instruction in their Joint Jury Instructions No. 37 to address the issue of making sure the jury only considers Dr. Spar's testimony for Count 3 and not for Counts 1 and 2:

5

"JOINT INSTRUCTION NO. 37 – OPINION EVIDENCE, EXPERT WITNESSES

    You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  The opinion testimony is allowed because of the education or experience of the witness.

    Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

    Any testimony about a cognitive impairment defendant may have had can only relate to the charge in Count Three that defendant made false statements on April 12, 2013.  You should not consider this evidence in deciding whether defendant conspired to obstruct justice or obstructed justice, as charged in Counts One and Two."

    While this limiting instruction was jointly proposed to be given at the end of the trial, the Court can and should give it prior to Dr. Spar's testimony and can repeat it after Dr. Spar's testimony and prior to and after the testimony by any of the government's experts on the issue of cognitive impairment.

    There is no reason to believe that if a jury can follow a limiting instruction on how to consider the extremely prejudicial testimony of "savage and repeated" deputy beatings of inmates that

6

they could not also follow a limiting instruction to only consider Dr. Spar's testimony for Count 3 and not for Counts 1 and 2.  This is especially true since the actions of Count 3 are very narrowly confined to statements given in an over four-and-a-half hour interview on April 12, 2013, almost two years after the events of Counts 1 and 2 in August-September 2011.

Second, to the extent that part of the Court's concerns with having the medical testimony presented is that the trial will be prolonged, such testimony at one trial may last one or at most two additional trial days.  If two trials have to occur, then the additional trial will involve substantially more time than having the additional testimony added to just one trial.  Two trials would involve picking two juries, two opening and closing statements, and presenting much of the same evidence in both trials since the Count 3 false statements relate directly to the events of Counts 1 and 2.  Thus, the more time efficient way to proceed is with one, not two trials.

Third, having two trials will exact a huge financial toll on Mr. Baca who is funding his defense himself.  Thus, since there is no reason to believe that the jury will not follow this Court's limiting instruction on how to consider Dr. Spar and the other experts' testimony, severance of Count 3 from Counts 1 and 2 is not required.

Alternatively, if the Court believes that a Rule 14 severance is required, Mr. Baca respectfully proposes that the Court proceed as follows:

    (1) impanel one jury and have them first consider the evidence
        for just Counts 1 and 2, which will not include Dr. Spar's
        testimony as it only relates to Count 3;

7

(2) have that jury deliberate on just Counts 1 and 2;

(3) after the jury has reached a verdict on Counts 1 and 2, then have the parties present evidence to that jury on Count 3, including Dr. Spar's and the other experts' medical testimony; and

(4) have the jury deliberate on Count 3.

This proposal is often used in civil cases where a jury first considers liability and then, if liability is found, considers damages.  Evidence of damages is not presented in the liability phase but only presented in the damages phase.  Such a proposal avoids the significant additional cost and court resources involved with two trials while segregating Dr. Spar's testimony into the Count 3 phase of the trial -- assuming the Court believes that the jury will be unable to follow its limiting instruction.  To the extent that the Court has to ask the jury certain voir dire questions relating to the issue of cognitive impairment for Count 3, the Court will otherwise have to screen the jury with voir dire questions relating to Mr. Baca's Alzheimer's disease as that disease has been widely covered by the media (see Mr. Baca's moving papers for change of venue).

Accordingly, Mr. Baca respectfully requests that the Court not sever the offenses into two separate trials and instead give properly tailored limiting instructions concerning Dr. Spar's and the other experts' testimony before and/or after their testimony and at the close of the trial.  Alternatively, if the Court will insist that severance must occur, then Mr. Baca respectfully requests that the Court impanel one jury and have the evidence bifurcated to that one jury as outlined above.  IT IS SO STIPULTAED.

8