EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
     1500/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/4849
     Facsimile: (213) 894-0141
     E-mail:    Brandon.Fox@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>LEROY BACA,<br><br>             Defendant. | No. CR 16-66(A)-PA<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR ORDER EMPANELING AN ANONYMOUS JURY; PROPOSED JURY INSTRUCTION; PROPOSED ORDER (Filed Separately Under Seal)<br><br>[Proposed] Hearing Date: TBD<br>[Proposed] Hearing Time: TBD<br>Location:  Courtroom of the Hon.<br>                Percy Anderson |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox and Eddie A. Jauregui, hereby applies ex parte for (1) an order empaneling an anonymous jury, consistent with the Court's expressed intent at a hearing on November 30, 2016, and (2) an instruction to be given at the beginning of jury selection in order to safeguard

against any potential prejudice that theoretically could result from an anonymous jury procedure.  Defendant Leroy Baca, by and through his counsel of record, Nathan Hochman, Tinos Diamantatos, and Brianna Leigh Abrams, opposes this application.

The government's application is based on the files and records in this case, such further evidence and argument as the Court may permit, and the standards set forth in United States v. Shyrock, 342 F.3d 948 (9th Cir. 2003), which held that a district court has discretion to empanel an anonymous jury "where (1) there is a strong reason for concluding that it is necessary to enable the jury to perform its fact-finding function, or to ensure juror protection; and

//
//
//
//
//
//
//
//
//
//
//
//
//

(2) reasonable safeguards are adopted by the trial court to minimize any risk of infringement upon the fundamental rights of the accused." Id. at 971.[1]

Dated: December 4, 2016          Respectfully submitted,

                                 EILEEN M. DECKER
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                   *Brandon D. Fox*
                                 BRANDON D. FOX
                                 EDDIE A. JAUREGUI
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

---

[1] See also United States v. Dinkins, 691 F.3d 358, 378–79 (4th Cir. 2012); United States v. Bowman, 302 F.3d 1228, 1239 (11th Cir. 2002); United States v. Mansoori, 304 F.3d 635, 650 (7th Cir 2002); United States v. Talley, 164 F.3d 989, 1001 (6th Cir. 1999); United States v. DeLuca, 137 F.3d 24, 31 (1st Cir. 1998); United States v. Krout, 66 F.3d 1420, 1426 (5th Cir. 1995); United States v. Darden, 70 F.3d 1507, 1532–33 (8th Cir. 1995); United States v. Childress, 58 F.3d 693, 702–03 (D.C. Cir. 1995) (per curiam); United States v. Thai, 29 F.3d 785, 801 (2d Cir. 1994); United States v. Thornton, 1 F.3d 149, 153 (3d Cir. 1993); United States v. Boyajian, No. CR 09-933(A)-CAS, 2016 WL 3751945, at *9-10 (C.D. Cal. Jul. 11, 2016).

3

## **PROPOSED JURY INSTRUCTION**

### **AT BEGINNING OF JURY SELECTION PROCESS**

Jury selection in this case will be conducted on an anonymous basis. You have been assigned a number, which the Court and the parties will use to identify you. The parties have not been informed of your names and other personal identifying information. Your names and personal information will be known only to Court personnel and will not be disclosed. This is known as an anonymous jury procedure.

The anonymous jury procedure is not an unusual practice in federal courts when it is anticipated that a case may draw a large amount of media attention. It is not uncommon for criminal trials to attract the attention of the media and the public, and the level of interest is unpredictable and not within my control. The anonymous jury procedure is used to protect your privacy from curiosity-seekers, to avoid any possible contact you might otherwise face from the media or the public, and to ensure that the trial is fair and unbiased.

I want to make absolutely clear that the reasons for adopting an anonymous jury procedure have nothing to do with the guilt or innocence of the defendant. That question is one that you, as jurors, must decide solely on the basis of the evidence that will be presented during the course of this trial.

Source
United States v. Shryock, 342 F.3d 948, 972-73 (9th Cir. 2003); 11th Cir. Pattern Criminal Jury Instr. P2.

1

**PROPOSED JURY INSTRUCTION**

**AT CONCLUSION OF JURY SELECTION PROCESS**

While jury selection has concluded, the Court and the parties will continue use to identify you using your juror number.  The parties have not been informed of your names and other personal identifying information.  Your names and personal information will be known only to Court personnel and will not be disclosed.

The anonymous jury procedure is not an unusual practice in federal courts when it is anticipated that a case may draw a large amount of media attention.  It is not uncommon for criminal trials to attract the attention of the media and the public, and the level of interest is unpredictable and not within my control.  The anonymous jury procedure is used to protect your privacy from curiosity-seekers, to avoid any possible contact you might otherwise face from the media or the public, and to ensure that the trial is fair and unbiased.

I want to make absolutely clear that the reasons for adopting an anonymous jury procedure have nothing to do with the guilt or innocence of the defendant.  That question is one that you, as jurors, must decide solely on the basis of the evidence that will be presented during the course of this trial.

Source

United States v. Shryock, 342 F.3d 948, 972-73 (9th Cir. 2003); 11th Cir. Pattern Criminal Jury Instr. P2.

2