Nathan J. Hochman, SBN 139137
Brianna Leigh Abrams, SBN 239474
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA  90404-4082
Tel:    +1.310.255.9025
Fax:   +1.310.907.2025
e-mail: nathan.hochman@morganlewis.com
e-mail: brianna.abrams@morganlewis.com

Tinos Diamantatos, *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
Tel.: (312) 324-1000
Fax: +1.312.324.1001
e-mail: tinos.diamantatos@morganlewis.com


Attorneys for Defendant
LEROY BACA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY BACA,<br><br>Defendant. | Case No. CR 16-66 (A) - PA<br><br>**DISPUTED JURY INSTRUCTION**<br>Trial date:        December 5, 2016<br>Courtroom:      9A |

Defendant Leroy Baca, individually and by and through his counsel of record, Nathan Hochman, Tinos Diamantatos, and Briana Leigh Abrams Plaintiff and Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes and Eddie A. Jauregui, submit the attached disputed jury instruction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

DISPUTED JURY INSTRUCTIONS
CASE NO. CR 16-66 (A) - PA

Dated:   December 9, 2016          MORGAN, LEWIS & BOCKIUS LLP


By  */s/ NATHAN J. HOCHMAN /s/*
    Nathan J. Hochman

    Attorneys for Defendant
    LEROY BACA

Dated:   December 9, 2016          UNITED STATES OF AMERICA


By  */s/ BRANDON FOX /s/*
    Brandon Fox
    Eddie Jauregui

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

DISPUTED JURY INSTRUCTIONS
CASE NO. CR 16-66 (A) - PA

## **DISPUTED INSTRUCTION NO 1. – OBSTRUCTION OF JUSTICE – ELEMENTS**

The defendant is charged in Count Two of the indictment with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede a federal grand jury investigation by bribery; and

Second, the defendant did so intentionally.

The government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice. The defendant's intention to obstruct justice must be substantial.

Source

9th Circuit Model Instruction 8.131 (as amended 9/16) (modified to take out "by threats of force or by any threatening communication;" also modified to clarify and define "corruptly"). *See United States v. Rasheed*, 663 F.2d 843, 851 (9th Cir. 2015); *see also United States v. Bonds*, 784 F.3d 582 at 594-601 (9th Cir. 2015) (W. Fletcher, J., concurring).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

DISPUTED JURY INSTRUCTIONS
CASE NO. CR 16-66 (A) - PA

# GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 1:

The parties' previously-filed joint proposed jury instruction on the elements of obstruction of justice is correct.  Defendant now disputes a definition of "corruptly" adopted over 30 years ago in *United States v. Rasheed*, 663 F.2d 843 (9th Cir. 1981).  Relying exclusively on Judge Fletcher's concurring opinion in *United States v. Bonds*, 784 F.3d 582, 594-601 (9th Cir. 2015) (per curiam) (en banc), defendant asserts that "corruptly" should require bribery.  Instead, consistent with *Rasheed*, courts have long construed "corruptly" under § 1503 simply to require a "wrongful" purpose-that is, "the purpose of obstructing justice." *Rasheed*, 663 F.2d at 852; *see, e.g., United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996); *United States v. Cintolo*, 818 F.2d 980, 990-91 (1st Cir. 1987); *United States v. Machi*, 811 F.2d 991, 995 (7th Cir. 1987); *United States v. Jeter*, 775 F.2d 670, 679 (6th Cir. 1985); *United States v. Ogle*, 613 F.2d 233, 238 (10th Cir. 1979); *Martin v. United States*, 166 F.2d 76, 79 (4th Cir. 1948).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

DISPUTED JURY INSTRUCTIONS
CASE NO. CR 16-66 (A) - PA

## DEFENDANT'S RESPONSE TO DEFENDANT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 1:

Count Two charges Mr. Baca under the omnibus clause of the obstruction statute, which states in the relevant part that whoever "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished[.]" 18 U.S.C. § 1503(a). A recent trend among Ninth Circuit jurists interprets "corruptly" in § 1503 not as a *mens rea*, but as an *actus rea*. *See, e.g., United States v. Barry Bonds*, 784 F.3d 582, 595 (9th Cir. 2015) (W. Fletcher, J., concurring). As used in the obstruction statute, "corruptly" does not describe a state of mind, but a "forbidden means of influencing, obstructing, or impeding[.]" *Id.* Indeed, "corruptly" most likely means "by bribery." *Id.* Both the text of the statue and a comparison with the perjury statute, 18 U.S.C. § 1621, support this reading.

### A.    *The text of the statute*

The obstruction statute's predecessor was passed in 1831 to correct a federal judge who found a lawyer in contempt for out-of-court statements. *Id.* (citing Walter Nelles & Carol Weiss King, *Contempt by Publication in the United States: To the Federal Contempt Statute*, 28 Colum. L. Rev. 401, 423-31 (1928)). That statute criminalized out-of-court conduct that improperly sought to influence judicial proceedings. The modern obstruction statute is the 1831 statute's successor. *Id.* at 596. The 1831 statute made it illegal for "any person…corruptly, or by threats or force, [to] obstruct or impede, or endeavor to obstruct or impede, the due administration of justice[.]" Act of Mar. 2, 1831, ch. 99, 4 Stat. 487, 488.

There are three differences between the omnibus clauses of 1831 and of today. *Bonds*, 784 F.3d at 596. First, Congress added a provision that prohibited obstruction "by threatening letters, or any threatening communications." Act of June 10, 1872, ch. 420, 17 Stat. 378, 378. Second, the same 1872 statute added a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

prohibition against "influencing" the administration of justice. *Id.* Third, as part of a 1909 revision, the comma after "corruptly" was dropped, "almost certainly inadvertently." *Bonds*, 784 F.3d at 596 (citing Act of Mar. 4, 1909, ch. 321, 35 Stat. 1088, 1113)).

As written in 1831, the omnibus clause provided two methods, separated by comma, by which a person could "obstruct or impede" the "due administration of justice;" either he could do so "corruptly," or he could do so "by threats or force." *Id.* The 1872 revisions provided three such methods, again separated by commas: he could "influence, obstruct, or impede" justice "corruptly," "by threats or force," or "by threatening letters, or any threatening communications." *Id.* Finally, after 1909, the clause still contained three means, now only partially separated: a person could do it "corruptly," "by threats or force," or by "threatening letter or communication." *Id.* at 597. The omnibus clause has remained essentially unchanged since 1909. *Id.*

A "commonsensical interpretive principle" is that "words mean what they conveyed to reasonable people at the time they were written." Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Text* 15-16 (2012). The 1828 *American Dictionary of the English Language*, published three years before the enactment of the original version of § 1503(a), gave two definitions for "corruptly." First was "[i]n a corrupt manner; with corruption; viciously, wickedly, without integrity." *Bonds*, 784 F.3d at 597. Second was "[b]y bribery." *Id.* A contemporaneous document, as well as an interpretive canon, show that when it wrote the word "corruptly," Congress was using the narrow and specific second definition.

The *National Intelligencer*, the predecessor of the *Congressional Record*, reported that on March 2, 1831, the House amended and then agreed to the Senate bill punishing "attempts to corrupt or intimidate jurors":

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

DISPUTED JURY INSTRUCTIONS
CASE NO. CR 16-66 (A) - PA

> The Senate's amendments to the Act declaratory of the powers of the Courts of the United States on the subject of Contempts; adding a second section for punishing all attempts *to corrupt or to intimidate jurors*, & c. was amended…and then agreed to.

*Twenty-First Congress, Second Session,* Daily National Intelligencer, Mar. 3, 1831 (emphasis added). The use of the infinitive "to corrupt," in connection with the direct object, "jurors," indicates that the prohibition against acting "corruptly" was against a specific act. *Bonds*, 784 F.3d at 597. That is, the prohibition was narrowly and specifically aimed against bribing jurors, using the second definition of "corruptly." *Id.* It was not a broad or general prohibition against acting "wickedly" or "viciously," else use of the infinitive would be out of place. *Id.*

The text after "corruptly" in the modern omnibus clause reinforces the conclusion that it means "by bribery." Again, there are three outlawed means of "influencing, obstructing, or impeding" justice: (1) "corruptly," (2) "by threats or force," or (3) "by any threatening letter or communication." In the 1831 version, there were only two: (1) "corruptly," or (2) "by threats or force." Where statutory terms "are susceptible of multiple and wide-ranging meanings…those meanings are narrowed by the commonsense canon…which counsels that a word is given more precise content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008).

The text of the omnibus clause provides specific methods of obstructing justice immediately following the word "corruptly": "by threats," "by force," "by threatening letter," and "by threatening communication." These are not states of mind, but specific acts that obstruct justice. The Court can read "corruptly" as describing a state of mind, or, in line with the statute's predecessors and the word's surroundings, the Court can read "corruptly" as another specific way to obstruct justice. The commonsense canon described above supports the latter. Accordingly, § 1503(a) forbids persons from obstructing justice (1) by bribery, (2) by threats or force, or (3) by any threatening letter or communication.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

## B.    *The perjury statute*

Comparing § 1503(a) with the federal perjury statute only reinforces the conclusion that "corruptly" means "by bribery." *Bonds*, 784 F.3d at 598. The obstruction statute's most lenient punishment is "imprisonment for not more than 10 years, a fine under [Title 18], or both." 18 U.S.C. § 1503(b)(3). The perjury statute, by contrast, allows a fine, "not more than *five* years" in prison, or both. 18 U.S.C. §1621 (emphasis added). If the Court follows the state-of-mind reading of "corruptly," a person's material truthful statement made with the intent to "influence, obstruct, or impede the due administration of justice" can be punished by 10 years in prison. Someone who makes a material *untruthful* statement with the same intent—under oath even—may be punished by only half the prison time. It makes "no sense for congress to punish a truthful statement more severely than a lie." *Bonds*, 784 F.3d at 598. If, on the other hand, the Court reads "corruptly" as meaning "by bribery," the sentencing disparity makes perfect sense.

In *Bronston v. United States*, 409 U.S. 352, 352-53 (1973), the Supreme Court examined "whether a witness may be convicted of perjury for an answer, under oath, that is literally true but not responsive to the question asked and arguably misleading by negative implication." The Court explained, reversing the conviction, "[W]e perceive no reason why Congress would intend the drastic sanction of a perjury prosecution to cure a testimonial mishap[.]" *Id.* at 358. If the obstruction statute's "corruptly" is merely a state of mind, then the *Bronston* Court's careful parsing of the perjury statute was "wasted effort." *Bonds*, 784 F.3d at 600. Under *Bronston's* facts and a state-of-mind reading of "corruptly," the prosecutor could just get an obstruction of justice conviction instead, "carrying twice the penalty, for the half the effort." *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

DISPUTED JURY INSTRUCTIONS
CASE NO. CR 16-66 (A) - PA

Respectfully submitted,

Dated:   December 9, 2016          MORGAN, LEWIS & BOCKIUS LLP


By */s/ NATHAN J. HOCHMAN /s/*
Nathan J. Hochman

Attorneys for Defendant
LEROY BACA


Dated:   December 9, 2016          UNITED STATES OF AMERICA


By */s/ BRANDON FOX /s/*
Brandon Fox
Eddie Jauregui

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 30881306.3

DISPUTED JURY INSTRUCTIONS
CASE NO. CR 16-66 (A) - PA