EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-6436
     E-mail:      Brandon.Fox@usdoj.gov
                  Lizabeth.Rhodes@usdoj.gov
                  Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-66(A)-PA |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| LEROY BACA, | |
| Defendant. | CURRENT STATUS CONFERENCE DATE: January 10, 2017 |
| | CURRENT TRIAL DATE: To Be Determined |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, and defendant Leroy Baca

("defendant"), individually and by and through his counsel of record, Nathan Hochman, hereby stipulate as follows:

1.    On August 5, 2016, a federal grand jury indicted defendant for conspiracy to obstruct justice, in violation of 18 U.S.C. § 371; obstruction of justice, in violation of 18 U.S.C. § 1503(a); and making false statements, in violation of 18 U.S.C. § 1001(a)(2).

2.    On August 12, 2016, defendant was arraigned on the first superseding indictment.  On that date, the Court continued the trial date to October 4, 2016.

3.    On August 24, 2016, the Court held a status conference.  At that status conference, defendant requested a continuance of the trial date.  The Court set a new trial date of December 6, 2016.

4.    On November 7, 2016, the government filed a motion to exclude the testimony of defense expert Dr. James Spar.  That motion is still pending.  On December 2, 2016, the government filed a motion to sever Counts One and Two from Count Three (Dkt. 178), along with defendant's opposition.  The Court granted the government's motion to sever the counts (Dkt. 190).

5.    Defendant proceeded to trial on Counts One and Two beginning on December 5, 2016.  On December 22, 2016, the Court declared a mistrial because the jury was unable to reach a unanimous verdict.  On December 22, 2016, the Court set a status conference for January 10, 2017.  At that time, the Court advised defendant personally as to his rights under the Speedy Trial Act and defendant knowingly and voluntarily agreed to exclude time under the Speedy Trial Act up to January 10, 2017.

6.    Defendant is released on bond pending trial.

2

7.   The Court has previously found the time periods of February 10, 2016 to August 1, 2016, and August 1, 2016 to December 6, 2016, to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(G).   (See Dkt. 92, 98.)

8.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial on Count One and Count Two must commence, the parties agree that the time period of December 22, 2016 to January 10, 2017, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial on Count Three must commence, the parties agree that the time period of December 6, 2016 to January 10, 2017, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(B) and (h)(1)(D) because the delay resulted from trial with respect to other charges (Counts One and Two) and from the pendency of the government's pre-trial motion to preclude the testimony of Dr. James Spar (Dkt. 134), as well as the government's

3

pre-trial motion to preclude defendant from introducing his own hearsay statements (Dkt. 146). In addition, the parties agree that the same time period should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

4

10.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 9, 2017                    Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5

I am LEROY BACA's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than January 10, 2017 is an informed and voluntary one.

NATHAN HOCHMAN
Attorney for Defendant
LEROY BACA

Date 1/10/17

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 10, 2017. I understand that I will be ordered to appear in the Courtroom of the Honorable Percy Anderson, United States Courthouse, 350 W. 1st Street, Courtroom 9A, 9th Floor, on January 10, 2017, at 8:30 am.

LEROY BACA
Defendant

Date 1-10-17