1    Nathan J. Hochman, SBN 139137
2    Brianna Leigh Abrams, SBN 239474
     MORGAN, LEWIS & BOCKIUS LLP
3    The Water Garden
     Suite 2050 North
4    1601 Cloverfield Boulevard
     Santa Monica, CA  90404-4082
5    Tel:    +1.310.255.9025
     Fax:   +1.310.907.2025
6    e-mail: nathan.hochman@morganlewis.com
     e-mail: brianna.abrams@morganlewis.com

7    Tinos Diamantatos, *Pro Hac Vice*
     MORGAN, LEWIS & BOCKIUS LLP
8    77 West Wacker Drive
     Chicago, IL 60601
9    Tel.: (312) 324-1000
     Fax: +1.312.324.1001
10   e-mail: tinos.diamantatos@morganlewis.com

11

     Attorneys for Defendant
12   LEROY BACA

13

14              UNITED STATES DISTRICT COURT

15         FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

17   UNITED STATED OF AMERICA,      Case No. CR 16-66(A) - PA

18            Plaintiff,

19           v.                   NOTICE OF MOTION AND
                                MOTION OF DEFENDANT LEROY
20   LEROY BACA,               BACA TO DISMISS COUNTS ONE
                                AND TWO OF THE FIRST
21           Defendant.         SUPERSEDING INDICTMENT ON
                                DOUBLE JEOPARDY GROUNDS
22                                 **[UNDER SEAL]**

23                                 Hearing Date: February 6 or 13, 2017
                                Hearing Time: TBD
24                                 Courtroom:  9A

25

26        To the Clerk of the Court, and all parties and their counsel of record,

27   PLEASE TAKE NOTICE THAT on February 6 or 13, 2017 at a time to be set by

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1   United States District Court at 350 West First Street, Los Angeles, California,

2   Defendant LEROY BACA, by and through his counsel of record, will and hereby

3   does move the Court for an order dismissing Counts One and Two of the First

4   Superseding Indictment on double jeopardy grounds.

5        The motion is based on jeopardy having attached after the jury was sworn in

6   the first trial commencing on December 7, 2016, and the Court improperly granting

7   a mistrial -- that Mr. Baca opposed -- based on manifest necessity. The motion is

8   based on this Notice of Motion, the Memorandum of Points and Authorities and

9   exhibits attached hereto, the files and records of the case and such further and

10  additional evidence and argument as may be presented at the hearing on the motion.

11                                        Respectfully submitted,

12

13  Dated:   January 18, 2017              MORGAN, LEWIS & BOCKIUS LLP

14

15                                        By  /s/ Nathan J. Hochman

16                                            Nathan J. Hochman
                                              Attorneys for Defendant
17                                            LEROY BACA

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

2

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    PROCEDURAL AND FACTUAL BACKGROUND

3        Mr. Baca was charged in a three-count First Superseding Indictment on

4   August 5, 2016. *See* ECF No. 70. On December 2, 2016, the Court, on the

5   government's motion and over Mr. Baca's objection, severed Count Three charging

6   false statements allegedly given to the government by Mr. Baca on April 12, 2013

7   during a 4.5 hour interview from Counts One and Two charging a conspiracy and

8   obstruction of justice occurring in August-September 2011.  *See* ECF No. 190. The

9   trial on Counts One and Two began on December 5, 2016 with jury selection;

10  continued on December 7, 2016 when the jury was sworn; and ended on December

11  22, 2016 when the Court declared a mistrial based on manifest necessity, which Mr.

12  Baca opposed.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1    Later on December 22, 2016, the Court received another note:

2

3

4

5

6

7            The Court recessed for ten minutes to allow the Court and parties to

8    analyze the situation.

9            Upon return to sidebar, the Court advised,

10

11

12

13

14

15

16

17            The Court then addressed the jury, asking the foreperson, "In your opinion, is

18   the jury unable to reach a verdict as to **one or more** counts?" Tr. of Proceedings on

19   Dec. 22, 2016, a true and correct copy of which is attached as **Exhibit B**, at 19:1-2

20   (emphasis added). The foreperson responded, "Yes." *Id.* at 19:3. When asked as a

21   group whether anyone disagreed, no juror raised his hand. *Id.* at 19:4-9. The Court

22   then asked the foreperson, "Sir, is there a reasonable probability that the jury could

23   reach a unanimous verdict if sent back into the jury room for further deliberations?"

24   *Id.* at 19:10-13. The foreperson responded, "No, your honor." *Id.* at 19:14. When

25   asked as a group whether anyone disagreed, no juror raised his hand. *Id.* at 19:16-

26   23.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

2

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1    At sidebar,

2

3

4

5

6

7

8

9

10

11                    After the Court ordered the mistrial over

12   defense objection, the Court dismissed the jury. *See* **Exh. B** at 22:7-9.

13   **II.    ARGUMENT**

14        **A.    DOUBLE JEOPARDY PREVENTS A RETRIAL OF COUNTS
15             ONE AND TWO OF THE FIRST SUPERSEDING
             INDICTMENT AND MANDATES THEIR DISMISSAL**
16

17        It is undisputed that jeopardy attached to Counts One and Two in Mr. Baca's

18   first trial when the jury was sworn on December 7, 2016, and that unless the Court

19   properly found manifest necessity to declare a mistrial, that double jeopardy

20   prevents a second trial on those counts and mandates their dismissal.  As elaborated

21   below, the Court's order of a mistrial was not supported by "manifest necessity" to

22   a "high degree" because the Court did not exercise four options to determine

23   whether the jury was genuinely deadlocked: (1) the Court did not re-read the

24   "reasonable doubt" instruction; (2) the Court did not issue the Ninth Circuit's

25   modified *Allen* charge; (3) the Court did not poll the jury regarding the prospect of

26   reaching a verdict; and (4) the Court did not inquire whether the jury was

27   unanimous on either of the counts.

28

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1    **1.    Legal standard**

2        The government may not put a defendant in jeopardy twice for the same

3    offense. *See Benton v. Maryland*, 395 U.S. 784, 811 (1969). "Because jeopardy

4    attaches before the judgment becomes final," the constitutional protection against

5    double jeopardy "embraces the defendant's valued right to have his trial completed

6    by a particular tribunal." *Arizona v. Washington*, 434 U.S. 497, 504 (1978). This is

7    because "a second prosecution may be grossly unfair[,] increases the financial and

8    emotional burden on the accused, prolongs the period in which he is stigmatized by

9    an unresolved accusation of wrongdoing, and may even enhance the risk that an

10   innocent defendant may be convicted." *Id.* Consequently, as a general rule, "the

11   prosecutor is entitled to one, and only one, opportunity to require an accused to

12   stand trial." *Id.* at 505.

13       A trial judge, however, "may discharge a *genuinely deadlocked* jury and

14   require the defendant to submit to a second trial" if "manifest necessity" justifies

15   the jury's dismissal. *Id.* at 509 (emphasis added). If the judge "discharges the jury

16   when further deliberations may produce a fair verdict," the defendant is deprived of

17   his "valued right" to be tried by a particular jury. *Id.* Accordingly, in the event of a

18   jury's discharge over the defendant's objection, "the prosecutor must shoulder the

19   burden of justifying the mistrial if he is to avoid the double jeopardy bar." *Id.* at

20   505. The "manifest necessity" standard "appropriately characterize[s] the

21   magnitude of the prosecutor's burden." *Id.*  Although there are varying levels of

22   necessity, the Supreme Court requires "a high degree before concluding that a

23   mistrial is appropriate." *Id.* at 506.

24       There are no concrete factors for determining whether "manifest necessity"

25   justifies the discharge of a deadlocked jury, or whether such deadlock is

26   surmountable. Justice Story offers the classic formulation:

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

4

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1
2
3

> [Trial courts] are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes.

4
5
6
7
8
9
10

*Id.* at 506 n. 18 (citing *United States v. Perez*, 22 U.S. 579, 580 (1824)). The trial court takes "all circumstances into consideration." *Id.* The guiding principles of *Perez*, then, *"*forbid the mechanical application of an abstract formula." *United States v. See*, 505 F.2d 845, 852 (9th Cir. 1974). The jury's own statement that it is unable to reach a verdict, however, "is the most critical factor." *United States v. Salvador*, 740 F.2d 752, 755 (9th Cir. 1984).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

   There are many other factors to consider including the length and complexity of the trial, the length of jury deliberations relative to the length of trial, and whether the exhaustion of the jury would induce a minority to change their vote to a verdict they would not otherwise support. *See, e.g., See*, 505 F.2d at 851-52. Many reviewing courts have considered whether the trial judge gave the jury an *Allen* charge before terminating deliberations. *See, e.g., Salvador*, 740 F.2d at 755; *see also United States v. Therve*, 764 F.3d 1293, 1299 (11th Cir. 2014); *United States v. Capozzi*, 723 F.3d 720, 728 (6th Cir. 2013); *United States v. Felton*, 262 Fed.Appx. 195, 199 (11th Cir. 2008); *United States v. Joyner*, 201 F.3d 61, 82 (2nd Cir. 2000); *Hameed v. Jones*, 750 F.2d 154, 162 (2nd Cir. 1984); *Rogers v. United States*, 609 F.2d 1315 (9th Cir. 1979); *United States v. Horn*, 583 F.2d 1124, 1129 (10th Cir. 1978); *United States v. Perez*, 565 F.2d 1227, 1233 (2nd Cir. 1977); *United States v. Goldstein*, 479 F.2d 1061, 1069 (2nd Cir. 1973). In *Felton*, 262 Fed.Appx at 199, one reason the court concluded the trial court erred in determining the jury was deadlocked was because "the [trial judge] did not give an *Allen* charge to encourage the jury to reach a unanimous verdict." Furthermore, giving an *Allen* charge is proper "in all cases except those where it's *clear from the record* that the charge had

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

5

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1  an impermissibly coercive effect on the jury." *United States v. Ajiboye*, 961 F.2d

2  892, 893 (9th Cir.1992) (emphasis added).

3       Courts also consider whether the jury was polled. *See, e.g., United States v.*

4  *See*, 505 F.2d 845, 852 (9th Cir. 1974). In *See*, the court mentioned that the trial

5  judge did not "poll the jurors individually with respect to the prospect of reaching a

6  verdict." *Id.* The defendants there, however, did not request a jury poll in the

7  district court, so the analysis appears truncated. *Id.*

8       Finally, in trials with more than one count, courts have considered whether

9  the trial judge asked a deadlocked jury if it was unanimous on any count, rather

10  than on all counts. *See, e.g., United States v. Razmilovic*, 507 F.3d 130, 139 (2nd

11  Cir. 2007); *see also United States v. Ross*, 626 F.2d 77, 81 (9th Cir. 1980); *United*

12  *States v. Armstrong*, 654 F.3d 1328, 1333 (9th Cir. 1980). As regards partial

13  verdicts, juries "should understand their options, especially when they have reached

14  a stage in their deliberations at which they may well wish to report a partial verdict

15  as to some counts[.]" *United States v. DiLapi*, 651 F.2d 140, 147 (2nd Cir. 1981).

16  Defendants, after all, enjoy the right to have as many charges as possible disposed

17  of by "a particular tribunal." *Washington*, 434 U.S. at 504. In *Razmilovic*, 507 F.3d

18  at 139, the court reversed the trial judge's finding of manifest necessity for, among

19  other things, failing to ask the jury "whether it was deadlocked with respect to all

20  defendants on all counts."

21              **2.     It Was Not Manifestly Necessary To Dismiss Mr. Baca's**
22                      **Jury And Declare A Mistrial**

23       Here, as noted above, the mistrial was not supported by "manifest necessity"

24  to a "high degree" because the Court did not exercise four options to determine

25  whether the jury was *genuinely* deadlocked: (1) the Court did not re-read the

26  "reasonable doubt" instruction; (2) the Court did not issue the Ninth Circuit's

27  modified *Allen* charge; (3) the Court did not poll the jury regarding the prospect of

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

6

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1   reaching a verdict; and (4) the Court did not inquire whether the jury was

2   unanimous on either of the counts.

3        **First**, the Court should have re-read the "reasonable doubt" instruction.

4   Where "a jury makes known its difficulty and requests further instructions on the

5   law applicable to an important issue, the trial judge is required to give such

6   supplemental instructions as may be necessary to guide it in the determination of

7   the issue." *Walsh v. Miehle-Goss-Dexter, Inc.*, 378 F.2d 409, 415 (3rd Cir. 1967)

8   (citing *Bollenbach v. United States*, 326 U.S. 607, 611(1946)). Re-reading a portion

9   of the jury instructions is well within the trial court's available remedies for jury

10  confusion or obstinacy. *See, e.g., United States v. Vue*, 423 Fed.Appx. 623, 625 (9th

11  Cir. 2011).

12

13

14

15                                                              The

16  instruction                              was as follows:

17        Proof beyond a reasonable doubt is proof that leaves you firmly
          convinced that a defendant is guilty. It is not required that the
18        government prove guilt beyond all possible doubt. A reasonable doubt
          is a doubt based upon reason and common sense and is not based
19        purely on speculation. It may arise from careful and impartial
          consideration of all the evidence for from lack of evidence
20

21

22        If after careful and impartial consideration of all the evidence, you are
          not convinced byond a reasonable doubt that the defendant is guilty, it
23        is your duty to find the defendant not guilty. On the other hand, if
          after careful and impartial consideration of all the evidence, you are
24        convinced beyond a reasonable doubt that the defendant is guilty, it
          is your duty to find the defendant guilty.
25

26  *See* ECF No. 212 at 5.

27

28

7

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1    The court had re-read one jury instruction before dealing with the lawfulness

2    of the Sheriff's Department investigation, *see id.* at 17,

3    emphasizing that the jury should not single out this

4    instruction but consider all the instructions

5

6

7

8

9

10    **Second**, the Court should have given the jury the modified Ninth Circuit

11    *Allen* charge (Model Jury Instruction 7.7). An *Allen* charge is a typical "next step"

12    when a jury expresses difficulty in reaching a verdict. *See Ajiboye*, 961 F.2d at 893.

13

14

15

16

17

18

19

20

21

22    As such, the record does not indicate that any other juror was aware of Juror No.

23    12's particular grievance nor did the Court inquire of Juror No. 12 whether other

24    jurors were aware of her bringing her particular grievance to the Court's attention.

25    Because the record did not support a finding

26    a modified *Allen* charge would have been proper.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

8

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1    **Third**, the Court should have polled the jurors with respect to their ability to

2    reach a unanimous verdict on each of the counts. A poll would have allowed

3    individual jurors to express their concerns and allow the Court and parties to gauge

4    any indicators of disagreement aside from refusal to raise one's hand.

5

6                                   There was no basis on which the Court

7    could condition its decision to poll the jurors based on a commitment ahead of time

8    from Mr. Baca on whether such a poll would result in him agreeing to a mistrial.

9    **Fourth**, the Court should have asked the jury whether it was deadlocked as

10   to *both* counts.

11                                   However, the Court

12   asked the foreperson whether the jury was unable to reach a verdict "as to **one or**

13   **more** counts," as opposed to both counts. A second time, the Court asked the

14   foreperson merely whether the jury "could reach a unanimous verdict" if sent for

15   more deliberations. Never was the foreperson or the jury asked whether they could

16   reach a verdict on just one count. Neither was the jury instructed it could reach a

17   verdict on one count even if it deadlocked on the other. *See Jury Instructions*, ECF

18   No. 212. Mr. Baca was entitled to have one of the two counts disposed of by that

19   particular jury, if possible. *See Washington*, 434 U.S. at 504. The Court's failure to

20   inquire if the jury was unable to reach a verdict as to each of the counts renders its

21   finding of manifest necessity for both of the counts insufficient.

22   **III.   CONCLUSION**

23         To uphold a defendant's constitutional right to have a jury that is sworn reach

24   a verdict and not subject the defendant to double jeopardy, a court must only

25   declare a mistrial based on manifest necessity if it reaches that finding to a "high

26   degree."  Though the Court found that certain factors weighed in favor of such a

27   finding -- the length and complexity of the trial, the length of jury deliberations, and

28

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA

1  the jury's statement of being deadlocked -- the Court's failure to take other steps

2  requested by the defense renders the finding of manifest necessity improper. Those

3  additional steps, that courts have approved of that were not taken by the Court,

4  included ensuring that the jury understood it could reach a verdict on either count

5  even if it could not reach a verdict on both counts, individually polling the jury,

6  giving the jury an *Allen* charge, and re-reading a jury instruction over which

7  confusion had been indicated. Since there was no manifest necessity to declare the

8  mistrial, double jeopardy prevents the government from retrying Mr. Baca on

9  Counts One and Two and mandates that these counts be dismissed on double

10  jeopardy grounds.

11

12  Dated:        January 18, 2017              MORGAN, LEWIS & BOCKIUS LLP

13

14                                             By  */s/ Nathan J. Hochman*
                                                   Nathan J. Hochman
15                                                 Attorneys for Defendant Baca

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31002325.2

10

MOTION OF DEFENDANT LEROY BACA
TO DISMISS COUNTS ONE AND TWO OF
THE FIRST SUPERSEDING INDICTMENT
ON DOUBLE JEOPARDY GROUNDS
CR 16-66(A) - PA