EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/4849
        Facsimile: (213) 894-6436
        E-mail:    Brandon.Fox@usdoj.gov
                   Lizabeth.Rhodes@usdoj.gov
                   Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>                   v.<br><br>LEROY BACA,<br><br>              Defendant. | No. CR 16-66(A)-PA<br><br>[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE FIRST SUPERSEDING INDICTMENT ON DOUBLE JEOPARDY GROUNDS AND CERTIFYING DEFENDANT'S CLAIMS AND ANY INTERLOCUTORY APPEAL AS FRIVOLOUS |

     The Court has read and considered defendant's Motion to Dismiss Counts One and Two of the First Superseding Indictment and the government's response thereto, and HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

     1.   On January 18, 2016, defendant filed a Motion to Dismiss Counts One and Two of the First Superseding Indictment on Double

Jeopardy grounds, claiming that the Court's declaration of a mistrial in his first trial in December 2016, was not supported by manifest necessity.  The thrust of defendant's argument is that the Court's order was not supported by manifest necessity "to a high degree" because the Court did not exercise four options to determine whether the jury was genuinely deadlocked.  Those options were re-reading the reasonable doubt instruction, issuing an *Allen* charge, polling the jury with respect to the issue of the deadlock, and inquiring whether the jury was unanimous on either of the counts.

2.   As noted in the government's brief, it is beyond dispute that a "a retrial following a hung jury does not violate the Double Jeopardy Clause" of the Constitution and that "a trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial."  Harrison v. Gillespie, 640 F.3d 888, 901 (9th Cir. 2011) (internal quotations and citations omitted).

3.   The record reflects that the jury was genuinely and hopelessly deadlocked in this case.  By the time the Court declared a mistrial, the jury had already deliberated for four days in a relatively simple trial that lasted only seven days.  The indictment contained only two counts and the jury had deliberated for over twenty-four hours.  In that time period, the jury received read-backs, watched video footage, and received a supplemental instruction from the Court.  Near the end of the fourth day of deliberations, the jurors sent an unambiguous note to the Court indicating that they were unable to reach a unanimous verdict on Counts One and Two. After receiving that note, the Court addressed both the foreperson and the jury as a whole and all jurors indicated that they did not believe there was a reasonable probability that the jury could reach a

unanimous verdict if sent back to the jury room for further deliberations.  The Court considered all of these factors, in addition to the arguments of counsel, the effects of exhaustion, and the potentially coercive effects of continuing deliberations (particularly in light of what this Court interpreted as one juror's inadvertent disclosure of the numerical breakdown of the jury).

4.    This Court maintains broad discretion to declare a mistrial based on a hopelessly deadlocked jury and the Court's decision is granted "great deference" by reviewing courts.  Renico v. Lett, 559 U.S. 766, 774 (2010) (internal quotations and citation omitted).

5.    Although defendant offers "options" that this Court may have taken to break the jury impasse, the "Supreme Court has never adopted a per se rule regarding trial judges' response to deadlocked juries.  Instead, the Court has emphasized the importance of deferring to the trial judge's discretion in cases involving deadlocked juries."  Harrison, 640 F.3d at 902.

6.    The Court exercised its discretion not to pursue defendant's "options" because the record reflected that the jury was hopelessly deadlocked as to Counts One and Two, and the Court was mindful of the potentially coercive effects of any further action by the Court.  See Harrison, 640 F.3d at 903 ("[J]udicial coercion, even if it is subtle and unintentional, creates an impermissible risk of interference with the dynamics of the jury process . . . .").

7.    The Supreme Court has never overturned a trial court's of a mistrial after a jury was unable to reach a verdict on the ground that the manifest necessity standard had not been met, see Renteria v. Adams, 526 F. App'x 724, 725 (9th Cir. 2013), and defendant has not cited a single Ninth Circuit case so holding.

8.    Defendant's Motion to Dismiss Counts One and Two of the First Superseding Indictment on Double Jeopardy grounds is denied. Defendant's Double Jeopardy claims are meritless and frivolous. Accordingly, the Court certifies that any interlocutory appeal of such claims likewise is frivolous.  See Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992).

IT IS SO ORDERED.

_____          _____
 DATE                                    HONORABLE PERCY ANDERSON
                                         UNITED STATES DISTRICT JUDGE


Presented by:

 /s/
_____
 BRANDON D. FOX
 Assistant United States Attorney