EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
     1500/1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-0141
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 16-66(A)-PA |
|---|---|
| Plaintiff, | [PROPOSED] ORDER GRANTING GOVERNMENT'S MOTIONS IN LIMINE TO PRECLUDE DEFENDANT FROM EFFECTIVELY TESTIFYING BY WEARING SHERIFF'S "STAR" LAPEL PIN AND TO EXCLUDE EVIDENCE OF GOOD ACTS (DKT. 238) |
| v. | |
| LEROY BACA, | |
| Defendant. | |

For good cause shown, IT IS HEREBY ORDERED THAT:

1)   The Government's Motions in Limine to Preclude Defendant From Effectively Testifying By Wearing Sheriff's "Star" Lapel Pin and to Exclude Evidence of Good Acts (Dkt. 238) is GRANTED.

2)    Defendant is precluded from wearing Los Angeles County Sheriff's Department insignia, including the Sheriff's "star" lapel pin, during trial; and

3)    Evidence and argument pertaining to defendant's and the Los Angeles County Sheriff's Department's good works, remedial measures, and compliance or cooperation with federal grand jury subpoenas, as outlined in the government's motion in limine (Dkt. 238), shall be excluded from trial pursuant to Federal Rules of Evidence 401 and 403.  Such evidence and argument includes, but is not limited to, the following areas:

a.    Implementation of measures to reduce use of excessive force in the jails by jail deputies, including training provided by Paul Pietrantoni;

b.    Creation and implementation of the Office of Independent Review;

c.    Creation of a task force to review force incidents after the alleged conspiracy to obstruct justice ended;

d.    Creation and implementation of the Education Based Incarceration program;

e.    Cooperation with other federal investigations;

f.    Evidence or argument that defendant did not order anyone to obstruct the federal investigation once the County of Los Angeles hired outside counsel to respond to federal grand jury subpoenas.

//

//

//

//

2

4)    Should the defense seek to introduce evidence of, or make argument about, other good works, remedial measures, or compliance efforts by the defendant or the Sheriff's Department, it must seek the approval of the Court outside the presence of the jury.


Dated:

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE