EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-6436
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>LEROY BACA,<br><br>             Defendant. | No. CR 16-66(A)-PA<br><br>GOVERNMENT'S REPLY BRIEF IN SUPPORT OF MOTIONS IN LIMINE TO PRECLUDE DEFENDANT FROM EFFECTIVELY TESTIFYING BY WEARING SHERIFF'S "STAR" LAPEL PIN AND TO EXCLUDE EVIDENCE OF GOOD ACTS<br><br>Hearing Date: TBD<br>Hearing Time: TBD<br>Location:     Courtroom of the<br>              Hon. Percy Anderson |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, hereby files its reply brief in support of its motions in limine to preclude defendant from

wearing his Sheriff's "star" lapel pin at trial and to exclude evidence of good acts (CR 238).

This reply brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 1, 2017          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


        */s/ Brandon D. Fox*
BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES...............................................ii

MEMORANDUM OF POINTS AND AUTHORITIES................................1

I.    INTRODUCTION.................................................1

II.   STATEMENT OF FACTS..........................................1

III.  ARGUMENT....................................................2

      A.    There is No Proper Purpose in Defendant Wearing his
            Sheriff's Badge Pin Before the Jury...................2

      B.    Defendant's Good Acts Evidence Is Largely Irrelevant
            and, Even If Marginally Relevant, Should Be Excluded
            Under Rules 403, 404, 405, and 608....................4

            1.    Efforts to Address Force and Provide Education to
                  Inmates Not Relevant............................5

            2.    Establishment of Office of Independent Review
                  Does Not Rebut Government's Theory..............10

            3.    Evidence of "Cooperation" with Other
                  Investigations Has No Bearing on Defendant's
                  Intent In This Case.............................11

            4.    Defendant's Non-Obstructive Conduct Vis-à-Vis
                  Subpoenas Is Improper Character Evidence........12

IV.   CONCLUSION..................................................13

**TABLE OF AUTHORITIES**

DESCRIPTION                                                              PAGE

**CASES**

Fletcher v. United States, 313 F.2d 137, 139 (9th Cir. 1963)........3

Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955).........12

Holm v. United States, 325 F.2d 44, 45 (9th Cir. 1963)..............3

Kohatsu v. United States, 351 F.2d 898, 904 (9th Cir. 1965)........9

Ruckman v. State, 109 S.W.3d 524, 532 (Tex. App. 2001)..............3

Robinson v. United States, 401 F.2d 248, 252 (9th Cir. 1968)........3

Smith v. United States, 305 F.2d 197, 205 (9th Cir. 1962)...........3

Unigard Sec. Ins. v. Lakewood Engineering & Mfg. Corp., 982 F.2d
     363, 368 (9th Cir. 1992)......................................2

United States v. Aguiar, 472 F.2d 553, 555 (9th Cir. 1972).........3

United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991)........7

United States v. Barry, 814 F.2d 1400, 1403-04 (9th Cir. 1987)......7

United States v. Crenshaw, 698 F.2d 1060 (9th Cir. 1983)............6

United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007)..........9

United States v. Dobbs, 506 F.2d 445, 447 (5th Cir. 1975)..........13

United States v. Dowie, 411 F. App'x 21, 27 (9th Cir. 2010)........13

United States v. Harris, 501 F.2d 1, 10 (9th Cir. 1974).............3

United States v. Jones, 425 F.2d 1048, 1053 (9th Cir. 1970)........3

United States v. Radtke, 415 F.3d 826, 840-41 (8th Cir. 2005)......13

United States v. Rankin, Nos. 96-50381, 96-50384, 1997 WL 257475
     (Table), at *2 (9th Cir. May 14, 1997)........................3

United States v. Scarpa, 897 F.2d 63, 70 (2d Cir. 1990.............13

United States v. Thomas, 134 F.3d 975, 979 (9th Cir. 1998)......7, 11

United States v. Trapnell, 512 F.2d 10, 12 (9th Cir. 1975)..........3

United States v. Whitman, 771 F.2d 1348 (9th Cir. 1985).............6

Wirsing v. Krezminski, 61 Wis.2d 513, 527-28 (1973)................3

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

**RULES**

Fed. R. Evid 401.............................................................5

Fed. R. Evid 403......................................................5, 9, 11

Fed. R. Evid 404..................................................5, 6, 9, 11, 12

Fed. R. Evid 405...................................................5, 9, 11, 12

Fed. R. Evid 608..........................................................5, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

In its response brief, the defense offers plenty of over-heated rhetoric, insults, and insinuations.  The one thing it does not offer, however, is a proper reason for defendant to wear his Sheriff's pin at trial or to admit his so-called rebuttal evidence.  This Court, like all trial courts, has the power and responsibility to ensure that trials are fair and distractions are minimized.  It should exercise that power here to prohibit defendant from improperly communicating with the jury.

The Court should likewise exclude defendant's so-called rebuttal and Rule 404(b) evidence.  Straining to find legal footing, defendant claims that the government has introduced a new "theory of intent and motivation" (Def. Br. at 11), and that its own "good acts" evidence is necessary to rebut the government's case.  (See id. at 11-15.)  Not so.  The government has explained that it is eliminating certain witnesses and evidence from the upcoming trial, not adding them.  (CR 238 at 11.)  Defendant's prior rationale for introducing much of the evidence he seeks to admit no longer exists and no other rationale supports it.  Defendant's "good acts" evidence is irrelevant and inconsequential and should be excluded.

**II.    STATEMENT OF FACTS**

Defendant seeks to make the upcoming trial about everything except the conspiracy, obstruction, and false statements charged in the indictment.  He wishes to display his Sheriff's mini-badge to the jury, and persists in seeking to admit evidence of irrelevant and inconsequential facts.  This Court previously excluded evidence pertaining to the Education-Based Incarceration ("EBI") program (CR

131, 205), but defendant insists that this academic program is somehow relevant and probative of his intent.  (Def.'s Br. at 4.)  Similarly, defendant claims that his "involvement with establishing" certain <u>internal</u> review bodies--long before or after the conspiracy-- is relevant to show that he did not intend to obstruct <u>outside</u> law enforcement authorities from investigating his jails. (<u>Id.</u> at 3-4, 12-13.)  Finally, defendant seeks to admit evidence that on other occasions he complied with the law.  (<u>Id.</u> at 14-15.)  None of these categories of evidence is relevant or admissible.

**III. ARGUMENT**

> **A.    There is No Proper Purpose in Defendant Wearing his Sheriff's Badge Pin Before the Jury**

Nowhere in his brief does defendant dispute the government's argument that defendant has no right or proper reason to wear his Sheriff's lapel pin.  Defendant is not the Sheriff of Los Angeles County.  He resigned three years ago, before the end of his term, just as the government was beginning to prosecute LASD officers for their roles in obstructing a federal grand jury investigation. Nevertheless, defendant wishes to display a smaller version of his Sheriff's badge to the jury during each day of trial.  The only apparent purpose for doing this is trade on the credibility, prestige, and respectability of that office.  This is improper and the Court should preclude him from wearing it.

There is no question that the Court has authority to preclude defendant from wearing the pin.  The principle that courts are granted inherent powers to manage events in their courtrooms is well-established.  <u>See</u> <u>Unigard Sec. Ins. v. Lakewood Engineering & Mfg.</u>

Corp., 982 F.2d 363, 368 (9th Cir. 1992) (recognizing inherent powers of courts to manage their own affairs, including power to make discovery and evidentiary rulings "conducive to the conduct of a fair and orderly trial") (internal quotations and citation omitted); United States v. Harris, 501 F.2d 1, 10-11 (9th Cir. 1974) (outlining examples of courts' powers, including controlling the orderly presentation of evidence); see also United States v. Aguiar, 472 F.2d 553, 555 (9th Cir. 1972) (noting court's responsibility to preside in manner and with demeanor "to provide a fair trial to all parties" and recognizing that court's "discretion in the performance of this duty and management is wide").[1]  Even the cases cited by defendant recognize that courts have discretion to control a defendant's or counsel's attire.  See Wirsing v. Krezminski, 61 Wis.2d 513, 527-28 (1973); Ruckman v. State, 109 S.W.3d 524, 532 (Tex. App. 2001).

The Court should exercise that power here to preclude defendant from wearing his Sheriff's pin because it allows defendant to communicate with the jury improperly.  Defendant dismisses the

---

[1] Defendant correctly notes that the quotation excerpted in the government's opening brief at page 6, lines 19-20 ("expeditious development of the facts unencumbered by irrelevancies"), does not appear in Aguiar.  The government apologizes for its mistaken citation. The government notes, however, that the quoted language does appear in eight other Ninth Circuit cases, including Robinson v. United States, 401 F.2d 248, 252 (9th Cir. 1968), and Smith v. United States, 305 F.2d 197, 205 (9th Cir. 1962), both of which are cited in Aguiar. See Aguiar, 472 F.2d at 555; see also Fletcher v. United States, 313 F.2d 137, 139 (9th Cir. 1963) (quoting Smith); Holm v. United States, 325 F.2d 44, 45 (9th Cir. 1963) (same); United States v. Jones, 425 F.2d 1048, 1053 (9th Cir. 1970) (same); United States v. Harris, 501 F.2d 1, 10 (9th Cir. 1974) (same); United States v. Trapnell, 512 F.2d 10, 12 (9th Cir. 1975) (same); United States v. Rankin, Nos. 96-50381, 96-50384, 1997 WL 257475 (Table), at *2 (9th Cir. May 14, 1997).  These cases, while addressing the issue of judicial conduct during trial, reinforce the principle that courts have a "responsibility to preside in such a way as to promote a fair and expeditious development of the facts unencumbered by irrelevancies."  See, e.g., Smith, 305 F.2d at 205.

3

government's position as "paranoid," (Def.'s Br. at 6), but his failure to offer any legitimate purpose for his continued display of the badge betrays his true purpose.  Reason, principle, and common human experience (all of which the Court may rely on in assessing this type of question, cf. Norris v. Riley, 878 F.2d 1178, 1182 (9th Cir. 1989)) suggest that defendant is seeking to convey credibility, respectability, and law-abidingness through his continuous display of the pin.  Defendant knows his motives behind wearing the pin and tellingly does not tell the Court why he insists on wearing it. There is simply no other reason to wear it other than to try to influence the jury in an inappropriate manner.  Allowing defendant to continuing wearing the pin creates a risk that the jury will decide the question of his guilt, not on the evidence, but on improper biases and sympathies.  Additionally, defendant nowhere addresses his gamesmanship during his December 2016 trial of not only wearing the pin, but also objecting to the government commenting on it by claiming the government would be committing prosecutorial misconduct in doing so.  Defendant should be precluded from playing on juror sympathies by wearing his pin.

**B.   Defendant's Good Acts Evidence Is Largely Irrelevant and, Even If Marginally Relevant, Should Be Excluded Under Rules 403, 404, 405, and 608**

The Court should also exclude defendant's so-called rebuttal and 404(b) evidence.  Straining to establish the relevancy of plainly irrelevant and improper evidence, defendant claims that the government has introduced a "seemingly new theory" of his motive to obstruct justice: that defendant felt the Sheriff's Department should police itself.  (Def.'s Br. at 9.)  As defendant well knows, this is

4

not a new theory.  The government argued this point in the initial trial less than two months ago, even showing the jury a television appearance in which defendant stated, "We police ourselves."[2]  The suggestion that the government has somehow dramatically changed course is simply a distraction.

The question at issue now is, given that the government has withdrawn its "notice" evidence (the chaplain, the ACLU witnesses, and Cmdr. Robert Olmstead), what probative value does defendant's good acts evidence have?  The answer is clear: the evidence serves only to bolster defendant's attempt to portray himself as a "reformer" and demonstrate his good character as Sheriff.  This is irrelevant and improper and it should be excluded under Federal Rules of Evidence 401, 403, 404(b), 405, and 608.

### 1.  Efforts to Address Force and Provide Education to Inmates Not Relevant

The most obvious examples of defendant's irrelevant and improper evidence are: (1) defendant's enlistment of former Commander Paul Pietrantoni to teach wrestling moves to deputies, (2) implementation and alleged expansion of the Education Based Incarceration ("EBI") Program, and (3) the post-hoc creation of jail task forces. Arguably, some testimony on defendant's efforts to combat inmate abuse in the in jails was relevant in the last trial to rebut the testimony of government witnesses who testified that defendant was

---

[2] In addition, the government elicited testimony from the Hon. Andre Birotte, the former United States Attorney, who testified that defendant stated in a meeting with him in 2011 that he was the "GD sheriff" and the county jails were his "GD jails."  Similarly, on cross-examination by the government, former Asst. Sheriff Cecil Rhambo testified that defendant's philosophy was that the Sheriff's Department should police itself.

aware of inmate abuse within the jails and largely ignored it.  But those witnesses (the chaplain, the ACLU witnesses, and Mr. Olmsted) will not testify in the upcoming trial in the government's case-in-chief.  Moreover, none of this evidence rebuts the proposition that defendant wanted the Sheriff's Department to police itself.[3]  Thus, the rebuttal purpose for introducing any of the aforementioned evidence no longer exists.[4]

Defendant suggests that the evidence should nevertheless be admitted because it "contextualizes" defendant's understanding of the term "police ourselves" and shows what the Department did toward that end.  (Def.'s Br. at 13.)  This appears to be an intent-based argument under Rule 404(b).  (See Def.'s Br. at 13:6-14, arguing that the evidence "offers insight for the jury in evaluating the statement" that defendant believed the Department should "police itself"; see also id. at 11:9-23, arguing generally that the evidence

---

[3] Defendant argues that evidence regarding the Commanders Management Task Force ("CMTF") rebuts the government's theory because CMTF "work[ed] with" outside "watchdog" organizations like the ACLU and the Citizen's Commission on Jail Violence ("CCJV") to track and implement those outside groups' recommendations.  (Def.'s Br. at 13-14.)  Defendant offers no proof of this and the evidence at trial suggested that the ACLU did not consider the Sheriff's Department to be a "partner."  But even if defendant could prove this, the fact that the Sheriff's Department "worked with" non-law enforcement entities to "track and implement" recommendations does not rebut the theory that the Department wanted to police itself without the involvement of the federal government or grand jury.  Furthermore, the CMTF was created after the alleged conspiracy ended.

[4] Accordingly, neither United States v. Whitman, 771 F.2d 1348 (9th Cir. 1985), nor United States v. Crenshaw, 698 F.2d 1060 (9th Cir. 1983), lend support to defendant's position.  In those cases, defendants sought to rebut the government's theory and evidence by introducing other evidence that would contradict and undermine the government's case.  That is not the case here, where the proffered evidence (and related argument) is largely irrelevant and does not contradict or undermine the government's theory.

6

the government seeks to exclude bears directly on defendant's lack of intent or motive to commit the crimes charged.)

As defendant knows, having litigated this issue in the last trial (see CR 197, 201), evidence of prior good acts is admissible under Rule 404(b) to prove defendant's intent or state of mind only where it "bears meaningfully" on the relevant intent. See United States v. Thomas, 134 F.3d 975, 979 (9th Cir. 1998); United States v. Barry, 814 F.2d 1400, 1403-04 (9th Cir. 1987). When assessing evidence under Rule 404(b), the Ninth Circuit requires that the proffered act be (1) supported by evidence sufficient to support a finding that defendant committed the act, (2) introduced to prove a material issue, (3) not too remote in time, and (4) if admitted to prove intent, similar to the offense charged. United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991).

Here, evidence of the Sheriff's Department's "reform" efforts fails the 404(b) test. The offenses charged are conspiracy, obstruction of justice, and making false statements to the government. The relevant *mens rea* are intent to obstruct justice (obstruction) and willfulness (false statements). (See Parties' Initial Joint Jury Instructions, CR 175 at 50-53.) Evidence that defendant enlisted Mr. Pietrantoni to teach wrestling techniques to deputies as a method for extracting inmates from their cells has no bearing on the intent to commit the crimes charged. Moreover, according to the evidence at trial, Mr. Pietrantoni taught those techniques to deputies in 2009 and 2010, well before the six-week conspiracy charged in this case, making those lessons too remote in

7

time to be relevant.  Indeed, Mr. Pietrantoni was out on medical leave during the time of the charged conspiracy.

Similarly, defendant's "involvement in creating" the EBI program in 2006 and expanding it at Men's Central Jail in "2009-2010 through 2013," (Def.'s Br. at 3), has no relevance at all to the crimes charged.  The public record reflects that the EBI program was created to educate inmates, reduce recidivism, and reduce inmate-on-inmate and inmate-on-staff violence. (See CR 201 at 2-3, Ex. A).[5]  Defendant now claims, without any declaration or evidentiary support, that the program was designed to reduce deputy violence against inmates, apparently by keeping the deputies and inmates too busy to allow deputies to beat inmates.  (See Br. at 3-4; see also CR 197.)  This makes no sense and fails to meet the requirements for admission under Rule 404(b) in any event.  At no point has defendant proffered any evidence "sufficient to support a finding" that he (a) expanded the EBI program at the times he claims (2009-10 through 2013), or (b) did so with the purpose of reducing deputy-on-inmate violence.  Ayers, 924 F.2d at 1473.  But even assuming defendant could show this, the evidence would not meaningfully bear on his intent, or lack of intent, to obstruct justice or lie to the FBI.  Id.  All it would show is his good character as Sheriff––a character trait not relevant

_____

[5] During the last trial, and notwithstanding the Court's prior ruling, defendant moved to admit EBI-related evidence, claiming that the program was a direct response by defendant to address inmate and deputy violence in the jails. (CR 197.)  The government responded to defendant's motion (CR 201) and incorporates its response herein.  On December 16, 2016, the Court denied defendant's motion on relevance grounds, and also because it called for an opinion on the effectiveness of the EBI program in reducing deputy-on-inmate violence (which the Court found to be dubious).  The Court further found that the probative value of defendant's purported evidence was outweighed by the considerations in Rule 403.

8

in this case.  See Fed. R. Evid. 404(a), 404(b); United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007).

For much the same reasons, evidence that defendant created the CMTF should be precluded.  The fact that defendant created other internal review organizations, which he controlled and which had no power to actually "police" the Department, does not negate an intent to obstruct an outside federal law enforcement investigation or lie to the FBI.  (See n.3, supra, at 6.)  Moreover, the evidence reflects that defendant created this task force post-conspiracy and after it was clear that the FBI was investigating deputy abuse and misconduct in the jails (see CR 201 at 7-8 and Ex D).  As the Ninth Circuit recognizes, post-hoc efforts to make amends have "but small probative value for the purpose of showing lack of evil intent."  Kohatsu v. United States, 351 F.2d 898, 904 (9th Cir. 1965).[6]

Finally, even if any of the above evidence were marginally relevant, its probative value would be substantially outweighed by the dangers of confusion and waste of time, and would represent improper character evidence under the Federal Rules.  Fed. R. Evid. 403, 404(b)(1), 405(a), and 608(b).  The evidence should be excluded from the upcoming trial.

---

[6] Defendant seeks to admit evidence that a Jail Investigative Task Force ("JITF") was established in "September 2011" to offer "insight for the jury in evaluating the statement that Mr. Baca believed 'the Sheriff's Department should police itself.'"  (Def.'s Br. at 13.)  Based on defendant's brief, is unclear exactly what the JITF was, when it was created, what role defendant had in creating it, or how defendant will use this evidence.  Absent a more detailed proffer, it is impossible to understand the admissibility of the JITF evidence defendant seeks to admit.

9

### 2.    Establishment of Office of Independent Review Does Not Rebut Government's Theory

Evidence concerning the establishment of the Office of Independent Review a decade before the charged conspiracy does not rebut the government's motive theory.  As the government pointed out at trial, the Office of Independent ("OIR") Review was independent in name only.  OIR was a part of the Sheriff's Department.  It was housed in the Sheriff's Department's offices in Commerce; its lead counsel was an attorney for both the Department and the defendant personally; it had no power to bring charges against deputies committing abuse; and its recommendations could be accepted or rejected by the Department at will.  The fact that OIR continued to exist at the time of the conspiracy does not rebut the government's theory that defendant wanted the Sheriff's Department to police itself and thus should not be admitted for rebuttal purposes.

Nor should the evidence be admitted under Rule 404(b).  Under Ayers, "other acts" evidence offered by the evidence's proponent must not be too remote in time from the offense charged, and, if admitted to prove intent, it must bear a similarity to the offenses at issue. 924 F.2d at 1473.  OIR was created in October 2001,[7] approximately ten years prior to the obstruction conduct alleged here, and twelve years before defendant made the false statements.  It is far too remote in time to be relevant to the acts charged in the indictment. Barry, 814 F.2d at 1404 ("Evidence of prior acts, whether offered

---

[7] OIR's "First Report," posted on the Sheriff's Department's website and dated October 2002, states that OIR "began our operations in October of 2001."  (See First Report, at Foreword p. ii, available at http://shq.lasdnews.net/shq/LASD_Oversight/report1.pdf (last visited February 1, 2017)).

10

under Rule 404(b) or 405(b) by the prosecution or by the defense, must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403."). Moreover, the fact that defendant "grant[ed]" OIR access to review and publicly critique the Department does not "bear meaningfully" on his intent vis-à-vis the crimes charged. Thomas, 134 F.3d at 979. Unlike the FBI, OIR was powerless in policing the Sheriff's Department; it did not have the investigative mandate or ability of the FBI, nor could it bring charges against deputies. Thus, the fact that defendant "granted" certain privileges to OIR, an internal body, does not negate his intent to obstruct or lie to the FBI.

Furthermore, whatever probative value this evidence has would be substantially outweighed by juror confusion, prejudice, and waste of time. The government would have to rebut this evidence by exploring the structure and capabilities of OIR, its ineffectiveness in "policing" the Sheriff's Department, and the relationship between Mr. Gennaco and defendant, among other things. See Fed. R. Evid. 403. Additionally, this is nothing more than good acts evidence which should be excluded under Rules 404(b) and 405.

> 3. Evidence of "Cooperation" with Other Investigations Has No Bearing on Defendant's Intent In This Case

Evidence that defendant publicly stated he was cooperating with a DOJ Civil Rights investigation in the Antelope Valley is not probative of his intent to obstruct the FBI's investigation of the jails. First, other than lip service that he would cooperate in the Antelope Valley investigation, defendant has proffered no facts explain what he did to effectuate that cooperation and when he did

so.  Second, Antelope Valley was decidedly different.  Defendant could "cooperate" with the civil rights investigation in Antelope Valley because he did not believe the issues there were significant. (See Def. Ex. A, Los Angeles Times article, at 2 ("[Baca] did, however, say he was heartened that he knew of no civil rights-related complaints from citizens in the Antelope Valley.").  Third, the Antelope Valley investigation referenced by defendant was civil in nature.  Therefore, the consequences for defendant and his Department, if any, would be less severe, as compared to the potential consequences of a criminal investigation.

Moreover, the fact that defendant did not obstruct DOJ's civil investigation in Antelope Valley is not a reason to admit this evidence.  "A defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions." Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955).  This is nothing more than propensity and irrelevant character evidence and it should be excluded.  Fed. R. Evid. 404(b)(1), 405(a).

> 4.    Defendant's Non-Obstructive Conduct Vis-à-Vis
>        Subpoenas Is Improper Character Evidence

Finally, defendant is not entitled to show his purported compliance with federal grand jury subpoenas to demonstrate his innocence.  Defendant argues that he could have, but did not, further obstruct the government's investigation by ordering his subordinates to delete, modify, alter, or destroy Department records, and that fact is probative of his overall lack of intent to obstruct justice. (See Def.'s Br. at 16 ("not ordering" obstruction as to records "very relevant to rebutting" claims that defendant obstructed the grand

jury investigation and then lied about it)).  However, "evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."  United States v. Dobbs, 506 F.2d 445, 447 (5th Cir. 1975); see also United States v. Scarpa, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions.").  This is especially so where, as here, defendant's "compliance" followed the completion of the obstruction and he understood the scope of the FBI's investigation.  See United States v. Dowie, 411 F. App'x 21, 27 (9th Cir. 2010) (trial court properly exercised discretion in excluding evidence of defendant's post-conspiracy cooperation because it was "of little probative value to his state of mind during the conspiracy"); United States v. Radtke, 415 F.3d 826, 840-41 (8th Cir. 2005) ("[T]here is no doubt that self-serving exculpatory acts performed substantially after a defendant's wrongdoing is discovered are of minimal probative value as to his state of mind at the time of the alleged crime.").

Moreover, defendant is not charged with obstructing justice by interfering with the Sheriff's Department's responses to federal grand jury subpoenas for documents, and the government has not so contended.  Thus, there is nothing to "rebut."

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant its motions in limine and bar defendant from wearing insignia, including the Sheriff's "star" lapel pin, at trial, and preclude evidence and argument pertaining to defendant's "good acts" as detailed above.

13