EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
        1500/1200/1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/4849
        Facsimile: (213) 894-6436
        E-mail:    Brandon.Fox@usdoj.gov
                   Lizabeth.Rhodes@usdoj.gov
                   Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-066(A)-PA |
|---|---|
| Plaintiff, | JOINT JURY INSTRUCTIONS |
| v. | Trial Date:  February 22, 2016 |
| LEROY BACA, | |
| Defendant. | |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Brandon D. Fox,

Lizabeth A. Rhodes and Eddie A. Jauregui, and defendant Leroy Baca,

individually and by and through his counsel of record, Nathan

//

//

Hochman and Briana Leigh Abrams, submit the attached joint jury instructions.

Dated: February 16, 2017          Respectfully submitted,

                                  EILEEN M. DECKER
                                  Acting United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        /s Brandon D. Fox____
                                  BRANDON D. FOX
                                  LIZABETH A. RHODES
                                  EDDIE A. JAUREGUI
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | DUTY OF JURY (Before Jury Selection Begins) | 9th Circuit Model Instruction 1.8 | 2 |
| 2 | DUTY OF JURY | 9th Circuit Model Instruction 1.1 | 5 |
| 3 | THE CHARGE — PRESUMPTION OF INNOCENCE | 9th Circuit Model Instruction 1.1 | 6 |
| 4 | WHAT IS EVIDENCE | 9th Circuit Model Instruction 1.3 | 7 |
| 5 | WHAT IS NOT EVIDENCE | 9th Circuit Model Instruction 1.4 | 8 |
| 6 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Circuit Model Instruction 1.5 | 9 |
| 7 | RULING ON OBJECTIONS | 9th Circuit Model Instruction 1.6 | 10 |
| 8 | CREDIBILITY | 9th Circuit Model Instruction 1.7 | 11 |
| 9 | CONDUCT OF THE JURY | 9th Circuit Model Instruction 1.8 | 12 |
| 10 | TAKING NOTES | 9th Circuit Model Instruction 1.10 | 15 |
| 11 | OUTLINE OF TRIAL | 9th Circuit Model Instruction 1.11 | 16 |
| 12 | CAUTIONARY INSTRUCTION — FIRST RECESS | 9th Circuit Model Instruction 2.1 | 18 |
| 13 | BENCH CONFERENCES | 9th Circuit Model Instruction 2.2 | 19 |
| 14 | STIPULATED TESTIMONY | 9th Circuit Model Instruction 2.3 | 20 |
| 15 | STIPULATION OF FACT | 9th Circuit Model Instruction 2.4 | 21 |
| 16 | JUDICIAL NOTICE | 9th Circuit Model Instruction 2.5 | 22 |
| 17 | DEPOSITION AS SUBSTANTIVE EVIDENCE | 9th Circuit Model Instruction 2.6 | 23 |

**TABLE OF AUTHORITIES (CONTINUED)**

<u>DESCRIPTION</u>                                                      <u>PAGE</u>

| | | | |
|---|---|---|---|
| 18 | TRANSCRIPT OF RECORDING IN ENGLISH | 9th Circuit Model Instruction 2.7 | 24 |
| 19 | OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT | 9th Circuit Model Instruction 2.10 | 25 |
| 20 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW | 9th Circuit Model Instruction 3.1 | 27 |
| 21 | CHARGE AGAINST DEFENDANT NOT EVIDENCE PRESUMPTION OF INNOCENCE — BURDEN OF PROOF | 9th Circuit Model Instruction 3.2 | 28 |
| 22 | DEFENDANT'S DECISION NOT TO TESTIFY | 9th Circuit Model Instruction 3.3 | 29 |
| 23 | DEFENDANT'S DECISION TO TESTIFY | 9th Circuit Model Instruction 3.4 | 30 |
| 24 | REASONABLE DOUBT DEFINED | 9th Circuit Model Instruction 3.5 | 31 |
| 25 | WHAT IS EVIDENCE | 9th Circuit Model Instruction 3.6 | 32 |
| 26 | WHAT IS NOT EVIDENCE | 9th Circuit Model Instruction 3.7 | 33 |
| 27 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Circuit Model Instruction 3.8 | 34 |
| 28 | CREDIBILITY OF WITNESSES | 9th Circuit Model Instruction 3.9 | 35 |
| 29 | ACTIVITIES NOT CHARGED | 9th Circuit Model Instruction 3.10 | 36 |
| 30 | SEPARATE CONSIDERATION OF COUNTS – SINGLE DEFENDANT | 9th Circuit Model Instruction 3.11 | 37 |
| 31 | STATEMENTS BY DEFENDANT | 9th Circuit Model Instruction 4.1 | 38 |
| 32 | OTHER CRIMES, WRONGS, OR ACTS | 9th Circuit Model Instruction 4.3 | 39 |
| 33 | IMPEACHMENT | 9th Circuit Model Instruction 4.8 | 40 |
| 34 | TESTIMONY OF WITNESSES INVOLVING SPECIAL | 9th Circuit Model | 41 |

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

|    | CIRCUMSTANCES — IMMUNITY, BENEFITS, ACCOMPLICE, PLEA | Instruction 4.9 | |
| 35 | OPINION EVIDENCE, EXPERT WITNESSES | 9th Circuit Model Instruction 4.14 | 43 |
| 36 | SUMMARIES NOT RECEIVED AS EVIDENCE | 9th Circuit Model Instruction 4.15 | 44 |
| 37 | CHARTS AND SUMMARIES IN EVIDENCE | 9th Circuit Model Instruction 4.16 | 45 |
| 38 | CONSPIRACY – ELEMENTS | 9th Circuit Model Instruction 8.20 | 46 |
| 39 | DUAL PURPOSE | 9th Circuit Model Instruction 8.131; United States v. Smith, 831 F.3d 1207 (9th Cir. 2016) | 48 |
| 40 | FBI AS ARM OF GRAND JURY | United States v. Mancari, 453 F.3d 926 (7th Cir. 2006). | 49 |
| 41 | FALSE STATEMENT TO GOVERNMENT AGENCY – ELEMENTS | 9th Circuit Model Instruction 8.73 | 50 |
| 42 | DIMINISHED CAPACITY | 9th Circuit Model Instruction 6.9 | 51 |
| 43 | DUTY TO DELIBERATE | 9th Circuit Model Instruction 7.1 | 53 |
| 44 | CONSIDERATION OF EVIDENCE CONDUCT OF THE JURY | 9th Circuit Model Instruction 7.2 | 54 |
| 45 | USE OF NOTES | 9th Circuit Model Instruction 7.3 | 55 |
| 46 | PUNISHMENT | 9th Circuit Model Instruction 7.4 | 56 |
| 47 | VERDICT FORM | 9th Circuit Model Instruction 7.5 | 57 |
| 48 | COMMUNICATION WITH COURT | 9th Circuit Model Instruction 7.6 | 58 |
| 49 | RE-READING OF TESTIMONY | Order re Criminal Trial | 59 |

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                    PAGE

|   |                  | (Anderson, J.) |    |
|---|------------------|----------------|----|
|   | JOINT VERDICT FORM |              | 60 |

**PRELIMINARY INSTRUCTIONS**

**JOINT INSTRUCTION NO. 1 - DUTY OF JURY**

(BEFORE JURY SELECTION BEGINS)

You are potential jurors in this case, and I want to take a few minutes to tell you something about your duties and to give you some preliminary instructions. If you are selected as a juror I will give you more detailed instructions.

Because jurors are to decide this case based only on the evidence received in the case and on my instructions as to the law that applies, jurors must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise, please do not discuss with anyone, including fellow jurors, anything you think you know or think you have heard about this case.  Please do not conduct independent research on the case, including by searching the Internet or using other reference materials.  If you discuss the case with other potential jurors or conduct independent research about the case, it will cause jury selection to become a much slower process and could make it so you and other potential jurors are unable to serve.  Also, unless and until I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial,

2

although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive in the courtroom all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require

3

the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

<u>Source</u>

9th Circuit Model Instruction 1.8 (extensively modified, including to apply to prospective jurors)

**JOINT INSTRUCTION NO. 2 - DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be — that is entirely up to you.

Source
9th Circuit Model Instruction 1.1

**JOINT INSTRUCTION NO. 3 - THE CHARGE — PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges defendant with conspiring to obstruct justice, with obstruction of justice, and with making false statements to the federal government.  [The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.]  The defendant has pleaded not guilty to the charges and is presumed innocent unless and until at the end of the trial, after deliberations, that the government proved the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right not to testify and is not required to present any evidence or prove that he is not guilty.

Source

9th Circuit Model Instruction 1.2 (modified to indicate the crimes charged and to alter when presumption ends to be after trial and deliberations.  Also modified to change defendant's "right to remain silent" to be "right not to testify" and "never have to prove innocence or present any evidence" to be "not required to present any evidence or prove that he is guilty")

6

**JOINT INSTRUCTION NO. 4 - WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Source

9th Circuit Model Instruction 1.3

**JOINT INSTRUCTION NO. 5 - WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source
9th Circuit Model Instruction 1.4

**JOINT INSTRUCTION NO. 6 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source
9th Circuit Model Instruction 1.5

**<u>JOINT INSTRUCTION NO. 7 – RULING ON OBJECTIONS</u>**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Source</u>
9th Circuit Model Instruction 1.6

**<u>JOINT INSTRUCTION NO. 8 – CREDIBILITY</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

<u>Source</u>

9th Circuit Model Instruction 1.7

11

**JOINT INSTRUCTION NO. 9 – CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  [Even if you were exposed to information about the case before jury selection, you must disregard this information, not consider it, and not discuss it with your fellow jurors, including during deliberations.]  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive in the courtroom all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or

in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source

9th Circuit Model Instruction 1.8 (modified to provide clarity in first sentence, add social media, second paragraph of block quote;

13

bracket portion added in case a chosen juror has had exposure to certain aspects of case before jury selection)

14

**<u>JOINT INSTRUCTION NO. 10 – TAKING NOTES</u>**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

<u>Source</u>
9th Circuit Model Instruction 1.10

15

**JOINT INSTRUCTION NO. 11 – OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine. Then, if the defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Source

9th Circuit Model Instruction 1.11

16

**INSTRUCTIONS IN THE COURSE OF TRIAL**

17

**JOINT INSTRUCTION NO. 12 – CAUTIONARY INSTRUCTION — FIRST RECESS**

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in Internet chat rooms or through Internet blogs, message boards, social media, emails or text messaging. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [clerk] to give to me.

Source

9th Circuit Model Instruction 2.1 (modified to add social media)

18

**JOINT INSTRUCTION NO. 13 – BENCH CONFERENCES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

Source

9th Circuit Model Instruction 2.2

19

**JOINT INSTRUCTION NO. 14 – STIPULATED TESTIMONY**

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.


Source
9th Circuit Model Instruction 2.3

**JOINT INSTRUCTION NO. 15 – STIPULATION OF FACT**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Source

9th Circuit Model Instruction 2.4

**JOINT INSTRUCTION NO. 16 – JUDICIAL NOTICE**

The court has decided it is not necessary to receive evidence of the fact that [insert fact noticed].  You may, but are not required to, accept this fact as true.

Source

9th Circuit Model Instruction 2.5 (modified by deleting second bracketed portion from model instruction)

**JOINT INSTRUCTION NO. 17 – DEPOSITION AS SUBSTANTIVE EVIDENCE**

You are about to hear portions of a deposition that defendant Leroy Baca gave in an unrelated civil lawsuit. You should not speculate about what that civil lawsuit was about.  A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Portions of the deposition of Leroy Baca, which was taken on [January 19, 2015,] [and] [April 6, 2015], are about to be presented to you. You should consider deposition testimony in the same way that you consider other evidence.

Source
9th Circuit Model Instruction 2.6 (removing first sentence because the deposition is that of defendant as part of an unrelated civil suit; modified because the deposition came from unrelated lawsuit; bracketed portions are inserted because the portions of testimony might be played at different points at trial; removed statement that jury should consider the testimony the same as witnesses who have appeared before them given this is the testimony of the defendant)

**JOINT INSTRUCTION NO. 18 – TRANSCRIPT OF RECORDING IN ENGLISH**

You are about to hear excerpts of a recording that has been received in evidence. A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say. Remember that the recording is the evidence, not the transcript. If you hear something different in the recording from what appears in the transcript, what you heard is controlling. Listen carefully; the transcript will not be available during your deliberations.

Source

9th Circuit Model Instruction 2.7 (modified to indicate that jury will hear excerpts of recording and not whole recording.  Also modified to strike instruction that the jury should "listen carefully; the transcript will not be available during your deliberations.")

24

**JOINT INSTRUCTION NO. 19 – OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

You are about to hear evidence that the defendant may have committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent or knowledge and for no other purpose.

Source

9th Circuit Model Instruction 2.10

**INSTRUCTIONS AT END OF CASE**

**JOINT INSTRUCTION NO. 20 – DUTIES OF JURY**

**TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source
9th Circuit Model Instruction 3.1

27

**JOINT INSTRUCTION NO. 21 – CHARGE AGAINST DEFENDANT**

**<u>NOT EVIDENCE PRESUMPTION OF INNOCENCE — BURDEN OF PROOF</u>**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until you find, at the end of the trial, after deliberations, that the government proved the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

<u>Source</u>

9th Circuit Model Instruction 3.2 (modified in a similar fashion to Joint Instruction No. 2)

**JOINT INSTRUCTION NO. 22 – DEFENDANT'S DECISION NOT TO TESTIFY**

[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]

Source

9th Circuit Model Instruction 3.3

**JOINT INSTRUCTION NO. 23 – DEFENDANT'S DECISION TO TESTIFY**

[You should treat the testimony of the defendant just as you would the testimony of any other witness.]

Source

9th Circuit Model Instruction 3.4

**JOINT INSTRUCTION NO. 24 – REASONABLE DOUBT DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source
9th Circuit Model Instruction 3.5

31

**JOINT INSTRUCTION NO. 25 – WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.


Source

9th Circuit Model Instruction 3.6

32

**JOINT INSTRUCTION NO. 26 – WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source

9th Circuit Model Instruction 3.7

33

**JOINT INSTRUCTION NO. 27 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source
9th Circuit Model Instruction 3.8

34

**JOINT INSTRUCTION NO. 28 – CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source
9th Circuit Model Instruction 3.9

35

**JOINT INSTRUCTION NO. 29 – ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Source
9th Circuit Model Instruction 3.10

**JOINT INSTRUCTION NO. 30**

**SEPARATE CONSIDERATION OF COUNTS – SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

SOURCE

9th Circuit Model Instruction 3.11

37

**JOINT INSTRUCTION NO. 31 – STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement in an April 12, 2013 interview with the federal government.  It is for you to decide how much weight to give to this statement.  In making this decision, you should consider all the evidence about the testimony, including the circumstances under which the defendant may have made it.

Source

9th Circuit Model Instruction 4.1 (modified to add in date of interview and who the interview was with; modified to strike the language indicating it was for the jury to decide "whether the defendant made the statement" since it is not disputed whether the defendants made those statements)

**JOINT INSTRUCTION NO. 32 – OTHER CRIMES, WRONGS, OR ACTS**

You have heard evidence that the defendant may have committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent and knowledge, and for no other purpose.

Source

9th Circuit Model Instruction 4.3

**JOINT INSTRUCTION NO. 33 – IMPEACHMENT**

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Source

9th Circuit Model Instruction 4.8

(This is a placeholder the parties propose.  The parties will submit an additional instruction when the bases for impeachment of witnesses are known at trial).

40

**JOINT INSTRUCTION NO. 34 – TESTIMONY OF WITNESSES INVOLVING SPECIAL**

**CIRCUMSTANCES — IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from:

- [William Tom Carey, a witness who: (a) pleaded guilty to a crime arising out of the same events for which the defendant is on trial; and (b) hopes to receive a recommendation of leniency at sentencing by the United States. Mr. Carey's guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.]

-  [Mickey Manzo, a witness who: (a) was convicted of crimes arising out of the same events for which the defendant is on trial; and (b) hopes to have a re-sentencing hearing in which he would seek to receive favorable treatment from the government;]

- [Gilbert Michel, a witness who received favorable treatment at sentencing from the government;]

- [James Sexton, a witness who: (a) was convicted of scrime arising out of the same events for which the defendant is one trial; and (b) received favorable treatment at a re-sentencing hearing from the government;]

- [name of witness and reason for instruction for this witness],

For [this] [these] reason[s], in evaluating the testimony of [names of witnesses], you should consider the extent to which or whether [his] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the

41

testimony of [name(s) of witness(es)] with greater caution than that of other witnesses.

Source

9th Circuit Model Instruction 4.9 (modified to indicate that these factors may apply to multiple witnesses) (This is a placeholder the parties propose.  The parties will submit an additional instruction when the bases for the special circumstances of witnesses are known at trial).

**JOINT INSTRUCTION NO. 35 – OPINION EVIDENCE, EXPERT WITNESSES**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  The opinion testimony is allowed because of the education or experience of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Any testimony about a cognitive impairment defendant may have had can only relate to the charge in Count Three that defendant made false statements on April 12, 2013.  You should not consider this evidence in deciding whether defendant conspired to obstruct justice or obstructed justice, as charged in Counts One and Two.

Source

9th Circuit Model Instruction 4.14 (modified to add last paragraph to clarify which charge the expert testimony relates to)

43

**JOINT INSTRUCTION NO. 36 – SUMMARIES NOT RECEIVED AS EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source

9th Circuit Model Instruction 4.15

44

**JOINT INSTRUCTION NO. 37 – CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Source

9th Circuit Model Instruction 4.16

**JOINT INSTRUCTION NO. 38 – CONSPIRACY – ELEMENTS**

The defendant is charged in Count One of the indictment with conspiring to obstruct justice, in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about August 18, 2011, and ending on or about September 26, 2011, there was an agreement between two or more persons to commit the crime of obstruction of justice;

Second, the defendant became a member of the conspiracy knowing its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime of obstruction of justice as alleged in the indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

46

Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers the object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Source

9th Circuit Model Instruction 8.20 (modified to show there was only one object) (instruction amended 9/2016, in part to eliminate specific unanimity instruction regarding the overt act))

### JOINT INSTRUCTION NO. 39 – DUAL PURPOSE

For the conspiracy charge in Count One and the obstruction of justice charge in Count Two, the government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice.  The defendant's intention to obstruct justice must be substantial.

Source

9th Circuit Model Instruction 8.131 (last bracket portion only); United States v. Smith, 831 F.3d 1207 (9th Cir. 2016)

**JOINT INSTRUCTION NO. 40 – FBI AS ARM OF GRAND JURY**

The government may establish the FBI was acting as an arm of the grand jury by showing the FBI agents: (1) undertook the investigation to supply information to the grand jury in direct support of a grand jury investigation; (2) were integrally involved in the investigation; and (3) undertook the investigation with the intention of presenting evidence before the grand jury.

Source

United States v. Mancari, 453 F.3d 926, 936-37 (7th Cir. 2006).

**<u>JOINT INSTRUCTION NO. 41 – FALSE STATEMENT TO</u>**

**<u>GOVERNMENT AGENCY – ELEMENTS</u>**

The defendant is charged in Count Three of the indictment with knowingly and willfully making false statements in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt with regard to at least one of the statements charged as false in Count Three, with all of you agreeing as to which particular statement meets all of these elements:

First, the defendant made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation or the United States Attorney's Office;

Second, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Federal Bureau of Investigation and the United States Attorney's Office; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

<u>Source</u>

9th Circuit Model Instruction 8.73 (amended to include unanimity requirement in first paragraph)

**JOINT INSTRUCTION NO. 42 – DIMINISHED CAPACITY**

Evidence has been admitted that the defendant may have suffered from cognitive impairment at the time that the offense charged in Count Three was committed.

You may consider evidence that the defendant may have suffered from cognitive impairment in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required to commit the offense charged in Count Three.

You may not consider evidence that the defendant may have suffered from cognitive impairment in deciding whether defendant conspired to obstruct justice or obstructed justice, as charged in Counts One and Two.

Source

9th Circuit Model Instruction 6.9 (amended to include specifics in this case; last paragraph added to inform jury that issue has no bearing on first two counts of indictment)

51

**JURY DELIBERATIONS**

**JOINT INSTRUCTION NO. 43 – DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source
9th Circuit Model Instruction 7.1

53

**JOINT INSTRUCTION NO. 44 – CONSIDERATION OF EVIDENCE**

**CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, social media, or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If

any juror is exposed to any outside information, please notify the court immediately.

Source

9th Circuit Model Instruction 7.2

**JOINT INSTRUCTION NO. 45 – USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source

9th Circuit Model Instruction 7.3

**JOINT INSTRUCTION NO. 46 – PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Source

9th Circuit Model Instruction 7.4

**JOINT INSTRUCTION NO. 47 – VERDICT FORM**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

Source

9th Circuit Model Instruction 7.5

58

**<u>JOINT INSTRUCTION NO. 48 – COMMUNICATION WITH COURT</u>**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

<u>Source</u>
9th Circuit Model Instruction 7.6

**JOINT INSTRUCTION NO. 49 – RE-READING OF TESTIMONY**

Re-reading of testimony is possible, but I must review all of what is to be re-read -- there is no transcript made up. And, even if there were, I would have to have it re-read due to objections, side-bars, and other proceedings outside the jury's presence. Moreover, I or the attorneys might feel that other matters should be included in the same read-back. Preparing for a re-read of testimony takes time. Please understand that, so that if a request is made, we will gladly arrange to do so, but the jury should keep deliberating until we are able to make sure that we have everything ready.

Source
Order re Criminal Trial (Anderson, J.)

60

**JOINT VERDICT FORM**

**Count One – Conspiracy to Obstruct Justice**

We, the jury, unanimously find defendant LEROY BACA:

_____  Guilty

_____  Not Guilty

of conspiracy to obstruct justice as charged in Count One of the Indictment.

**Count Two – Obstruction of Justice**

We, the jury, unanimously find defendant LEROY BACA:

_____  Guilty

_____  Not Guilty

of obstruction of justice as charged in Count Two of the Indictment.

//
//
//
//
//
//
//
//
//

61

**<u>Count Three – Making False Statements</u>**

We, the jury, unanimously find defendant LEROY BACA:

_____    Guilty

_____    Not Guilty

of making false statements as charged in Count Three of the Indictment.

Please have the foreperson sign and date the form.

DATED: _____ at Los Angeles, California.

 

_____
FOREPERSON OF THE JURY

62