EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
    1500/1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/4849
    Facsimile: (213) 894-6436
    E-mail:    Brandon.Fox@usdoj.gov
               Lizabeth.Rhodes@usdoj.gov
               Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-066(A)-PA |
|---|---|
| Plaintiff, | DISPUTED JURY INSTRUCTIONS (CLEAN) |
| v. | Trial Date:  February 22, 2016 |
| LEROY BACA, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes and Eddie A. Jauregui, and defendant Leroy Baca, individually and by and through his counsel of record, Nathan

//

//

Hochman and Briana Leigh Abrams, submit the attached disputed jury instructions.

Dated: February 17, 2017          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


            /s/ *Brandon D. Fox*
BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

DESCRIPTION                                                                    PAGE

**Government's Disputed Instructions**

| 1 | GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS | 9th Circuit Model Instruction 4.10 | 1 |
|---|---|---|---|
| 2 | LOCAL OFFICER'S AUTHORITY TO INVESTIGATE | United States v. Smith, 831 F.3d 1207 (9th Cir. 2016). | 2 |
| 3 | OBSTRUCTION OF JUSTICE – ELEMENTS | 9th Circuit Model Instruction 8.131 | 3 |

**INSTRUCTION NO.**

**LOCAL OFFICER'S AUTHORITY TO INVESTIGATE**

A local officer has the authority to investigate potential violations of state law.  This includes the authority to investigate potential violations of state law by federal agents.  A local officer, however, may not use this authority to engage in what ordinarily might be normal law enforcement practices, such as interviewing witnesses, attempting to interview witnesses or moving inmates, for the purpose of obstructing justice.

**INSTRUCTION NO.**

You have heard about an informant who was involved in the government's investigation in this case. You have also heard that the government used an undercover agent in its investigation. Law enforcement officials may use informants and undercover agents in order to investigate criminal activities.

When an undercover investigation involves the use of informants and undercover agents, neither the law enforcement officers conducting the operation nor the informants assisting in the investigation become co-conspirators with the target of the undercover activity. As applied to this case, neither FBI Special Agents nor Anthony Brown became co-conspirators with Gilbert Michel by virtue of conducting an undercover operation.

2

**INSTRUCTION NO.**

The defendant is charged in Count Two of the indictment with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede a federal grand jury investigation; and

Second, the defendant acted corruptly, meaning the defendant had knowledge of the federal grand jury investigation and intended to obstruct justice.

The government does not need to prove that actual obstruction of the pending grand jury investigation occurred, so long as you find that the defendant acted with the purpose of obstructing the pending grand jury investigation, and he knew that his actions had the natural and probable effect of interfering with the pending grand jury investigation, and the government proves the elements of the offense beyond a reasonable doubt.

3