EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
        1500/1200/1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/4849
        Facsimile: (213) 894-6436
        E-mail:    Brandon.Fox@usdoj.gov
                   Lizabeth.Rhodes@usdoj.gov
                   Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-066(A)-PA |
|---|---|
| Plaintiff, | DISPUTED JURY INSTRUCTIONS |
| v. | Trial Date:  February 22, 2016 |
| LEROY BACA, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Brandon D. Fox,

Lizabeth A. Rhodes and Eddie A. Jauregui, and defendant Leroy Baca,

individually and by and through his counsel of record, Nathan

//

//

Hochman and Briana Leigh Abrams, submit the attached disputed jury instructions.

Dated: February 17, 2017                 Respectfully submitted,

                                         EILEEN M. DECKER
                                         United States Attorney

                                         LAWRENCE S. MIDDLETON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                              /s/ *Brandon D. Fox*
                                         BRANDON D. FOX
                                         LIZABETH A. RHODES
                                         EDDIE A. JAUREGUI
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

DESCRIPTION                                                                          PAGE

**Government's Disputed Instructions**

| 1 | GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS | 9th Circuit Model Instruction 4.10 | 1 |
|---|---|---|---|
| 2 | LOCAL OFFICER'S AUTHORITY TO INVESTIGATE | United States v. Smith, 831 F.3d 1207 (9th Cir. 2016). | 4 |
| 3 | OBSTRUCTION OF JUSTICE – ELEMENTS | 9th Circuit Model Instruction 8.131 | 7 |

**DISPUTED INSTRUCTION NO. 1**

**LOCAL OFFICER'S AUTHORITY TO INVESTIGATE**

**(SUBMITTED BY GOVERNMENT)**

A local officer has the authority to investigate potential violations of state law.  This includes the authority to investigate potential violations of state law by federal agents.  A local officer, however, may not use this authority to engage in what ordinarily might be normal law enforcement practices, such as interviewing witnesses, attempting to interview witnesses or moving inmates, for the purpose of obstructing justice.

Source

United States v. Smith, 831 F.3d 1207, 1214-15, 1221 (9th Cir. 2016).

**DEFENDANT'S OBJECTION TO DISPUTED INSTRUCTION NO. 1**

The instruction addressing a local officer's authority to investigate has been given by this Court -- without the government's additional language -- in the Thompson, Tanaka and first Baca trial. This instruction -- without the government's additional language -- has been approved in <u>United States v. Smith</u>, 831. F.3d 1207, 1221 (9th Cir. 2016).  The additional language is not necessary nor appropriate to define the word "investigate," which is why the additional language has not been presumably necessary or given in the three prior trials.  If the jury has a question about what this instruction means, a situation that only came up in the first Baca trial and did not evidence that the jury was confused on what "investigate" means, then the Court at the appropriate time can provide additional guidance to the jury.

**GOVERNMENT'S REPLY TO OBJECTION TO DISPUTED INSTRUCTION NO. 1**

The proposed instruction is a correct statement of the law and provides clarity to an instruction that caused confusion in the last trial.  The new instruction gives additional information to the jury that will lessen the chance for confusion.

Tellingly, defendant does not claim that the government's proposed instruction is an inaccurate statement of the law.  Instead, defendant asks this Court to wait until the jury has expressed confusion before providing further instruction.  This could result in the jury either misunderstanding or misinterpreting the instruction without asking for clarification.  Rather than wait for the jury to ask a question that may never come, the better practice is to provide the clarification in the instruction itself.

## DISPUTED INSTRUCTION NO. 2

### GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

### (SUBMITTED BY GOVERNMENT)

You have heard about an informant who was involved in the government's investigation in this case. You have also heard that the government used an undercover agent in its investigation. Law enforcement officials may use informants and undercover agents in order to investigate criminal activities.

When an undercover investigation involves the use of informants and undercover agents, neither the law enforcement officers conducting the operation nor the informants assisting in the investigation become co-conspirators with the target of the undercover activity. As applied to this case, neither FBI Special Agents nor Anthony Brown became co-conspirators with Gilbert Michel by virtue of conducting an undercover operation.

Source

9th Circuit Model Instruction 4.10; United States v. Romero, 282 F.3d 683, 689 (9th Cir. 2002); Sears v. United States, 343 F.2d 139, 142 (5th Cir. 1965); People v. Liu, 46 Cal. App. 4th 1119, 1128 (Cal. App. 1 Dist. 1996) (citing United States v. Escobar de Bright, 742 F.2d 1196, 1198-1200 (9th Cir. 1984) and Sears).

**DEFENDANT'S OBJECTION TO DISPUTED INSTRUCTION NO. 2**

The dispute is with the second sentence of the additional language addressing "As applied to this case. . ."  This sentence is improper and inappropriate because it is not stating the law to the jury but usurping the jury's fact-finding role of applying the law to the facts.  Only the jury can find whether a particular government agent or informant, in fact, became co-conspirators with a deputy sheriff in an undercover operation; a court instruction cannot make this finding for them.

5

**GOVERNMENT'S REPLY TO OBJECTION TO DISPUTED INSTRUCTION NO. 2**

That a government agent cannot conspire with the target of the agent's undercover operation is black-letter law and indisputable. Sears v. United States, 343 F.2d 139, 142 (5th Cir. 1965).  Defendant claims that the Court would be usurping the fact-finding function of the jury, but does not explain which fact the Court would be finding for the jury.  The second sentence is simply providing clarity to the jury about who the government's agents are in this case (i.e., not just the FBI agents, but also their informant).  It is a matter of law and cannot be disputed that neither the informant nor the agents in this case conspired with Gilbert Michel.

6

**DISPUTED INSTRUCTION NO. 3**

**OBSTRUCTION OF JUSTICE – ELEMENTS**

**(SUBMITTED BY GOVERNMENT)**

The defendant is charged in Count Two of the indictment with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede a federal grand jury investigation; and

Second, the defendant acted corruptly, meaning the defendant had knowledge of the federal grand jury investigation and intended to obstruct justice.

The government does not need to prove that actual obstruction of the pending grand jury investigation occurred, so long as you find that the defendant acted with the purpose of obstructing the pending grand jury investigation, and he knew that his actions had the natural and probable effect of interfering with the pending grand

7

jury investigation, and the government proves the elements of the offense beyond a reasonable doubt.

Source

9th Circuit Model Instruction 8.131 (as amended 9/16) (modified to take out "by threats of force or by any threatening communication;" also modified to clarify and define "corruptly").  See United States v. Rasheed, 663 F. 2d 843, 851 (9th Cir. 1981). United States v. Aguilar, 515 U.S. 593, 599; United States v. Washington Water Power Co., 793 F.2d 1079, 1085 (9th Cir. 1986).

8

### **DEFENDANT'S OBJECTION TO DISPUTED INSTRUCTION NO. 3**

The defense believes the appropriate obstruction of justice instruction is that contained in its prior filing, Docket No. 191, which it incorporates by reference herein.

9

**GOVERNMENT'S REPLY TO OBJECTION TO DISPUTED INSTRUCTION NO. 3**

Defendant seeks to have this Court reconsider its ruling from the last trial, and determine that the corrupt intent element in Section 1503 requires that bribery occur.  This is not the position of any court in the United States and is contrary to binding precedent.