# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | CR 16-66 PA | Date | February 17, 2017 |
|---|---|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Interpreter | None |
|---|---|

| V.R. Vallery | Not Reported | Brandon Fox (Not present)<br>Lizabeth Rhodes (Not present)<br>Eddie Jauregui (Not present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| | | | | Nathan Hochman | Not | | X |
| | | | | Tinos Diamantatos | Not | | X |
| Leroy Baca | Not | | X | Brianna Abrams | Not | | X |

**Proceedings:**    IN CHAMBERS - ORDER

For the reasons stated in the Government's Motions to Exclude the Testimony of Dr. James Spar (Docket Nos. 134 & 179), the Court grants the Government's Motions and excludes Dr. Spar's testimony and other evidence and argument regarding defendant's cognitive impairment.  Evidence linking defendant's current diagnosis to the charges is entirely speculative and inadmissible, is the product of unreliable methodology, artificially limited facts, and bare speculation.[1/]  Indeed, undefined pronouncements including those in which Dr. Spar opines that defendant's current diagnosis "may have been demonstrating clinical symptoms" and that there was an "increased probability" that defendant's condition "negatively affected his ability" in 2013 would not help the trier of fact to understand the evidence or determine a fact in issue and would only serve to confuse the jury.  "Increased probability" is a meaningless phrase that applies just as easily to an increase from 0% to 1% as it does to an increase from 10% to 90%.  Dr. Spar's opinion therefore fails to satisfy the requirements of Federal Rule of Evidence 702.  Even if admissible, the Court concludes that this evidence and testimony should be excluded under Federal Rule of Evidence 403 because the low probative value of the evidence is substantially outweighed by the dangers of unfair prejudice, including the sympathy the evidence might create for the defendant, confusion of issues, misleading the jury, and waste of time.

IT IS SO ORDERED.

---

[1/]    In addition to the authorities cited by the Government, the Court notes that the Ninth Circuit, in other situations, has cautioned that "[a]fter-the-fact psychiatric diagnoses are notoriously unreliable."  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).