EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
    1500/1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/4849
    Facsimile: (213) 894-0141
    E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-66(A)-PA |
|---|---|
| Plaintiff, | MOTION TO EXCLUDE EVIDENCE, ARGUMENT, AND CROSS-EXAMINATION REGARDING CECIL RHAMBO'S UNSWORN STATEMENTS; EXHIBITS |
| v. | |
| LEROY BACA, | Hearing Date: TBD |
| Defendant. | Hearing Time: TBD Location:   Courtroom of the Hon. Percy Anderson |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, hereby files its Motion to Preclude Evidence, Argument, and Cross-Examination Regarding Witness

Cecil Rhambo's out-of-court statements as to his belief regarding defendant Leroy Baca's intent and the intent of other convicted co-conspirators.

The government's motion is based on the attached memorandum of points and authorities, the files and records in this case, the attached exhibit, and such further evidence and argument as the Court may permit.

Dated: February 26, 2017          Respectfully submitted,

                                  EILEEN M. DECKER
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  _____/s/___Lizabeth A. Rhodes_____
                                  BRANDON D. FOX
                                  LIZABETH A. RHODES
                                  EDDIE A. JAUREGUI
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

After testifying in defendant's first trial, former Asst. Sheriff Cecil Rhambo made comments to the media opining that he did not "think" or "believe" "there was an intent to obstruct justice." According to the news reporter, these statements were made about defendant Leroy Baca and other convicted co-conspirators.

The government estimates that Mr. Rhambo will testify again on Tuesday or Wednesday of this week.  (February 28 or March 1, 2017).

**II.    STATEMENT OF FACTS**

Mr. Rhambo was called as a witness and testified on December 9, 2016 and December 12, 2016.  After his December 9, 2016 testimony, Mr. Rhambo spoke to an ABC news reporter and made statements purportedly about defendant's mental state vis-à-vis the federal investigation into the jails.  Specifically, the comments in the broadcast were as follows:

> Mr. Rhambo:    You know here are good people, these are cops.  These are guys that literally, you know, were willing to give their lives for folks on the street. . .
>
> Reporter:    About Baca's involvement . . .
>
> Mr. Rhambo:    I don't think there was an intent to obstruct justice.  I really don't believe that.  I don't think he believed that, I don't think any of the, of my colleagues believed that.

See Ex. A (compact disc containing Dec. 9, 2016 ABC News report entitled "2d Convicted Deputy Testifies Against Ex-Sheriff Lee Baca

1

in Corruption Trial"; relevant excerpt beginning at minute 1:00).[1]

In an interview with the government on February 15, 2017, Mr. Rhambo admitted that he had no foundation for his remarks and was basing them on his own beliefs. See Ex. B (FBI 302 of Rhambo Interview, 2-15-2017, at 2.)

**III. ARGUMENT**

**A.    Opinion Testimony**

Under Federal Rule of Evidence 701, lay opinion testimony is inadmissible unless it is based on the witness's perception and helpful to the jury's understanding of the testimony or determination of the facts. "If the jury already has all the information upon which the witness's opinion is based, the opinion is not admissible." United States v. Henke, 222 F.3d 633, 641 (9th Cir. 2000); see also United States v. Skeet, 665 F.2d 983, 985 (9th Cir. 1982) ("If the jury can be put into a position of equal vantage with the witness for drawing the opinion, then the witness may not give an opinion."). In such circumstances, an opinion is not "helpful" to the jury. Henke, 222 F.3d at 641. Here, because the jury can be, and presumably will be, informed of the facts upon which Mr. Rhambo's opinion is based, his opinion should be excluded as unhelpful.

Likewise, "[t]estimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion." Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1059-60 (9th Cir. 2008); see also Henke, 222 F.3d at 642 ("[L]ay testimony generally is not helpful on matters that are essentially a jury

---

[1] The government will lodge the compact disc with the Clerk of the Court. The report is also available on ABC News's website at http://abc7.com/news/2nd-deputy-testifies-against-ex-sheriff-lee-baca-in-corruption-trial/1649154/.

question . . . ."); <u>United States v. Espinosa</u>, 827 F.2d 604, 612 (9th Cir. 1987) ("A witness . . . may not give a direct opinion on the defendant's guilt or innocence."). Mr. Rhambo's opinion regarding whether any of his colleagues intended to obstruct justice is not helpful because it would not aid the jury in determining the facts and would, instead, effectively tell the jury how to decide the case. Neither Mr. Rhambo's out-of-court statements nor his in-court testimony should be allowed to usurp the jury's role in determining defendant's guilt.

**B.   Speculation/Lack of Personal Knowledge**

Under Federal Rule of Evidence 602, a lay witness may only testify to a matter as to which the witness has personal knowledge. Pursuant to the personal knowledge requirement, a witness is "not permitted to speculate, guess, or voice suspicions." <u>United States v. Whittemore</u>, 776 F.3d 1074, 1082 (9th Cir. 2015) (internal quotation marks omitted). "[S]peculation is inadmissible testimony whether characterized as lay opinion, expert opinion or anything else[.]" <u>United States v. Vera</u>, 770 F.3d 1232, 1248 (9th Cir. 2014). A witness's "opinion of [a defendant's] state of mind" constitutes "speculation" that should be excluded under Rule 602. <u>United States v. Kupau</u>, 781 F.2d 740, 745 (9th Cir. 1986). Thus, Mr. Rhambo should not be permitted to speculate as to what defendant, or anyone else, may have intended.

**C.   Unfair Prejudice**

Under Federal Rule of Evidence 403, evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or misleading the jury. Evidence may be unfairly prejudicial if it has "the capacity . . . to lure the factfinder into

3

declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 518 U.S. 172, 180 (1997); see also United States v. Anderson, 741 F.3d 938, 950 (9th Cir. 2013) (evidence that has an "undue tendency to suggest decision on an improper basis" is unfairly prejudicial). Here, the admission of statements Mr. Rhambo made to the media reflecting his opinions as to defendant's guilt or innocence would be unfairly prejudicial and risk misleading the jury into rendering a verdict on an improper basis. Cf. United States v. Sine, 493 F.3d 1021, 1033 (9th Cir. 2007) (holding that findings and comments in a judicial opinion should have been excluded under Rule 403 because "jurors are likely to defer to findings and determinations . . . made by an authoritative, professional factfinder rather than determine those issues for themselves"); United States v. Benavidez-Benavidez, 217 F.3d 720, 725 (9th Cir. 2000) (affirming exclusion of polygraph expert under Rule 403 where "jury might give excessive weight to the polygrapher's conclusions").

Furthermore, if evidence has only marginal probative value, "even a modest likelihood of unfair prejudice or a small risk of misleading the jury will justify excluding that evidence," and "even a small risk of misleading the jury substantially outweighs the probative value of minimally probative evidence." United States v. Espinoza-Baza, 647 F.3d 1182, 1189-90 (9th Cir. 2011) (internal quotation marks omitted). Evidence that amounts to "only speculation, not proof" has only marginal probative value," and testimony that might cause "the jury to base its verdict on highly speculative evidence" creates "a substantial risk of confusion." Id. at 1190. Here, Mr. Rhambo's speculation that his colleagues did not

4

intend to obstruct justice should be excluded under Rule 403 to prevent the jury from reaching a "verdict premised on mere speculation." Id. at 1191.

**IV.    CONCLUSION**

For the foregoing reasons, defendant should be precluded from introducing Cecil Rhambo's December 9, 2016 out-of-court statements at trial as evidence, or otherwise refer to them in argument or cross-examination.