EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
    1500/1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/4849
    Facsimile: (213) 894-6436
    E-mail:    Brandon.Fox@usdoj.gov
              Lizabeth.Rhodes@usdoj.gov
              Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-066(A)-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTARY PROPOSED JURY INSTRUCTIONS WITH OBJECTIONS AND REPLIES |
| v. | |
| LEROY BACA, | Trial Date: February 22, 2017 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox,

///

///

Lizabeth A. Rhodes and Eddie A. Jauregui, hereby submits the attached supplementary proposed jury instructions, along with defendant Leroy Baca's objections and the government's responses.

Dated: March 7, 2017                Respectfully submitted,

                                    EILEEN M. DECKER
                                    United States Attorney

                                    LAWRENCE S. MIDDLETON
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/ *Brandon D. Fox*
                                    BRANDON D. FOX
                                    LIZABETH A. RHODES
                                    EDDIE A. JAUREGUI
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

DESCRIPTION                                                                 PAGE

**Government's Supplementary Instruction**

| 1 | FEDERAL INVESTIGATIONS AND AUTHORITY | United States v. North, 746 F.2d 627 (9th Cir. 1984) | 1 |
|---|---|---|---|
| 2 | PUNISHMENT IMPOSED BY COURT | Ninth Circuit Model Instruction 7.4; United States v. Steel, 759 F.2d 706, 711 (9th Cir. 1985). | 1 |

i

### SUPPLEMENTARY PROPOSED INSTRUCTION NO. 1
### FEDERAL INVESTIGATIONS AND AUTHORITY
### (SUBMITTED BY GOVERNMENT)

You have heard evidence and argument regarding the federal government's investigation of allegations of abuse and corruption by the Los Angeles County Sheriff's Department ("LASD").  Local law enforcement departments, including the LASD, do not have authority to direct or control federal investigations, including those by the FBI, the U.S. Attorney's Office, or a federal grand jury.  In order to investigate crime, federal law enforcement agencies are entitled to choose their own tactics and strategies, conduct their own evaluations of risks, assign their own personnel, and make their own decisions regarding whether to inform others, including targets, that an investigation is underway.

It is not for you to decide whether or how the federal government should have conducted its investigation.  Your duty is to decide whether the government has proved beyond a reasonable doubt that the defendant committed the crimes charged in the indictment.

Sources

Jacobson v. United States, 503 U.S. 540, 548 (1992) ("[T]here can be no dispute that the Government may use undercover agents to enforce the law."); United States v. North, 746 F.2d 627, 630-31 (9th Cir. 1984) (affirming jury instruction regarding permissible investigative methods), abrogated on other grounds as recognized by United States v. Kent, 649 F.3d 906, 914 (9th Cir. 2011); United States v. Marcello, 731 F.2d 1354, 1357 (9th Cir. 1984) ("The government may employ undercover tactics to infiltrate criminal ranks and may rely on paid informants in order to locate and arrest criminals.").

**<u>DEFENDANT'S OBJECTION TO SUPPLEMENTARY PROPOSED INSTRUCTION NO. 1</u>**

Defendant objects to this instruction in its entirety as it is duplicative of Government's Disputed Instruction No. 2 "Government's Use of Undercover Agents and Informants" and is thus unnecessary and misleading. (See CR 265)  Each of the three cases cited by the government involved the use of undercover agents or informants and examined the validity of the use of undercover tactics in the context of an entrapment defense.  While the cases cited may support an instruction regarding the use of such undercover tactics, they do not support the much more expansive instruction proposed by the government.

Additionally, Defendant specifically objects to the portion of the instruction that states: "Local law enforcement departments, including the LASD, do not have authority to direct or control federal investigations, including those by the FBI, the U.S. Attorney's Office, or a federal grand jury." First, this instruction is misleading as it suggests to the jury that LASD and Mr. Baca intended to direct or control the federal investigation.  Further, this portion is entirely unsupported by the cases cited as none of the three cases cited dealt with a defendant attempting to influence a federal investigation.

Further, if this instruction is to be given, the portion that states: "[i]n order to investigate crime, federal law enforcement agencies are entitled to choose their own tactics and strategies, conduct their own evaluations of risks, assign their own personnel, and make their own decisions regarding whether to inform others, including targets, that an investigation is underway" should be qualified with the words "within reason" since clearly the federal

government has to conduct its investigation within reasonable constitutional and due process limits. *See United States v. Marcello*, 731 F.2d 1354, 1357 (9th Cir. 1984)("The informant and the undercover agent must be permitted, **within reason**, to assume identities that will be convincing to the criminal elements they have to deal with.")(emphasis added).

Finally, Defendant objects to the portion stating: "It is not for you to decide whether or how the federal government should have conducted its investigation." This sentence is misleading to the jury as it wrongfully suggests that the jury may not consider the effect that learning of the FBI's flawed investigative tactics and the dangers associated therewith had on Mr. Baca as it pertains to his intent or lack thereof to obstruct the grand jury investigation. Further, this portion is entirely unsupported by the cases cited. Indeed, in each case cited by the government, the defendant put forth an entrapment defense. Thus, the tactics used by the investigating agencies were squarely placed before the juries in each respective case and the juries were tasked with evaluating such tactics in making a determination as to the ultimate innocence or guilt of the defendants. If, over defense objection, the Court chooses to give this sentence, Defendant requests the Court give this part of the instruction worded as follows:

"It is not for you to decide whether or how the federal government should have conducted its investigation. You may consider evidence addressing this investigation as to whether the government has proved beyond a reasonable doubt that Mr. Baca had the intent to commit the crimes charged in the Indictment."

3

**GOVERNMENT'S REPLY**

Although defendant contends that this instruction is duplicative of Government's Disputed Instruction No. 2 (CR 265 at 4), that instruction merely states that the government is entitled to use informants and undercover agents and that neither becomes a co-conspirator with the target of undercover activity.  This instruction, by contrast, articulates bedrock principles of federal jurisdiction, which permit the federal government to conduct its own criminal investigations, free from the interference of local authorities.  See U.S. Const., Art. VI, cl. 2 (Supremacy Clause); Arizona v. United States, 132 S. Ct. 2492, 2500-01 (federal law preempts state law); Tennessee v. Davis, 100 U.S. 257, 263 (1879) (federal government is "supreme"; no state entity "can exclude it from the exercise of any authority conferred upon it by the Constitution" or "obstruct its authorized officers"); United States v. McLeod, 385 F.2d 734, 751-52 (5th Cir. 1967) ("[b]oth the Supremacy Clause and the general principles of our federal system of government" allow federal court to enjoin state authorities from attempting to "harass and obstruct" federal civil rights actions).

It is not misleading to tell the jury that local law enforcement agencies lack authority to direct or control federal investigations. Instead, it is a basic principle of law.  Local officers are not entitled to interfere with federal investigations or lie to federal authorities.  United States v. Smith, 831 F.3d 1207, 1215-17 (9th Cir. 2016) (defendant Baca's co-conspirators committed crimes by obstructing grand jury investigation and by lying to the FBI).

This instruction does not, as defendant claims, suggest facts that the jury should or could find.  In light of defendant's

4

arguments and cross-examination, this instruction would ensure that the jury is not misled into believing that defendant had any legal right to direct or control the actions of federal authorities. Because the instruction correctly sets forth the law, it is within the Court's wide discretion and substantial latitude to give it. See United States v. Peppers, 697 F.3d 1217, 1220-21 (9th Cir. 2012).

Although defendant suggests that this instruction should be altered to state that a federal investigation must operate "within reason," no such modification is necessary.  The authority defendant cites sets forth the proposition that a criminal defendant may have a due process defense if "the government's involvement in a criminal enterprise has become sufficiently outrageous and shocking to the universal sense of justice."  United States v. Marcello, 731 F.2d 1354, 1357 (9th Cir. 1984).  Defendant has not, and could not possibly, articulate any such due process defense here.  Federal agents did not infiltrate and participate in a criminal enterprise, and the undercover operation was neither outrageous nor shocking.  As a result, defendant's suggested modification should be rejected.

Finally, defendant objects to the provision of the instruction advising that it is not the jury's role "to decide whether or how the federal government should have conducted its investigation."  That statement does not, however, preclude defendant from arguing that he took the actions at issue in this case because he believed that the federal investigation was flawed or dangerous.  The jury is, of course, entitled to believe defendant's claim that he did not intend to obstruct justice.  But the jury may not be left with the impression that it should acquit if it believes that the federal government should have used different methods to investigate.

5

### SUPPLEMENTARY PROPOSED INSTRUCTION NO. 2
### PUNISHMENT IMPOSED BY COURT
### (SUBMITTED BY GOVERNMENT)

You have heard evidence and argument regarding the maximum possible sentences for crimes that certain witnesses were charged with committing, and certain sentences that the government has recommended or may recommend.  Although you should consider that evidence and argument in evaluating the testimony of such witnesses, the punishment to be imposed for any crime is exclusively for the Court to decide.  No witness who testified in this case was charged with or convicted of a crime for which any term of imprisonment or fine must be imposed, and the Court is in no way required to impose any sentence that the government recommends.  The Court considers many factors, including the seriousness of the offense and whether the defendant has a criminal history, in imposing sentence.

Sources

Ninth Circuit Model Instruction 7.4; 18 U.S.C. § 3553(a); United States v. Steel, 759 F.2d 706, 711 (9th Cir. 1985) (jury was properly instructed that "[t]he punishment provided by law . . . is a matter exclusively within the province of the court"); see also Rogers v. United States, 422 U.S. 35, 40 & n.2 (1975) (when jury mistakenly believed that it had a role in recommending an appropriate sentence, the district court should have admonished "that the jury had no sentencing function"); United States v. Muse, 83 F.3d 672, 676-77 (4th Cir. 1996) (after defense counsel argued that witnesses who might have been criminally charged had been given a "free ride," district court appropriately instructed jury not to consider the "lack of punishment as to others" in determining guilt).

6

**DEFENDANT'S OBJECTION TO SUPPLEMENTARY PROPOSED INSTRUCTION NO. 2**

Defendant objects to the entirety of this instruction as it improperly downplays the role that the government's actions in seeking reduced sentences for various witnesses may have had on those witnesses' testimony. While it is certainly true that the ultimate decision as to sentencing rests with the court, it is also undoubtedly true that the government plays a role in such decisions and that the Court will consider, along with other factors, the government's sentencing recommendation in deciding a defendant's sentence.  This is especially true in situations involving a defendant who has cooperated with the government. The jury must not be misled in considering the effect that such benefits had on the testimony of the witnesses receiving such benefits.

In fact, in the only case cited by the government involving an instruction that the jury should disregard a witness's sentence or lack thereof for similar crimes, the Fourth Circuit held that it would be improper to remove the witnesses' motives from the jury's consideration. *See United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996).  While the Court held that the instruction given was proper to cure "defense counsel's closing argument that it was unfair for Muse to stand trial while the others were given a free ride," the Court cautioned that "had the district court used the language to which Muse objected without any similar provocation from defense counsel, the instruction might have been error. Viewed in isolation, the instruction could be construed as improperly removing the witnesses' motives from the jury's consideration in assessing their credibility." *Id.* Absent such argument by Defense counsel here, the instruction above is similarly improper.

7

Defendant also objects to the portion of this instruction that states: "No witness who testified in this case was charged with or convicted of a crime for which any term of imprisonment or fine must be imposed. . . ."  As phrased, this sentence is misleading to the jury as it implies that a natural and probable result of being convicted of the crimes with which the witnesses were charged was to face no imprisonment or fine. As evidenced by the actual sentences imposed by the court and considering the applicable sentencing guidelines, this portion is extremely misleading. Further, this portion of the instruction is unnecessary in light of the next part of the sentence which more accurately states that "the Court is in no way required to impose any sentence that the government recommends."

If the Court, over defense objection, elects to give any portion of the instruction, Defendant requests the instruction to read as follows:

"You have heard evidence and argument regarding the maximum possible sentences for crimes that certain witnesses were charged with committing, and certain sentences that the government has recommended or may recommend.  Although you should consider that evidence and argument in evaluating the testimony of such witnesses, the punishment to be imposed for any crime is exclusively for the Court to decide."

8

## GOVERNMENT'S REPLY TO OBJECTION TO

This instruction correctly sets forth the law and is proposed to correct the highly misleading impression that defendant created when he cross-examined government witnesses, including those for which there was no plea agreement, about the maximum possible sentences to which they may or may not be exposed. Specifically, defendant asked witnesses multiple questions about the maximum possible sentences that attach to each count of obstruction or conspiracy under federal law. In so doing, defendant suggested that the government had given witnesses windfall benefits by recommending a sentence below the statutory maximum or by entering into plea agreements wherein those witnesses pleaded guilty to single counts and the government agreed to dismiss other counts charging the same offenses. By focusing on statutory maximums, rather than sentencing guidelines ranges within which criminal defendants are far more frequently sentenced, defendant's cross-examination was intended to leave the jury with the misconception that witnesses avoided decades of imprisonment and millions of dollars in fines.

Although defendant claims that he has not argued that the government's plea agreements have resulted in a "free ride" to testifying witnesses, as in United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996), the transparent purpose of defendant's cross-examination was, as in Muse, misleading and calculated to encourage jury nullification, id. The proposed instruction is necessary to correct that misconception and to properly advise the jury that the Court selects and imposes sentences.

In order to correct the erroneous suggestion that the government dramatically reduced the sentences of defendants' co-conspirators, it

9

is also necessary to advise the jury that none of the charges the government has agreed to dismiss carry mandatory minimum custodial sentences or fines.  Informing the jury that witnesses in this case have never faced charges mandating any specific punishment does not, as defendant suggests, imply that no punishment will be imposed (indeed, the jury knows that punishment has been imposed for most of these witnesses); such language simply affirms that the determination of appropriate punishments is firmly within the Court's discretion. The inclusion of such language is important to correct the implication that the sentences of cooperating witnesses were automatically or necessarily reduced as a result of their plea agreements.  While defendant may continue to argue that the sentencing exposure of cooperating witnesses has been reduced, the jury should not be left with the misconception that the actual sentences of witnesses – whether cooperating or not – have been reduced.  Cf. California v. Ramos, 463 U.S. 992, 1004 n.19 (1983) (approving jury instruction given to correct a "misleading impression" regarding sentencing).