Nathan J. Hochman, SBN 139137
Brianna Leigh Abrams, SBN 239474
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA  90404-4082
Tel:    +1.310.255.9025
Fax:   +1.310.907.2025
e-mail: nathan.hochman@morganlewis.com
e-mail: brianna.abrams@morganlewis.com


Attorneys for Defendant
LEROY BACA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY BACA,<br><br>Defendant. | Case No. CR 16-66 (A) - PA<br><br>**DEFENDANT'S SUPPLEMENTARY PROPOSED JURY INSTRUCTION**<br><br>Trial date:     February 22, 2017<br>Courtroom:    9A |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

Defendant Leroy Baca, individually and by and through his counsel of record, Nathan Hochman and Briana Leigh Abrams hereby submits the attached supplementary proposed jury instruction.

Dated:    March 8, 2017                          MORGAN, LEWIS & BOCKIUS LLP


                                                 By  */s/ NATHAN J. HOCHMAN /s/*
                                                     Nathan J. Hochman

                                                     Attorneys for Defendant
                                                     LEROY BACA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

2

SUPPLEMENTARY PROPOSED JURY
INSTRUCTION
CASE NO. CR 16-66 (A) - PA

# TABLE OF CONTENTS

**Defendant's Supplementary Instruction**

<u>DESCRIPTION</u>                                                                                          <u>PAGE</u>

| 1 | CREDIBILITY OF WITNESS CONVICTED OF SAME CRIME AS DEFENDANT | *United States v. Halbert*, 640 F.2d 1000 (9th Cir. 1981) | 1 |
|---|---|---|---|

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

SUPPLEMENTARY PROPOSED JURY
INSTRUCTION
CASE NO. CR 16-66 (A) - PA

i

# SUPPLEMENTARY PROPOSED INSTRUCTION  NO 1.
# CREDIBILITY OF WITNESS CONVICTED OF SAME CRIME AS DEFENDANT
# (SUBMITTED BY DEFENDANT)

You heard witnesses for the prosecution testify that they were charged with and convicted of crimes arising out of the same events for which the defendant is on trial.  This testimony is not evidence against the defendant and you may consider it only in determining these witnesses' credibility.  You should consider these witnesses' testimony with great caution, giving it the weight you feel it deserves.

Sources

*United States v. Halbert*, 640 F.2d 1000, 1006−07 (9th Cir. 1981) (reversible error for trial court to fail to instruct jury that co-defendants' guilty pleas or convictions were admitted only as to the witnesses' credibility and could "not be considered as evidence of the defendant's guilt."); *United States v. Rewald*, 889 F.2d 836, 865 (9th Cir. 1989), *amended by* 902 F.2d 18, *cert. denied*, 498 U.S. 819 (1990) ("Accordingly, where the prosecutor has elicited evidence of a codefendant's guilty plea, the trial court must provide adequate cautionary instructions that make it clear to lay people that evidence of a witness' own guilty plea can be used only to assess credibility.") (citations and quotations omitted); *Id.* (approving of instruction "One witness, Sunlin Wong, has pleaded guilty to crimes arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant and you may consider it only in determining Mr. Wong's believability. You should consider this witness' testimony with great caution, giving it the weight you feel it deserves."); *United States v. Mendoza-Lemus*, 958 F.2d 379, *1 (9th Cir. 1992) (holding that "[t]he district court adequately instructed the jury" after "the district court instructed the jury that it should consider testimony of an accomplice

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

SUPPLEMENTARY PROPOSED JURY
INSTRUCTION
1
CASE NO. CR 16-66 (A) - PA

with 'great caution' and that an accomplice's guilty plea was not evidence against the remaining defendants.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

2

SUPPLEMENTARY PROPOSED JURY
INSTRUCTION
CASE NO. CR 16-66 (A) - PA

## GOVERNMENT'S OBJECTION TO SUPPLEMENTARY PROPOSED INSTRUCTION NO. 1

Defendant's supplementary proposed instruction is unnecessary and confusing, as the parties already jointly submitted instructions on this very issue – namely (1) Joint Instruction No. 34 – Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea (CR 262 at 47-48); (2) Joint Instruction No. 8 – Credibility (id. at 17); and (3) Joint Instruction No. 28 – Credibility of Witnesses (id. at 41).

In particular, the parties provided "placeholder" modifications to Joint Instruction 34 addressing guilty pleas, such as the following:

You have heard testimony from:

[William Tom Carey, a witness who: (a) pleaded guilty to a crime arising out of the same events for which the defendant is on trial; and (b) hopes to receive a recommendation of leniency at sentencing by the United States. Mr. Carey's guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.]

The parties anticipated that Instruction No. 34 would have to be modified as trial progressed and that they would later submit the Instruction to the Court with the appropriate "special circumstances of witnesses." (Id. at 48.)  Therefore, defendant's proposed supplemental instruction relating to certain witnesses' guilty pleas is unnecessary and would serve only to confuse the jury.

Defendant's proposed instruction is also erroneous because the requirement that the jury view "witnesses' testimony with great caution" merely because those witnesses pleaded guilty to crimes arising out of the same events for which defendant is charged necessarily compels the jury to doubt the credibility of those witnesses.  In fact, as both of defendant's cited authorities acknowledge, the fact that a witness pleaded guilty to crimes arising from events for which the defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

SUPPLEMENTARY PROPOSED JURY
INSTRUCTION
CASE NO. CR 16-66 (A) - PA

3

is on trial may <u>enhance</u> the witness' credibility.  <u>United States v. Rewald</u>, 889 F.2d 836, 865 (9th Cir. 1989) ("[A] question [by the government] about the guilty plea is legitimate as the purpose is to support the reasonableness of the witness' claim to firsthand knowledge because of admitted participation in the very conduct which is relevant."); <u>United States v. Halbert</u>, 640 F.2d 1000, 1005 (9th Cir. 1981) ("The fact that a witness has formally admitted personal responsibility enhances the circumstances adding up to that witness' believability.").

Although defendant claims that <u>Rewald</u> endorsed an instruction that compelled the jury to view a witness' testimony with "great caution" merely because he had pleaded guilty to crimes arising out of the same events for which the defendant was on trial, the Ninth Circuit held only that such an instruction did not amount to reversible error because it adequately advised the jury that the witness' plea was relevant to credibility alone.  <u>Rewald</u>, 889 F.2d at 865 (district court did not abuse its discretion).   However, because it is legally incorrect to suggest that a guilty plea to the offense at issue necessarily reduces a witness' credibility, defendant's proposed supplementary instruction should be rejected.  <u>See</u> <u>United States v. George</u>, 420 F.3d 991, 1000 (9th Cir. 2005) ("While a defendant is entitled to an instruction that adequately addresses his theory of defense, he is not entitled to an instruction that misstates the law.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

SUPPLEMENTARY PROPOSED JURY
INSTRUCTION
CASE NO. CR 16-66 (A) - PA

Respectfully submitted,

Dated:    March 8, 2017                MORGAN, LEWIS & BOCKIUS LLP


By  */s/ NATHAN J. HOCHMAN /s/*
     Nathan J. Hochman

     Attorneys for Defendant
     LEROY BACA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

SUPPLEMENTARY PROPOSED JURY
INSTRUCTION
5                                      CASE NO. CR 16-66 (A) - PA