Nathan J. Hochman, SBN 139137
Brianna Leigh Abrams, SBN 239474
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA  90404-4082
Tel:    +1.310.255.9025
Fax:   +1.310.907.2025
e-mail: nathan.hochman@morganlewis.com
e-mail: brianna.abrams@morganlewis.com

Tinos Diamantatos, *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
Tel.: (312) 324-1000
Fax: +1.312.324.1001
e-mail: tinos.diamantatos@morganlewis.com


Attorneys for Defendant
LEROY BACA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>LEROY BACA,<br><br>    Defendant. | Case No. CR 16-66(A) - PA<br><br>DEFENDANT LEROY BACA'S RESPONSE AND OBJECTIONS TO GOVERNMENT'S PROPOSED REVISED DISPUTED JURY INSTRUCTIONS AND ADDITIONAL PROPOSED INSTRUCTION<br><br>Trial Date:  February 22, 2017 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31186622.1

Defendant LEROY BACA, by and through his attorneys of record, hereby submits his Response and Objections to the Government's Proposed Revised Disputed Jury Instructions and Additional Proposed Instruction.

On March 10, 2017, the Government submitted to the Court revised disputed instructions and one additional proposed instruction. On March 10, 2017, Mr. Baca, by and through his counsel, submitted his response and objections to the revised disputed jury instructions and additional proposed instruction. A copy of the submission is attached as Exhibit A, hereto.

Respectfully submitted,

Dated:      March 10, 2017          MORGAN, LEWIS & BOCKIUS LLP


By /s/ Nathan J. Hochman
Nathan Hochman
Tinos Diamantatos
Brianna Abrams
Attorneys for Defendant
LEROY BACA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 31186622.1

DEFENDANT'S RESPONSE AND OBJECTIONS TO GOVT'S PROPOSED REVISED DISPUTED JURY INSTRUCTIONS AND ADD'L PROPOSED INSTRUCTION

# EXHIBIT A

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
    1500/1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/4849
    Facsimile: (213) 894-6436
    E-mail:    Brandon.Fox@usdoj.gov
              Lizabeth.Rhodes@usdoj.gov
              Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-066(A)-PA |
|---|---|
|       Plaintiff, | GOVERNMENT'S REVISED DISPUTED JURY INSTRUCTIONS AND ADDITIONAL PROPOSED INSTRUCTION WITH OBJECTIONS AND REPLIES |
|           v. | |
| LEROY BACA, | Trial Date:  February 22, 2017 |
|       Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox,

///

///

DB2/ 31186471.1

Lizabeth A. Rhodes and Eddie A. Jauregui, hereby submits the attached revised disputed instructions and one additional proposed disputed instruction.

Dated: March 9, 2017                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                            /s/ *Brandon D. Fox*
                                        BRANDON D. FOX
                                        LIZABETH A. RHODES
                                        EDDIE A. JAUREGUI
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

DB2/ 31186471.1                             2

**TABLE OF CONTENTS**

<u>DESCRIPTION</u>                                                                    <u>PAGE</u>

**Government's Revised Disputed Instructions**

| Revised Joint Instruction 34 | Testimony of Witnesses Involving Special Circumstances | Ninth Circuit Model Instruction 4.9 | 1 |
|---|---|---|---|
| Revised Disputed Instruction 1 | Consideration of Convictions Arising Out of Same Events | 9th Circuit Model Instruction 4.09 | 3 |
| Revised Disputed Instruction 2 | Use of Undercovers and Informants | 9th Circuit Model Instruction 4.10 | 4 |
| Supplementary Proposed Instruction 3 | On or About -- Defined | 9th Circuit Model Instruction 3.20 | 6 |

i

DB2/ 31186471.1

**REVISED JOINT INSTRUCTION NO. 34**
**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**
**(SUBMITTED BY GOVERNMENT)**

You have heard testimony from:

- William Tom Carey, a witness who: (a) pleaded guilty to a crime arising out of the same events for which the defendant is on trial; and (b) hopes to receive a recommendation of leniency [BACA]and a motion to dismiss pending remaining charges at sentencing by the United States.

- Mickey Manzo, a witness who: (a) was convicted of crimes arising out of the same events for which the defendant is on trial; and (b) hopes to have a re-sentencing hearing in which he would seek to receive favorable treatment from the United States [BACA] pursuant to a Rule 35 motion filed by the United States.

- James Sexton, a witness who: (a) was convicted of crimes arising out of the same events for which the defendant is on trial; and (b) received favorable treatment at a [BACA] reduced sentence based on a Rule 35 motion filed by re-sentencing hearing from the United States.

- [Greg Thompson, a witness who: (a) was convicted of crimes arising out of the same events for which the defendant is on trial; and (b) received court ordered immunity requested by the United States for his testimony in this case.  Based on the court ordered immunity, the government will not be allowed to use Mr. Thompson's testimony in a future case against him, if any.  The court ordered immunity does not affect Mr. Thompson's convictions, however.]

DB2/ 31186471.1

Ex. A, Page 7

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

[THE GOVERNMENT DOES NOT BELIEVE THE LANGUAGE ABOUT GREG THOMPSON SHOULD BE INCLUDED]

Defendant believes the additional language about Greg Thompson should be included.

Source

9th Circuit Model Instruction 4.9 (modified to apply to the facts of this case).

DB2/ 31186471.1

2

**REVISED DISPUTED INSTRUCTION NO. 1**
**CONSIDERATION OF CONVICTIONS ARISING OUT OF SAME EVENTS**
**(TO BE PLACED AFTER JOINT INSTRUCTION NO. 34)**
**(SUBMITTED BY GOVERNMENT)**

You have heard evidence that Mr. Manzo, Mr. Carey, Mr. Sexton, and Mr. Thompson were convicted of crimes arising out of the same events for which the defendant is on trial.  The convictions of these witnesses are not evidence against the defendant, and you may consider their convictions only in determining the witnesses' believability.

Source

9th Circuit Model Instruction 4.9 (used language only referring to how jury should use witnesses' convictions).

DB2/ 31186471.1

3

**REVISED DISPUTED INSTRUCTION NO. 2**
**USE OF UNDERCOVERS AND INFORMANTS**
**(TO REPLACE GOVERNMENT'S SUPPLEMENTARY PROPOSED JURY INSTRUCTION NO. 1 AND DISPUTED INSTRUCTION NO. 2)**
**(SUBMITTED BY GOVERNMENT)**

You have heard evidence and argument regarding the federal government's investigation of allegations of abuse and corruption by the Los Angeles County Sheriff's Department ("LASD"), including its use of an informant and an undercover operation.  Local law enforcement departments, including the LASD, do not have authority to direct or control federal investigations, including those by the FBI, the U.S. Attorney's Office, or a federal grand jury.  In order to investigate crime, federal law enforcement agencies are entitled to choose their own tactics and strategies, conduct their own evaluations of risks, assign their own personnel, and make their own decisions regarding whether to inform others, including targets, that an investigation is underway.

When an undercover investigation involves the use of informants and undercover agents, neither the law enforcement officers conducting the operation nor the informants assisting in the investigation become co-conspirators with the target of the undercover activity.  As applied to this case, neither FBI Special Agents nor Anthony Brown became co-conspirators with Gilbert Michel by virtue of conducting an undercover operation.

It is not for you to decide whether or how the federal government should have conducted its investigation.  Your duty is to decide whether the government has proved beyond a reasonable doubt that the defendant committed the crimes charged in the indictment.[BACA] However, you can consider evidence of the government's undercover

DB2/ 31186471.1                        4

operation as it bears on the defendant's intent to commit the crimes charged in the indictment.

[Defendant objects to the giving of this instruction as it is unnecessary. To the extent the Court is inclined to give an instruction like this beyond the instructions on this topic that the Court has already given – which we have objected to – we would specifically object to the sentence, "As applied to this case, neither FBI Special Agents nor Anthony Brown became co-conspirators with Gilbert Michel by virtue of conducting an undercover operation." As we stated in prior objections, this sentence is improper and inappropriate because it is not stating the law to the jury but usurping the jury's fact-finding role of applying the law to the facts.  Only the jury can find whether a particular government agent or informant, in fact, became co-conspirators with a deputy sheriff in an undercover operation; a court instruction cannot make this finding for them.

The additional language we suggested in the last paragraph is important and required in order for the jury to understand how evidence of the undercover operation can bear on the defendant's intent.]

Sources

9th Circuit Model Instruction 4.10; United States v. Romero, 282 F.3d 683, 689 (9th Cir. 2002); Sears v. United States, 343 F.2d 139, 142 (5th Cir. 1965); Jacobson v. United States, 503 U.S. 540, 548 (1992)

("[T]here can be no dispute that the Government may use undercover agents to enforce the law."); United States v. North, 746 F.2d 627, 630-31 (9th Cir. 1984) (affirming jury instruction regarding permissible investigative methods), abrogated on other grounds as recognized by United States v. Kent, 649 F.3d 906, 914 (9th Cir. 2011); United States v. Marcello, 731 F.2d 1354, 1357 (9th Cir. 1984) ("The government may employ undercover tactics to infiltrate criminal ranks and may rely on paid informants in order to locate and arrest criminals.").

**<ins>SUPPLEMENTARY PROPOSED INSTRUCTION NO. 3</ins>**
**<ins>ON OR ABOUT - DEFINED</ins>**
**<ins>(SUBMITTED BY GOVERNMENT)</ins>**

The indictment charges that the offenses were committed "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

<ins>Sources</ins>

Ninth Circuit Model Instruction 3.20 (modified based on multiple charges).

DB2/ 31186471.1

7

Ex. A, Page 13