FILED
CLERK, U.S. DISTRICT COURT

March 13, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VRV_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-66 PA |
| Plaintiff, | JURY INSTRUCTIONS |
| v. | |
| LEROY BACA, | |
| Defendant. | |

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until you find, at the end of the trial, after deliberations, that the government proved the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls. Please do not read into anything I may have said or done, or any rulings I have made, including during the closing arguments of the defense and government, any suggestion as to what verdict you should return or what the facts are — those are matters entirely up to you.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

The indictment charges that the offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

You have heard evidence that one or more witnesses may have given a prior inconsistent statement. You may consider this evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

You have heard testimony from:

● William Tom Carey, a witness who: (a) pleaded guilty to a crime arising out of the same events for which the defendant is on trial; and (b) hopes to receive a recommendation of leniency at sentencing by the United States.

● Mickey Manzo, a witness who: (a) was convicted of crimes arising out of the same events for which the defendant is on trial; and (b) hopes to have a re-sentencing hearing in which he would seek to receive favorable treatment from the United States.

● James Sexton, a witness who: (a) was convicted of crimes arising out of the same events for which the defendant is on trial; and (b) received favorable treatment at a re-sentencing hearing from the United States.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

You have heard evidence that Mr. Manzo, Mr. Carey, Mr. Sexton, and Mr. Thompson were convicted of crimes arising out of the same events for which the defendant is on trial. The convictions of these witnesses are not evidence against the defendant, and you may consider their convictions only in determining the witnesses' believability.

You have heard evidence and argument regarding the maximum possible sentences for crimes that certain witnesses were charged with committing, and certain sentences that the government has recommended or may recommend. Although you should consider that evidence and argument in evaluating the testimony of such witnesses, the punishment to be imposed for any crime is exclusively for the Court to decide. No witness who testified in this case was charged with or convicted of a crime for which any term of imprisonment or fine must be imposed, and the Court is in no way required to impose any sentence that the government recommends. The Court considers many factors, including the seriousness of the offense and whether the defendant has a criminal history, in imposing the sentence.

You have heard evidence and argument regarding the federal government's investigation of allegations of abuse and corruption by the Los Angeles County Sheriff's Department ("LASD"), including its use of an informant and an undercover operation.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

Local law enforcement departments, including the LASD, do not have authority to direct or control federal investigations, including those by the FBI, the U.S. Attorney's Office, or a federal grand jury.  In order to investigate crime, federal law enforcement agencies are entitled to choose their own tactics and strategies, conduct their own evaluations of risks, assign their own personnel, and make their own decisions regarding whether to inform others, including targets, that an investigation is underway.

When an undercover investigation involves the use of informants and undercover agents, neither the law enforcement officers conducting the operation nor the informants assisting in the investigation become co-conspirators with the target of the undercover activity.

It is not for you to decide whether or how the federal government should have conducted its investigation.  Your duty is to decide whether the government has proved beyond a reasonable doubt that the defendant committed the crimes charged in the indictment.

A local officer has the authority to investigate potential violations of state law. This includes the authority to investigate potential violations of state law by federal agents. A local officer, however, may not use this authority to engage in what ordinarily might be normal law enforcement practices, such as interviewing witnesses, attempting to interview witnesses or moving inmates, for the purpose of obstructing justice.

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

The defendant is charged in Count One of the indictment with conspiring to obstruct justice, in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about August 18, 2011, and ending on or about September 26, 2011, there was an agreement between two or more persons to commit the crime of obstruction of justice;

Second, the defendant became a member of the conspiracy knowing its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime of obstruction of justice as alleged in the indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers the object or purpose of the conspiracy, does not thereby become a

(Page 1 of 2)

conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

(Page 2 of 2)

The defendant is charged in Count Two of the indictment with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede a federal grand jury investigation; and

Second, the defendant acted corruptly, meaning the defendant had knowledge of the federal grand jury investigation and intended to obstruct justice.

The government does not need to prove that actual obstruction of the pending grand jury investigation occurred, so long as you find that the defendant acted with the purpose of obstructing the pending grand jury investigation, and he knew that his actions had the natural and probable effect of interfering with the pending grand jury investigation, and the government proves the elements of the offense beyond a reasonable doubt.

For the conspiracy charge in Count One and the obstruction of justice charge in Count Two, the government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice. The defendant's intention to obstruct justice must be substantial.

The government may establish the FBI was acting as an arm of the grand jury by showing the FBI agents:  (1) undertook the investigation to supply information to the grand jury in direct support of a grand jury investigation; (2) were integrally involved in the investigation; and (3) undertook the investigation with the intention of presenting evidence before the grand jury.

The defendant is charged in Count Three of the indictment with knowingly and willfully making false statements in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt with regard to at least one of the statements charged as false in Count Three, with all of you agreeing as to which particular statement meets all of these elements:

First, the defendant made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation or the United States Attorney's Office;

Second, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Federal Bureau of Investigation or the United States Attorney's Office; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, social media, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.