**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

**HONORABLE PERCY ANDERSON, U.S. DISTRICT JUDGE**

**UNITED STATES OF AMERICA,**          )
                                       )
                **Plaintiff,**          )   Case No.
                                       )
        **vs.**                         )   CR 16-00066(A)-PA
                                       )
**LEROY D. BACA,**                      )
                                       )
                **Defendant.**          )
_____)

**REPORTER'S TRANSCRIPT OF**
**STATUS CONFERENCE**
**TUESDAY, JANUARY 10, 2017**
**11:10 A.M.**
**LOS ANGELES, CALIFORNIA**

**MIRANDA ALGORRI, CSR 12743, CRR**
FEDERAL OFFICIAL COURT REPORTER
312 NORTH SPRING STREET, ROOM 435
LOS ANGELES, CALIFORNIA 90012
MIRANDAALGORRI@GMAIL.COM

**UNITED STATES DISTRICT COURT**

**APPEARANCES OF COUNSEL:**


**FOR THE PLAINTIFF:**

    EILEEN M. DECKER
    United States Attorney
    BY:  BRANDON FOX
    BY:  LIZABETH RHODES
    BY:  EDDIE A. JAUREGUI
    Assistant United States Attorneys
    United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012


**FOR THE DEFENDANT:**

    MORGAN LEWIS AND BOCKIUS LLP
    BY:  NATHAN J. HOCHMAN
    BY:  BRIANA ABRAMS
    The Water Garden
    1601 Cloverfield Boulevard
    Suite 2050 North
    Santa Monica, California 90404

**LOS ANGELES, CALIFORNIA; TUESDAY, JANUARY 10, 2017**

**11:10 A.M.**

**---**

THE CLERK:  Calling item No. 1, CR 16-66(A), USA versus Leroy Baca.

Counsel, state your appearances, please.

MR. FOX:  Good morning, Your Honor.

Brandon Fox, Lizabeth Rhodes, and Eddie Jauregui on behalf of the United States.

THE COURT:  Good morning.

MR. HOCHMAN:  Good morning, Your Honor.

Nathan Hochman.  I'm joined by Brianna Abrams and Leroy Baca who is present, Your Honor.

THE COURT:  Good morning.

All right.  Has the Government elected how it wishes to proceed in this matter?

MR. FOX:  Yes, Your Honor.  It is our intention to ask you to rejoin the counts and to go on all three counts. We understand the prejudice that might occur if Mr. Baca's condition comes up in the trial of all three counts, but we are prepared to do that.  We think we were prejudiced in the prior trial by limiting the evidence to simply Count 1 and 2, and some evidence that ordinarily would have come in even with a Count 1 and 2 situation we had to avoid because of the

Alzheimer's -- alleged Alzheimer's information.  So we think it is best to go on all three counts.  So we are asking to rejoin the counts and asking for a trial date.

THE COURT:  Okay.

MR. HOCHMAN:  Your Honor, the reason we had two trials and we didn't try all the counts at the same time is the Government made certain factual representations as to the prejudice it would suffer.  The Court made factual findings on that prejudice that the Government would suffer.  In particular, the Court found that the limiting instruction that we had proposed to the Court such that the Court -- the jury would only consider the Alzheimer's defense for Count 3 and not for Counts 1 and 2 would not be effective, and the Court made that finding several times which is why we have two trials.

When the Government indicated to me that it wanted to --

THE COURT:  I'm not sure we actually had two -- it might have felt like it was two trials.

MR. HOCHMAN:  It felt like two trials, but where the Court indicated we would be having two trials instead of one trial with all three counts in it.  This was over defense objection.

The Government now wants to basically de-sever these counts presumably for strategic reasons and basically contradict the factual findings it had proposed to the Court,

UNITED STATES DISTRICT COURT

the ones that the Court actually made about the prejudice of having one trial with all three counts in it.

In a way that I've looked in the law, Your Honor, and spoke antidotically about whether anyone had ever heard of a situation where the Government for no other reason and particular strategic concerns wanted to basically de-sever a trial that it had sought to sever and the Court had agreed to it and made factual findings in that regard, I've not seen a case that spoke to this nor heard from anyone who had ever experienced it anywhere in the nation.

So I think that, Your Honor, the factual findings that you made to begin with on the severance issue, an issue that you proposed to the parties, at least in terms of your thinking, that the Government ultimately filed a Motion to Sever as part of, either that motion, when the Government filed it, was made in good faith and they believed what they were saying as far as the factual findings they asked you to make and now for some reason they're acting in some other capacity other than in the good faith they operated to begin with or they weren't making those original proposals to you in good faith. I don't know which, Your Honor.

I just know this is extremely unusual for the Government to ask the Court to effectively de-sever the case --

THE COURT:  Did they make a motion for a severance?

MR. HOCHMAN:  They did, Your Honor.

THE COURT:  I don't think they did actually.

MR. FOX:  Your Honor, you raised it sua sponte, and then we formally filed the motion.  You raised it sua sponte.

THE COURT:  The Court had raised the idea of the severance.

MR. HOCHMAN:  Document 178 from the --

THE COURT:  Sir.

MR. HOCHMAN:  I'm sorry.

THE COURT:  I really don't need the document.  I know who raised that issue, and it was the Court that initially raised it.

MR. FOX:  Your Honor, if I may just respond to Mr. Hochman.

You know, he gets up there.  He's talking about representations we made about the facts.  He gets up in opening statement and says that Mr. Baca has been open, direct, and transparent when, by severing the counts and removing his lies, he's making representations that he simply knows is not true.

So it's our prejudice, Your Honor.  I don't think that Mr. Hochman is standing to say that this is prejudicial to him.  The counts were properly joined at the beginning.  Mr. Hochman did not make any allegation that they were not properly joined.  So what we're asking you to do is rejoin

**UNITED STATES DISTRICT COURT**

properly joined counts.  We understand the prejudice.  We understand that we may suffer the prejudice, but we are prepared to do so.

MR. HOCHMAN:  And again, Your Honor, we would have liked to have one trial, one trial where we had all three counts.  The jury may or may not have found for the defense.  It might have found for the Government.  It might have hung as well, Your Honor.  We won't know because we didn't have that trial because the Court originally -- the Court is correct -- on Thursday, December 1st the Court in a hearing in this courtroom brought up the concept of what it was considering under Rule 14.  That next morning the Government filed its Motion to Sever adopting the Court's thinking and turning it into their own representations on the -- as they --

THE COURT:  Mr. Hochman, if they're willing to live with the prejudice, if any, that's their decision.

MR. HOCHMAN:  But, Your Honor, the --

THE COURT:  The matter is closed.  They've elected that they want to go on a trial on all three counts.  That's what they're -- that's what we're going to do.  Unless you can cite me to a case or a rule, that's what we're going to do.

MR. HOCHMAN:  Your Honor, I will continue looking.  I did not find one up to right now because, again, I don't think the situation of the Government taking one position

and taking the exact opposite position on severance has at least been considered by a district court or an appellate court.  I will continue to look, Your Honor.

THE COURT:  Okay.  What are the dates?  What dates would you like?

MR. FOX:  Your Honor, we propose February 21st.

MR. HOCHMAN:  That date is fine, Your Honor.

Again, to the extent it involves, you know -- we hadn't anticipated involving a trial on the remaining count. To the extent it involves a trial on the three counts, we haven't estimated how long that would be, Your Honor.  It would be certainly perhaps longer than the last trial since it's now going to involve additional evidence.  Whether or not that means beyond two or the three-week estimate, I'm not clear, Your Honor.

MR. FOX:  Your Honor, I think it's going to be about the same amount of time, and I can go over with Mr. Hochman after this hearing how I think that our evidence will change.

THE COURT:  I've got a trial now that's set for the 21st.

MR. FOX:  Is that a criminal trial, Your Honor?

THE COURT:  It is.

MR. FOX:  If you would give us the name, we can go back and see if it's likely to go or not.

UNITED STATES DISTRICT COURT

THE COURT:  I think I have a pretty good handle on that as it is.  All right.  We'll set this one for the 21st.  I'll deal with the other case.

What I think we're probably going to do is start on -- isn't President's Day Monday?

MR. FOX:  I think that's right, Your Honor.

MR. HOCHMAN:  Yes, Your Honor.

THE COURT:  Probably what we're going to do is -- does anybody have any scheduling issues that would prevent us from going on the 14th?

MR. HOCHMAN:  Yes, Your Honor.  That's -- right now I have a sentencing that's tentatively been set that day.  I think it might go.

THE COURT:  Where is that sentencing?

MR. HOCHMAN:  I'm sorry?

THE COURT:  Where is the sentencing?

MR. HOCHMAN:  Santa Ana, Your Honor.

THE COURT:  They sentence people on --

MR. HOCHMAN:  On Fridays.

MR. FOX:  Tuesday.

MR. HOCHMAN:  I'm sorry.  You said the 14th, Your Honor?

THE COURT:  Yes.

MR. HOCHMAN:  During that week I have other situations, Your Honor.  I've got to actually be out of town in

**UNITED STATES DISTRICT COURT**

Washington, D.C. on the 15th.  So that's why, when Mr. Fox proposed the 21st, that --

THE COURT:  When will you be back?

MR. HOCHMAN:  I'm supposed to be back on the 17th, Your Honor, if I've got the dates correct.  If the 15th is the Wednesday, Your Honor, then I'm supposed to be back on Friday, the 17th.

THE COURT:  You arrive on the --

MR. HOCHMAN:  I arrive on the 15th, meetings the night of the 15th, the 16th, fly back the morning of the 17th.

THE COURT:  What I'm trying to do is get the panel in here, get a large panel in here and -- maybe what we do is either get the panel in here on the 13th, start jury selection, see if we can get a jury picked by the 14th, and then start the evidence on the 21st or bring the jury in -- bring a panel in on the 17th maybe in the afternoon to accommodate Mr. Hochman's schedule and at least start with the jury selection on the 17th and continue it until the 21st.

MR. HOCHMAN:  I think, if we start at 1:30, Your Honor -- I take the first flight in that morning.  So unless there's problems with the airlines, I should be here to start by 1:30 on the 17th with that caveat.

MR. FOX:  Your Honor, we prefer, just because it would give us two set days and I think that's as long as jury selection would take, that we do this on the 13th and 14th.

**UNITED STATES DISTRICT COURT**

THE COURT:  Okay.  I'll confer with the jury commissioner, and we'll pick a -- the Court will pick a date. It will either be the 13th and we'll go over to the 14th, or it will be on the 17th.

MR. FOX:  And opening statements would begin on the 21st; is that right?

THE COURT:  Opening statements would begin on the 21st.

MR. FOX:  Thank you, Your Honor.

THE COURT:  Jury selection will initially take place in the ceremonial courtroom as we did the last time. There won't be any advanced screening of the jurors by the jury department.  We'll submit hardship questionnaire.  We'll have a status conference before that -- before then.

I think there is pending a motion in limine by the Government to preclude Dr. Spar.  So we'll set a date to have that heard.

MR. FOX:  Your Honor, there are additional motions that we would like to file.  One of them relates to Mr. Baca's star that he has on his coat every time he appears in court and before the jury.  We believe that's him effectively, in part, testifying in front of the jury, and that's not appropriate.  So we -- that's going to be one motion that we would like to file.

We also would like to -- I think we filed this

and didn't get a final ruling because you wanted to see how things would play out, but we'd like an order with respect to any reforms that Mr. Baca may have engaged in during this time. We think that it's best to re-brief this issue because this new trial and how I think the evidence is going to play out will have different ramifications for that order.  So if we can re-brief that issue, I think that would be helpful.  And of course we need to meet and confer with Mr. Hochman over that.

THE COURT:  That's fine although I thought we ruled on that issue.  That's fine.

MR. HOCHMAN:  Two quick points, Your Honor.

There was an issue that the Court had deferred ruling on because Count 3 wasn't part of the mix in the first trial which was that the defense sought to introduce some additional statements under Rule 106, and I believe the Court was looking at a couple of them, ten or so, that we identified. We never actually got the ruling because we didn't have to deal with it.

THE COURT:  That's fine.  I'll take care of that. I don't need any additional briefing on that issue.

MR. HOCHMAN:  With respect to the motion in limine Mr. Fox just suggested, my understanding was that part of the reason for the Court's decision to impose a firm time deadline sort of on the evidence of September 26, 2011, is that was the last date on which the first two counts were charged.

**UNITED STATES DISTRICT COURT**

As the Court is aware, the next count is -- the third count is April 12, 2013.  So I think, when Mr. Fox talks about the additional information that would be available to the sheriff and form part of his mindset, it would carry all the way into April of 2013.

We will be responding and discussing with Mr. Fox how that affects the type of -- whether you view them as reforms or programs that were in existence through April 12, 2013, as opposed to the ones that were in existence through September 26, 2011.

THE COURT:  Well, I guess the only response I have to that is the conduct that occurs after September 26, that's the conspiracy to obstruct and the obstruction.  The conduct that occurs later on deals with the false statements.  You guys discuss it, but my initial impressions, I'm not so sure that -- if there was more obstruction conduct that occurs in April, that might make a difference.  I'm not so sure that sitting for an interview really is going to affect the idea of these reforms.

MR. HOCHMAN:  I think the issue, Your Honor, it's motivation.  In other words, what is Sheriff Baca's motivation to allegedly give false statements in April of 2013?  I think the Government said his motivation is to cover up his activities going back to 2011.  So to the extent that we're going to show that that wasn't his motivation because of

actions he took since 2011, that's where we would seek to rebut the Government's motivation evidence.

MR. FOX:  We'll brief this, Your Honor.

THE COURT:  That's fine.

MR. FOX:  And the only other issue that I wanted to raise with you actually -- it, in part, affects this case but, in part, relates to something else -- is we have considered this internally, and we would be filing a Rule 35 with respect to Mr. Sexton.  He may be eligible for release before the next trial is over or at least go to a halfway house.

So we don't want to wait -- to the extent we're going to file this, we don't want to wait too long to do that. I think we can get that on file today.  But because he may be eligible for release, again, whether that's a halfway house or entirely, we don't know.  But we'd like to file that soon and get a hearing on that soon.  So I don't know when you are able to hear a potential Rule 35 motion, but we can file it today and put that date on our filing.

THE COURT:  Okay.  Are you going to have any objection to a Rule 35 on behalf of Mr. Sexton?

MR. HOCHMAN:  I'd have to see the Rule 35.  Off the top of my head, probably not, Your Honor.  But I'd obviously like to see it in writing.

THE COURT:  Okay.

**UNITED STATES DISTRICT COURT**

MR. HOCHMAN:  Your Honor, the -- to the extent that one of the things that we want to consider is, you know, the very end of the trial, you know, the back and forth that went on in --

THE COURT:  Let's deal with the Rule 35 for a moment.  Why don't you file that today.

Why don't you take a look at it and let me know tomorrow whether or not you feel as though you need to be heard on that.

MR. HOCHMAN:  Yes, Your Honor.

THE COURT:  And if you could let my clerk know.  I take it you want to have that Rule 35 ruled on --

MR. FOX:  I think Mr. Sexton would appreciate it as soon as possible, Your Honor.  And again, I'm fine with this being -- I think it's great to rule on this before the trial, although we are expecting him to be a witness in the next trial, because right now he's in special housing and he came from a federal camp.  While he's been in this district, he's been in a special housing unit.  So this is a difficult time for him while he's here.

If he's eligible for release, if you grant a Rule 35 to the extent that he may be -- that may be warranted, I think it would be good to consider it now.

THE COURT:  What I'd like to do, at least as to the Rule 35, is rule on that this week.  So if you can let me

**UNITED STATES DISTRICT COURT**

know tomorrow whether or not you want to file some opposition to that, you can file that by the 12th?

MR. HOCHMAN:  Yes.  If we're going to file an opposition, we could file it by the 12th, Your Honor.

THE COURT:  Okay.

MR. HOCHMAN:  And we'll let your -- then as soon as we get it today -- we'll let your clerk know by tomorrow whether we'll file that opposition by the 12th.

THE COURT:  All right.

MR. HOCHMAN:  Your Honor, a slightly different issue.

If the Court recalls, the back and forth that went on at the very end on December 22nd before the Court declared the mistrial, part of that was put under seal.  We want to review the transcript of that, and I'm told by the court reporter that the Court actually has to allow us -- has to issue some type of order to allow the court reporter to transcribe it in order for us to see it.

THE COURT:  Uh-huh.

MR. HOCHMAN:  Can the Court give some type of order like that so --

THE COURT:  You can make an application and -- make an ex parte application, talk to the other side, and then I'll rule on it.

MR. HOCHMAN:  Very good, Your Honor.  Thank you.

THE COURT:  Now, as to these other motions, when do you anticipate filing?

MR. FOX:  Let me just backdate this if I can.  I think that we can file by one week from today if that would be okay.  I don't think they're going to be extensive.

One moment, Your Honor.  Let me consult with my counsel.

(Counsel confer.)

MR. FOX:  Your Honor, because Monday is a holiday -- we may be working anyway, but Monday is a holiday. We would just ask for one more day.  So Wednesday of next week.

THE COURT:  Okay.  So you could file your motions by the 18th?

MR. FOX:  Yes, Your Honor.

THE COURT:  And you can file your opposition by the 25th?

MR. HOCHMAN:  Yes, Your Honor.

THE COURT:  Any reply by the 1st?

MR. HOCHMAN:  Yes, Your Honor.

THE COURT:  Then I'll rule on those motions either on February 6th or February 13th.

MR. HOCHMAN:  Did the Court anticipate having a hearing in order to rule on the motions?  Again, just for scheduling purposes, if it's going to be on the 6th, I want to make sure I put it in my book right now.

**UNITED STATES DISTRICT COURT**

18

THE COURT:  It's either going to be on the 6th or 13th.  I'll figure it out once I see the motions.

MR. HOCHMAN:  Okay.

THE COURT:  I'll let you know as soon as I figure it out.

MR. HOCHMAN:  Very good.  Thank you.

THE COURT:  So as I understand it, there's the star on the coat, the order concerning reform.  There's a motion as to the statements.  We're not going to re-brief that.  The Rule 35 for Mr. Sexton and a -- and the Spar motion and the ex parte application to release the transcript.

MR. FOX:  Yes.  And we'll meet and confer with Mr. Hochman to the extent that there are any other motions that -- motions in limine that the parties think are appropriate if that's okay with Your Honor.

THE COURT:  When are you going to have that meet and confer?

MR. FOX:  I'm happy to do that today.

THE COURT:  So I assume that the parties can let me know by Thursday whether there's going to be any additional motions.

MR. HOCHMAN:  Yes, Your Honor.

MR. FOX:  Yes, Your Honor.

MR. HOCHMAN:  And part of the reason we want to review that transcript, Your Honor, is whether or not we'll

**UNITED STATES DISTRICT COURT**

file a double jeopardy motion on Counts 1 and 2.

MR. FOX:  Your Honor, I've provided Mr. Hochman with plenty of cases that show there is no double jeopardy issue, but we'll be happy to brief that.

THE COURT:  Okay.  If you're going to bring that motion, you're going to bring it in the time frame that we've talked about?

MR. HOCHMAN:  Yes, Your Honor.  We'll file the same dates, Your Honor.

THE COURT:  If you could let me know by a week from today what the parties' best estimate is to -- as to the length of the trial.

MR. FOX:  I can tell you right now I think our case in chief is about the same length because we are going to be removing some witnesses from our -- the lineup, but we may be adding a couple new witnesses.  So I think the way we had it this last trial was our case in chief was about, I think, five to six days long, and I think that we'd be looking at probably six days this time around.

THE COURT:  Okay.  And what about the defense?

MR. HOCHMAN:  The defense will have the Dr. Spar testimony in addition to the witnesses we called -- again, we'll evaluate whether or not we'll call each one of those witnesses, and obviously the defendant testifying is again up for consideration, Your Honor.

THE COURT:  And Dr. Spar's testimony will be subject to the Court's ruling.

MR. HOCHMAN:  Of course, Your Honor.  I'm anticipating -- again, I don't anticipate his testimony being that long, Your Honor.  I think his testimony probably comes in around an hour including cross-examination just depending on how long Mr. Fox wants to cross-examine him for.

THE COURT:  Okay.  All right.  Anything else?

MR. FOX:  No, Your Honor.

Oh, we do have a Speedy Trial Act stipulation that the defendant has signed and we will put on file today.  That gets us up to today.  We will then file or we'll talk to the defense, but we plan on filing a Speedy Trial Act stipulation that will get us up to the next trial day or at least the status hearing once you give us a date.

THE COURT:  Okay.  Do you anticipate there is going to be any dispute with respect to the speedy trial?

MR. HOCHMAN:  No, Your Honor.

THE COURT:  Okay.  Thank you very much.

MR. HOCHMAN:  Thank you, Your Honor.

(Proceedings concluded at 11:39 a.m.)

UNITED STATES DISTRICT COURT

CERTIFICATE OF OFFICIAL REPORTER

I, MIRANDA ALGORRI, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS _24TH_ DAY OF JANUARY, 2017.

/S/ MIRANDA ALGORRI

MIRANDA ALGORRI, CSR NO. 12743, CRR
FEDERAL OFFICIAL COURT REPORTER

**UNITED STATES DISTRICT COURT**