1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

HONORABLE PERCY ANDERSON, U.S. DISTRICT JUDGE

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )   Case No.
                                    )
      vs.                           )   CR 16-00066(A)-PA
                                    )
LEROY D. BACA,                      )   PAGES (1 to 30)
                                    )
            Defendant.              )
_____)

REPORTER'S TRANSCRIPT OF
PROCEEDINGS HELD IN OPEN COURT
THURSDAY, DECEMBER 22, 2016
10:44 A.M.
LOS ANGELES, CALIFORNIA

_____

MIRANDA ALGORRI, CSR 12743, CRR
FEDERAL OFFICIAL COURT REPORTER
312 NORTH SPRING STREET, ROOM 435
LOS ANGELES, CALIFORNIA 90012
MIRANDAALGORRI@GMAIL.COM

UNITED STATES DISTRICT COURT

**APPEARANCES OF COUNSEL:**


**FOR THE PLAINTIFF:**

    EILEEN M. DECKER
    United States Attorney
    BY:  BRANDON FOX
    BY:  EDDIE A. JAUREGUI
    Assistant United States Attorneys
    United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012


**FOR THE DEFENDANT:**

    MORGAN LEWIS AND BOCKIUS LLP
    BY:  NATHAN J. HOCHMAN
    BY:  BRIANNA ABRAMS
    The Water Garden
    1601 Cloverfield Boulevard
    Suite 2050 North
    Santa Monica, California 90404


    MORGAN LEWIS AND BOCKIUS LLP
    BY:  TINOS DIAMANTATOS
    77 West Wacker Drive
    Chicago, Illinois 60601

**UNITED STATES DISTRICT COURT**

# **I N D E X**

## **THURSDAY, DECEMBER 22, 2016**

## **Chronological Index of Witnesses**

Witnesses:_____ Page

(None)

**UNITED STATES DISTRICT COURT**

## **EXHIBITS**


**THURSDAY, DECEMBER 22, 2016**


| Exhibit | For ID | In EVD |
|---------|--------|--------|


(None)

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**10:44 A.M.**

**---**

(The following proceedings were held in open court out of the presence of the jury:)

THE CLERK:  Calling item No. 1, CR 16-66(A), USA versus Leroy D. Baca.

Counsel, state your appearances, please.

MR. FOX:  Good morning, Your Honor.

Brandon Fox and Eddie Jauregui on behalf of the United States.  Also with us at counsel table is Special Agent David Dahle with the FBI.

THE COURT:  Good morning.

MR. HOCHMAN:  Good morning, Your Honor.

Nathan Hochman, Tinos Diamantatos, and Brianna Abrams, and we are joined by Leroy Baca who is at counsel table with us, Your Honor.

THE COURT:  Let me see counsel at sidebar.

(Further proceedings were held under seal, reported but not included herein.)

**UNITED STATES DISTRICT COURT**

6

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**10:47 A.M.**

**---**

(The following proceedings were held in open court in the presence of the jury:)

THE COURT:  All right.  We'll let you know if we hear anything.

MR. HOCHMAN:  Thank you, Your Honor.

MR. FOX:  Thank you, Your Honor.

(A recess was taken at 10:47 a.m.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**11:22 A.M.**

**---**


        (The following proceedings were held in

    open court out of the presence of the jury:)

            THE COURT:  The record should reflect that all

counsel and the defendant are present.  I'd like to see counsel

at sidebar.

        (Further proceedings were held under seal,

    reported but not included herein.)

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**11:32 A.M.**

**---**

(The following proceedings were held in open court out of the presence of the jury:)

THE COURT:  I'll be back up.

Let me see counsel at sidebar.

(Further proceedings were held under seal, reported but not included herein.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**11:38 A.M.**

**---**

(The following proceedings were held in

open court in the presence of the jury:)

THE COURT:  I'm going to ask the alternates to come forward.  If you'll just take an empty chair here in the jury box.

I just wanted to let you know, since we hadn't had a chance to talk in a couple days, that the jury is continuing to deliberate.  And I wanted to remind you that, while you're waiting in the jury assembly room, you're not to discuss this case with anyone including your fellow alternates, people involved in the trial, your family members, or anyone else, nor are you permitted to allow others to approach you and try to talk to you about this case.

This includes discussing the case on the Internet, in chat rooms, through blogs, bulletin boards, by e-mails or text messages.  If anyone approaches you and tries to talk with you about this case, please let me know about it immediately.

Do not read, watch, or listen to any news reports or other accounts about the trial with anyone associated with it.  Do not do any research such as consulting dictionaries,

**UNITED STATES DISTRICT COURT**

searching the Internet, or using other reference materials. And do not make any investigation about the case on your own. If you need to speak with me, simply give a note to the clerk.

Now, it's important that you remain in the jury assembly room. If for any reason you need to leave that area, please notify one of the officials -- and there's always going to be somebody down there -- and then we'll have one of the court security officers escort you wherever you need to go.

As alternate jurors, you're bound by the same rules that govern the conduct of jurors who are sitting on the panel deliberating. You should not form or express any opinion about the case until after you've been substituted in for one of the deliberating jurors on the panel or until the jury has been discharged.

Now, I know that area down in the jury assembly room is kind of broad, but what we're going to do is we're going to ask you to be in that area sort of around in the back where the computers are and if you confine yourself to that area.

If you have any questions, simply give a note to one of the clerks, and we'll be happy to respond to it. They'll see that I get the note, and I'll be happy to respond to it.

All right. Thank you very much for your service. I'm going to have one of the court security officers escort you

back to the jury assembly room.

(The following proceedings were held in open court out of the presence of the jury:)

THE COURT:  Is there anything else?

MR. FOX:  No, Your Honor.  Unless you want to discuss schedule.  I mean, at some point we're going to have to discuss schedule if things don't change today.  I think yesterday you discussed the jury being back Friday.  We didn't go back in our notes and see if any of them were supposed to be out of town.  I don't know if you've given that any further thought.

THE COURT:  I suspect that, if anybody can't be here tomorrow or they have plans, they'll let us know.  So assuming we don't hear anything today, I'll plan on being here tomorrow.

MR. FOX:  As will we.

MR. HOCHMAN:  Nothing from the defense, Your Honor.

THE COURT:  All right.  Thank you very much.

(A recess was taken at 11:42 a.m.)

UNITED STATES DISTRICT COURT

12

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**12:20 P.M.**

**---**

(The following proceedings were held in

open court in the presence of the jury:)

THE COURT:  All right.  The record should reflect that counsel for both parties are present as is the defendant.

May I see counsel at sidebar.

(Further proceedings were held under seal,

reported but not included herein.)

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**1:16 P.M.**

**---**

(The following proceedings were held in open court in the presence of the jury:)

THE COURT:  If I could have counsel join me at sidebar.

(Further proceedings were held under seal, reported but not included herein.)

**UNITED STATES DISTRICT COURT**

14

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**1:16 P.M.**

**---**

(The following proceedings were held in open court in the presence of the jury:)

THE COURT:  Is there anything else?

MR. HOCHMAN:  Nothing further from the defense, Your Honor.

MR. FOX:  No, Your Honor.

THE COURT:  Thank you.

UNIDENTIFIED AUDIENCE MEMBER:  Your Honor, I can't speak?

THE COURT:  Unless you're a lawyer and if you have something that you want to proffer, I suggest you get a lawyer and have them address the Court.

(A recess was taken at 1:16 p.m.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**1:43 P.M.**

**---**

(The following proceedings were held in open court in the presence of the jury:)

THE COURT:  We have another note.

The record should reflect all attorneys are present as well as the defendant.

If I can have counsel over at sidebar, please.

(Further proceedings were held under seal, reported but not included herein.)

(A recess was taken at 1:56 p.m.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**2:05 P.M.**

**---**

(The following proceedings were held in

open court out of the presence of the jury:)

THE COURT:  If I could see counsel at sidebar.

(Further proceedings were held under seal,

reported but not included herein.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**2:11 P.M.**

**---**

(The following proceedings were held in open court out of the presence of the jury:)

UNIDENTIFIED AUDIENCE MEMBER:  Your Honor, I would respectfully ask to address the Court.  I don't have an attorney present, but I don't have one at my beck and call, and this is a pressing matter, and I'm standing up on behalf of the public.

May I address you, sir?

THE COURT:  No.  Thank you.

UNIDENTIFIED AUDIENCE MEMBER:  We have tried to address you via note.

THE COURT:  Excuse me, Miss.  If you don't sit down, I'll have you removed.

UNIDENTIFIED AUDIENCE MEMBER:  That's fine, sir.  But this is a public -- this is a matter of public interest.

THE COURT:  It may be a matter of public interest.  There is no judge in this court and none of the parties have objected to taking these matters up at sidebar.  They are sensitive issues, and those issues were taken up at sidebar, and there isn't a judge in this courthouse that would have discussed those issues in public and not at sidebar.  And

**UNITED STATES DISTRICT COURT**

I'm sorry --

UNIDENTIFIED AUDIENCE MEMBER:  I appreciate that. I just wanted to know what's happening.

THE COURT:  I understand that.  And I have to balance your need to know what's happening with the integrity of the process and the defendant's right to a fair trial.  And I've asked each of the parties whether or not they wanted to have those discussions in open court so that everybody can hear them, and nobody wanted to do that.

UNIDENTIFIED AUDIENCE MEMBER:  Well, I appreciate your response.  Thank you.

THE COURT:  All right.  Let's bring the jury in.

(The following proceedings were held in open court in the presence of the jury:)

THE COURT:  All right.  Ladies and gentlemen, I've received your note, and as I understand it, the jury believes at this point that it is unable to reach a unanimous verdict on Counts 1 and 2.

Who is your foreperson?  All right.

Sir, if you could just answer these questions "yes" or "no."

In your opinion, is the jury unable to reach a verdict as to one or more counts?

JUROR NO. 11:  I'm sorry?  Repeat that.

THE COURT:  Yeah.  I'll repeat it.

**UNITED STATES DISTRICT COURT**

In your opinion, is the jury unable to reach a verdict as to one or more counts?

JUROR NO. 11:  Yes.

THE COURT:  All right.  Now, I'm going to address this to all of the jurors.  If any of you disagree with the foreperson's opinion, if you'd just raise your hand and let me know now.

And the record should reflect that there were no hands raised in response to that question.

And let me ask the foreperson again.  Sir, is there a reasonable probability that the jury could reach a unanimous verdict if sent back into the jury room for further deliberations?

JUROR NO. 11:  No, Your Honor.

THE COURT:  All right.  Thank you.

Now I'm going to ask this to all of the jurors.  Without stating where any juror stands, do any of you believe there is a reasonable probability that the jury can reach a unanimous verdict if sent back into the jury room for further deliberations?

Okay.  Just raise your hand.  And the record should reflect that no hands were raised in response to my questions.

All right.  If I could see counsel at sidebar, please.

UNITED STATES DISTRICT COURT

(Further proceedings were held under seal,

reported but not included herein.)

UNITED STATES DISTRICT COURT

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**2:28 P.M.**

**---**

(The following proceedings were held in

open court in the presence of the jury:)

THE COURT:  Just one moment, ladies and gentlemen.

(A pause in the proceedings.)

(Further proceedings were held under seal,

reported but not included herein.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**2:29 P.M.**

**---**

(The following proceedings were held in open court in the presence of the jury:)

THE COURT:  All right, ladies and gentlemen.  The Court finds that the jury is hopelessly deadlocked.  So I am -- I want to thank you for your services in this case.

Our constitutional framers recognized that trial by jury is the essence of a free Government.  Jury service is a right that our forefathers fought for and men and women are fighting for today because of its importance in the governing of a democratic society.  For the jury to perform this historic and beneficial role in our democracy, it must be constituted with people like yourselves who are willing to serve.

As a society, we've given to the people the power to make the ultimate determination of whether or not to deprive a fellow citizen of life, liberty, or property in criminal cases.  I'm proud of the fact that citizens like you are willing to serve on juries, and you will be dismissed with a thanks of the Court.

I'm going to just leave you with a couple of other thoughts.

Now, that the case has been concluded, some of

**UNITED STATES DISTRICT COURT**

you may have questions about the confidentiality of the proceedings.  Many times jurors ask if they're now at liberty to discuss the case with anyone, and now that the case has concluded, you are, of course, free to discuss it with any person you choose.

By the same token, however, I would advise you that you're under no obligation whatsoever to discuss this case with any person.  And if you do decide to discuss the case with anyone, I would suggest that you treat it with the same degree of seriousness and that, whatever you do decide to say, you'd be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Also, always bear in mind that, if you do decide to discuss the case, that the other jurors fully and freely stated their opinions with the understanding that they were being expressed in confidence.  So please respect the privacy of the views of your fellow jurors.

I'm going to ask that you return to the jury room, and I'm just going to come in and personally thank you for your service in this case.

(The following proceedings were held in open court out of the presence of the jury:)

THE COURT:  All right.  I'm just going to take a moment and thank the jury personally for their service in this case, and then we will have some other matters to attend to.

May I see counsel at sidebar.

(Further proceedings were held under seal,

reported but not included herein.)

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**2:47 P.M.**

**---**

(The following proceedings were

held in open court:)

THE COURT:  All right.  After considering the arguments of counsel, the Court has considered the fact that the jurors were all in agreement that no further deliberations would be fruitful in arriving at a verdict in this case.  I've considered both the foreperson's view and the jurors' collective opinion.

I've considered the length of the deliberations in this case.  The jury deliberated more than 24 hours by my count.  Considered the length of the trial.  The actual trial started on the 6th of December.  I believe testimony started on the 7th.  I've considered the complexity of the issues presented to the jury.  I find that there were terribly complex -- it was just a question of determining the intent.

I've considered the possible effects of exhaustion on behalf of the jury as well as the communications by the individual jurors and the note by the foreperson indicating that they could not reach a unanimous verdict on Counts 1 and 2.  I've considered the fact that possible effects

**UNITED STATES DISTRICT COURT**

of coercion, based on the individual juror's statement to the Court, and the Court finds that there was a manifest necessity to declare a mistrial in this case in taking all those factors into account.

I believe that the ends of the public are served by declaring a mistrial in this case, and otherwise, in the Court's view, the ends of public justice would otherwise be defeated.

Okay.  May I see counsel at sidebar.

(Further proceedings were held under seal,

reported but not included herein.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**2:57 P.M.**

**---**

(The following proceedings were held in open court out of the presence of the jury:)

THE COURT:  Why don't we set a status conference for -- I know we had discussed a couple dates.  Are counsel not available the week of January 2nd?

MR. HOCHMAN:  Yes, Your Honor.  Most of what got scheduled -- was scheduled in December got shifted into that first week of January.  So the second week of January is open, Your Honor.  The week of the 16th is -- I'll be out of town back on January 22nd.

THE COURT:  All right.  How is -- how about January 10th at 11:00?

MR. HOCHMAN:  That's fine, Your Honor.

MR. FOX:  Thank you, Your Honor.

MR. DIAMANTATOS:  Thank you, Your Honor.

THE COURT:  All right.  Anything else?

MR. FOX:  No, Your Honor.

We still have one thing that we'll have to discuss is we still have the pending motion with respect to Count 3.  We'll file a Speedy Trial Act stipulation if the defense will agree to it with respect to all counts before the

next status.

MR. HOCHMAN:  We'll certainly consider whatever they propose, Your Honor.

THE COURT:  Yes.  There is a motion with respect to Count 3.  All right.  There is a speedy trial issue.  Is the defense unwilling to waive the speedy trial deadline at this point?

MR. HOCHMAN:  This is with respect to -- my only hesitation, Your Honor, is, when the Government proposes a stipulation, I just want to see it before I agree to it.

THE COURT:  All right.  I understand that.

MR. HOCHMAN:  Otherwise, Your Honor, to the extent there is a pending motion out there, I believe it would cover --

THE COURT:  Well, let's go to sidebar.

(Further proceedings were held under seal,

reported but not included herein.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 22, 2016**

**3:05 P.M.**

**---**


(The following proceedings were

held in open court:)

THE COURT:  Is there anything else?

MR. FOX:  No, Your Honor.

MR. HOCHMAN:  No, Your Honor.

THE COURT:  All right.  Thank you.

MR. HOCHMAN:  Thank you, Your Honor.

MR. FOX:  Thank you, Your Honor.

(Proceedings concluded at 3:05 p.m.)

**UNITED STATES DISTRICT COURT**

CERTIFICATE OF OFFICIAL REPORTER

I, MIRANDA ALGORRI, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS  14TH  DAY OF JANUARY, 2017.


/S/ MIRANDA ALGORRI

MIRANDA ALGORRI, CSR NO. 12743, CRR
FEDERAL OFFICIAL COURT REPORTER

**UNITED STATES DISTRICT COURT**