Nathan J. Hochman, SBN 139137
Brianna Leigh Abrams, SBN 239474
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA 90404-4082
Tel: +1.310.255.9025
Fax: +1.310.907.2025
e-mail: nathan.hochman@morganlewis.com
e-mail: brianna.abrams@morganlewis.com

Attorneys for Defendant
LEROY BACA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY BACA,<br><br>Defendant. | Case No. CR 16-66 (A) - PA<br><br>**DEFENDANT LEROY BACA'S POSITION RE: SENTENCING HEARING DATE**<br><br>Hearing date:   No hearing date set |

Defendant Leroy Baca, by and through his attorneys of record, hereby submits his Position re: Sentencing Hearing Date.

On March 15, 2017, a jury found Mr. Baca guilty on three counts: conspiracy, obstruction of justice, and false statement. Normally, the Court would order a Presentence Report (PSR") prepared by the U.S. Probation Office. The Court would typically schedule a sentencing hearing in approximately 10 weeks after the verdict in order to provide adequate time for the U.S. Probation Office and/or the parties to:

(i) provide relevant information to the U.S. Probation Officer concerning the offense, the factors involved in the guidelines analysis as well as potential

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31214747.1

departures and variances, and the medical, financial, and personal background of the defendant,

(ii) receive the initial PSR at least 35 days prior to sentencing (Federal Rules of Criminal Procedure 32(e)(2),

(iii) file any objections to that report (F.R.Crim.P. Rule 32(f)(1)),

(iv) receive any U.S. Probation Office's addendum to the PSR addressing those objections (F.R.Crim.P. Rule 32(g)), and

(v) submit their respective sentencing positions prior to the sentencing hearing date.

Here, the government seeks to rush this process not because Mr. Baca is a flight risk -- he is not; not because he is a danger to the community -- he is not; but only because of his Alzheimer's disease. The progression of that disease is something in which neither counsel for the government or the defense are experts and which counsel must rely on experts in the field to assist them in providing comprehensive information to the Court to evaluate Mr. Baca's Alzheimer's disease's impact on an appropriate sentence for Mr. Baca.

While the government believes that the Court has all the information necessary from the prior sentencing in July 2016 not to require a new PSR under F.R.Crim.P Rule 32(c)(1)(A)(ii), such is not the case for the following reasons.

First, the original case before the Court was based on Mr. Baca's guilty plea to a single false statement count. The conspiracy and obstruction of justice counts had not even been charged at that point when the first sentencing occurred. As a result, the original PSR's guidelines, departure and variance analyses, as well as the evidence relied on by the Probation Office and the parties in their sentencing positions, were all based on that guilty plea to the sole false statement count and not on any conviction on the conspiracy and obstruction of justice counts. Presumably, the guideline analysis will change based on the guilty verdict for the conspiracy and obstruction of justice counts. Thus, the new PSR will need to account for any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31214747.1

2

DEFENDANT LEROY BACA'S POSITION
RE SENTENCING HEARING DATE
CASE NO. CR 16-66 (A) - PA

additional evidence and factual and legal analyses in this regard, evaluating the case under a new guideline section and determining which specific offense adjustments are applicable as well as any potential departures or variances. Such analysis was not done in the original PSR. As such, the U.S. Probation Office will need sufficient time to receive the information from counsel, prepare a new PSR, issue its draft report 35 days prior to sentencing, receive any objections to that report, and then issue any addendum warranted by the objections. The parties will then need adequate time to prepare sentencing positions.

Second, Mr. Baca's Alzheimer's disease is, as the Court is aware, a progressive, incurable disease leading eventually to terminal dementia. In order to determine its progression since the July 2016 initial sentencing date -- and since the September and October 2016 evaluations Mr. Baca had in connection with competency and pre-trial motions -- and its impact on sentencing, Mr. Baca will have two experts evaluate him. The first expert will be Dr. Helena Chui, one of the leading experts in the Alzheimer's disease field and someone who has worked with Mr. Baca since 2015. In addition, the defense will be retaining a second Alzheimer's disease expert (which we will be finalizing this week) to render an expert opinion on Mr. Baca's Alzheimer's disease to assess its impact on sentencing. Defense counsel estimates that the time it will take to have these experts perform any tests they determine necessary on Mr. Baca, evaluate the results of these tests, and prepare reports for the Court on their findings will be approximately 4-5 weeks. Such information is absolutely crucial in this case for the Court to have prior to any sentencing in this matter.

Third, as mentioned by defense counsel at sidebar, defense counsel will be out of the state for most of two weeks starting on March 26, 2017, and mostly unable to work on the sentencing issues of this case.

Accordingly, given the time necessary for the Probation Officer to prepare a new PSR, the parties to object to it, the addendum to be prepared, the parties to file

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31214747.1

3

DEFENDANT LEROY BACA'S POSITION
RE SENTENCING HEARING DATE
CASE NO. CR 16-66 (A) - PA

their sentencing positions, as well as the defense obtaining expert evaluations and reports for the Court to consider at sentencing concerning Mr. Baca's Alzheimer's disease, Mr. Baca respectfully requests that the Court schedule his sentencing hearing date at approximately 10 weeks after his verdict on May 31, 2017 or thereafter. As stated above, Mr. Baca is neither a flight risk nor a danger to the community necessitating an earlier sentencing date.

Mr. Baca's sentence and the process leading up to it are way too important to be improperly rushed.

Respectfully submitted,

Dated:    March 20, 2017    MORGAN, LEWIS & BOCKIUS LLP

By  /s/ NATHAN J. HOCHMAN /s/
Nathan J. Hochman
Brianna L. Abrams
Tinos Diamantatos
Attorneys for Defendant
LEROY BACA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SANTA MONICA

DB2/ 31214747.1

4

DEFENDANT LEROY BACA'S POSITION
RE SENTENCING HEARING DATE
CASE NO. CR 16-66 (A) - PA