UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR16-66(A) PA |
| Plaintiff, | FINDINGS RE USE OF ANONYMOUS JURY |
| v. | |
| LEROY BACA, | |
| Defendant. | |

The Court finds that it is appropriate to empanel an anonymous jury in the above-entitled matter for the following reasons:

1.      Defendant Leroy Baca ("defendant"), the former Sheriff of the Los Angeles County Sheriff's Department ("LASD"), is alleged to have engaged in an organized criminal conspiracy in which defendant had the ultimate power and decision-making authority.

2.      The conspiracy involved multiple high-ranking law enforcement officers. Based on his former position of authority, defendant is extremely likely to have present connections to law-enforcement officers with the ability to access jurors' private information.  Jurors have expressed apprehension the ability of defendant's co-conspirators' ability to access their private information and safety concerns in two factually and legally related criminal trials before this Court.

3.     In this case, Defendant is alleged to have interfered with the judicial process and witnesses by hiding a federal informant, disobeying a federal writ for testimony, tampering with witnesses, and intimidating federal officers.  While Mr. Baca is presumed innocent of these charges, others associated with Mr. Baca have been found guilty beyond a reasonable doubt by three separate juries of interfering with the judicial process.

4.     Defendant, if convicted, may suffer a lengthy period of incarceration of up to ten years' imprisonment for obstruction of justice and five years' imprisonment for conspiring to do so and for making false statements to governmental agencies  18 U.S.C. §  1503(b)(3); 18 U.S.C. § 371; 18 U.S.C. § 1001.  Others proven guilty of the conspiracy have been sentenced to terms of imprisonment of up to 60 months.

5.     This case has already attracted publicity and the Court expects it will be followed by the media, thereby enhancing the possibility that jurors' names would become public.  Such exposure could lead to potential intimidation and harassment, as well as interference with the judicial process.

6.     This procedure will also protect the defendant and allow him to receive a fair trial and protect the integrity of the judicial process.  In addition, an anonymous jury will ensure that the jurors are not exposed to the litigation history of the case.

7.     Instructing the jury at the beginning of jury selection and at the beginning of trial that an anonymous jury procedure is commonplace and is being utilized in order to protect juror privacy, to ensure that the parties receive a fair trial, and that the reasons for juror anonymity have nothing to do with the guilt or innocence of the defendant, will safeguard against any potential prejudice that might otherwise result from the use of an anonymous jury procedure.

DATED: March 26, 2017                                 _____

Percy Anderson
UNITED STATES DISTRICT JUDGE

-2-