UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 16-66 PA | | Date | May 10, 2017 |
|---|---|---|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Interpreter | None |
|---|---|

| V.R. Vallery | Not Reported | Brandon Fox (Not present) Lizabeth Rhodes (Not present) Eddie Jauregui (Not present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Leroy Baca | Not | | X | Nathan Hochman | Not | | X |

**Proceedings:**   IN CHAMBERS - ORDER

The Court has received a "Supplemental Sentencing Position -- Bail Pending Appeal" filed by defendant Leroy Baca ("Defendant") (Docket No. 369). Although the document is titled as a "Supplemental Sentencing Position," the document does not respond to any of the arguments contained in the Government's Sentencing Memorandum or the Government's Response to Defendant's Sentencing Position and Objections to PSR. Instead, Defendant's "Supplemental Sentencing Position" is properly viewed as a Motion for Bond Pending Appeal.

As a Motion for Bond Pending Appeal, the Motion suffers from numerous procedural deficiencies. The Motion does not indicate that the moving party attempted to conduct a conference of counsel prior to filing the Motion as required by Local Civil Rule 7-3. See Local Criminal Rule 57-1 (applying the Local Civil rules to criminal proceedings when those Rules are "applicable directly or by analogy"). The Motion also exceeds the page limitation contained in Local Civil Rule 11-6 and does not include a proposed order as required by Local Rule 7-20. Perhaps most importantly, the Motion was filed just two days prior to the hearing date set on the title page of the Motion, and therefore violates the requirements for a noticed motion contained in Local Civil Rule 6-1. By filing the Motion on just two days notice, Defendant has deprived both the Government and the Court of adequate time to prepare for the issues raised in the Motion. Nor has Defendant satisfied the requirements for ex parte relief or even attempted to justify having the Motion heard on shortened time.

For all of the foregoing reasons, the Court denies Defendant's Motion for Bond Pending Appeal without prejudice to its being re-filed in compliance with the Court's rules.

IT IS SO ORDERED.