UNITED STATES DISTRICT COURT FEDERAL JUDGES AND FOR LOS ANGELES COUNTY SHERIFFS DEPARTMENT (LASD) TO TURN A BLIND EYE TO LASD OWN RECORDS RESULTS IN:

- FAILURE TO INVESTIGATE ONE OF OWN [LASD DEPUTY BAILIFF KELLY C. MARCHELLO #50366] AND/OR
- PARTICIPATION IN ANOTHER LASD COVER-UP.

AFTER ALL, IT WAS DISCOVERED AND DOCUMENTED DURING THE LASD SCANDAL WHICH RESULTED IN MORE THAN 18 CONVICTIONS OF LASD OFFICIALS INCLUDING FORMER LASD SHERIFF LEROY D. BACA THAT:

ONCE A LASD DEPUTY SHERIFF WRITES ABOUT AN INCIDENT IN A REPORT, THE DEPUTY SHERIFF HAS TO STICK TO THAT VERSION OF EVENTS, EVEN IF THEY ARE LIES, FROM THAT POINT FORWARD.

A LOS ANGELES SHERIFF'S DEPUTY KNOWS AND UNDERSTAND THAT HE OR SHE IS NEVER SUPPOSED TO GO AGAINST HIS OR HER PARTNERS PLEASE SEE (EXHIBIT-6)

THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT REMOVAL ORDERS SENT TO IAB SGT. WATTERS, SGT. HERNANDEZ AND OFFICE OF THE SHERIFF, COURT SERVICES CAPTAIN LAWRENCE E. DEL MESE / LT. CRUZ SOLIS

6.

IN 2016 ARE CRYSTAL CLEAR EVIDENCE THAT LASD DEPUTY BAILIFF KELLY, C. MARCHELLO #503663 MALICIOUSLY LIED TO THE COURT ON 5-20-11 ABOUT ANTHONY BROWN BKG. NO. 2009547 REFUSING COURT (A LIE) AND THAT I/M BROWN WAS ON THE TRIAL LIST (ALSO A LIE).

L.A. COUNTY SHERIFF'S DEPT. REMOVAL ORDERS / INMATE TOTAL MOVEMENT HISTORY OF ANTHONY BROWN WAS FIRST OBTAINED IN 2011 THEN IN 2012 AND FINALLY IN 2016 ALL ARE IDENTICAL, AND CLEARLY SHOW THAT NO L.A. COUNTY SHERIFF'S DEPT. REMOVAL ORDER WAS COMPLETED ON 5-19-2011 FOR IN-CUSTODY DEFENDANT ANTHONY BROWN BKG. NO 2009547 TO APPEAR IN COURT ON 5-20-2011.

THE SAME EXCAT LASD REMOVAL ORDERS IS EVIDENCE THAT LASD DEPUTY BAILIFF KELLY, C. MARCHELL #503663 PUT ANTHONY BROWN ON THE TRIAL LIST ON MAY 23, 2011 FOR MAY 24, 2011. DESPITE LASD DEPUTY MARCHELLO'S MALICIOUS LIES TO THE COURT. SEE RECORDED TRANSCRIPTS FOR MAY 20, 2011 PAGE 616 LINE 21-26, ALSO SEE RECORDED TRANSCRIPTS FOR MAY 23, 2011 PAGE 908 & 909 WHICH ARE LASD DEPUTY BAILIFF MARCHELLO'S OWN WORDS ON THE RECORD. SAID RECORDED TRANSCRIPTS WERE PROVIDED TO LASD IAB SGT. WATTERS / SGT. HERNANDEZ ALSO PROVIDED TO OFFICE OF THE SHERIFF / COURT SERVICES CAPT. LAWRENCE E. DEL MESE AND LT. CRUZ SOLIS IN 2016

7.

HOWEVER, SAID TRANSCRIPTS ARE AVAILABLE UPON REQUEST.

THE EVIDENCE ( L.A. COUNTY SHERIFF'S DEPT. REMOVAL ORDERS ) CANNOT BE DISPUTED UNDER ANY AND ALL CIRCUMSTANCES FURTHER, THE REMOVAL ORDERS ARE CONSISTENT WITH BOTH THE LOS ANGELES COUNTY SHERIFF'S DEPT. INMATE TOTAL MOVEMENT HISTORY OF ANTHONY BROWN BKG NO. 2009547 ALSO CONSISTENT WITH SUPERIOR COURT COUNTY OF LOS ANGELES COURT RECORDS.

BASED ON LASD DEPUTY BAILIFF KELLY C. MARCHELLO #503663 ON THE RECORD MALICIOUS LIES TO THE COURT ON MAY 20, 2011. THE COURT TOLD BROWN " THE COURT: NO I'M DONE. I DON'T BELIEVE A WORD YOU HAVE TO SAY." SEE R.T. FOR 5-20-11 (MAY 20, 2011) PAGE 617 LINE 7-8 (ALSO PROVIDED IN 2016)

ON JUNE 27, 2011 THE COURT TOLD ANTHONY BROWN " THE COURT: WELL MR. BROWN, I'M NOT GOING TO GET INTO A TRIAL BETWEEN YOU AND THE BAILIFF. IF I HAD TO CHOOSE ONE TO BELIEVE OVER THE OTHER, I THINK I KNOW WHICH WAY".

TURNS OUT, LOS ANGELES SHERIFF'S DEPARTMENT OWN RECORDS IS CLEAR EVIDENCE THAT LASD DEPUTY BAILIFF KELLY C. MARCHELLO # 503663 DEFINITELY LIED TO THE COURT ON MAY 20, 2011 AND DEPUTY MARCHELLO FABRICATED EVIDENCE ON MAY 23, 2011

8.

(COURT'S EXHIBIT-B) TO COVER-UP THE LIES SHE TOLD TO THE COURT ON MAY 20, 2011.

AS A RESULT OF LASD DEPUTY BAILIFF MARCHELLO'S LIES TO THE COURT ON 5-20-2011 AND 5-23-2011 THE COURT ERRONEOUSLY REVOKED ANTHONY BROWN'S PRO-PER STATUS BASED ON THE LIES OF LASD DEPUTY BAILIFF KELLY C. MARCHELLO #503663 (FARETTA ERROR) VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

IS THIS ANOTHER LASD CORRUPT COVER-UP?

THERE IS NO WAY I SHOULD HAVE RECEIVED THE MARCH 14, 2016 LETTER FROM OFFICE OF THE SHERIFF, COUNTY OF LOS ANGELES. HALL OF JUSTICE / CAPT. LAWRENCE E. DEL MESE. WHICH STATED: " WE WERE UNABLE TO CONFIRM ANY IMPROPER ACTIONS OCCURRED" (EXHIBIT-5)

ON FEBRUARY 21, 2017 THE UNITED STATES DISTRICT COURT FEDERAL MAGISTRATE JUDGE ISSUED THE REPORT AND RECOMMENDATION RE: LAPD DETECTIVE VERONICA CONRADO, (LEAD DETECTIVE OF CASE BA360020) LAPD DETECTIVE GUERRA, AND UNKNOWN LASD DEPUTIES. ON MARCH 29, 2017 THE UNITED STATES DISTRICT JUDGE SIGNED THE ORDER ACCEPTING REPORT AND ADOPTING

9.

FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE. BOTH THE REPORT & RECOMMENDATION / ORDER ARE NOW MARKED AS (EXHIBIT-7)

WHEN LASD IAB SGT. DELICIA HERNANDEZ AND SGT. DENNIS WATTERS CAME TO INTERVIEW ME ON OCTOBER 26, 2015 AT CENTINELA STATE PRISON WHICH LASTED FOR 3 HOURS OR MORE AND WAS TAPED BY RECORDED. I DID TALK ABOUT WHAT HAPPEN ON 4-19-2011 (LAPD DET. CORRADO & UNKNOWN LASD DEPUTIES) HOWEVER, MY PRIMARY COMPLAINT WAS ABOUT LASD DEPUTY BAILIFF KELLY C. MARCHELLO #503663 AND I PROVIDED EVIDENCE TO IAB TO SUPPORT WHAT OCCURRED ON MAY 20, 2011 RE: DEPUTY BAILIFF MARCHELLO #503663. HOWEVER, I RECEIVED THE LETTER FROM LASD CAPTAIN DEL MESE ON MARCH 14, 2016 (EXHIBIT-5)

THEREFORE, WHEN I RECEIVED THE LETTER FROM THE OFFICE OF THE SHERIFF, COUNTY OF LOS ANGELES DATED APRIL 03, 2017 (EXHIBIT-1) EXPLAINING THAT SGT. STEVEN WYATT WOULD BE INVESTIGATING COMPLAINT (COMMENT REPORT #242157) DATED NOVEMBER 16, 2015. IT WAS A JOKE TO ME. BECAUSE WHEN I WAS SENT A LETTER FROM THE OFFICE OF THE SHERIFF DATED DECEMBER 01, 2015 EXPLAINING THAT LASD

10.

LT. CRUZ SOLIS OF CLARA SHORTRIDGE FOLTZ COURTHOUSE, COURT SERVICES CENTRAL BUREAU WOULD BE INVESTIGATING MY COMPLAINT AGAINST LASO DEPUTY BAILIFF KELLY C. MARCHELLO # 503663 [ COMMENT REPORT # 242158 ] (EXHIBIT-2)

HOWEVER, I WAS NEVER EVER INFORMED THAT THERE WAS [ COMMENT REPORT # 242157 ] UNTILL I RECEIVED THE LETTER ON APRIL 11, 2017 DATED APRIL 03, 2017 MORE THAN 523 DAYS AFTER MEETING WITH LASO IAB SGT HERNANDEZ & SGT. WATTERS ON OCTOBER 26, 2015 WHEN I HANDED SGT WATTERS ▓▓▓▓▓ EVIDENCE TO SUPPORT MY COMPLAINT OF LASO DEPUTY BAILIFF MARCHELLO # 503663 AND HER ACTIONS ON MAY 20, 2011 / MAY 23, 2011 AND JUNE 27, 2011

I ALSO EXPLAINED THAT LASO DEPUTY MARCHELLO HELP COVER-UP LAPD DETECTIVE CONRADO'S QUESTIONABLE MISCONDUCT. BY TELLING THE COURT I REFUSED TO COME TO COURT TO PREVENT ME FROM PRESENTING EVIDENCE TO THE JURY THAT WOULD UNDERMIND LAPD DETECTIVE CONRADO'S CASE AGAINST ME.

THIS REMINDS ME OF WHEN I SENT A LETTER TO LAPD INTERNAL AFFAIRS DIVISION TO MAKE A COMPLAINT AGAINST LAPD DET. CONRADO ON

11.

APRIL 20, 2012 (EXHIBIT-8) AND THEY DID NOT RESPOND UNTILL DECEMBER 10, 2013 - THE DAY AFTER THE 18 LASD OFFICIALS WERE ARRESTED BY THE FBI ON DECEMBER 09, 2013

SAID LETTER FROM LAPD INTERNAL AFFAIRS DIV. EXPLAINED THE INVESTIGATION RE: MY COMPLAINT HAS GONE THROUGH SEVERAL LEVELS OF REVIEW AND THAT THERE WAS INSUFFICIENT INFORMATION AVAILABLE TO INVESTIGATE, OR ADJUDICATE THE ALLEGATION MADE. RESPOND LETTER ALSO (EXHIBIT-8)

FINALLY THE LAPD INTERNAL AFFAIRS FILE # 12-001589 IS EVIDENCE THAT LAPD INTERNAL AFFAIRS NEVER EVER CAME TO INTERVIEW ME TO OBTAIN INFORMATION TO INVESTIGATE MY COMPLAINT. ALTHOUGH, I PROVIDED MY ADDRESS CDCR # AND LOCATION OF THE PRISON ON THE LETTER I SENT WHEN MAKING MY COMPLAINT (EXHIBIT-8) ON APRIL 20, 2012. CDCR CONFIRMED THAT MY NAME MATCHED THE CDCR # ON THE LETTER I SENT TO LAPD INTERNAL AFFAIRS HOWEVER, LAPD INTERNAL AFFAIRS REFUSE TO COME INTERVIEW ME ABOUT MY COMPLAINT AND LAPD I A D USED THE EXCUSE CDCR DID NOT PROVIDE MY DATE OF BRITH (EXHIBIT-8) SINCE WHEN DO YOU NEED DATE OF BRITH TO MAKE A COMPLAINT TO LAPD I A D ?

12.

SO THE LETTER I RECEIVED ~~████~~ FROM LAPD ON DECEMBER 10, 2013 DATED NOVEMBER 27, 2013 RE: MY COMPLAINT CF NO. 12-001589 (EXHIBIT-8) MAKES THE FOLLOWING PEOPLE LIABLE IN LIGHT OF THE REPORT & RECOMMENDATION / ORDER FROM THE UNITED STATES DISTRICT COURT FEDERAL JUDGES (EXHIBIT-7) REGARDING LAPD DETECTIVE VERONICA CONRADO et al.

1. ERIC GARCETTI    MAYOR
2. SGT. ANDREW GARCIA    LAPD IAD
3. CHARLIE BECK    CHIEF OF POLICE
4. STUART A. MAISLIN   COMMANDER IAD

(SEE EXHIBIT-8 LETTER DATED NOVEMBER 27, 2013)

THE QUESTION I NOW POSE TO LASD INTERNAL AFFAIRS BUREAU IS:   WITH ALL THE EVIDENCE I HANDED TO IAB SGT. WATTERS AND SGT. HERNANDEZ ON 10-26-15 AFTER OUR 3 HOUR INTERVIEW AT CENTINELA STATE PRISON.   WHY? IS IT THAT MY COMPLAINT AGAINST LASD DEPUTY BAILIFF KELLY C. MARCHELLO #503663 WAS INVESTIGATED BY DEPUTY MARCHELLO'S COLLEAGUES WHO WORK AT THE CLARA SHORTRIDGE FOLTZ COURTHOUSE, COURT SERVICES CENTRAL BUREAU. THE SAME COURTHOUSE WHERE LASD DEPUTY BAILIFF KELLY C. MARCHELLO COMMITTED QUESTIONABLE MISCONDUCT UPON ME AND WORK WITH THE PEOPLE WHO SO CALLED INVESTIGATED HER ???? WAS IT TO

13.

GET THE OUTCOME OF, A LOS ANGELES SHERIFF'S DEPUTY KNOWS AND UNDERSTAND THAT HE OR SHE IS NEVER SUPPOSED TO GO AGAINST HIS OR HER PARTNER (EXHIBIT-6) ?

THE DOCUMENTS/EVIDENCE THAT WERE SUBPOENAED BY THE UNITED STATES DISTRICT COURT AND PRESENTED TO LASD IAB, LASD COURT SERVICES CENTRAL BUREAU IN SUPPORT OF LASD DEPUTY BAILIFF KELLY C. MARCHELLO'S #503663 QUESTIONABLE MISCONDUCT AGAINST ANTHONY BROWN THAT WAS PROVIDED BY LOS ANGELES COUNTY CUSTODIAN OF RECORDS, LASD IRC RECORDS, LASD LEGAL DEPT., AND SUPERIOR COURT RECORDS WILL CERTAINLY MAKE THE FOLLOWING LASD OFFICIALS ALSO LIABLE

1. LASD IAB SGT. DENNIS WATTERS
2. LASD IAB SGT DELICIA HERNANDEZ
3. LASD CAPTAIN LAWRENCE E. DEL MESE
4. LASD LT. CURZ SOLIS AND;
5. LASD WATCH COMMANDER RICHARD MARTINEZ

FOR PROTECTING LASD DEPUTY BAILIFF KELLY C. MARCHELLO # 503663 (ONE OF THEIR OWN) IGNORING HER QUESTIONABLE MISCONDUCT AND THE EVIDENCE OF DEPUTY MARCHELLO'S QUESTIONABLE MISCONDUCT THAT VIOLATED A MAN'S CIVIL AND CONSTITUTIONAL RIGHTS.

14.

So THANK YOUS FOR THE LETTER DATED APRIL 03, 2017  524 DAYS AFTER THE FACT, TALK ABOUT TIMELY MANNER (EXHIBIT-1)  HOWEVER, I KNEW HOW THIS STORY PLAYS OUT

ALSO SEE (EXHIBIT-9)

RESPECTFULLY SUBMITTED

ANTHONY BROWN SR

CC:

FBI

U.S. ATTY OFFICE

U.S. DISTRICT COURT JUDGES

ACLU

NAACP

MEDIA

15

PROOF OF SERVICE BY UNITED STATES MAIL

I, ANTHONY BROWN SR , am over the age of eighteen years, a resident and prisoner of the State of California with a present mailing address of: CENTINELA STATE PRISON, 2302 Brown Rd., Imperial, CA 92251.

On APRIL 19, 2017 , I served the following document(s): LETTER TO LASD INTERNAL AFFAIRS BUREAU LETTER TO FBI SPECIAL AGENT LEAH TANNER (nee MARX), AND LETTER TO ACTING U.S. ATTY BROWN / U.S. ATTY. W/ EXHIBITS ATTACHED by placing the document(s) in a sealed envelope(s), with First Class postage having been placed thereon. Delivered the envelope(s) to a Correctional Officer who then signed & dated the back of the envelope and s/he then deposited such envelope(s) in the prisons internal legal mail system for processing and delivery to the United States Postal Service, for delivery to the addressee(s):

- UNITED STATES DISTRICT JUDGES : PERCY ANDERSON, GEORGE H. KING, AND CHIEF JUDGE VIRGINIA A. PHILLIPS, 312 N. SPRING ST., #G-8 LOS ANGELES, CA 90012

- UNITED STATES ATTORNEY'S OFFICE, CENTRAL DISTRICT OF CALIFORNIA ATTN: ACTING U.S. ATTY. SANDRA R. BROWN / U.S. ATTY. 312 N. SPRING ST. SUITE 1200, LOS ANGELES, CA 90012

- U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION ATTN: AGENT IN CHARGE – 11000 WILSHIRE BLVD. LOS ANGELES, CA 90024

- NAACP LOS ANGELES
P.O. BOX 56408
LOS ANGELES, CA

- ACLU
ATTN: PETER ELIASBERG
1313 WEST 8TH STREET
LOS ANGELES, CA 90017

- SOCIAL MEDIA AND LOCAL MEDIA OF LOS ANGELES

I declare that there has been regular U.S. mail pick-up by the Correctional Officers at the prison where I posted the envelope(s) and regular communication by mail between the place of mailing and the place(s) so addressed.

I declare under penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct and the this declaration was executed on APRIL 19, 2017 , at Imperial County, in Imperial, California.

_____
Declarant

NOTE: Pursuant to the holdings in Houston v. Lack (1988) 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245; and, In re Jordan (1992) 4 Cal.4th 116, 13 Cal.Rptr.2d 878, 840 P.2d 983, (inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the institutions internal legal mail procedures).

# EXHIBIT 1



# OFFICE OF THE SHERIFF

## COUNTY OF LOS ANGELES

### HALL OF JUSTICE

JIM MCDONNELL, SHERIFF



April 3, 2017

Anthony Brown #V-79273
Centinela State Prison
El Centro, CA 92251

Dear Mr. Brown:

Your complaint dated November 16, 2015 documented on Watch Commander's Service Comment Report #242157, has been received and is being investigated by Sergeant Steven Wyatt of my command.  Enclosed is a copy of your complaint.

My goal is to ensure your complaint is fully investigated in a timely manner.  If at any time you need assistance concerning the status of your complaint, please contact Sergeant Steven Wyatt at (213) 974-5058.

Sincerely,

JIM McDONNELL, SHERIFF

Agustin Del Valle, Captain
Men's Central Jail

211 WEST TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012

*A Tradition of Service*
— *Since 1850* —

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
WATCH COMMANDER'S SERVICE COMMENT REPORT

242157

| Receiving Bur/Stn/Fac: IAB | Report Date: 11-16-15 | Time: 1207 | SC #: 2390125 |
|---|---|---|---|
| Investigating Bur/Stn/Fac: MCJ | URN #: | | IAB #: |

| Received By | Commendation | Personnel Complaint | | Service Complaint |
|---|---|---|---|---|
| ☐ Mail<br>☒ In Person<br>☐ Telephone<br>☐ 800 Line<br>☐ E-Mail/Fax<br>☐ Website | ☐ Application to Duties<br>☐ Commendable Restraint<br>☐ Exemplary Conduct<br>☐ Tactical Excellence | ☐ Criminal Conduct (All copies to Unit Cmdr)<br>☐ Discourtesy<br>☐ Dishonesty<br>☐ Unreasonable Force<br>☐ Improper Tactics<br>☐ Improper Detention, Search, or Arrest | ☐ Neglect of Duty<br>☐ Operation of Vehicles<br>☐ Off Duty Conduct<br>☐ Harassment<br>☐ Discrimination<br>☒ Other | ☐ Policy/Procedures<br>☐ Response Time<br>☐ Traffic Citation<br>☐ Other |

## Reporting Party Information

Recording of Contact with Reporting Party Submitted  Yes ☐  No ☐

| Last Name: BROWN | First Name: ANTHONY  # V-79273 | MI: | Sex: M | Age: | Race: B |
|---|---|---|---|---|---|
| Residence: CENTINELA STATE PRISON | City: EL CENTRO | | State: CA | | Zip: 92251 |
| Home Phone: | Work Phone: | Cell Phone: | | | |
| Home E-Mail Address: | | Work E-Mail Address: | | | |

Third Party:  Yes ☐   No ☒          Present at Incident:  Yes ☒   No ☐

Has any member of this Department attempted to discourage you in any way from bringing this matter to the attention of the Department?   Yes ☐  No ☐
If Yes, Who?

## Involved Party Information (If not Reporting Party)

| Last Name: | First Name: | MI: | Sex: | Age: | Race: |
|---|---|---|---|---|---|
| Residence: | City: | | | State: | Zip: |
| Home Phone: | Work Phone: | Cell Phone: | | | |
| Home E-Mail Address: | | Work E-Mail Address: | | | |

## Contact/Event Information

| Date: 4-19-11 | Time: 1015 | City or Station Area: MENS CENTRAL JAIL | RD: |
|---|---|---|---|

Location/Address:

Synopsis of Contact/Event: R/P BROWN STATES 6 UNKNOWN DEPUTIES HELD HIM WHILE AN LAPD DETECTIVE OBTAINED A DNA SAMPLE. THE DEPUTIES FAILED TO ENSURE A COURT ORDER WAS OBTAINED.   ☐ See Attached

| Was a Supervisor Present?  Yes ☐  No ☐ | Last Name: | First Name: | MI: | Rank: | |
|---|---|---|---|---|---|

## Witness Information

| Last Name: | First Name: | MI: | Race: | Sex: | Home Phone: | Work Phone: |
|---|---|---|---|---|---|---|
| Residence: | City: | | State: | Zip: | Cell Phone: | |
| Home E-Mail Address: | | Work E-Mail Address: | | | | |

## Involved Employee Information

| Last Name: UNKNOWN | First Name: | MI: | Work Phone: | Height: | Weight: |
|---|---|---|---|---|---|
| Last Name: | First Name: | MI: | Work Phone: | Height: | Weight: |

## Employee Witness Information

| Last Name: | First Name: | MI: | | Last Name: | First Name: | MI: |
|---|---|---|---|---|---|---|

## Watch Commander (Person Completing Report)

| Print Full Name: RICHARD MARTINEZ | Employee #: 248060 | Signature: R. Martinez |
|---|---|---|

# EXHIBIT 2





# OFFICE OF THE SHERIFF

## COUNTY OF LOS ANGELES

### HALL OF JUSTICE

JIM McDONNELL, SHERIFF

December 1, 2015

Mr. Anthony Brown
V-79273
Post Office Box 931 / D1-112
Imperial, California 92251

Dear Mr. Brown:

**WATCH COMMANDER'S SERVICE COMMENT REPORT #242158**

Your complaint has been received and is being investigated by Lieutenant Cruz Solis of Clara Shortridge Foltz Courthouse, Court Services Central Bureau. Your complaint will be immediately and thoroughly reviewed, and the results of the review will be conveyed to you upon its completion.

My goal is to ensure your complaint is fully investigated in a timely manner. Please feel free to contact Lieutenant Solis any time at 213-974-6354 regarding the status of your complaint.

Sincerely,

JIM McDONNELL, SHERIFF

Lawrence E. Del Mese, Captain
Court Services Central Bureau

211 WEST TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012

*A Tradition of Service*
— *Since 1850* —

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
WATCH COMMANDER SERVICE COMMENT REPORT

242158

| Receiving Bur/Stn/Fac: IAB | Report Date: 11-16-15 | Time: 1244 | SC #: 2390131 |
|---|---|---|---|
| Investigating Bur/Stn/Fac: COURT SERVICES CENTRAL BUREAU | URN #: | | IAB #: |

HUB2=2015-11-16-707

| Received By | Commendation | Personnel Complaint | | Service Complaint |
|---|---|---|---|---|
| ☐ Mail ☒ In Person ☐ Telephone ☐ 800 Line ☐ E-Mail/Fax ☐ Website | ☐ Application to Duties ☐ Commendable Restraint ☐ Exemplary Conduct ☐ Tactical Excellence | ☐ Criminal Conduct (All copies to Unit Cmdr) ☐ Discourtesy ☐ Dishonesty ☐ Unreasonable Force ☐ Improper Tactics ☐ Improper Detention, Search, or Arrest | ☐ Neglect of Duty ☐ Operation of Vehicles ☐ Off Duty Conduct ☐ Harassment ☐ Discrimination ☒ Other | ☐ Policy/Procedures ☐ Response Time ☐ Traffic Citation ☐ Other |

### Reporting Party Information

Recording of Contact with Reporting Party Submitted ☐ Yes ☐ No

| Last Name: BROWN | First Name: ANTHONY   # V-79273 | MI: | Sex: M | Age: | Race: B |
|---|---|---|---|---|---|
| Residence: CENTINELA STATE PRISON | City: EL CENTRO | | | State: CA | Zip: 92251 |

| Home Phone: | Work Phone: | Cell Phone: |
|---|---|---|

| Home E-Mail Address: | Work E-Mail Address: |
|---|---|

Third Party:  Yes ☐   No ☒        Present at Incident:  Yes ☒   No ☐

Has any member of this Department attempted to discourage you in any way from bringing this matter to the attention of the Department? If Yes, Who?                    Yes ☐   No ☒

### Involved Party Information (If not Reporting Party)

| Last Name: | First Name: | MI: | Sex: | Age: | Race: |
|---|---|---|---|---|---|
| Residence: | City: | | | State: | Zip: |

| Home Phone: | Work Phone: | Cell Phone: |
|---|---|---|

| Home E-Mail Address: | Work E-Mail Address: |
|---|---|

### Contact/Event Information

| Date: 05/20/11 | Time: | City or Station Area: MENS CENTRAL JAIL / CRIMINAL COURTS BUILDING | RD: |
|---|---|---|---|

Location/Address:

Synopsis of Contact/Event: RIP STATES DEPUTY MARCHELLO HELPED IN GETTING HIS "PRO PER" STATUS REVOKED BY NOT SENDING COURT PASSES FOR HIM AND ATTEMPTING TO SEND HIM TO THE WRONG COURT        ☐ See Attached

| Was a Supervisor Present? Yes ☐ No ☒ | Last Name: | First Name: | MI: | Rank: |
|---|---|---|---|---|

### Witness Information

| Last Name: | First Name: | MI: | Race: | Sex: | Home Phone: | Work Phone: |
|---|---|---|---|---|---|---|
| Residence: | City: | | | State: | Zip: | Cell Phone: |

| Home E-Mail Address: | Work E-Mail Address: |
|---|---|

### Involved Employee Information

| Last Name: MARCHELLO | First Name: KELLY | MI: | Work Phone: 626-285-7171 | Height: 502 | Weight: 120 |
|---|---|---|---|---|---|

| Last Name: | First Name: | MI: | Work Phone: | Height: | Weight: |
|---|---|---|---|---|---|

### Employee Witness Information

| Last Name: | First Name: | MI: | Last Name: | First Name: | MI: |
|---|---|---|---|---|---|

### Watch Commander (Person Completing Report)

| Print Full Name: RICHARD MARTINEZ | Employee #: 248060 | Signature: |
|---|---|---|

# EXHIBIT 3

# Centinela State Prison Legal Mail Program

## Legal Mail Addresses For: ANTHO BROWN    V79273

| Date Mailed: | Legal Business Name | Address | | | In/Out |
|---|---|---|---|---|---|
| 11/2/2015 | LOS ANGELES COUNTY SHERIFF'S DEPARTMENT - INTERNAL AFFAIRS BUREAU | 4900 S. EASTERN AVE., STE 100 | COMMERCE | CA . 90040 | Outgoing |
| 11/10/201 | SHERIFFS OFFICE | 110 N. GRAND AVENUE ROOM 525 | LOS ANGELES | CA . 90012 | Incoming |
| 11/10/201 | UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (LA) | 312 NORTH SPRING STREET, G-8 | LOS ANGELES | CA . 90012 | Outgoing |
| 11/13/201 | SHERIFFS OFFICE | 110 N. GRAND AVENUE ROOM 525 | LOS ANGELES | CA . 90012 | Outgoing |
| 11/17/201 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL | 939 MAIN ST. | EL CENTRO | CA . 92243 | Outgoing |
| 11/18/201 | GARY CASSLEMAN, ATTORNEY AT LAW | 3415 SOUTH SEPULVEDA BLVD. | LOS ANGELES | CA . 90034 | Outgoing |
| 11/18/201 | GARY CASSLEMAN, ATTORNEY AT LAW | 3415 SOUTH SEPULVEDA BLVD. | LOS ANGELES | CA . 90034 | Outgoing |
| 11/19/201 | UNITED STATES DISTRICT COURT, OFFICE OF THE CLERK | U. S. COURTHOUSE, ROOM G8 | LOS ANGELES | CA . 90012 | Incoming |
| 11/24/201 | UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, OFFICE OF THE CLERK | U. S. COURTHOUSE | LOS ANGELES | CA . 90012 | Incoming |
| 11/25/201 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL (OFFICE OF THE CLERK) | 939 MAIN STREET | EL CENTRO | CA . 92243 | Incoming |
| 12/1/2015 | UNITED STATES DISTRICT COURT - CLERKS OFFICE (LOS ANGELES, CA) | 312 N. SPRING STREET | LOS ANGELES | CA . 90012 | Outgoing |

| Date Mailed | Legal Business Name | Address | | In/Out |
|---|---|---|---|---|
| 12/1/2015 | MILTON C. GRIMES, ATTORNEY #59437 | 3774 W. 54TH STREET  LOS ANGELES | CA . 90043-23 | Incoming |
| 12/1/2015 | SHERIFFS OFFICE | 110 N. GRAND AVENUE  LOS ANGELES  ROOM 525 | CA . 90012 | Incoming |
| 12/2/2015 | DISTRICT ATTORNEY - IMPERIAL COUNTY | 940 W. MAIN STREET,  EL CENTRO  SUITE 102 | CA . 92243 | Outgoing |
| 12/3/2015 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL | 939 MAIN ST.  EL CENTRO | CA . 92243 | Outgoing |
| 12/7/2015 | OFFICE OF THE CITY ATTORNEY - MIKE FEUER | 200 N. MAIN STREET,  LOS ANGELES  ROOM 966 | CA . 90012 | Outgoing |
| 12/8/2015 | WRIGHT& WRIGHT- ATTORNEYS AT LAW | 265 E. RIVER PARK  FRESNO  CIRCLE, SUITE 260 | CA . 93720 | Incoming |
| 12/8/2015 | L.A. COUNTY SHERIFF'S DEPARTMENT- COURT SERVICES CENTRAL BUREAU | 110 NORTH GRAND  LOS ANGELES  AVENUE, ROOM 525 | CA . 90012 | Incoming |
| 12/8/2015 | DATA ENTRY ERROR- WRIGHT & WRIGHT CORRESPONDANCE NOT INTENTED FOR I/M | | . | Incoming |
| 12/8/2015 | UNITED STATES DISTRICT COURT - CLERKS OFFICE (LOS ANGELES, CA) | 312 N. SPRING STREET  LOS ANGELES | CA . 90012 | Outgoing |
| 12/9/2015 | AHRONY, GRAHAM, & ZUCKER, LLP | 12400 WILSHIRE BLVD  LOS ANGELES  #400 | CA . 90025 | Outgoing |
| 12/14/201 | OFFICE OF THE SHERIFF COUNTY OF LOS ANGELES | 211 WEST TEMPLE  LOS ANGELES  STREET | CA . 90012 | Outgoing |
| 12/15/201 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL (OFFICE OF THE CLERK) | 939 MAIN STREET  EL CENTRO | CA . 92243 | Incoming |

| Date Mailed: | Legal Business Name | Address | | In/Out |
|---|---|---|---|---|
| 12/16/201 | UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, OFFICE OF THE CLERK | U. S. COURTHOUSE  LOS ANGELES | CA . 90012 | Incoming |
| 12/17/201 | SHERIFFS OFFICE | 110 N. GRAND AVENUE  LOS ANGELES  ROOM 525 | CA . 90012 | Outgoing |
| 12/18/201 | UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, OFFICE OF THE CLERK | U. S. COURTHOUSE  LOS ANGELES | CA . 90012 | Incoming |
| 1/11/2016 | MILTON C. GRIMES, ATTORNEY #59437 | 3774 W. 54TH STREET  LOS ANGELES | CA . 90043-23 | Incoming |
| 1/11/2016 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL | 939 MAIN ST.  EL CENTRO | CA . 92243 | Outgoing |
| 1/14/2016 | UNITED STATES DISTRICT COURT | US COURTHOUSE  LOS ANGELES  ROOM G8 | CA . 90012 | Outgoing |
| 1/14/2016 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL | 939 MAIN ST.  EL CENTRO | CA . 92243 | Incoming |
| 1/15/2016 | UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, OFFICE OF THE CLERK | U. S. COURTHOUSE  LOS ANGELES | CA . 90012 | Outgoing |
| 1/20/2016 | MILTON C. GRIMES, ATTORNEY #59437 | 3774 W. 54TH STREET  LOS ANGELES | CA . 90043-23 | Incoming |
| 1/22/2016 | INMATE RECEPTION CENTER | 450 BAUCHET STREET  LOS ANGELES | CA . 90012 | Incoming |
| 1/22/2016 | LAW OFFICES OF COLLINS COLLINS MUIR & STEWART LLP | 1100 EL CENTRO ST  SOUTH PASADENA | CA . 91030 | Incoming |
| 1/27/2016 | CATHERINE M. MATHERS # 221983 - ATTORNEY AT LAW | 1100 EL CENTRO STREET  SOUTH PASADENA | CA . 91030 | Outgoing |

| Date Mailed: | Legal Business Name | Address | | In/Out |
|---|---|---|---|---|
| 1/27/2016 | DEPUTY ATTORNEY GENERAL - LA | 300 S SPRING STREET   LOS ANGELES | CA . 90013 | Outgoing |
| 1/27/2016 | UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION) | 312 N SPRING STREET   LOS ANGELES ROOM G-8 | CA . 90012 | Outgoing |
| 1/28/2016 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL (OFFICE OF THE CLERK) | 939 MAIN STREET  EL CENTRO | CA . 92243 | Incoming |
| 1/28/2016 | INTERNAL AFFAIRS BUREAU | 4900 S. EASTERN AVE.,  COMMERCE STE,100 | CA . 9004 | Outgoing |
| 1/28/2016 | OFFICE OF THE SHERIFF- COUNTY OF LOS ANGELES - HALL OF JUSTICE | 211 WEST TEMPLE   LOS ANGELES STREET | CA . 90012 | Outgoing |
| 1/28/2016 | PATRICK J. WALSH #175305 (UNITED STATES DISTRICT COURT CENTRAL DISTRICT) | 312 N. SPRING STREET,   LOS ANGELES CIVIL SECTION ROOM G-8 | CA . 90012 | Outgoing |
| 1/28/2016 | CATHERINE M. MATHERS # 221983 - ATTORNEY AT LAW | 1100 EL CENTRO STREET  SOUTH PASADENA | CA . 91030 | Outgoing |
| 1/28/2016 | ELIZABETH GREENWOOD, DCA #178010 (OFFICE OF THE CITY ATTORNEY | 200 NORTH MAIN   LOS ANGELES STREET, 6TH FLOOR | CA . 90012 | Outgoing |
| 1/29/2016 | INMATE RECEPTION CENTER | 450 BAUCHET STREET  LOS ANGELES | CA . 90012 | Outgoing |
| 2/1/2016 | UNITED STATES DISTRICT COURT | US COURTHOUSE   LOS ANGELES ROOM G8 | CA . 90012 | Incoming |
| 2/2/2016 | UNITED STATES DISTRICT COURT | US COURTHOUSE   LOS ANGELES ROOM G8 | CA . 90012 | Incoming |
| 2/9/2016 | DATA ENTRY ERROR- BRAIN J. WHITE- CORRESPONDENCE NOT INTENTED FOR INMATE | | | Incoming |

Wednesday, February 24, 2016

| Date Mailed | Legal Business Name | Address | | In/Out |
|---|---|---|---|---|
| 2/9/2016 | UNITED STATES DISTRICT COURT | US COURTHOUSE LOS ANGELES ROOM G8 | CA . 90012 | Incoming |
| 2/9/2016 | BRIAN J. WHITE*** NOT IDENTIFIED IN STATE BAR**** | 4320 IOWA STREET SAN DIEGO | CA . 92104 | Incoming |
| 2/10/2016 | LAW OFFICES OF COLLINS COLLINS MUIR & STEWART LLP | 1100 EL CENTRO ST SOUTH PASADENA | CA . 91030 | Incoming |
| 2/10/2016 | DANIEL MULIENIN - SHAMROCK INVESTIGATIONS | 684 LOMBARDY LANE LAGUNA BEACH | CA . 92651 | Outgoing |
| 2/10/2016 | T.T. WILLIAMS JR. INVESTIGATION, INC. | 445 SOUTH FIGUEROA LOS ANGELES STREET, SUITE 3100 | CA . 90071 | Outgoing |
| 2/17/2016 | MILTON C. GRIMES, ATTORNEY #59437 | 3774 W. 54TH STREET LOS ANGELES | CA . 90043-23 | Incoming |
| 2/17/2016 | LAW OFFICES OF COLLINS COLLINS MUIR & STEWART LLP | 1100 EL CENTRO ST SOUTH PASADENA | CA . 91030 | Outgoing |

Case 2:16-cr-00066-PA   Document 375-1   Filed 05/12/17   Page 23 of 120   Page ID #:8756



I.R.C RECORDS
450 BAUCHET ST.
L.A. 90012

CERTIFIED MAIL

7012 1010 0000 5757 8680

$011.80

ARRIVED CENTINELA STATE PRISON
MAILROOM
☐ DAMAGED ☒ OPEN ☐ NO CONTENTS

CENTINELA STATE
PRISON

JAN 22 2016

RECEIVED
LEGAL MAIL

D1-112

P.O. BOX 931/01-112
IMPERIAL, CA. 92251
ATTN: ANTHONY BROWN
V-79273

DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
U.S. COURTHOUSE
LOS ANGELES, CALIFORNIA 90012

OFFICIAL BUSINESS

PATRICK J. WALSH

U.S. POSTAGE >> PITNEY BOWES

ZIP 90012 **$ 006.80⁰**
02 1W
0001388101 JAN 27 2016

CENTINELA STATE PRISON
FEB 0 1 2016
RECEIVED
LEGAL MAIL

D₁ 112

Anthony Brown, Sr  V-79273

P.O. Box 931

D-1-112

Imperial, CA 92251





# EXHIBIT 4

ANTHONY BRAWN

V-79273

P.O. BOX 931/D1-112

IMPERIAL, CA 92251


JANUARY 25, 2016


TO: SGT. DENNIS WATTERS & SGT. DELICIA HERNANDEZ

INTERNAL AFFAIRS BUREAU

4900 S. EASTERN AVE. STE 100

COMMERCE, CALIFORNIA 90040


LT. CRUZ SOLIS & CAPTAIN. LAWRENCE E. DEL MESE

COURT SERVICES CENTRAL BUREAU

OFFICE OF THE SHERIFF. COUNTY OF LOS ANGELES

HALL OF JUSTICE

211 WEST TEMPLE STREET

LOS ANGELES, CALIFORNIA 90012


THE FOLLOWING ATTACHED COPIES OF THE ACTUAL LOS ANGELES COUNTY SHERIFF'S DEPARTMENT REMOVAL ORDERS FOR IN-CUSTODY DEFENDANT WILL HELP YOU'S TO DETERMINE THE RESULTS OF THE INVESTIGATION RE: LASD DEPUTY, KELLY C. MARCHELLO #503663 / WATCH COMMANDERS SERVICE REPORT # 242158

PLEASE KEEP IN MIND THAT THE FOLLOWING LASD

1.

DOCUMENTS WERE SUBPOENAED BY THE FEDERAL AUTHORITIES SOMETIME AGO AND ARE HELD BY THE FBI, U.S. ATTY'S OFFICE, THE FEDERAL COURTS. PROVIDED BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

THE LASD REMOVAL ORDERS FOR IN CUSTODY DEFENDANT ANTHONY BROWN BKG. NO 2009547 CERTAINLY SEPERATE THE TRUTH FROM UNTRUTHFULNESS AND WILL ALSO DETERMINE IF ANY OF THE FOLLOWING LASD OFFICIALS LIED TO PROTECT DEPUTY MARCHELLO - OR - TOLD THE TRUTH RE: LASD DEPUTY MARCHELLO #503663 LIES ON 5-20-2011 AND THOSE LASD OFFICIALS ARE:

1. LASD SGT. RIOS / CRIMINAL COURT SERVICE LEVEL

2. LASD SGT. ORE / MEN'S CENTRAL JAIL

3. LASD DEPUTY CHAVEZ / MEN'S CENTRAL JAIL

4. LASD DEPUTY RUBALO / MEN'S CENTRAL JAIL.

5. LASD COUNTY ASSISTANT, CASA / MCJ 2500/2700

6. LASD COUNTY ASSISTANT, MURILLO / MCJ 2500/2700

7. ANY OTHER LASD OFFICIAL INVOLVED

2.

AS STATED IN THE LETTER DATED 12-09-2015 TO LT. CRUZ SOLIS AND CAPT. LAURENCE E. DEL MESE, OF COURT SERVICES CENTRAL BUREAU

THE ENCLOSED DOCUMENTS / LASD REMOVAL ORDERS FOR ANTHONY BROWN BKG. NO. 2009547 TO APPEAR IN COURT ARE THE FACTS, THE TRUTH, AND CAN NOT BE TWISTED BY ANYBODY UNDER ANY CIRCUMSTANCE WHATSOEVER. AND AS FOLLOWS:

ON 4-28-11 LOS ANGELES COUNTY SHERIEFF'S DEPARTMENT REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MATA # 523038 FOR ANTHONY BROWN OF CASE #BA360070 TO APPEAR AT CCB COURT DEPT. S-100 ON 5-03-11 @ 0700 (ATTACHED)

ON 5-03-11 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF PEREZ # 522022 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT. S-102 ON 5-13-11 @ 0700 (ATTACHED)

ON 5-13-11 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF PEREZ # 522022 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT. S-100 ON 5-16-11 @ 0700 (ATTACHED)

3.

ON 5-16-11 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF RICHARDSON # 478634 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT. S-100 ON 5-18-11 @ 0800 (ATTACHED)

AFTER ANTHONY BROWN APPEARED IN DEPT S-100 ON 5-16-11 THE CASE IS ORDERED TRANSFERRED TO DEPARTMENT 51 ON 05-18-11 FOR TRIAL.

ON 5-18-11 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO # 503663 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT M-51 ON 5-19-2011 @ 0700

ON 5-19-2011 NO LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO # 503663 OR ANY DEPUTY/BAILIFF DESPITE THE JUDGE ORDERING ALL PARTIES TO RETURN ON 5-20-2011 (SEE COURT RECORDS & LASD TOTAL INMATE MOVEMENT)

INMATE ANTHONY BROWN BKG NO. 2009547 WAS NOT ON THE COURT LIST FOR 5-20-11 DUE TO COURT STAFF FAILURE TO COMPLETE LASD REMOVAL ORDER FOR IN CUSTODY DEFENDANT ON 5-19-11 FOR ANTHONY BROWN TO APPEAR IN COURT ON 5-20-11 - THEREFORE,

4.

ANTHONY BROWN WAS NOT BOUGHT TO COURT BY LASO ON 5-20-11 BECAUSE NO LASD REMOVAL ORDER WAS SUBMITTED TO LASO IRC ON 5-19-11 FOR 5-20-11

ON MAY 20, 2011 WHEN INMATE BROWN BKG NO 2009547 DID NOT SHOW UP IN COURT DUE TO THE BAILIFF FAILURE TO COMPLETE LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT ANTHONY BROWN ON 5-19-11 FOR 5-20-11. LASD DEPUTY/BAILIFF MARCHELLO # 503663 LIED TO THE COURT AND TOLD THE COURT ANTHONY BROWN BKG- NO. 2009547 OF CASE # BA360070 REFUSED TO COME TO COURT (SEE JUNE 27, 2011 TRANSCRIPTS PG 3307: 8-11) BASED ON DEPUTY MARCHELLO # 503663 LIES INMATE/DEFENDANT ANTHONY BROWN'S PRO-PER STATUS WAS REVOKED BY THE JUDGE. (SEE MAY 20, 2011 TRANSCRIPTS) BEFORE BROWN APPEARED IN COURT ON 5-20-11 @ APPOX 1:00PM

WHEN BROWN BKG NO. 2009547 DID APPEAR IN COURT FOR PM SESSION ON 5-20-11 AFTER BROWN'S STAND-BY ATTORNEY READ BROWN'S LETTER INTO THE RECORD — THE COURT ASK LASD DEPUTY/BAILIFF MARCHELLO # 503663:

"
THE COURT: WAS HE ON THE COURT LIST?

THE BAILIFF: HE WAS ON THE TRIAL LIST TO COME

5.

TO COURT." (SEE MAY 20, 2011 TRANSCRIPT PG 616 LINE 20-26)

THE PROBLEM WITH LASD DEPUTY/BAILIFF KELLY C. MARCHELLO #503663 STATEMENT OF "HE WAS ON THE TRIAL LIST TO COME TO COURT" IS ACCORDING TO LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT TO APPEAR IN COURT - THE LASD REMOVAL ORDERS SHOW THAT THE FIRST TIME DEPUTY/BAILIFF MARCHELLO PUT INMATE/DEFENDANT ANTHONY BROWN BKG. NO. 2009547 DOWN AS A IN-TRIAL INMATE/DEFENDANT WAS MAY 23, 2011 WHICH IS THREE (3) DAYS AFTER TELLING THE JUDGE "BROWN WAS ON THE TRIAL LIST TO COME TO COURT" (SEE MAY 20, 2011 TRANSCRIPTS PG 616)

THE FACTS ARE NO LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT ANTHONY BROWN BKG. NO. 2009547 WAS COMPLETED ON 5-19-2011 FOR ANTHONY BROWN TO APPEAR IN COURT ON 5-20-11

ON 5-20-11 THE DEPUTY CLERK SET AN APPEARANCE DATE OF 5-23-11 / PRO-PER STATUS REVOKED REMAND/REMOVAL ORDER (ATTACHED)

ON 5-23-11 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO #503663 FOR ANTHONY

6.

BROWN OF CASE # BA360070 TO APPEAR IN COURT (CCB) DEPT. M-51 ON 5-24-2011 @ 0700 FOR IN-TRIAL (ATTACHED)

ON 5-24-2011 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/MARCHELLO # 503663 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT M-51 ON 5-25-2011 FOR IN TRIAL (ATTACHED)

ON 5-25-2011 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO #503663 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT. M-51 ON 5-26-2011 FOR IN-TRIAL (ATTACHED)

ON 5-26-2011 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO #503663 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT. M-51 ON 5-27-2011 FOR IN-TRIAL (ATTACHED)

ON 5-27-2011 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO # 503663

7.

FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR IN COURT (CCB) DEPT. M-51 ON 5-31-2011 FOR IN-TRIAL (ATTACHED)

ON 5-31-2011 LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO #503663 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT. M-51 ON 6-01-2011 FOR IN-TRIAL (ATTACHED)

ON 6-01-2011 LASD REMOVAL ORDER FOR IN CUSTODY DEFENDANT WAS COMPLETED BY LASD DEPUTY/BAILIFF MARCHELLO #503663 FOR ANTHONY BROWN OF CASE # BA360070 TO APPEAR AT CCB COURT DEPT. M-51 ON 6-02-2011 FOR IN-TRIAL

ON 6-02-2011 DEPUTY CLERK LORNA MCGREGGOR COMPLETED A SUPERIOR COURT OF CALIFORNIA REMAND/REMOVAL ORDER FOR ANTHONY BROWN OF CASE # BA360070 AS CONVICTED/APPEARANCE DATE FOR BROWN TO APPEAR AT CCB COURT DEPT. 51 ON 6-27-2011 (ATTACHED)

MYSTERIOUSLY I WAS SENT A COURT PASS TO APPEAR IN LONG BEACH SUPERIOR COURT DEPT. J. DESPITE THE REMAND/REMOVAL ORDER

8.

COMPLETED BY DEPUTY CLERK LORNA MCGREGOR ON 6-02-2011 (ATTACHED) TO APPEAR IN CCB COURT DEPT. 51 ON JUNE 27, 2011.

A DEFENDANT HAS THE RIGHT, UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, TO WAIVE COUNSEL AND REPRESENT HIM-SELF OR HERSELF. FARETTA V. CALIFORNIA (1975) 422 US 806, 835, 95 S. Ct 2525.

ANTHONY BROWN WAS DEPRIVED OF HIS RIGHT, UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, TO WAIVE COUNSEL AND REPRESENT HIMSELF, WHEN LASO DEPUTY/BAILIFF KELLY C. MARCHELLO # 503663 MALICIOUSLY LIED TO THE COURT ABOUT ANTHONY BROWN BKG NO. 2009547 REFUSING TO COME TO COURT SO SHE COULD COVER-UP THE COURT STAFF MISTAKE OF FAILING TO COMPLETE LASO REMOVAL ORDER FOR IN-CUSTODY DEFENDANT ANTHONY BROWN ON 5-19-11 FOR BROWN TO APPEAR IN COURT ON 5-20-11.

— OR —

TO COVER-UP HER (LASO DEPUTY MARCHELLO #503663) INTENTIONAL ACT OF NOT COMPLETING LASO REMOVAL ORDER FOR IN-CUSTODY DEFENDANT ANTHONY BROWN BKG. NO. 2009547 ON 5-19-11 FOR BROWN TO APPEAR IN COURT ON 5-20-2011

9.

THE LAW IS CLEAR, ONCE SELF-REPRESENTATION HAS BEEN DEEMED APPROPRIATE, THE COURT MAY NOT ORDINARILY TERMINATE, SELF-REPRESENTATION AND IMPOSE COUNSEL ON THE DEFENDANT. SEE PEOPLE V. WILKS (1978) 21 C3d 460, 468.

DUE TO DEPUTY MARCHELLO #503663 LIES TO THE COURT ON MAY 20, 2011 - THE COURT TERMINATED ANTHONY BROWN'S SELF-REPRESENTATION WITHOUT NO EVIDENCE SUPPORTING DEPUTY MARCHELLO'S LIES TO COVER-UP THE COURT STAFF MISTAKE OF NOT COMPLETING THE LASD REMOVAL ORDER FOR IN-CUSTODY DEFENDANT ANTHONY BROWN ON 5-19-11 FOR BROWN TO APPEAR IN COURT ON 5-20-11.

LASD DEPUTY KELLY C. MARCHELLO #503663 ACTIONS AND LIES VIOLATED ANTHONY BROWN'S CONSTITUTIONAL RIGHTS WHILE ALSO COMMITTING A CRIME

I HAVE PROVIDED YOU'S WITH THE EVIDENCE THAT'S BEEN IN THE POSSESSION OF THE FEDERAL AUTHORITIES SINCE LASD OPERATION PANDORA'S BOX AND IS EVIDENCE BEYOND A REASONABLE DOUBT OF WHAT LASD DEPUTY MARCHELLO #503663 DID WHICH IS A CRIME A VIOLATION OF PENAL CODE SECTIONS § 132 AND § 134

I MAY BE WRONG HOWEVER, MY THOUGHTS ARE

10.

LASD DO NOT INTEND TO TAKE ACTION AGAINST LASD DEPUTY KELLY C MARCHELLO # 503663 WHICH MIGHT EXPLAIN WHY THIS INVESTIGATION HAS NOT CONCLUDED ESP. WHEN ALL THE EVIDENCE IS IN LASD DATABASE AND ALL THE WITNESSES ARE LASD EMPLOYEES.

I BELIEVE I HAVE PROPERLY MADE A COMPLAINT AND PRESENTED EVIDENCE TO SUPPORT MY COMPLAINT TO NO AVAIL.

HOPEFULLY THE ENCLOSE LASD DOCUMENTS WILL ASSIST YOU IN DETERMINING THE RESULTS OF THIS INVESTIGATION RE: MY COMPLAINT AGAINST LASD/BAILIFF DEPUTY KELLY C. MARCHELLO # 503663

THANK YOU FOR YOUR TIME & ATTENTION RE: THIS MATTER.

RESPECTFULLY SUBMITTED

ANTHONY BROWN SR.

CC: IAB, FBI, ACLU

U.S DISTRICT COURT

FILE.

11.

# EXHIBIT 5



# OFFICE OF THE SHERIFF

## COUNTY OF LOS ANGELES

## HALL OF JUSTICE

JIM McDONNELL, SHERIFF



March 14, 2016

Mr. Anthony Brown
V-79273
Post Office Box 931 / D1-112
Imperial, California 92251

Dear Mr. Brown:

**WATCH COMMANDER'S SERVICE COMMENT REPORT #242158**

This is a final acknowledgment of your complaint which we received on October 23, 2015.

After reviewing the results and considering the facts developed in this investigation, we were unable to confirm any improper actions occurred. Although improper actions could not be confirmed, the matter was discussed with our personnel. If you have any questions about the results of our review of your complaint, please contact me within ten (10) business days from the date of this letter at (213) 972-3811.

Sincerely,

JIM McDONNELL, SHERIFF

*L Del mese*

Lawrence E. Del Mese, Captain
Court Services Central Bureau

211 WEST TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012

*A Tradition of Service*

**L.A. COUNTY SHERIFF'S DEPARTMENT**
COURT SERVICES CENTRAL BUREAU
110 NORTH GRAND AVENUE, ROOM 525
LOS ANGELES, CALIFORNIA 90012

U.S. POSTAGE >> PITNEY BOWES

ZIP 90012    $ 000.48⁵
02  1W
0001383195

CENTINELA STATE
PRISON

MAR 17 2016

RECEIVED

922518C931  5900



NEED A CAREER?
**BE A STAR**
**L.A. COUNTY SHERIFF'S DEPT.**
**1 (800) A-DEPUTY**

# EXHIBIT 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 13-574(C)-GHK |
| Plaintiff, | S E C O N D<br>S U P E R S E D I N G<br>I N F O R M A T I O N |
| v. | |
| NOEL WOMACK, | [18 U.S.C. § 1001: Making False Statements] |
| Defendant. | |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Second Superseding Information:

1.    The Los Angeles County Sheriff's Department ("LASD") was a law enforcement agency within the Central District of California. Among other things, the LASD was responsible for managing the Los Angeles County Jails. In addition, the LASD operated visiting centers, where individuals were allowed to visit those incarcerated in the Los Angeles County Jails.

2.    The Los Angeles County Men's Central Jail ("MCJ") was one of the Los Angeles County Jails and was staffed by LASD personnel, including deputy sheriffs. Deputy sheriffs were responsible for

LAR:gm

EXHIBIT A

helping to maintain order and for providing security within the MCJ and its visiting center.

3.    Defendant NOEL WOMACK ("WOMACK") was an LASD deputy sheriff assigned to work at the MCJ's visiting center.

4.    Pantamitr Zunggeemoge ("Zunggeemoge") was an LASD deputy sheriff assigned to work at the MCJ's visiting center.

5.    Eric Gonzalez ("Gonzalez") was an LASD sergeant who supervised deputies working at the visiting center of the MCJ, including defendant WOMACK.

6.    Sussie Ayala ("Ayala") was an LASD deputy sheriff assigned to work at the MCJ's visiting center.

7.    Deputy A was an LASD deputy sheriff assigned to work at the MCJ's visiting center.

8.    Fernando Luviano ("Luviano") was an LASD deputy sheriff assigned to work at the MCJ, including at its visiting center, on or about February 26, 2011.

9.    Visitors generally could not be in the same room as MCJ inmates. Instead, visitors could see MCJ inmates through a glass separator and could speak to MCJ inmates by using a telephone. Visitors, therefore, could not touch MCJ inmates.

10.    On or about February 26, 2011, defendant WOMACK, Zunggeemoge, Gonzalez, Ayala, Luviano, and Deputy A were involved an incident in which they used force on and caused injuries to Visitor GC.

11.    These introductory allegations are hereby incorporated by reference into the following count of this Second Superseding Information.

[18 U.S.C. § 1001]

On or about May 11, 2015, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the Federal Bureau of Investigation (the "FBI"), defendant WOMACK knowingly and willfully made the following materially false and fictitious statements and representations to the FBI:

1.    Defendant WOMACK falsely stated that he did not know whether Visitor GC was handcuffed when he struck Visitor GC.  In fact, as defendant WOMACK knew and had observed, Visitor GC was handcuffed before and when defendant WOMACK struck Visitor GC.

2.    Defendant WOMACK falsely stated that Gonzalez directed defendant Womack to strike Visitor GC.  As defendant WOMACK knew, Gonzalez did not direct defendant WOMACK to strike Visitor GC.

3.    Defendant WOMACK falsely stated that his use of force on Visitor GC was justified.  As defendant WOMACK knew, defendant WOMACK used excessive force on Visitor GC.

STEPHANIE YONEKURA
Acting United States Attorney


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Public Corruption & Civil
Rights Section

LIZABETH ANN RHODES
BRANDON D. FOX
Assistant United States Attorneys
Public Corruption & Civil Rights
Section

EXHIBIT B

FACTUAL BASIS

From approximately March 2006 to December 2013, defendant Womack was a Deputy Sherriff with the Los Angeles County Sherriff's Department ("LASD").  In February 2011, defendant was working at the Men's Central Jail ("MCJ") Visiting Center under Sergeant Eric Gonzalez.  Prior to February 26, 2011, Gonzalez told the deputies who worked at Visiting Center, including defendant Womack, that he was preparing them for patrol, and as part of that preparation they should "snatch up" and arrest anyone they thought looked suspicious or was, in any way, disrespecting a deputy regardless of whether the deputy had probable cause to arrest the individual.  There were times that Gonzalez instructed defendant Womack and other Visiting Center deputies to detain visitors based on nothing more than their appearance.

On February 26, 2011, while working at MCJ Visiting, defendant heard Gonzalez on the radio indicating there were deputies involved in a fight in visiting front.  As defendant Womack was in visiting front, he looked around, but did not see anything.  Defendant Womack then saw LASD Deputy A head to the break room, and Womack headed toward the break room as well.

As he opened the door to the break room, defendant Womack saw Deputies Fernando Luviano and Pantamitr Zunggeemoge on the ground on top of a man, later identified as Visitor GC.  Defendant Womack immediately got on the ground and grabbed one of Visitor GC's legs. At that time, defendant Womack saw that Visitor GC was handcuffed with both hands behind his back and that there was a significant amount of blood on the floor, which defendant Womack believed to be

Victim GC's.  Defendant Womack continued to hold on to Visitor GC's leg as Visitor GC made involuntary flutter kicks in response to the punches of Luviano and Zunggeemoge.  Defendant Womack heard Luviano yell "stop spitting" and, in response, defendant Womack unnecessarily punched Visitor GC approximately five times in the leg.  The punches were retaliation and intended to inflict pain and were made because defendant Womack thought he could get away with such action based on Luviano's statement "stop spitting."  Moreover, as soon as defendant Womack saw that Visitor GC was handcuffed, he knew, based on his prior interactions with Gonzalez and his MCJ experience generally, that Gonzalez and the other deputies would participate in a cover-up.

After defendant Womack's punches, Visitor GC stopped moving and defendant Womack got on his feet.  At that time defendant Womack noticed a scratch on his hand.  Later, defendant Womack along with Luviano and Deputy Ayala went to a health center to be treated for exposure to blood.  They returned to the Visiting Center later that afternoon.

**Defendant Womack's False Report**

Upon his return to the Visiting Center, defendant Womack knew that he could not write his report based on what he had actually seen (that Visitor GC was handcuffed the entire time) and what he had done (used excessive force by unnecessarily punching Visitor GC).  Defendant Womack knew that he would have to write the report as if Visitor GC was not handcuffed.  Defendant Womack asked Deputy A, who had not gone to the hospital for treatment to blood exposure, for Deputy A's report so that defendant Womack could write a report that was consistent with the false story the deputies would be documenting regarding the incident.  Thereafter, defendant Womack copied Deputy

2

A's report, including all of the statements that deputy Womack knew to be false.

Womack's report included the following false statements:

1. The statement "Deputy Zunggeemoge and Deputy Luviano were attempting to gain control of [Visitor GC] in order to handcuff him" was false as defendant Womack knew, as soon as he grabbed [Visitor GC's] legs, that Visitor GC was already handcuffed and the punches that Zunggeemege and Luviano were inflicting, and the punches defendant Womack would later inflict, were all perpetrated on a handcuffed man.

2. The statement "[Visitor GC] was kicking his legs violently] was false as Visitor GC, handcuffed and face down on the ground, could not kick violently.  Instead, Visitor GC was making what appeared to be involuntary flutter kicks in response to the beating he was receiving at the hands of deputy sheriffs.

Defendant Womack then gave his false report to Gonzalez, who had been in the break room before defendant Womack entered and stayed there during the entire assault.  Defendant Womack watched as Gonzalez compared defendant Womack's report to Deputy A's report to make sure they were consistent.  Later, defendant Womack watched as Gonzalez lined up the incident report and all the supplemental reports on the counter and compared each of them to the others to ensure their consistency.

**Defendant Womack's False Testimony**

Defendant Womack also falsely testified in a manner consistent with his report at the preliminary hearing in People v. [Visitor GC], which was held on or about April 14, 2011.  Defendant Womack knew that the purpose of this hearing was so that a Los Angeles County

3

Superior Court Judge could determine whether there was probable cause for Visitor GC to stand trial. Defendant Womack testified falsely that near the end of the assault, that deputies handcuffed Visitor GC after the incident when, in fact, defendant Womack knew Visitor GC had been handcuffed the entire time.

**Defendant Womack's Lies During an Interview with LASD's Criminal Investigators**

On September 29, 2011, defendant Womack was interviewed by the Internal Criminal Investigations Bureau of LASD. At that time, defendant Womack falsely stated that after he hit Visitor GC in the leg, Visitor GC was "able to be handcuffed." When asked, whether the use of force was concluded once Visitor GC was handcuffed, defendant Womack falsely replied "Yes it was." In fact, as defendant Womack knew, all the force defendant Womack observed occurred while Visitor GC was handcuffed. Defendant Womack also falsely stated that he had not seen any excessive force, his force was justified, and there was nothing inappropriate that happened with regards to this event.

**Defendant Womack's Lies During an Interview with LASD's Internal Affairs Bureau**

On December 5, 2012, defendant Womack also gave a statement to the LASD Internal Affairs Bureau ("IAB"). In that interview, defendant Womack lied to IAB, maintaining that Visitor GC was not handcuffed during the incident. Defendant Womack continued to lie because he had learned that once a deputy sheriff writes about an incident in a report, the deputy sheriff has to stick to that version of events, even if they are lies, from that point forward. Moreover, defendant Womack understood that he was never supposed to go against his partners.

4

**Defendant Womack's Lies During an Interview with the FBI**

On May 11, 2015, defendant Womack agreed to be interviewed by Federal Bureau of Investigation ("FBI") Special Agents at the U.S. Attorney's Office.  Defendant Womack knew that it was a crime to lie to federal agents.  Despite this knowledge, defendant Womack falsely stated, among other things, that he did not know whether Visitor GC was handcuffed when he struck Visitor GC, that Gonzalez directed defendant Womack to strike Visitor GC, and that defendant Womack's use of force on Visitor GC was justified.  As defendant Womack knew, he had observed that Visitor GC was handcuffed before defendant Womack struck him, Gonzalez did not direct defendant Womack to strike Visitor GC, and defendant Womack used excessive force on Visitor GC.

# Deputies change stories on jail visitor's beating, court records show

By JOEL RUBIN

MAY 31, 2015, 8:45 PM



**T**he sheriff's deputies all told the same story.

A man visiting his brother in Los Angeles County Jail, they said, fought with them in a waiting area and had to be restrained. The five deputies involved in the struggle adamantly denied the man's allegations that he had been handcuffed and then beaten.

Their account remained unchanged under scrutiny from internal sheriff's investigators, the district attorney's office and the man's defense lawyers. No one wavered even when federal authorities obtained an indictment accusing them of assault and civil rights violations.

But two of the deputies have now changed their stories.

With their trial set to open later this month, both have struck deals with prosecutors that require them to plead guilty to criminal charges and, if called on, to testify against their former colleagues, court records show.

Under the terms of the agreement he signed last week, Deputy Noel Womack gave prosecutors a new version of the violent 2011 encounter in a windowless, secluded room in the Men's Central Jail facility. Deputies, he said, beat the jail visitor even though the man was handcuffed and not resisting as he was held on the floor, according to a copy of the agreement reviewed by The Times.

Womack has agreed to plead guilty to a felony charge that he lied to FBI agents during an interview last month when he told them he did not know if the visitor was handcuffed, the agreement said. He admitted to lying again when he told the agents his supervisor had ordered him to punch the man and a third time when he said the strikes he inflicted on the man had been necessary, the agreement said.

The second deputy, Pantamitr Zunggeemoge, entered a guilty plea earlier this year, court records show. The agreement between prosecutors and Zunggeemoge, who faced several allegations of abuse and dishonesty, was sealed by U.S. District Judge George H. King, keeping its details secret.

But a court filing by another defendant last month said that Zunggeemoge, too, has told prosecutors that the visitor was handcuffed during the incident. In his statement to prosecutors, the filing said, Zunggeemoge said deputies had concocted a story that only one of the man's hands was cuffed to justify their use of force. The filing also said that Zunggeemoge has agreed to cooperate fully and testify for the government if prosecutors call him as a witness.

Though cutting deals to avoid lengthy sentences is a staple of the justice system, the prosecution's ability to extract guilty pleas in this case is striking because expectations of solidarity run deep among law enforcement officers. In their plea agreement with Womack, prosecutors said Womack's actions highlight the pressures deputies are under to put up a united front.

"Womack continued to lie because he had learned that once a deputy sheriff writes about an incident in a report, the deputy sheriff has to stick to that version of events, even if they are lies, from that point forward," prosecutors wrote. "Womack understood that he was never supposed to go against his partners."

Womack's agreement requires him to resign from the L.A. County Sheriff's Department, and he will be banned from working in law enforcement. Prosecutors, for their part, will recommend to the judge that Womack receive no time in prison, according to his plea agreement. The judge could opt to disregard the suggestion and sentence Womack to as many as five years in prison, court documents show.

With Zunggeemoge's agreement sealed, what recommendation, if any, prosecutors will make on his behalf is not known. His attorney and Assistant U.S. Atty. Brandon Fox declined to comment.

The plea agreements mark the first time in the last two decades that a sheriff's deputy has been convicted in federal court of crimes related to excessive force, a spokesman for the U.S. Attorney's office said. Last year, the office secured convictions against seven sheriff's officials accused of obstructing the FBI's investigation into claims of brutality by deputies in the jail.

The guilty pleas have scrambled the makeup of the approaching brutality trial, which is scheduled to begin June 16. In securing the deputies' help, prosecutors scored a potentially potent advantage in their effort either to extract more guilty pleas or convict the three remaining defendants at trial. Without the firsthand accounts from the deputies, the case would rest heavily on the ability of the beaten man and other alleged victims to convince jurors of what happened.

But Joseph Avrahamy, an attorney representing one of the other defendants, Sgt. Eric Gonzalez, a supervisor at the jail visitor center on the day of the incident, said the about-face by Womack and Zunggeemoge are transparent bids to protect themselves at the expense of the others.

"They are going to have serious credibility issues," Avrahamy said of the pair. "They have been very

consistent throughout in their accounts of what happened and now, suddenly, they're changing their stories. I think a jury will be able to see right through that. There was never a motivation for them to lie before. Now there is."

Along with Womack, Zunggeemoge and Gonzalez, the grand jury indictment accuses deputies Sussie Ayala and Fernando Luviano of civil rights abuses. Gonzalez, Ayala and Luviano have pleaded not guilty.

Luviano's attorney, Bernard Rosen, acknowledged that the decision of the two deputies to cooperate with prosecutors poses potential problems. But he downplayed the significance of what they might testify to on the witness stand, saying their new accounts of the incident "support much" of what Luviano contends occurred. Rosen declined to elaborate.

"Any time the government tells a jury they've got more than one witness, it makes things more difficult," Rosen said. "My client insists he'll be going to trial and is confident he'll be exonerated.... Some people look forward to their day in court. Others don't."

The allegations against the group stem from several encounters with visitors to the Sheriff's Department's main jail facility in 2010 and 2011. In each of the episodes, some or all of the deputies are accused of detaining people without legitimate reasons and, in all but one of the incidents, assaulting them in a room deputies used during work breaks.

Prosecutors portrayed Gonzalez in the indictment as a ringleader who "would maintain, perpetuate and foster an atmosphere and environment ... that encouraged and tolerated abuses of the law by deputies."

The case centers on the altercation in late February 2011 with Gabriel Carrillo. Carrillo, who had come to jail to visit his brother, was detained with his girlfriend after Zunggeemoge became suspicious that the woman was carrying a cellphone in violation of jail rules.

Carrillo said something combative that angered one of the deputies, which led to the beating, according to prosecutors' account. Based on the deputies' reports and their testimony in court proceedings, the Los Angeles County district attorney's office pursued a criminal case against Carrillo on charges of assaulting law enforcement officers.

Days before the trial, the district attorney suddenly dropped the charges. Carrillo's attorney found evidence he said showed that Carrillo had suffered injuries on both his wrists consistent with being handcuffed during the struggle. The county later paid Carrillo $1.2 million to settle a civil lawsuit.

In the statement he gave prosecutors as part of his plea deal, Womack said he copied another deputy's report of the incident involving Carrillo to make sure his account was in line with the

Case 2:16-cr-00066-PA    Document 375-1    Filed 05/12/17    Page 57 of 120   Page ID
#:8790
6/4/2015                          Deputies change stories on jail visitor's beating, court records show - LA Times

others. He added that he watched as Gonzalez later laid out all the deputies' reports on a table to compare them and "ensure their consistency."

joel.rubin@latimes.com

Copyright © 2015, Los Angeles Times

# EXHIBIT 7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY BROWN, SR., | ) | CASE NO. CV 13-2620-PSG (PJW) |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR SUMMARY |
| v. | ) ) | JUDGMENT (DOC. NO. 99) |
| VERONICA CONRADO, et al., | ) ) | |
| Defendants. | ) ) | |

This Report and Recommendation is submitted to the Hon. Philip S. Gutierrez, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that Defendants Veronica Conrado and Juan Guerra's motion for summary judgment be denied.

I.

SUMMARY OF FACTS AND PROCEEDINGS

From August 2009 until September 2011, Plaintiff was a pre-trial detainee in the custody of the Los Angeles County Sheriff's Department, awaiting trial in a criminal case. Until May 2011, he was representing himself. (First Amended Complaint ("FAC") at ¶¶ 2-5.) On April 15, 2011, the Los Angeles County Superior Court ordered all

discovery closed in his case. (FAC at ¶ 9.) Notwithstanding that order, on April 19, 2011, Defendants, Los Angeles Police Department detectives Conrado and Guerra, came to the jail where Plaintiff was being held to gather a DNA sample from him. (FAC at ¶¶ 6, 10.) Plaintiff was called out of his cell at approximately 10:15 a.m. for what he was told was an attorney visit. (FAC at ¶ 13.) He was brought to Defendants Conrado and Guerra and several Los Angeles County Sheriff deputies. (FAC at ¶ 14.) Conrado told Plaintiff that she had a court order to collect a DNA sample from him. (FAC at ¶ 15.) Plaintiff asked to see the order; Conrado refused to show it to him. (FAC at ¶¶ 17-18.) Instead, she signaled to the deputies, who grabbed Plaintiff, put him in a "chicken wing hold," and pushed his face against a wall. (FAC at ¶¶ 19-21.) The deputies then turned Plaintiff's head to the side and forced his mouth open so that Conrado could swab the inside of his mouth with Q-tips. (FAC at ¶¶ 19-21.) Defendant Guerra was watching and did not intervene. (FAC at ¶ 22.)

When Conrado finished, she threw a property receipt on the floor, documenting that she had taken a DNA sample. Guerra then simulated a gun with his hand and pointed it at Plaintiff, pretending that he was shooting him. (FAC at ¶ 24.) Conrado booked the DNA sample into evidence at around 1:00 p.m. that day. (FAC at ¶ 25; FAC at Exh. B.)

Plaintiff claims that Defendants were not authorized to collect his DNA sample when they did. He points out that a minute order from the Los Angeles County Superior Court purportedly authorizing the taking of the sample was not filed until 1:30 p.m., three hours after Conrado took the sample. (FAC at ¶¶ 27-29; FAC at Exh. C.) He also points out that, when he wrote to the clerk's office requesting a copy of the order, he was informed that no orders had been signed in his

2

case that day.  (FAC at ¶ 36; FAC at Exh. I.)  He further explains that the presiding judge had always faxed him a copy of the orders in his case because Plaintiff was representing himself and that he never received a copy of the order.  (FAC at ¶ 11.)  Plaintiff notes that, even if Defendants had obtained a court order before taking his DNA sample, that order would have been in violation of the court's previous (April 15, 2011) order prohibiting further discovery.[1]  (FAC at ¶¶ 28-29.)

II.

DISCUSSION

Plaintiff contends that Defendant Conrado violated his Fourth Amendment right against unreasonable searches and seizures when she took a DNA sample from him without a court order.  He argues, alternatively, that, even if she had a court order, she still violated his rights because she used unreasonable and unnecessary force to obtain the sample.  He contends that Guerra violated his rights when he failed to intervene to prevent Conrado and the others from forcing him to comply.

Defendants move for summary judgment, arguing that there was a court order and that Conrado reasonably relied on it and the Deputy District Attorney's representation regarding the lawfulness of the order when she obtained the DNA sample.  She and Guerra also argue that, assuming that the deputies who helped her obtain the sample used too much force, Conrado and Guerra were not required to intervene to stop them because the deputies did not work for the Los Angeles Police

_____

[1]  A minute order from April 15, 2011, reflects that the judge had determined that discovery was "now complete."  (Doc. No. 105 at p. 10.)

3

Department and Conrado and Guerra did not have custody or control of Plaintiff. For the following reasons, Defendants' motion for summary judgment is denied.

A.    Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted if the moving party can establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A "genuine issue" exists if there is a sufficient evidentiary basis upon which a reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" if it might affect the outcome of the suit under governing law. *Id.* at 248. The Court views the inferences it draws from the underlying facts in a light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party satisfies that burden, the opposing party must submit evidence showing a genuine issue of material fact. *Matsushita*, 475 U.S. at 587. Summary judgment is also warranted when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

4

B.    Defendant Conrado is not Entitled to Summary Judgment on

Plaintiff's Fourth Amendment Claim

1.    The Excessive Force Claim

Plaintiff alleges that Defendant Conrado and the deputies who assisted her in obtaining his DNA used excessive force, in violation of the Fourth Amendment to the United States Constitution.  (FAC at ¶ 39.)  Conrado counters that, even assuming that the force was excessive, it was the deputies who applied it, not Conrado, and she cannot be held liable for what they did.  This argument is rejected.

According to Plaintiff, the deputies lured him out of his cell at Conrado's behest by telling him that there was an attorney at the jail who wanted to speak with him.  Conrado and Guerra were waiting outside and Conrado told Plaintiff that she had an order authorizing her to obtain a DNA sample from him.  Plaintiff asked Conrado to see the order.  In response, Conrado "turned and signaled" the deputies who immediately grabbed him, pushed him up against a wall, placed him in a control hold, forced his head to the side, and forced his mouth open so that Conrado could obtain the sample.  (FAC at ¶¶ 19-21.)  Accepting this version of events and the reasonable inferences that can be drawn from it, the deputies use of force was at Conrado's direction and she can be held liable for it.  *See Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) ("The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms.").

5

Conrado argues that she is entitled to summary judgment because Plaintiff cannot prove that her signal to the deputies caused them to attack him. Again, the Court disagrees. Though Plaintiff has not presented any direct proof that that is what the signal was intended to communicate, the circumstantial evidence certainly supports such a conclusion in that, without a word, based solely on her signal, the deputies pounced on Plaintiff and forced him into a position where Conrado could accomplish her mission, i.e., to obtain a DNA sample from Plaintiff.

Conrado also contends that she is entitled to summary judgment because Plaintiff was not in her custody at the time of the assault and, therefore, she had no control over him or the deputies who assaulted him. The evidence completely undermines this argument. The order Conrado obtained authorizing her to collect the DNA sample provided that Plaintiff would be in the "immediate and actual control and custody and presence of said LAPD" when the sample was collected. (Doc. No. 13.) Further, and more practically, Conrado had the power to enter the county jail, persuade the deputies to go to Plaintiff's cell and bring him to her, and, on her signal, get the deputies to attack him and forcibly open his mouth so that she could swab the inside of his mouth. Thus, contrary to Conrado's argument, the evidence establishes that she had control over Plaintiff and the deputies at the time of the assault. For this reason, her argument that she is entitled to summary judgment because she did not have control is rejected.

2. <u>The Court Order</u>

Plaintiff alleges that Conrado obtained the DNA sample without an order. Conrado argues that there was an order and that she reasonably

6

relied on it and the advice of the Deputy District Attorney in her case when she obtained the sample. This argument is also rejected.

Even assuming that there was a court order at the time Conrado took the DNA sample, the order did not authorize her to direct the deputies to assault Plaintiff to obtain the sample where, as here, he was not resisting and had merely asked to see a copy of the order. Further, there are a lot of questions swirling around the court order that cannot be resolved on summary judgment. To begin with, though an order has been produced, the question of where it came from and when it was issued is in dispute. Conrado claims that the Deputy District Attorney obtained it, but she has not presented the application for the order or a declaration from the Deputy District Attorney explaining what happened. And, as Plaintiff points out, when Conrado prepared a report memorializing her collection of the DNA sample, she explained that she obtained the order and made no reference to the deputy district attorney. This is consistent with a letter Plaintiff has submitted from a judge of the Superior Court in which he concludes that "it seems that the order was requested by [] Conrado." (Exh. K to Plaintiff's Request for Judicial Notice.)

Though Plaintiff and Defendants appear to agree that Conrado took the DNA sample at about 10:15 on April 19, 2011, a minute order from the Superior Court docket provides that the order was filed at 1:30. Adding further confusion to the issue is the fact that, when Plaintiff wrote to the Superior Court and requested a copy of all orders entered on the day the order was purportedly entered, the court wrote back that there were no orders entered that day.

Plaintiff further points out that two different versions of the same order exist. The certified order lodged by Conrado's counsel has

7

the name "CRAIG E. VEALS" stamped under the judge's signature (Doc. No. 13), while the order handed to him by Deputy District Attorney Ashvanian during a hearing on May 13, 2011 (FAC at Exh. F) does not.

Circumstantial evidence also supports Plaintiff's contention that the sample was taken without an order. To begin with, when Plaintiff asked Conrado to see the order at the jail, an obviously fairly reasonable and innocuous request, Conrado did not show it to him. Instead, she directed the deputies to assault Plaintiff. Clearly, had Conrado had an order in her hand, it would seem to be a simple task to show it to him and, presumably, eliminate the need for the deputies to use force on Plaintiff. Finally, Plaintiff points out that the DNA evidence was never used in his trial. He suspects that that is because the prosecutor determined that there was no order when the sample was obtained.

In the end, there are many more questions than answers on the issue of the order. For that reason, Conrado is not entitled to summary judgment on Plaintiff's excessive force claims.[2]

B.    Detective Guerra is not Entitled to Summary Judgment

Detective Guerra contends that he is entitled to summary judgment because he merely accompanied Conrado to the jail and watched as she and the deputies obtained the DNA swab. He argues that he did not have custody or control over Plaintiff and had no obligation to

---

[2] Defendants mention qualified immunity in their "Standard of Review" section of the brief but do not discuss it anywhere else in their brief. Defendants' mention of the words "qualified immunity" is not enough to raise the issue and it is denied on that ground. Had they raised the issue in detail, the Court would have denied it anyway because it was clearly established in 2011 that police officers could not direct another police officer to assault a detainee merely because he asked to see a copy of a court order.

intervene when the deputies assaulted him because they worked for a different agency.  Though a closer call, the Court finds that Defendant Guerra is not entitled to summary judgment, either.

Generally speaking, police officers are obligated to intervene when another police officer is violating a suspect's constitutional rights.  *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (citing *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)).  The facts as set out by Plaintiff and the inferences that can be drawn from them establish that Guerra was working with Conrado when he accompanied her from the courthouse to the jail.  According to Plaintiff's version of events, Conrado directed the deputies to assault him when he failed to immediately comply with her command for a DNA sample.  Thus, it was Conrado who was ultimately responsible for the assault and, even under Guerra's interpretation of the law--one in which this Court does not necessarily agree--he should have stopped her from instigating it or intervened when the deputies complied with Conrado's direction to assault Plaintiff.  For these reasons, Guerra is not entitled to summary judgment.

## III.

### RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order (1) accepting this Report and Recommendation, and (2) denying Defendant Conrado's and Guerra's motion for summary judgment.

DATED:    February 𝛛𝟙, 2017

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\BROWN 13-2620\DS motion for summary judgment.wpd

9

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Message-Id:<23054637@cacd.uscourts.gov>Subject:Activity in Case 2:13-cv-02620-PSG-PJW Anthony Brown Sr v. Veronica Conrado et al Report and Recommendation (Issued) Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**
The following transaction was entered on 2/22/2017 at 11:54 AM PST and filed on 2/21/2017

| | |
|---|---|
| **Case Name:** | Anthony Brown Sr v. Veronica Conrado et al |
| **Case Number:** | 2:13-cv-02620-PSG-PJW |
| **Filer:** | |
| **Document Number:** | 116 |

**Docket Text:**
**REPORT AND RECOMMENDATION issued by Magistrate Judge Patrick J. Walsh. Re NOTICE OF MOTION AND MOTION for Summary Judgment [99] Objections to R&R due by 3/15/2017. (sbou)**

**2:13-cv-02620-PSG-PJW Notice has been electronically mailed to:**
Ariana Rose McGinness Gebauer     armgebauer@gmail.com
Catherine Mason Mathers     cmathers@counsel.lacounty.gov
Wendy C Shapero     atty.pluorders@lacity.org, wendy.shapero@lacity.org
Elizabeth L Greenwood     elizabeth.greenwood@lacity.org, atty.pluorders@lacity.org, kelly.heaton@lacity.org
Elizabeth Anne Mitchell     atty.pluorders@lacity.org, elizabeth.mitchell@lacity.org
Cory M Brente     melinda.crowe@lacity.org, atty.pluorders@lacity.org, cory.brente@lacity.org
**2:13-cv-02620-PSG-PJW Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Anthony Brown
CDC V-79273
D1 - 146
Centinela State Prison
P O Box 931
Imperial CA 92251

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN, SR., | Case No. CV 13-2620-PSG (PJW) |
| Plaintiff, | ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| VERONICA CONRADO, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the motion for summary judgment, the records on file herein, and the Report and Recommendation of the United States Magistrate Judge. The time for filing objections to the Report and Recommendation has expired and no objections have been filed. The Court accepts the findings and recommendations of the Magistrate Judge and adopts them as its own findings and conclusions.

IT IS THEREFORE ORDERED that Defendants Conrado and Guerra's motion for summary judgment is denied.

DATED:     March 29, 2017                    .

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\Order accept r&r re Ds' msj.wpd

EXHIBIT 8

ANTHONY BROWN  CDCR # V-79273

CENTINELA STATE PRISON

P.O. BOX 901 - A3, 102 U

IMPERIAL, CALIFORNIA 92251

APRIL 20, 2012

RECEIVED

MAY 01 2012

ANGELES POLICE DEPARTMEN
DISCOVERY SECTION

INTERNAL AFFAIRS DIVISION

304 SOUTH BROADWAY STE 215

LOS ANGELES, CA 90013

TO WHOM IT MAY CONCERN :

MY NAME IS ANTHONY BROWN AND I AM THE PERSON FOR ALMOST 2 YEARS

WITNESSED & RECORDED THE BEATINGS/KILLINGS OF INMATES IN L.A.

COUNTY JAIL AT THE HANDS OF THE LOS ANGELES SHERIFF DEPARTMENT

AND MY JOB WAS TO REPORT DIRECTLY TO THE F.B.I MY FINDINGS AND

RECORDINGS AS WELL, THE OTHER MISCONDUCT OF L.A.S.D DEPUTIES

I AM ALSO THE INMATE WHO LOS ANGELES SHERIFF DEPT. DEPUTY (MICHEL)

BROUGHT THE CELL PHONE TO WHILE I WAS IN THE COUNTY JAIL UNDER THE

SURVEILLANCE OF THE F.B.I (SEE L.A. TIMES FRONT PAGE STORY PRINTED ON 9-25-11 & RELATED STORIES)

I AM VERY CREDIBLE AND HAVE WORKED WITH THE F.B.I IN THE PAST ON

A BIG INVESTIGATION LIKE THE L.A.S.D INVESTIGATION WHICH RESULTED

IN CONVICTIONS OF OVER 50 PEOPLE.

I AM WRITING TO MAKE A COMPLAINT ON A L.A.P.D DETECTIVE WHO

ACTIONS WERE MONITORED BY GOVERNMENT OFFICIALS WHO WATCHED

THIS DETECTIVE DISREGARD THE LAW AND POLICE PROCEDURES SO

THAT A CONVICTION CAN BE OBTAINED

THE MOST DISTURBING THING ABOUT THIS SITUATION IS THIS L.A.P.D

DETECTIVE FABRICATED EVIDENCE IN THIS CASE NOT KNOWING THAT

GOVERNMENT OFFICIALS PLANTED ME IN THIS SITUATION FOR THEIR

- 1 -

EXHIBIT 2

AB-00122

INVESTIGATION OF LOS ANGELES SHERIFF DEPARTMENT [NOT L.A.P.D]
HOWEVER, THIS DETECTIVE PUT L.A.P.D AND THE D.A OFFICE IN A
SITUATION IN WHICH THE CONDUCT OF L.A.P.D LAW ENFORCEMENT
AGENT IS SO OUTRAGEOUS THAT DUE PROCESS PRINCIPLES WOULD
ABSOLUTELY BAR THE STATE FROM INVOKING THE JUDICIAL PROCESS
BY THE CRIME COMMITTED BY THIS L.A.P.D DETECTIVE.

THE QUESTION THAT NEEDS TO BE ANSWERED IS WHY? WOULD A VETERAN
L.A.P.D POLICE DETECTIVE WITH OVER 21 YEARS ON THE JOB VIOLATE
THE LAW, L.A.P.D POLICE PROCEDURES AND A SUSPECT CONSTITUTIONAL
RIGHTS THAT ARE GUARANTEED BY THE UNITED STATES CONST-
ITUTION JUST TO OBTAIN EVIDENCE THAT IS FALSE.

VIOLATING A SUSPECT RIGHTS AND DISREGARDING THE LAW WHICH
THIS DETECTIVE HAS SWORN TO UP-HOLD BECOMES A VERY BIG
PROBLEM. IS THIS MISCONDUCT NORMAL TO THIS L.A.P.D DETECTIVE
AND L.A.P.D ??

THIS IS A PROBLEMATIC SITUATION DUE TO THE FACT THERE IS MORE
THAN ENOUGH EVIDENCE & OFFICIALS THAT CAN SUPPORT THIS DETECTIVE
MISCONDUCT WHICH WILL GIVE A BAD NAME TO L.A.P.D AND THE L.A.
DISTRICT ATTORNEY'S OFFICE

LASTLY, HOPEFULLY SOMEONE FROM YOUR OFFICE WILL RESPOND TO THIS letter
AND INVESTIGATE THIS COMPLAINT BEFORE IT GOES PUBLIC

RESPECTFULLY SUBMITTED

DATED 4-20-2012

C: LAPD HEADQUARTERS
    100 WEST 1st STREET
    LOS ANGELES, CA 90012

-2-

EXHIBIT 2

AR-00123

ANTHONY BROWN V-79273
P.O. BOX 901-A3,102
IMPERIAL, CALIFORNIA 92251

**CENTINELA STATE PRISON**
**FACILITY A - BUILDING 3**

GENERATED FROM
CENTINELA STATE PRISON



UNITED STATES POSTAGE
PITNEY BOWES

02 1R          $ 00.45⁰
0006557925      APR 23 2012
MAILED FROM ZIP CODE 92251

L.A.P.D   HEADQUARTERS
100 WEST 1st STREET
LOS ANGELES, CA .90012

LEGAL MAIL

9001234112                    ᴵᴵ.ᴵᴵ.ᴵᴵ...ᴵᴵ...ᴵᴵ.ᴵ.ᴵᴵ.ᴵ...ᴵᴵ.ᴵᴵ.ᴵᴵ.ᴵᴵᴵᴵ.ᴵᴵᴵᴵ    ATTN: CHARLIE BECK

# LOS ANGELES POLICE DEPARTMENT



**CHARLIE BECK**
Chief of Police

**ERIC GARCETTI**
Mayor

P. O. Box 30158
Los Angeles, Calif. 90030
Telephone: (213) 473-6739
TDD: (213) 485-3604
TDD: (877) 275-5273
Ref #:   13.5.1

CF No. 12-001589

November 27, 2013

Mr. Anthony Brown
P.O. Box 901-A3, 102 U
Imperial, California  92251

Dear Mr. Brown:

An investigation into your complaint that was reported on May 25, 2012, regarding the conduct of an employee of the Los Angeles Police Department has been completed.  The investigation has gone through several levels of review, including the command staff of Internal Affairs Group.  Your allegation that the employee disregarded the law and Department policy has been classified as *Insufficient Evidence to Adjudicate*, which means there was insufficient information available to adequately or thoroughly investigate, or adjudicate the allegation made.

Thank you for bringing this issue to our attention.  It is the goal of the Los Angeles Police Department to provide the highest level of quality service to every member of the community.  Any questions regarding this matter may be referred to Sergeant Andrew Garcia, Complaint Classifications Unit, Internal Affairs Group, at (213) 473-6739.

Very truly yours,

CHARLIE BECK
Chief of Police

STUART A. MAISLIN, Commander
Commanding Officer
Internal Affairs Group

AN EQUAL EMPLOYMENT OPPORTUNITY
www.LAPDonline.org
www.joinLAPD.com

Los Angeles Police Department
P.O. Box 30158
Los Angeles, CA 90030

13.5.1

RETURN SERVICE
REQUESTED

XX.12/05/13 SANTA CLARITA CA 913XX

PRESORTED
FIRST CLASS

neopost
12/05/2013
US POSTAGE    $00.38

ZIP 90012
041L12202575

CENTINELA STATE
PRISON

DEC 10 2013

RECEIVED
LEGAL MAIL

Anthony Brown
PO Box 901-A3, 102 U
Imperial, CA  92251

V79273
DI-115

KAFUP3B 92251

Case 2:13-cv-02629-BSC-PJW    Document 78-2    Filed 09/21/15    Page 2 of 100    Page ID #:1129

12-00589



# INTERNAL

# AFFAIRS

# FILE

The following material is intended only for the use of the individual or entity to which it is addressed. It contains information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you should not read or otherwise review this material. Any use, dissemination or copying of this material is strictly prohibited. If you have received this document in error, please notify us immediately by telephone and return this original document.

### PLEASE RETURN TO:

Internal Affairs Group, Administrative Records Section (213) 485-4152

EXHIBIT 2                                    AB-00116

## Los Angeles Police Department

## Complaint Review Report

Statute Date: 05/25/2013          COMPLAINT FORM          Masked: No     CF No.: 12-001589

### Preliminary Investigative Narrative:

Complainant Anthony Brown wrote that sometime during the last couple of years, a Los Angeles Police Detective disregarded the law and police procedures. That detective was a veteran of 21 years of service.

His conduct was outrageous. That detective allegedly did what he did in order to obtain a conviction. The detective allegedly also planted evidence.

Anthony Brown is a common name. Departmental resources were utilized to obtain further information without success. California Department of Corrections (CDC) was also notified. They provided the institution where Brown was being housed and confirmed that his CDCR number matched his name. However, they did not provide a date of birth, nor would they without more information regarding Brown. Anthony Brown is a very common name within CDC as well.

Brown requested that this complaint be investigated before it went public.

This complaint came to the Department's attention, when Sergeant II Rick Harris, Serial No. 30435, Complaint Classifications Unit, Internal Affairs Group, received correspondence that was forwarded from Risk Management Group.

LAPD INTERNAL AFFAIRS COMPLETED THE INVESTIGATION WITHOUT EVER TALKING TO BROWN!

FORM 70-01.28.0 (R 1-07)                    Page: 2 of 3                    Date: 07/20/2012

EXHIBIT 2                    AB-00118

# EXHIBIT 9

SP HDL CD
BKG# 2009547     PERMANENT HSG LOC 2400C0003        SEC LVL  7  ID LVL  P
MAIN#  32338812     SENTENCE STATUS 1
LAST NAME BROWN                   FIRST ANTHONY          MIDDLE
SEX M RACE B  AGE 42 EYE BRO   HAIR BLK   HGT 510 WGT  220    DOB 02/19/67


REQUEST DATE 062711    TIME  0416
REPORT TO LONG BEACH SUPERIOR CT DEPT J


TERMINAL ID #  U89E


R E P O R T  T O    I R C   C O U R T  L I N E  C E L L

                                                                    20
     COURT CODE SOJ


PASS

    SP HDL CD
    BKG# 2009547     PERMANENT HSG LOC 2400C0003        SEC LVL  7  ID LVL  P
    MAIN#  32338812     SENTENCE STATUS 1
    LAST NAME BROWN                   FIRST ANTHONY          MIDDLE
    SEX M RACE B  AGE 42 EYE BRO   HAIR BLK   HGT 510 WGT  220    DOB 02/19/67


    REQUEST DATE 062711    TIME  0416
    REPORT TO LONG BEACH SUPERIOR CT DEPT J


    TERMINAL ID #  U89E


R E P O R T  T O    I R C   C O U R T  L I N E  C E L L
                                                                    20
     COURT CODE SOJ

ANTHONY BROWN SR.

CDCR# V-79273

P.O. Box 931 / D1-112

IMPERIAL, CA 92251

APRIL 19, 2017

UNITED STATES ATTORNEY'S OFFICE

CENTRAL DISTRICT OF CALIFORNIA

312 NORTH SPRING STREET

SUITE 1200

LOS ANGELES, CALIFORNIA 90012

DEAR U.S. ATTORNEY

ATTACHED AND MARKED AS EXHIBIT 1. IS THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. REPORT AND RECOMMENDATION ISSUED BY UNITED STATES MAGISTRATE JUDGE, PATRICK J. WALSH. DATED FEBRUARY 21, 2017 AND ACCEPTED BY UNITED STATES DISTRICT JUDGE, PHILIP S. GUTIERREZ.

IN LIGHT OF SAID REPORT AND RECOMMENDATION I RESPECTFULLY ASK THAT YOU RE-CONSIDER HELPING ME AND THAT YOUR OFFICE AND THE FBI STEP IN AS PART OF THE WIDE RANGING INVESTIGATION INTO ABUSE AND CORRUPTION INSIDE L.A. COUNTY JAILS

1.

AS YOUR OFFICE AND THE FBI DID FOR GABRIEL CARRILLO. ESP. BECAUSE I WAS UNDER THE FBI WATCH. ASSISTING THE FBI WITH THEIR INVESTIGATION INTO THE L.A. COUNTY JAIL AND I WAS AT THE CENTER OF L.A.S.D OPERATION PANDORA'S BOX. WHICH LED TO THE INDICTMENTS AND CONVICTIONS OF TEN (10) LASD OFFICIALS.

IN 2010 I WAS RECRUITED BY AND ASSISTED THE FBI WITH THEIR INVESTIGATION INTO THE LOS ANGELES COUNTY JAIL, AS AN COVERT FBI INFORMANT. EXHIBIT-2 PAGE 4:5-11

THEN IN THE YEAR OF 2012 I PERSONALLY MET WITH AUSA MR. BRANDON FOX, MS LIZ RHODES AND FBI SPECIAL AGENT LEAH MARX. DURING THAT MEETING I PRESENTED EVIDENCE TO MR. FOX AND MS RHODES RE: THE MISCONDUCT AND CORRUPTION OF LASD DEPUTY BAILIFF K. MARCHELLO #503663 AND LAPD DETECTIVE V. CONRADO # 26755 WHICH LED TO MY WRONGFUL CONVICTION.

I WAS TOLD THAT THE USAO DIDN'T WANT TO GET INVOLVE WITH MY CRIMINAL CASE BECAUSE THE ATTY'S FOR THE DEFENDANT'S (INDICTED NOW CONVICTED DEPUTIES) WOULD SAY " ANTHONY BROWN ASSISTED THE FBI WITH THEIR INVESTIGATION INTO THE L.A. COUNTY JAIL AND IN RETURN THE FBI / USAO HELPED ANTHONY BROWN WITH HIS CASE." THE USAO EXPLAINED THAT THEY DIDN'T WANT THAT TO HAPPEN.

2.

ANYWAY AFTER L.A.S.D KIDNAPPED, CHANGED MY NAME TO HIDE ME FROM THE FBI, U.S. MARSHAL AND THE U.S.A.O. WHILE AT THE SAME TIME L.A.S.D INTERROGATED ME TO FIND OUT WHAT I KNEW AND WHAT I HAD TOLD THE FBI. WHILE NOT PROVIDING PROPER MEDICAL TREATMENT TO ME.

ON SEPTEMBER 12, 2011 LASD GAVE ME MY REAL NAME BACK AND DROVE ME TO LANCASTER STATE PRISON AND THE FOLLOWING OCCURRED:

• FROM 2011 THROUGH APRIL 23, 2014 THE FBI CAME TO LANCASTER AND CENTINELA STATE PRISON. TO OBTAIN THE INFORMATION (DEBRIEF ME) ABOUT WHAT HAPPEN WHEN LASD KIDNAPPED/HID ME ETC. EXHIBIT-3 WHICH EVENTUALLY LED TO THE INDICTMENTS AND CONVICTIONS OF GILBERT MICHEL AND THE NINE (9) LASD OFFICIALS RE: OPERATION PANDORA'S BOX. TOTALING TEN (10) LASD OFFICIALS ALREADY CONVICTED PENDING THE OUTCOME OF THE TRIAL OF EX SHERIFF LEE BACA.

• BRANDON FOX, LIZ RHODES AND THE USAO REFERRED TO ME (ANTHONY BROWN) AS INMATE AB IN EVERY SINGLE ONE OF THE FOLLOWING INDICTMENTS:

  1. CASE NO. CR 13-00819 (THOMPSON et al)
  2. CASE NO. CR  (GILBERT MICHEL)
  3. CASE NO. CR 15-00255 (TANAKA AND CAREY)
  4. CASE NO. CR 13-00819 (JAMES SEXTON) AND:
  5. CASE NO. CR 16-0066 (LEROY D. BACA)

3.

WHICH LED TO THE CHARGES OF SAID INDICTMENTS.

SO DESPITE MY ROLE, AUSA BRANDON FOX AND LIZ RHODES ALONG WITH FBI SPECIAL AGENT LEAH MARX AND U.S. ATTORNEY DECKER IGNORED MY LETTERS FOR HELP RE: THE CORRUPTION AND MISCONDUCT OF LASD AND LAPD REGARDING MY CASE WHICH LED TO MY WRONGFUL CONVICTION. WE ALL KNOW THAT WITHOUT ANTHONY BROWN SR. (ME) THERE WOULD NOT BE NO CASE CR 13-00819, CR 15-00255, CR 16-0066 AND GILBERT MICHEL CASE.

I NEVER ASKED THE USAO AND THE FBI, TO DO ME ANY FAVORS. I DID ASK BRANDON FOX, LIZ RHODES, U.S. ATTORNEY DECKER AND FBI AGENT LEAH TANNER (NEE MARX) FOR JUSTICE RE: THE MISCONDUCT, CORRUPTION OF LASD, LAPD & L.A. SUPERIOR COURT RE: MY CASE WHICH HAPPEN WHILE I WAS ASSISTING THE FBI WITH THEIR INVESTIGATION INTO THE LOS ANGELES COUNTY JAIL. PLUS I PRESENTED THEM ALL WITH THE EVIDENCE OF MY CLAIMS.

SO WHILE ███ U.S. ATTORNEY DECKER, BRANDON FOX, LIZ RHODES AND THE FBI ALL BLEW ME OFF AS IF I HAD NO PART IN L.A.S.D OPERATION PANDORA'S BOX WHICH YOU ALL TAKE FULL CREDIT FOR. AND REFUSE TO HELP OR BELIEVE ME. DESPITE SEEING THE EVIDENCE.

4.

THE FEDERAL JUDGES OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA REPORT AND RECOMMENDATION EXHIBIT 1 IS THE VERY SAME EVIDENCE THAT I PERSONALLY PRESENTED TO BRANDON FOX AND LIZ RHODES THAT IS EVIDENCE OF THE CORRUPTION AND QUESTIONABLE MISCONDUCT OF LAPD, LASD ETC. RE: MY CASE.

SO MY THOUGHTS ARE, BASED ON THE ACTIONS OF THE USAO AND THE FBI. IT WOULD BE FAIR TO SAY THE USAO AND THE FBI ARE DISCRIMINATING AGAINST ME FOR THE FOLLOWING REASONS:

A. BECAUSE I AM A BLACK MALE WHO WAS AT THE CENTER OF THE LARGEST LAW ENFORCEMENT CORRUPTION SCANDAL IN LOS ANGELES HISTORY AND A BLACK MAN IS NOT SUPPOSE TO BE THE CAUSE OF THE INDICTMENTS, CONVICTIONS OF NON-BLACK UNDERSHERIFF, CAPT., SERGEANTS LIEUTENANTS AND DEPUTIES OF THE LOS ANGELES SHERIFFS DEPARTMENT.

B. WHY ELSE WOULD THE USAO/FBI HELP A NON-BLACK MAN NAME GABRIEL CARRILLO BUT REFUSE TO STEP IN AND HELP ME BECAUSE I AM A BLACK MAN. ESP. WHEN I PROVIDED EVIDENCE OF THE QUESTIONABLE MISCONDUCT OF LASD & LAPD WHICH LED TO MY WRONGFUL CONVICTION WHILE I WAS ASSISTING MY

5.

COUNTRY / THE FBI WITH THEIR INVESTIGATION INTO THE L.A. COUNTY JAIL NOT TO MENTION THE FBI CAME TO ME FOR ASSISTANCE. I DID NOT GO TO THE FBI. EXHIBIT-4 EXHIBIT-5 AND EXHIBIT-6 IS EVIDENCE THAT THE USAO AND THE FBI STEPPED IN AS PART OF THEIR WIDE RANGING INVESTIGATION INTO ABUSE AND CORRUPTION INSIDE L.A. COUNTY JAIL IN 2013 & 2015 AFTER TELLING ME IN 2012 THEY DIDN'T WANT TO GET INVOLVE. JUST LIKE GABRIEL CARRILLO I WAS CHARGED BUT NOT CONVICTED THE FBI/USAO STEPPED IN FOR MR. CARRILLO BUT NOT FOR THE BLACK MAN THE FBI RECRUITED TO ASSIST IN THEIR INVESTIGATION INTO THE COUNTY JAIL.

C.  WHY WOULD THE USAO/FBI LET THE SAME PERSON THEY INDICTED AND CONVICTED AND WHO WAS ONE OF THE DEFENDANTS (JAMES SEXTON) WHO KIDNAPPED/HID ME FROM THE FBI. WHY? WOULD THEY LET HIM OUT OF PRISON BY FILING A RULE 35 MOTION EXHIBIT-7 AUSA BRANDON FOX & LIZ RHODES ARGUMENT IN THEIR RULE 35 MOTION WERE THAT JAMES SEXTON PROVIDED SIGNIFICANCE AND USEFULNESS OF ASSISTANCE TRUTHFULNESS, COMPLETENESS, AND RELIABILITY OF INFORMATION

6.

RISK OF DANGER RESULTING FROM ASSISTANCE SEE EXHIBIT-7 JAMES SEXTON RESPONSE TO BRANDON FOX AND LIZ RHODES RULE 35 MOTION WAS THE " GREAT RISKS " POSED TO SEXTON'S PERSONAL SAFETY EXHIBIT-8

WHILE AUSA BRANDON FOX AND LIZ RHODES INDICTED AND CONVICTED JAMES SEXTON AND THE OTHER NINE LASD OFFICIALS FOR BREAKING THE LAW THEY TURNED AROUND AND SHOWED HIM FAVORITISM BY FILING A RULE 35 MOTION EXHIBIT-7 BECAUSE SEXTON IS NOT A BLACK MAN, THERE HAVE BEEN NO SPECIFIC THREATS SEE PAGE 4 OF EXHIBIT-7 LINE 4 THROUGH 9.

HOWEVER, I ANTHONY BROWN SR WAS ATTACKED A NUMBER OF TIMES AND MY LIFE IS IN DANGER EVERY SINGLE DAY BECAUSE I AM LABLED AS A FBI INFORMANT EXHIBIT-9 FOR ASSISTING THE FBI. YET BRANDON FOX & LIZ RHODES OF THE USAO REFUSE TO HELP ME BECAUSE I AM A BLACK MAN. I EVEN CONTACTED BRANDON FOX TO ASK HIM TO GET A COURT ORDER FOR ME TO BE HOUSED SINGLE CELL FOR MY SAFETY AGAIN BRANDON FOX IGNORED MY LETTERS BECAUSE I AM BLACK

AND SO, WHILE THE USAO SAID THEY DIDNT WANT TO GET INVOLVE WITH MY CASE BECAUSE IT

7.

WOULD LOOK LIKE THE USAO/FBI WAS DOING A FAVOR FOR FAVOR BY STEPING IN RE: THE CORRUPTION AND QUESTIONABLE MISCONDUCT IN MY CASE. YET, ALL I SEEN SINCE THE START OF THE FOLLOWING CASES CR 13-00819, CR 15-00255, CR 16-0066 AND GILBERT MICHEL CASE WERE FAVORS FOR FAVORS FOR THE DEFENDANTS TO TESTIFY AGAINST ONE ANOTHER IN EXCHANGE FOR LIGHTER SENTENCES OR NO SENTENCE AT ALL AND EVERY ONE OF THE DEFENDANTS ARE NOT BLACK NITHER IS GABRIEL CARRILLO

I NEVER ASKED FOR ANYTHING EXCEPT JUSTICE AND THE FBI/USAO FAIL TO STEP IN RE: THE CORRUPTION AND QUESTIONABLE MISCONDUCT THAT THE LASD & LAPD COMMITTED WHILE I WAS ASSISTING THE FBI AS A FBI INFORMANT UNDER THE GOVERMENT WATCH.

AUSA BRANDON FOX, LIZ RHODES REFUSED TO GIVE ME A LAWYER BECAUSE THEY SAID I DID NOT HAVE A FEDERAL CASE. HOWEVER, I WAS UNDER THE FEDERAL GOVERNMENT WATCH AS AN COVERT FBI INFORMANT WHEN THE MISCONDUCT AND CORRUPTION OF LASD & LAPD OCCURRED.

8.

THE USAO & THE FBI SHOULD HAVE INVESTIGATED THE LASD AND LAPD CORRUPTION AND QUESTIONABLE MISCONDUCT ESP. AFTER I DID PRESENT PROOF OF LASD & LAPD MISCONDUCT. DUE TO THE FACT THE QUESTIONABLE MISCONDUCT HAPPENED LONG AFTER I WAS RECRUITED BY THE FBI AND DURING THE TIME I WAS ASSISTING THE FBI WITH THEIR INVESTIGATION INTO THE L.A. COUNTY JAIL WHICH LED TO THE 10 CONVICTIONS OF LASD OFFICIALS.

IT IS CLEAR THE MISCONDUCT OF LASD AND LAPD WHICH LED TO MY WRONGFUL CONVICTION HAPPENED WHILE I WAS ALREADY ASSISTING THE FBI AS A FBI INFORMANT.

NOT ONLY DID I SHOW BRANDON FOX, LIZ RHODES AND FBI AGENT LEAH TANNER (nee MARX) EVIDENCE OF THE QUESTIONABLE MISCONDUCT & CORRUPTION OF LASD DEPUTY BAILIFF AND THE LAPD LEAD DETECTIVE OF MY CRIMINAL CASE. I ALSO PRESENTED EVIDENCE OF THE MISCONDUCT OF THE SUPERIOR COURT AND THE DEPUTY DISTRICT ATTORNEY RE: CASE BA360070. ALL THE QUESTIONABLE MISCONDUCT AND CORRUPTION OCCURRED WHILE I WAS UNDER THE WATCH OF THE FBI AS AN FBI INFORMANT ASSISTING IN A COVERT PUBLIC CORRUPTION INVESTIGATION ABOUT ALLEGED

9.

FEDERAL CIVIL RIGHTS OFFENSES BEING COMMITTED BY EMPLOYEES OF LASD WORKING AT MCJ WHO WERE ALLEGEDLY ABUSING INMATES SEE [CR-13-00819 PAGE 4:5 THROUGH 11] NOW MARKED AS EXHIBIT-2

IN LIGHT OF THE REPORT AND RECOMMENDATION OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA DATED FEBRUARY 21, 2017. IT IS CLEAR THAT THE EVIDENCE THAT I PRESENTED TO AUSA BRANDON FOX AND LIZ RHODES IN 2012 WAS EVIDENCE OF LASD, LAPD CORRUPTION & QUESTIONABLE MISCONDUCT WHICH LED TO MY WRONGFUL CONVICTION WHILE I WAS ASSISTING THE FBI AND FOR BRANDON FOX THE USAO AND THE FBI TO STAND BY AND DO NOTHING WHILE GIVING THE DEFENDANTS SWEETHEART DEALS BECAUSE THEY ARE NOT BLACK IS A VERY CLEAR SIGN OF RACIAL DISCRIMINATION AGAINST ANTHONY BROWN BY BRANDON FOX, LIZ RHODES OF THE UNITED STATES ATTORNEY OFFICE ESP. BECAUSE WITHOUT ANTHONY BROWN THERE WOULD NOT BE LASD OPERATION PANDORA'S BOX AND NO CASES CR-13-00819, CR-15-00255, CR-16-0066 ETC. I PRAY THAT YOUR OFFICE RECONSIDER HELPING ME.

FINALLY, IT WAS ME NOT THE FBI OR THE USAO WHO TALK TO AND MADE THE DEAL FOR LASD DEPUTY

10.

GILBERT MICHEL TO GO MEET UNDERCOVER FBI AGENT C.J. INFACT I CALLED CJ AND FBI SPECIAL AGENT LEAH MARX WITH A CELL PHONE GIVING TO ME BY LASO DEPUTY GILBERT MICHEL TO SET UP THE MEETING.   ( CHECK THE PHONE RECORDS )

LASO DEPUTY GILBERT MICHEL CUT A DEAL WITH ME TO BRING ANY AND EVERYTHING INTO THE COUNTY JAIL THAT IT WHY DEPUTY MICHEL GAVE ME ADDRESS TO HIS FAMILY SO THAT I COULD SEND $20,000 TO HIM. SOMEONE TOLD THE MEDIA THAT I PROMISED MICHEL $20,000 TO BRING A PHONE WHICH IS NOT TRUE.

LASO DEPUTY BOUGHT CONTRABAND AND DRUGS INTO THE COUNTY JAIL THAT THE FBI DID NOT KNOW ABOUT OR AUTHORIZE. THE FBI DID NOT GIVE LASO DEPUTY MICHEL CIGARETTES, LIGHTERS AND DRUGS TO BRING TO ME. THE FBI ONLY GAVE MICHEL A PHONE ON ONE VISIT AND A NOTE ON ANOTHER VISIT

SO THE MILLION DOLLAR QUESTION IS HOW DID I GET DRUGS & CIGARETTS ETC.? WHEN I TOLD THE FBI ABOUT IT. ALL OF A SUDDEN I WAS THE LIAR, THE EXAGGERATOR AND THE USAO TOLD THE MEDIA THE FOLLOWING:
" JAIL INFORMANT'S CREDIBILITY COMPLICATES WORK OF

11.

FEDERAL PROSECUTORS" SEE EXHIBIT-10 I BELIEVE THE SAME GUY WHO WROTE THAT L.A. TIMES ARTICLE IS THE SAME GUY WHO TESTIFIED FOR THE AUSA BRANDON FOX AT LEE BACA FIRST TRIAL THAT ENDED IN A MISTRIAL 11 TO 1 NOT GUILTY.

SO AFTER I TOLD THE FBI ABOUT LASD DEPUTY MICHEL BRINGING ME DRUGS & CONTRABAND THE AUGUST 27, 2012 L.A. TIMES ARTICLE CAME OUT EXHIBIT-10 I WAS KICKED TO THE CRUB BY THE USAO AND THE FBI AND LASD DEPUTY GILBERT MICHEL BECAME AUSA BRANDON FOX AND LIZ RHODES STAR WITNESS.

THE WITNESSL.A.COM ARTICLE DATED JULY 23, 2013 BY CELESTE FREMON CLEARLY TALKS ABOUT THE DRUGS A DEPUTY GAVE ME ALSO MARKED AS EXHIBIT-10 BUT THE USAO DECIDED THAT I WAS EXAGGERATING. CAUSE IF TRUE LASD DEPUTY MICHEL CREDIBILITY WOULD BE NO GOOD AND WOULD NOT BE THEIR STAR WITNESS. CAUSE IF I REMEMBER RIGHT NONE OF THE DEFENDANTS WERE WILLING TO TESTIFY FOR THE FEDERAL PROSECUTORS. EXCEPT DIRT BAG LASD DEPUTY GILBERT MICHEL. AND I BECAME THE USAO AND THE FBI CAUSALITY OF WAR. BECAUSE I AM BLACK AND HAD NO

12.

LAWYER TO REPRESENT MY INTREST.

WHAT'S SO FUNNY TO ME IS THAT, IF I WAS AN EXAGGERATOR, A LIAR OR MY CREDIBILITY COMPLICATES WORK OF FEDERAL PROSECUTORS IN 2012 WHY WAS THE FBI KEEP COMING TO SEE ME TO OBTAIN MY EXAGGERATING INFORMATION IN 2013, AND 2014 SEE EXHIBIT-3 THEN THEY HID ME DURING TRIAL SO THE DEFENDANT'S LAWYERS WOULD NOT TALK TO ME.

WHILE NONE OF THE ABOVE MATTER TO ME I KNOW THAT I PROVIDED THE FOLLOWING TO THE FBI

1. SIGNIFICANCE AND USEFULNESS OF ASSISTANCE

2. TRUTHFULNESS, COMPLETENESS AND RELIABILITY OF INFORMATION WHICH CAUSED;

3. RISK OF DANGER RESULTING FROM ASSISTANCE TO THE FBI MY LIFE IS IN DANGER EVERY DAY IN PRISON FOR BEING AN FBI INFORMANT

PUT SIMPLY, WITHOUT ME NO INDICTMENTS AND CONVICTIONS OF THE TEN (10) LASD OFFICIALS

ALSO PUT SIMPLY, I PROVIDED EVIDENCE TO THE USAO AND FBI ABOUT THE CORRUPTION AND THE QUESTIONABLE MISCONDUCT COMMITTED UPON ME

BY LASD, LAPD, ETC. DURING THE TIME I WAS ASSISTING THE FBI WITH THEIR INVESTIGATION INTO THE COUNTY JAIL AND THEY (USAO/FBI) SHOULD HAVE STEPPED IN AS THEY DID FOR GABRIEL CARRILLO BUT THEY DID NOT DO SO DUE TO THE FACT I AM BLACK MAN

FOR THE ABOVE REASONS AND EXHIBITS (1-10) I RESPECTFULLY REQUEST THAT THIS OFFICE STEP IN AND CORRECT THE WRONG THAT WAS COMMITTED UPON ME WHILE ASSISTING THE FBI WITH THEIR INVESTIGATION INTO THE LOS ANGELES COUNTY JAIL AS AN FBI INFORMANT.

I PRAY THAT THIS OFFICE STEP IN AND INVESTIGATE THE QUESTIONABLE MISCONDUCT AND CORRUPTION OF LASD & LAPD WHICH LED TO MY WRONGFUL CONVICTION WHILE I WAS UNDER THE GOVERNMENT'S WATCH ASSISTING THE FBI AS A FBI INFORMANT IN LIGHT OF THE REPORT AND RECOMMENDATION OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

RESPECTFULLY SUBMITTED

ANTHONY BROWN SR

14.



NEWS
# EXCLUSIVE: FBI INFORMANT IN BACA TRIAL HAS 'NO REGRETS'



EMBED </>   MORE NEWS VIDEOS ▶

Inmate-turned-FBI-informant Anthony Brown told Eyewitness News in an exclusive interview he has no regrets being labeled a "snitch" in former Sheriff Lee Baca's trial. (KABC)

 By Miriam Hernandez and Lisa Bartley

Tuesday, December 20, 2016 08:47PM

LOS ANGELES (KABC) -- "No, I don't have no regrets," inmate-turned-FBI-informant Anthony Brown told Eyewitness News in an exclusive interview from state prison.

Brown's role in the FBI's covert investigation of the Los Angeles County jails undoubtedly put him at risk for retaliation. He'll forever be labeled a "snitch."

It was Brown's information from behind bars that helped launch the FBI's undercover operation inside Men's Central Jail in the summer of 2011. The target? A corrupt deputy willing to accept a bribe.

"I did what the FBI directed me to do - which is gather evidence of the corrupt LASD deputies. And the FBI did what the FBI does - which is catch them, turn them and flip them like pancakes," Brown said.

So far, nine former LASD officials, including former Undersheriff Paul Tanaka, have either pleaded guilty or been sentenced to prison in connection with the scheme to block a federal investigation into inmate abuse and corruption inside the jails. Tanaka, sentenced to a five-year term, has been ordered to surrender to prison next month.

"Someone had to do it, why not me?" Brown said about his work with the feds.

Brown spoke out exclusively to Eyewitness News again as the federal corruption trial of former Los Angeles County Sheriff was wrapping up. Jurors have

12/27/2016                                          Exclusive: FBI informant in Baca trial has 'no regrets' | abc7.com

now deliberated for about 11 hours without reaching a verdict.

On Tuesday, jurors sent six notes to the judge. Their requests ranged from read-backs of testimony from three prosecution witnesses -- to clarification on a key legal issue.

In one note, jurors asked, essentially -- was it legal for the sheriff's department to approach FBI Agent Leah Marx? The note added that jurors were confused by a jury instruction that said local law enforcement does have the authority to investigate violations of state law by a federal agent, but they cannot use that authority to obstruct justice.

Judge Percy Anderson called the jury into the courtroom to tell them that they - the jurors -- must determine if Baca's intent was obstruction.

"Intent is and was always the toughest part of the case," said former federal prosecutor Miriam Krinsky who has been following the case. "The facts have never been in dispute -- rather the key has always been why Baca did what he did and to what extent he was part of the obstruction activities."

Brown, who was now serving 423 years to life for armed robbery, said he has frequent contact in state prison with inmates newly arrived from Men's Central Jail.

"They say it's changed a lot," Brown said. "The deputies... not aggressive, I mean, that's enough for me right there because it was really bad."

From prison, Brown has high praise for the FBI and the U.S. Attorney's Office, saying they are the "real heroes and deserve the praise," for "standing up" to misconduct in local law enforcement.

"Their integrity and courage would not allow them to turn a blind eye to misconduct committed by LASD deputies," he said.

The episode was life-changing for Brown. His cover as an informant was blown in August of 2011 when jail guards found Brown's contraband cellphone stashed in a bag of Dorito's during a routine search.

Brown's phone calls from jail were traced by LASD investigators to a civil rights squad of the FBI - a squad that investigates potential corruption in local law enforcement. Soon after, Brown's name was changed in the LASD computer system, he was moved repeatedly, and discouraged from further cooperating with the FBI.

"The whole ordeal of assisting the FBI was a living hell," Brown told Eyewitness News. "I knew at any time I could be killed -- disappear without a trace -- if the LASD deputies found out I was assisting the FBI by reporting corrupt deputies."

Baca's defense is, in part, that the former sheriff had promised the FBI to protect Brown at a time the two agencies were at a standoff.

Brown, however, rejects the idea that the LASD's actions were meant to protect him.

"That's a straight, flat-out lie," Brown said. "They weren't trying protect me, they were hiding me and they let me know."

"They told me what they was doing. 'You're not going to see the FBI right now, we're just going to put you over here,'" Brown explained.

Brown, who is appealing his armed robbery convictions, told Eyewitness News he is gratified that corrupt deputies are behind bars too.

"I think it was worth it," Brown said. "I think they got what they deserve and maybe people will learn from it. Maybe other deputies will learn from it, maybe they won't. Who knows?"

Jurors weighing the fate of Baca will resume their deliberations on Wednesday morning at 8 a.m.

*Got a tip? Email ABC7 investigative producer Lisa.Bartley@abc.com*

**Related Topics:**

news    lee baca    los angeles county sheriff's department    corruption    trial    jail    investigations    Los Angeles    Los Angeles County

f Share | G+1    Tweet    Email

(Copyright ©2016 KABC-TV. All Rights Reserved.)

# SPONSORED CONTENT

ANTHONY BROWN SR

V-79273

P.O. BOX 931 / D1-112

IMPERIAL, CA 92251

JULY 19, 2016

EILEEN M. DECKER

UNITED STATES ATTORNEY'S OFFICE

CENTRAL DISTRICT OF CALIFORNIA

312 NORTH SPRING STREET

SUITE 1200

LOS ANGELES, CA 90012

TO: U.S. ATTORNEY DECKER

I RESPECTFULLY WRITE THIS LETTER IN ATTEMPT TO COMPLETE MY DUE DILIGENCE WITH THE UNITED STATES ATTORNEY'S OFFICE AND THE FBI.

ALTHOUGH I WAS RECRUITED BY AND ASSISTED THE FBI WITH THEIR INVESTIGATION INTO THE L.A. COUNTY JAIL, MY ROLE LED TO THE INDICTMENTS AND CONVICTIONS OF ELEVEN (11) LOS ANGELES SHERIFF'S DEPARTMENT OFFICIALS INCLUDING LASD SHERIFF, LEROY BACA AND UNDERSHERIFF, PAUL TANAKA. I NEVER ASKED THE FBI FOR NOTHING IN RETURN BECAUSE FOR ME TO HELP EXPOSE

1.

THE CORRUPT LASD DEPUTIES WAS THE RIGHT THING TO DO.

WHILE ASSISTING THE FBI AS A FBI INFORMANT / WITNESS OF THEIR COVERT INVESTIGATION INTO THE LOS ANGELES COUNTY JAIL. LAPD DETECTIVE VERONICA CONRADO # 26755, LASD DEPUTY BAILIFF KELLY MARCHELLO # 503663 ALONG WITH THE JUDGE AND THE DEPUTY DISTRICT ATTORNEY ALL PARTICIPATED IN QUESTIONABE MISCONDUCT TO OBTAIN MY WRONGFUL CONVICTION WHEN I BECAME PRO-PER. SO THAT I WOULD NOT UNDERMINE LAPD CASE AGAINST ME.

I COMPLAINED TO MY FBI HANDLERS EVERY CHANCE I GOT. THE FBI TOLD ME THE LAWYERS (USAO) DID NOT THINK THEY SHOULD GET INVOLVE WITH MY CRIMINAL CASE BECAUSE THE DEFENDANTS (LASD DEPUTIES) ATTORNEYS WOULD ARGUE THAT ANTHONY BROWN ONLY ASSISTED THE FBI BECAUSE BROWN WAS PROMISED SOMETHING IN RETURN. HOWEVER, MY FBI HANDLERS DID HELP ME OBTAIN SOME DOCUMENTS IN 2011.

AFTER FIVE YEARS OF GATHERING EVIDENCE OF POLICE / LAW ENFORCEMENT MISCONDUCT OF THE ABOVE MENTIONED PEOPLE. IN 2016 WITH THE HELP OF

2.

THE UNITED STATES DISTRICT COURT OF CENTRAL DISTRICT, LASD IRC RECORDS, LOS ANGELES POLICE DEPARTMENT, COLLINS COLLINS MUIR + STEWART LLP. (ATTORNEYS FOR COUNTY OF LOS ANGELES) AND LOS ANGELES SHERIFF'S LEGAL DEPARTMENT I OBTAINED PROOF OF LAPD DET. CONRADO, LASD DEPUTY KELLY MARCHELLO, DEPUTY DISTRICT ATTORNEY ASHVANIAN AND SUPERIOR COURT JUDGE HENRY J. HALL QUESTIONABLE - MISCONDUCT THAT VIOLATED MY CIVIL AND CONSTITUTIONAL RIGHTS. BY WAY OF SUBPOENA.

MY ATTACHED DECLARATION ALONG WITH EXHIBITS I THROUGH 26 / EXHIBIT C WILL SUPPORT THE FACTS.

SO WHILE FBI AGENT LEAH TANNER (NEE MARX) RECRUITED ME AND I FOLLOWED HER ORDERS AND INSTRUCTIONS TO A TEE WHILE ALSO INFORMING HER OF MY EVERY MOVE. SO WHEN I LEARNED THAT PART OF FBI AGENT LEAH TANNER TESTIMONY AT TRIAL WAS THAT I AM A LIAR. I WAS SHOCKED BECAUSE EVERY LIE I TOLD TO LASD BRASS - I EXPLAINED THE LIES TO AGENT TANNER. AGENT TANNER WOULD TELL ME " IF I THOUGHT YOU WERE LYING TO ME I WOULD HAVE STOP DEALING WITH YOU A LONG TIME AGO "

3.

AMERICA HAS LEARNED THE ONLY LIARS WERE THE LOS ANGELES SHERIFF'S DEPARTMENT OFFICIALS THAT IS WHY-YOUR OFFICE CONVICTED A GANG OF LASD DEPUTIES UNDER TITLE 18 U.S.C §§ 1001 AND 1623

WHILE I UNDERSTOOD AS A DEFENSE-LASD OFFICIALS PARTICIPATED AND ENCOURAGED THE LOS ANGELES TIMES TO RUN THE AUGUST 27, 2012 ARTICLE WHICH READ:

"JAIL INFORMANT'S CREDIBILITY COMPLICATES WORK OF FEDERAL PROSECUTORS"

THAT ARTICLE FIT IN WITH WHAT LASD DEPUTIES WOULD TELL ME AND ANYBODY ELSE. " WHO'S GONNA BELIEVE YOUR WORD OVER A DEPUTY."

THE ARTICLE DID NOT HELP THE SITUATION AT ALL AND THATS WHY THE USAO USED LASD DEPUTY GILBERT MICHEL AS THE STAR WITNESS FOR THE TRIALS OF LASD DEPUTIES.

GILBERT MICHEL HAS PLAYED ALL YOU SMART PEOPLE OF THE USAO AND THE FBI. HE IS THE BIGGEST LIAR OF ALL THE DEPUTIES THAT WERE CONVICTED BY YOUR OFFICE PLUS THE FACT DEPUTY MICHEL DIDNT KNOW WHAT HAPPEN

4.

RE: OPERATION PANDORA'S BOX DUE TO THE FACT LASD PUT DEPUTY MICHEL ON LEAVE AND/OR GOT RID OF HIM BEFORE THEY PUT OPERATION PANDORA'S BOX IN EFFECT. ALL MICHEL COULD TALK ABOUT TO YOU GUYS IS THE DIRT HE DID AS A CROOKED DEPUTY AND WHAT LASD SAID TO HIM WHEN THEY FOUND OUT HE BOUGHT ME THE PHONE, DRUGS AND ALL THE CONTRABAND.

SO BECAUSE THE USAO BELIEVED DEPUTY MICHEL OVER ME I ALL OF SUDDEN BECAME THE LIAR (THATS FINE) BUT YOU DONT HAVE TO BE A ROCKET SCIENTIST TO KNOW THAT DEPUTY MICHEL DIDNT GIVE ME HIS PEOPLE'S ADDRESS BECAUSE I PROMISED HIM $20,000 AS THE NEWSPAPER REPORTED — DEPUTY MICHEL BOUGHT DRUGS TO ME AND WAS KNEE DEEP IN CORRUPTION DESPITE WHAT HE TOLD YALL THE FBI DID NOT GIVE MICHEL CONTRABAND, CIGARETTES, OR DRUGS BUT MICHEL BOUGHT IT TO ME ANYWAY. THE ONLY THING GIVEN TO LASD DEPUTY MICHEL BY FBI CI WAS A NOTE AND THE PHONE.

MR. BRANDON FOX NOW THE CHEIF OF PUBLIC CORRUPTION AND CIVIL RIGHTS SECTION USED DEPUTY MICHEL INSTEAD OF ME WHICH IS GOING

5.

TO BACK FIRE ON MR. FOX DUE TO THE FACT I WAS SMART ENOUGH TO KEEP PROOF OF LASD DEPUTY MICHEL ACTIONS AND TRANS-ACTIONS THAT I WOULD ONE DAY USE AS MY ACE IN THE HOLE AFTER ALL WHO WOULD BELIEVE A CORRUPT DEPUTY OVER A INMATE. MY MOTHER DID NOT RAISE A FOOL.

MY EVIDENCE IS WAY MORE POWERFUL THAN MR. BRANDON FOX ASKING MICHEL THE FOLLOWING AT TRIAL:

BRANDON FOX: AT ANY TIME DID YOU PROVIDE ANTHONY BROWN WITH DRUGS OR WEAPONS

GILBERT MICHEL: NO

ITS CLEAR FROM THE START ASSISTANT UNITED STATES ATTY MR. BRANDON FOX HAS SOMETHING AGAINST ME DUE TO THE FACT HE HAS TOLD MY APPELLATE ATTORNEY AND OTHER ATTORNEYS THAT ANTHONY BROWN IS NOT A VICTIM AND WHATEVER ELSE HE TOLD THEM LIKE DONT HELP ME. I NEVER HAD ANY AGREEMENTS OR DEALS WITH MR. FOX/USAO. I WAS ASSISTING THE FBI AND NO MATTER WHAT ANYONE SAY OR THINK I WAS ASSISTING FBI

6.

SPECIAL AGENT LEAH TANNER (NEE MARX) AND FBI SPECIAL AGENT DAVID #1.

IT WAS ME IN THAT COUNTY JAIL - NOT MR. BRANDON FOX, MS. RHODES OR THE FBI AGENTS AND WHILE THE FBI LEFT MY BLACK A-S FOR DEAD I DID WHAT I HAD TO DO TO STAY ALIVE. THE FACTS ARE THIS SIMPLE: WITHOUT MR. ANTHONY BROWN SR. THERE WOULD NOT BE ANY INDICTMENTS AND CONVICTIONS OF THE ELEVEN (11) LASD OFFICIALS WHICH INCLUDES SHERIFF, LEROY BACA AND UNDERSHERIFF, PAUL TANAKA,

IT BECAME VERY VERY CLEAR HOW MR. BRANDON FOX FELT ABOUT ME WHEN SINCE 2011 I HAD BEEN COMPLAINING TO AGENT TANNER, AND HER PARTNERS. IN 2012 I COMPLAINED TO MR. BRANDON FOX AND MS. LIZ RHODES ABOUT THE POLICE / LAW ENFORCEMENT MISCONDUCT OF LAPD AND LASD WHILE I WAS ASSISTING THE FBI WHICH LED TO MY WRONGFUL CONVICTION!

WHILE MR. FOX WAS TELLING LAWYERS WHO WANTED TO HELP ME THAT I WAS NO VICTIM. U.S. ATTY BRANDON FOX REFERRED TO ME IN EVERYONE OF THE FOLLOWING INDICTMENTS:

7.

1. CR 13-00819 - THOMPSON et al
2. CR 15-00255 - TANAKA AND CAREY AND:
3. CR 16-0066 LEROY D. BACA.

YOU WOULD THINK THE FBI, MR. BRANDON FOX AND MS. LIZ RHODES WOULD LOOK INTO MY COMPLAINTS OF LAPD/LASD QUESTIONABLE MISCONDUCT ESP. AFTER ASSISTING THE FBI IN THEIR INVESTIGATION INTO THE L.A. COUNTY JAIL BUT THEY ALL BLEW ME OFF BY TELLING ME THEY CANT GET INVOLVE.

THEN IN JUNE OF 2015 U.S. ATTYS MR. BRANDON FOX AND MS. RHODES STEPPED IN AS PART OF THERE WIDE RANGING INVESTIGATION INTO ABUSE AND CORRUPTION INSIDE L.A. COUNTY JAILS TO HELP MR. GABRIEL CARRILLO AND CARRILLO'S ATTORNEY MR. RON KAYE SAID U.S. ATTYS INDICTED AND ULTIMATELY CONVICTED THE LASD DEPUTIES INVOLVED (SEE ARTICLES & INDICTMENT ATTACHED).

I PRESENTED PROOF OF WHAT HAPPEN TO ME YET MR. FOX AND MS RHODES TOTALLY IGNORED ME BECAUSE I AM A BLACK MAN AND THEY ASSISTED MR. CARRILLO CASE HE IS NOT BLACK THESE ARE MY THOUGHTS

8.

THEN AFTER BEING ATTACKED IN PRISON A NUMBER OF TIMES FOR ASSISTING THE FBI I CONTACTED MR BRANDON FOX FOR HELP AGAIN HE IGNORED ME.

HOW IS IT THAT MR. BRANDON FOX DID HELP GABRIEL CARRILLO WHEN THE WEALTHY ATTORNEY RON KAYE ASKED MR. BRANDON FOX TO STEP IN BUT MR. BRANDON FOX DID NOT STEP IN AND HELP ANTHONY BROWN SR. WHO WAS RECRUITED BY THE FBI TO ASSIST IN THEIR INVESTIGATION SO, NO MATTER HOW ANYONE TWIST IT UP WITHOUT MR. ANTHONY BROWN THERE WOULD NOT BE ANY CONVICTIONS / INDICTMENTS OF THE 11 LASD OFFICIALS FOR THE FOLLOWING REASONS:

IN CASE NO. CR 13-00819 (THOMPSON et al) THE INDICTMENT CLEARLY SPELLS-OUT 18 U.S.C § 371: CONSPIRACY; 18 U.S.C. § 1503 (a) OBSTRUCTION OF JUSTICE; & 18 U.S.C § 1001 FALSE STATEMENTS REGARDING ANTHONY BROWN AND FBI AGENT LEAH TANNER (NEE MARX)

IN CASE NO. CR 15-00255 (TANAKA & CAREY) THE INDICTMENT CLEARLY SPELLS-OUT 18 U.S.C § 371; CONSPIRACY; 18 U.S.C § 1503 (a) OBSTRUCTION OF JUSTICE: & 18 U.S.C § 1623 FALSE DECLARATIONS

9.

REGARDING ANTHONY BROWN)

IN CASE NO. CR 16-0066 (LEROY BACA) THE INDICTMENT CLEARLY SPELLS-OUT 18 U.SC § 1001 (a)(2): MAKING FALSE STATEMENTS REGARDING ANTHONY BROWN. - ALSO I CANT FORGET THE INDICTMENT OF GILBERT MICHEL TOTALING 11 LASD OFFICIALS. SO CORRECT ME IF I AM WRONG - THE PROCESS OF ELIMINATION WOULD BE AS FOLLOWS:

DUE TO THE FACT MR. ANTHONY BROWN'S ACTIONS SET OFF A CHAIN OF EVENTS. THE FACTS ARE;

• NO ANTHONY BROWN = NO CASE NO. CR-13 00819 AND NO CONVICTIONS OF THOMPSON et al (7 LASD DEPUTIES)

• NO ANTHONY BROWN = NO CASE NO. CR 15-00255 AND NO CONVICTIONS OF CAREY AND TANAKA (2 LASD DEPUTIES)

• NO ANTHONY BROWN = NO CASE NO. CR 16-0066 AND NO CONVICTIONS OF LEROY BACA (LASD SHERIFF)

• NO ANTHONY BROWN = NO CASE NO OR CONVICTION OF GILBERT MICHEL.

10

ALL THE ABOVE MENTIONED INDICTMENTS THAT BECAME CONVICTIONS REFERRED TO ANTHONY BROWN AS INMATE AB. THE INDICTMENTS DID NOT REFER TO BRANDON FOX, LIZ RHODES, RON KAYE, GABRIEL CARRILLO OR ANYBODY ELSE EXCEPT FBI SPECIAL AGENT LEAH TANNER WHEN LASO CORNERED HER TO FIND OUT INFO RE: THE FBI INVESTIGATION INTO THE COUNTY JAIL AND INFORMANT ANTHONY BROWN.

THERE IS NO JUSTIFICATION FOR BRANDON FOX / USAO AND THE FBI TO IGNORE MY MANY COMPLAINTS AND SUPPORTING EVIDENCE OF POLICE / LAW ENFORCEMENT MISCONDUCT THAT VIOLATED MY CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS ESP. WHEN THE FBI SOUGHT ME OUT- I DIDN'T GO TO THE FBI THEY CAME TO ME FOR ASSISTANCE AND I DELIVERED.

WHAT IS MOST DISTURBING IS THAT DUE TO THE USAO (MR. FOX & MS RHODES) DISLIKE OF ANTHONY BROWN FOR WHATEVER REASONS THEY MAY HAVE, THEY REFUSED TO STEP IN AS PART OF THEIR WIDE RANGING INVESTIGATION INTO ABUSE AND CORRUPTION INSIDE L.A. COUNTY JAIL AS THEY DID FOR WEALTHY ATTY. RON KAYE AND GABRIEL CARRILLO. WHEN I PRESENTED THEM WITH UNDISPUTED EVIDENCE

11.

OF POLICE / LAW ENFORCEMENT MISCONDUCT.

SO THE ONLY REASONABLE EXPLAINATION FOR THE USAO / MR. BRANDON FOX, AND MS RHODES DID NOT STEP IN AS PART OF THEIR WIDE RANGE INVESTIGATION INTO THE ABUSE AND CORRUPTION INSIDE L.A. COUNTY JAILS RE: MR. ANTHONY BROWN'S COMPLAINT OF POLICE / LAW ENFORCEMENT MISCONDUCT IS DISCRIMINATION AGAINST MR. BROWN. THESE ARE THE VERY SAME PEOPLE WHO CLAIM TO BE AGAINST DISCRIMINATION / POLICE - LAW ENFORCEMENT MISCONDUCT.

THE EVIDENCE OF POLICE / LAW ENFORCEMENT MISCONDUCT BY LAPD, LASD EXIST SOME OF THE EVIDENCE IS IN THE ENCLOSED DECLARATION & EXHIBITS 1-26 / EXHIBIT C AND TO IGNORE IT WHEN ITS CLEAR EVIDENCE OF POLICE / LAW ENFORCEMENT MISCONDUCT THE USAO AND THE FBI ENGAGED IN RACIAL DISCRIMINATION AGAINST ANTHONY BROWN I HAVE COMPLETED MY DUE DILIGENCE. YOU'S REFUSED TO ACT.

DATED 7-19-2016          RESPECTFULLY SUBMITTED

ANTHONY BROWN SR

12.

4/18/2017                                                  Anthony Brown

Anthony Brown



My FACEBOOK
PAGE

                                                    Info      View Activity Log

**Timeline**    About    Friends 205    Photos    More

### Intro

Describe Who You Are

Add Info About You

Add Featured Photos

                    Status    Photo/Video    Live Video    Life Event

                    What's on your mind?

 Selwyn Leflore    Anthony Brown
                    March 19 at 11:03am ·

### Hbd

Like        Comment

 Write a comment...
                    Press Enter to post.

### Photos · Nothing to show

 Anthony Brown shared his post.
                    February 16 ·

### Friends · 205

 Anthony Brown
                    February 9 ·



Everybody got a story here goes mine:My name is Anthony Brown Sr. I was at the center of the Los Angeles Sheriffs Department (LASD) scandal commonly known as "o...



See More



## Los Angeles and Southern California News – ABC7 KABC

Los Angeles' source for breaking news and live streaming video online. Covering Los Angeles, Orange County and all of the greater Southern California area.

English (US) · Español · Português (Brasil) · Français (France) · Deutsch

Privacy · Terms · Advertising · Ad Choices    · Cookies · More
Facebook © 2017

Like        Comment        Share

Munaf Khan ·

 Write a comment...

Burnt Cutyiip

Fly CrimmEn

Trina Nelson

Ana K Queen

Judy Garcia

Kimmy Kim

AK Ji

Vickey Vickey

Elamjad Born

Miguel Luciano

Ronnie Yarber

Ākshāy Gôyàl

Racquel Landrum

Kipkuro Dan

Pawan Pal

Vilma Zambrano        4h

1/8

Anthony Brown



**CONTACTS**

 Anthony Brown
February 9 ·

Everybody got a story here goes mine:My name is Anthony Brown Sr. I was at the center of the Los Angeles Sheriffs Department (LASD) scandal commonly known as "operation pandoras box" Which led to the convictions of Ten (10) Los Angeles Sheriffs Department officials and still counting.In fact, on February 10,2016 former sheriff Leroy D. Baca was also charged and ended in a mistrial. Mr Baca's Re-trial will start in February 2017. I am currently incarcerated serving 423 years t...

Continue Reading



### Los Angeles and Southern California News - ABC7 KABC

Los Angeles' source for breaking news and live streaming video online. Covering Los Angeles, Orange County and all of the greater Southern California area.

ABC7.COM

Like     Comment     Share

1 share

 Write a comment...

Press Enter to post.

 Anthony Brown shared his post.
February 1 ·

 Anthony Brown
January 28 · ABC7 ·

"I HAVE NO REGRETS" I WILL SOON SHARE MY STORY ! THE MEDIA (REPORTERS) ONLY PUT OUT THE THINGS THEY THINK IS TO THEIR ADVANAGE TO MAKE MONEY MY MOTHER ANIT RAISE NO FOOL IM GOING TO TELL YOU ALL THE REAL STORY ! The New York Times ABC7



### Exclusive: FBI informant in Baca trial has 'no regrets'

Inmate-turned-FBI-informant Anthony Brown told Eyewitness News in an exclusive interview he has no regrets in former Sheriff Lee Baca's trial.

ABC7.COM | BY MIRIAM HERNANDEZ

Like     Comment     Share

 Write a comment...

Press Enter to post.

Burnt Outyiip

Fly CrimmEn

Trina Nelson

Ana K Queen

Judy Garcia

Kimmy Kim

AK Ji

Vickey Vickey

Elamjad Born

Miguel Luciano

Ronnie Yarber

Äkshäy Gôyál

Racquel Landrum

Kipkuro Dan

Pawan Pal

Vilma Zambrano    4h

4/18/2017                                                    Anthony Brown

Anthony Brown

Anthony Brown shared his post.
February 1 ·

 **Anthony Brown**
January 28 · ABC7 ·

Spy vs. counterspy: Secret sweep for 'bugs' and the deputy who stood up to Paul Tanaka: This is me "Anthony Brown" I am soon going to share my story on here stay tuned ! The New York Times ABC7



### Secret sweep for 'bugs' and the deputy who stood up to Tanaka

One lone deputy stood up to the powerful then-Undersheriff Paul Tanaka in the summer of 2011 as the FBI was closing in - federal agents were searching for...

ABC7.COM | BY MIRIAM HERNANDEZ

| Like | Comment | Share |
|------|---------|-------|

 Write a comment...
Press Enter to post.

 **Anthony Brown** shared his post.
February 1 ·

**CONTACTS**

 Burnt Outyiip

 Fly CrimmEn

 Trina Nelson

 Ana K Queen

 Judy Garcia

 Kimmy Kim

 AK Ji

 Vickey Vickey

 Elamjad Born

 Miguel Luciano

 Ronnie Yarber

 Àkshāy Gôyàl

 Racquel Landrum

 Kipkuro Dan

 Pawan Pal

Vilma Zambrano        4h

Anthony Brown



Anthony Brown

CONTACTS

Burnt Outyiip

Fly CrimmEn

Trina Nelson

Ana K Queen

Judy Garcia

Kimmy Kim

AK Ji

Vickey Vickey

Elamjad Born

Miguel Luciano

Ronnie Yarber

Ākshāy Gôyâl

Racquel Landrum

Kipkuro Dan

Pawan Pal

Vilma Zambrano          4h



**Anthony Brown**
January 29 ·

The true story behind the infamous LASD deputies that participated in corruption, civil rights abuse: including illegal beatings of inmates inside the L.A. Cou...

See More

Like          Comment          Share

   Write a comment...

Press Enter to post.

   **Darrly Man** with Arnez Jones and 33 others.
February 1 · YouTube ·

I'm back d man trun up

   **D Man & T-Doe Im Back [Official Video]**

YOUTUBE.COM

Like          Comment          Share

13

4 shares

Bianca Rice What's up?
Like · Reply · February 1 at 5:37am

Tu Tall Bbz
Like · Reply · February 13 at 8:25am

   Write a comment...

4/18/2017

Anthony Brown

Anthony Brown

 Anthony Brown updated his cover photo.
January 29 ·



Like    Comment    Share

Emily Awuor and 1 other

 Write a comment...

Press Enter to post.

 Anthony Brown
January 29 ·

The true story behind the infamous LASD deputies that participated in corruption, civil rights abuse: including Illegal beatings of inmates inside the L.A. County Jail. All hell broke loose when inmate Anthony Brown Sr. Was caught with a cell phone & contraband which had been smuggled to him by a deputy sheriff. LASD traced the cell phone calls to the F.B.I.'s Los Angeles field office. LASD officials initiated operation pandors box. deputies kidnapped and hid Anthony Brown ... See More

CONTACTS

 Burnt Outyiip

 Fly CrimmEn

 Trina Nelson

 Ana K Queen

 Judy Garcia

 Kimmy Kim

 AK Ji

 Vickey Vickey

 Elamjad Born

 Miguel Luciano

 Ronnie Yarber

 Âkshãy Gôyàl

 Racquel Landrum

 Kipkuro Dan

 Pawan Pal

Vilma Zambrano    4h

4/18/2017                                                    Facebook

Search Facebook

Anthony Brown

**News Feed**
Messenger

**SHORTCUTS**
BABE ARE NAH    1

**EXPLORE**
Events
Pages
Groups    3
Friend Lists
On This Day
See More...

**CREATE**
Ad · Page · Group · Event · Fundraiser

Create a Post    Photo/Video Album    Live Video

Write something...

Photo/Video    Feeling/Activity

Moja MEzzy shared UNILAD's video.
Yesterday at 9:49am ·

This sheriff's mes:

**LAKE COUNTY SHERIFF'S OFFICE**

is being pushed out to our streets

9,611,360 Views

**UNILAD**                                        Like Page
April 11 at 4:02pm ·

Would not want to be on his wanted list... :)

Like        Comment        Share

Write a comment...
Press Enter to post.

Suggested Post

Yearbook.org                                      Like Page
Sponsored ·

Look Up Class of 1985 Photos, Alumni Profiles and More!
Click Here: http://www.yearbook.org/class_of_1985/



**Class of 1985 Alumni**
Instantly Browse Pictures and Profiles from the Class of 1985.
YEARBOOK.ORG

**Trending**
Charles Barkley
Watch: Barkley calls out 'punk:
his Thomas comments – thes:
Georgia
Trump: 'Runoff will be a win' ir
election – thehill.com
Fresno, California

**J'Lisa Lacey**
Listened to Alive - Live by Hillsong
Young & Free
13 hours ago on Spotify

Became friends with Robin Holmes
and 3 other people

Add Friend

Silambarasan
B Vetri Vel is a mutual fr
Add Friend

Keke Rose
Benzino Benzino is a m
Add Friend

MD Shadate
Munaf Khan is a mutual
Add Friend

Carleen Gragg
Chārlès Mètçàlf is a mu
Add Friend

Payola Pierre
Douachener Blanchard
Add Friend

English (US) · Español · Português
· Français (France) · Deutsch

Privacy · Terms · Advertising · Ad (
Cookies · More
Facebook © 2017

**CONTACTS**
Janae Allen
Burnt Outyiip
Fly CrimmEn
J'Lisa Lacey
AK Ji
Vickey Vickey
Abdelhadi Namoun
Deon Tipton
Syed Mursaleen Shah
Âkshãy Gôyãl
Kipkuro Dan
Pawan Pal
Vilma Zambrano        3h
Vikas Sharma        7h
Davon Allen        7h
Boogee Ink'd Up        20h

PROOF OF SERVICE BY UNITED STATES MAIL

I, ANTHONY BROWN SR, am over the age of eighteen years, a resident and prisoner of the State of California with a present mailing address of: CENTINELA STATE PRISON, 2302 Brown Rd., Imperial, CA 92251.

On APRIL 27, 2017, I served the following document(s): LETTER TO LASD INTERNAL AFFAIRS BUREAU, LETTER TO FBI SPECIAL AGENT LEAH TANNER (nee MARY), AND DECLARATION W/ EXHIBITS 1-10 ATTACHED OF ANTHONY BROWN, LETTER TO ACTING U.S. ATTY BROWN / U.S. ATTY. W/ EXHIBITS ATTACHED by placing the document(s) in a sealed envelope(s), with First Class postage having been placed thereon. Delivered the envelope(s) to a Correctional Officer who then signed & dated the back of the envelope and s/he then deposited such envelope(s) in the prisons internal legal mail system for processing and delivery to the United States Postal Service, for delivery to the addressee(s):

- UNITED STATES DISTRICT JUDGES: PERCY ANDERSON, GEORGE H. KING, AND CHIEF JUDGE VIRGINIA A. PHILLIPS, 312 N. SPRING ST., #G-8 LOS ANGELES, CA 90012

- UNITED STATES ATTORNEY'S OFFICE, CENTRAL DISTRICT OF CALIFORNIA ATTN: ACTING U.S. ATTY. SANDRA R. BROWN / U.S. ATTY. 312 N. SPRING ST. SUITE 1200, LOS ANGELES, CA 90012

- U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION ATTN: AGENT IN CHARGE - 11000 WILSHIRE BLVD. LOS ANGELES, CA 90024

- NAACP LOS ANGELES P.O. BOX 56408 LOS ANGELES, CA
- ACLU ATTN: PETER ELIASBERG 1313 WEST 8TH STREET LOS ANGELES, CA 90017
- SOCIAL MEDIA AND LOCAL MEDIA OF LOS ANGELES

I declare that there has been regular U.S. mail pick-up by the Correctional Officers at the prison where I posted the envelope(s) and regular communication by mail between the place of mailing and the place(s) so addressed.

I declare under penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct and the this declaration was executed on APRIL 27, 2017, at Imperial County, in Imperial, California.

_____
Declarant

NOTE: Pursuant to the holdings in Houston v. Lack (1988) 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245; and, In re Jordan (1992) 4 Cal.4th 116, 13 Cal.Rptr.2d 878, 840 P.2d 983, (inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the institutions internal legal mail procedures).

P.O. BOX 931/01-112
IMPERIAL, CA 92251

PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED
★

UNITED STATES
POSTAL SERVICE®

For Domestic Use Only

Label 107R, July 2013

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY – 1 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED ST
CHIEF JUDG
VIRGINIA A. P
312 N. SPR
LOS ANGELE

LEGAL MAIL

VISIT US A
Label 106A.

PRIOR
MA

PRIORITY
MAIL

MAILED FROM
PENINELA
STATE PRISON



U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 92251
02 4W    $ 008.50⁰
0000339865 APR 28 2017

S DISTRICT

LPS

ST., # G-8

LA 90012

ORITY®