2115

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

HONORABLE PERCY ANDERSON, U.S. DISTRICT JUDGE

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )   Case No.
                                   )
        vs.                        )   CR 16-00066(A)-PA
                                   )
LEROY D. BACA,                     )   PAGES 2115 to 2132
                                   )   VOLUME 14
              Defendant.           )
_____  )

REPORTER'S TRANSCRIPT OF
TRIAL DAY 11
WEDNESDAY, DECEMBER 21, 2016
12:18 P.M.
LOS ANGELES, CALIFORNIA

_____

MIRANDA ALGORRI, CSR 12743, CRR
FEDERAL OFFICIAL COURT REPORTER
312 NORTH SPRING STREET, ROOM 435
LOS ANGELES, CALIFORNIA 90012
MIRANDAALGORRI@GMAIL.COM

UNITED STATES DISTRICT COURT

2116

APPEARANCES OF COUNSEL:


**FOR THE PLAINTIFF:**

    SANDRA R. BROWN
    Acting United States Attorney
    BY:  BRANDON FOX
    BY:  EDDIE A. JAUREGUI
    Assistant United States Attorneys
    United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012


**FOR THE DEFENDANT:**

    MORGAN LEWIS AND BOCKIUS LLP
    BY:  NATHAN J. HOCHMAN
    BY:  BRIANNA ABRAMS
    The Water Garden
    1601 Cloverfield Boulevard
    Suite 2050 North
    Santa Monica, California 90404


    MORGAN LEWIS AND BOCKIUS LLP
    BY:  TINOS DIAMANTATOS
    77 West Wacker Drive
    Chicago, Illinois 60601

**UNITED STATES DISTRICT COURT**

2117

**I N D E X**

**WEDNESDAY, DECEMBER 21, 2016; VOLUME 14**

**Chronological Index of Witnesses**

Witnesses:_____    Page

(None)

**UNITED STATES DISTRICT COURT**

2118

**EXHIBITS**


**WEDNESDAY, DECEMBER 21, 2016; VOLUME 14**


|          | For | In  |
|----------|-----|-----|
| Exhibit  | ID  | EVD |


(None)

**LOS ANGELES, CALIFORNIA; WEDNESDAY, DECEMBER 21, 2016**

**12:18 P.M.**

**---**

(The following proceedings were held in open court out of the presence of the jury:)

THE CLERK:  Calling item No. 1 CR 16-66(A), United States of America versus Leroy D. Baca.

Counsel, state your appearances.

MR. FOX:  Good morning, Your Honor.

Brandon Fox and Eddie Jauregui on behalf of the United States.  Also with us at counsel table is Special Agent David Dahle of the FBI.

THE COURT:  Good morning -- or good afternoon.

MR. HOCHMAN:  Good afternoon, Your Honor.

Nathan Hochman.  I'm joined with Tinos Diamantatos and Brianna Abrams, and Leroy Baca is present.

MR. DIAMANTATOS:  Good afternoon, Your Honor.

THE COURT:  Good afternoon.

We have two notes.  The first is from Alternate Juror No. 3.  It reads as follows: "After several cancellations, I have another appointment tomorrow, Thursday, at 2:30 in Rancho Cucamonga to get these stitches out of my face and mouth after my bicycle accident.  May I please be

**UNITED STATES DISTRICT COURT**

excused at 11:30 to get there by train and car?  I will, of course, return Friday morning, if necessary."

I'm inclined to excuse her, if it's more convenient, to excuse her for the entire day tomorrow.  She's Alternate No. 3.  I think the likelihood that we'll need her is pretty low.

MR. HOCHMAN:  That's fine, Your Honor.

MR. FOX:  Yes, Your Honor.  Thank you.

THE COURT:  Okay.  So I will have the clerk communicate with her that she's excused tomorrow, and she can be excused for the entire day if she thinks this will be more convenient for her to keep her doctor's appointment.

All right.  I'm going to need two minutes.  We have another note, and I believe I left that in my office.  We have a note from the jury.

The jury requests the following: "The testimony of Cecil Rhambo as the prosecutor's witness and the testimony of Cecil Rhambo as the defense witness."

Now, what I have is Cecil Rhambo's testimony on December the 9th.  The transcript, I believe, is 23 pages.  Then I have Mr. Rhambo on 12/15, and the testimony appears to be ten pages.  And I have Mr. Rhambo on 12/16, and his testimony is roughly 29 pages.

MR. FOX:  Your Honor, if that's the copy that we provided to you yesterday, that was after both the defense and

the Government had made its edits to them.  We gave you the Government's copy of the last two days of testimony and the defense's version of his first day of testimony.

THE COURT:  Okay.  Two of these I marked up this morning right after I got the note.  I believe that was 12/15 and 12/16.  The one on December the 9th, this looks like -- yeah.  This looks like my chicken scratch.

MR. HOCHMAN:  We did the edits like we had done before, Your Honor, where we X'd out the parts we believed were not the testimony.

THE COURT:  Okay.  Do either of you not -- are you saying you don't have your copies anymore?

MR. HOCHMAN:  What happened, Your Honor, is the reason you have our copies, two from the Government, one from us, is that was the exact one we both colluded -- or got together on to mark up so we both agreed to the --

THE COURT:  I guess that's a Freudian slip.

MR. FOX:  The collusion part.

MR. HOCHMAN:  Yeah.  The collusion.  That was the one we got together and then came to an agreement on.  So the other copies that I have or the Government have would not be the jointly agreed-upon version to the Court.  We can do it again, Your Honor.  It's not that long.

MR. FOX:  I don't think it would take that long because at least, for the one I kept, I kept records of what we

had agreed on as well.  So I think it would not --

THE COURT:  If you have a copy, why don't I just go through the one that I've marked up?

MR. HOCHMAN:  In fact, if there's a way, after the Court has marked it up, that we can see it and see if there's any additional ones that we suggest to the Court or, if you marked up something that we think actually should be included, we can let you know that as well.  That might be the easiest way to do it at this point, Your Honor.

THE COURT:  Why don't you come over to sidebar for a moment.

(The following proceedings were held at sidebar:)

MR. FOX:  That's Mr. Hochman's writing.

MR. HOCHMAN:  That looks like our copy, Your Honor.

THE COURT:  It looks like mine.

MR. HOCHMAN:  That would be my -- it's my chicken scratch, Your Honor.

THE COURT:  So this is the one that you and the Government agreed upon yesterday.

MR. FOX:  Yes.

MR. HOCHMAN:  Yes, Your Honor.

MR. FOX:  I think this was before you told us your preference on certain things.  For example, on page 1 this, I think, you wanted to come out previously, and I don't

think either side would have an objection to that.

THE COURT:  Okay.  I think this is coming out.

MR. HOCHMAN:  Right.  And we would just start right there, Your Honor.

THE COURT:  On page 15, there was a question -- okay.  This testimony here -- the top of 15 -- starting at the top of 15, "Didn't Sheriff Baca in response say to you that he planned to talk to Andre Birotte?"

"He may have.  I don't recall."

"Is there anything that would refresh your memory?"  It seems to me -- maybe leave this in going down to line 7, but I don't think you need 8 through 11.

MR. HOCHMAN:  That's fine, Your Honor.

THE COURT:  Then we pick it up here.  I don't care -- I may have started over here where he says, okay, but I don't care.  So that takes care of December the 9th.

Now, here is 12/15.  I don't know -- I don't think this is what the parties gave me yesterday.

MR. HOCHMAN:  No, Your Honor.  We were doing it sort of like that as far as cross-outs go.

THE COURT:  So I think I looked at this this morning.  So if either of you have your copy --

MR. FOX:  Mr. Hochman would have the other copy because I gave the Court --

THE COURT:  That's fine.

2124

MR. HOCHMAN:  Or if you want us to take a look at this and sit at the table.

MR. FOX:  That's probably the easiest.

THE COURT:  Take a look at that.  Why don't you look at 12/16.

MR. FOX:  And compare it to that?

THE COURT:  These two are 12/15.  That's the one I marked up.  Why don't you guys look at that, and I'll look at this.  This one is fine.

MR. HOCHMAN:  That's the 12/15?

THE COURT:  That's 12/15 you guys agreed to yesterday.

MR. HOCHMAN:  Yes, Your Honor.

Then we just handed you the 12/16.  We agree with the changes you have on that, Your Honor.

THE COURT:  Okay.

MR. FOX:  There's one part that had stets on it, and we had a minor question about it on your copy.  I want to say it's about halfway through.  We just wanted to know out of that what you were going to read or have the court reporter read.

THE COURT:  I was going to have her just read this question.

MR. FOX:  On 17 and 18?

THE COURT:  And then the witness' answer on 22.

**UNITED STATES DISTRICT COURT**

MR. HOCHMAN:  I assume the court reporter will know that as to --

THE COURT:  If she doesn't, I'll let her know.

MR. HOCHMAN:  Thank you very much, Your Honor.

THE COURT:  Okay.  So -- okay.  So we have all the transcripts ready now.  They were eating when we came in here.  So I'll have somebody check to see if they're finished, and then we can go into this.  I think she read from the desk.  There's no mic there.  I think I'm going to have her go up to the witness stand where there's a mic.

MR. HOCHMAN:  That's fine.

THE COURT:  Okay.  The 12/15 transcript on page 6.

MR. HOCHMAN:  Yes, Your Honor.

THE COURT:  Okay.  The question I believe begins on line 6 by Mr. Hochman.

"How many approximately --"

MR. HOCHMAN:  Right.

THE COURT:  And then I think we're going to go with the answer of the witness, "I would say 30 to 40."

MR. FOX:  So line 12 instead of line 9.  That makes sense, Your Honor.

MR. HOCHMAN:  That's fine.

THE COURT:  Okay.

MR. HOCHMAN:  If I can get a copy of the 12/9.  I

UNITED STATES DISTRICT COURT

have 12/15, 12/16 if they can run off another copy.

MR. FOX:  And, Your Honor, we don't have 15 or 16.  So if we can have copies.

THE COURT:  We'll have everybody make copies.

MR. FOX:  Thank you.

MR. HOCHMAN:  Thank you.

THE COURT:  Okay.  I don't know if you understood what was going on here on page 7.  The question on line 15, also --

MR. HOCHMAN:  Which line are you on?

THE COURT:  15.

MR. HOCHMAN:  Okay.

THE COURT:  Okay.  What was your understanding as to what was going on on line 15 through line 17?

MR. FOX:  Your Honor, I think that should be read in 15 to 17 because I believe --

THE COURT:  That's --

MR. FOX:  My objection was from the previous --

THE COURT:  The objection --

MR. FOX:  -- was to the previous question.

THE COURT:  Okay.  So we're going to read 15 through 17.

MR. HOCHMAN:  Yes.

THE COURT:  Okay.  And then we're going to take out 18 through 21.

MR. HOCHMAN:  Yes, Your Honor.

THE COURT:  Okay.  And then one more.  On this -- December 9, page 16, he starts his question, "If you put that to the side, sir" -- I think that ought to come out, and we start here.

MR. FOX:  That's fine.

MR. HOCHMAN:  That's fine, Your Honor.

THE COURT:  Okay.

Now, I've got two.  Where is the third one?

(The following proceedings were held in open court out of the presence of the jury:)

THE COURT:  So I'm going to have two copies of each of these made.  Then we'll be back, and we'll also check to see if the jury is going to be ready to go.  So we ought to be back in five minutes.  If there's going to be a delay, I'll come back and let you know in five minutes.

MR. DIAMANTATOS:  Thank you, Your Honor.

MR. HOCHMAN:  Thank you, Your Honor.

(A recess was taken at 12:46 p.m.)

(The following proceedings were held in open court out of the presence of the jury:)

THE COURT:  All right.  Does everybody have their copies?

MR. HOCHMAN:  Yes, Your Honor.

MR. FOX:  Yes, Your Honor.

**UNITED STATES DISTRICT COURT**

THE COURT:  So we'll have the jury come in. We'll have the court reporter then reread the testimony.  I will then give the jury the same instruction that I gave them yesterday.  Basically the transcript is to be used as an aid, and it's not a substitute for their memory or their assessment of the credibility of the witnesses.

So are we ready to proceed?

MR. FOX:  Yes, Your Honor.

MR. HOCHMAN:  Yes, Your Honor.

THE COURT:  Mr. Hochman, you had a little bit of an accident?

MR. HOCHMAN:  Just a paper cut, and when I was going through these papers --

THE COURT:  Okay.

MR. HOCHMAN:  I appreciate -- I think your law clerk got me a Band-Aid.

THE COURT:  I volunteered to amputate the bleeding appendage, but we thought the Band-Aid might suffice.

MR. HOCHMAN:  Thank you, Your Honor.

(The following proceedings were held in open court in the presence of the jury:)

THE COURT:  All right.  Ladies and gentlemen, we've received a note from you.  The jury requests the testimony of Cecil Rhambo as the prosecutor's witness and the testimony of Cecil Rhambo as the defense witness.  So we're now

**UNITED STATES DISTRICT COURT**

prepared to have a readback of the testimony.  I'm going to ask the reporter to do the readback.

(The record was read.)

THE COURT:  All right.  That concludes the testimony -- the readback of the testimony of Cecil Rhambo on December the 9th, 2016.  We'll now go the testimony of Mr. Rhambo on December 15, 2016.

(The record was read.)

(The following proceedings were held at sidebar:)

MR. FOX:  Your Honor, it's correct in the transcript.  I asked was there a standing morning meeting.  My point was they didn't discuss this at the standing morning meeting.

THE COURT:  Okay.

(The following proceedings were held in open court in the presence of the jury:)

(The record was read.)

THE COURT:  All right.  Ladies and gentlemen, that concludes the readback of the testimony of Mr. Rhambo.

Ladies and gentlemen, now that you've had the transcript of the witnesses read to you, the transcripts are merely to be used as an aid.  You should rely on your own memory of what was said.  The transcript is not a substitute for your memory or your assessment of the credibility of the witnesses.

**UNITED STATES DISTRICT COURT**

2130

You are to weigh all of the evidence presented at the trial, and you are not to use the transcripts to unduly focus on any single portion of the trial.  Your memory should prevail.

All right.  Ladies and gentlemen, you may resume your deliberations.

(The following proceedings were held in open court out of the presence of the jury:)

THE COURT:  All right.  Is there anything else that we need to take up?

MR. FOX:  Just for clarity of the record, Your Honor, you did announce when Ms. Algorri was reading the 12/15 transcript, but because she was on the witness stand, you did not announce she was reading the 12/16 transcript.  I wanted that to be clear.  I think it's good probably for the parties to acknowledge that her readbacks of all testimony she's read back so far have been accurate.

MR. HOCHMAN:  Yes, Your Honor. And she's read back accurately what was printed on the transcripts before her.

THE COURT:  All right.  Do you want me to clarify for the jury that we read both 12/15 and 12/16?

MR. FOX:  No.  I think that's very clear.  In case there's an appeal in this, it's clear we read everything that Mr. Rhambo testified to.

THE COURT:  Okay.  All right.  We will let you

2131

know if we hear anything.  You shouldn't leave until you've heard from us that the jury has, in fact, left for the day.

If the jury continues to deliberate, we will be here Friday.

MR. HOCHMAN:  Thank you, Your Honor.

MR. DIAMANTATOS:  Thank you, Your Honor.

THE COURT:  Okay.

MR. FOX:  Your Honor, I saw the marshals walk in.  Are we still okay with our binders here?

THE COURT:  As far as I know we are.

MR. FOX:  Is it okay if we still leave our belongings here?

THE COURT:  There is a matter on.

MR. FOX:  We'll back up.

THE COURT:  I think it will be safe.

MR. FOX:  Okay.  Great.

(Proceedings concluded at 1:50 p.m.)

**UNITED STATES DISTRICT COURT**

2132

CERTIFICATE OF OFFICIAL REPORTER

I, MIRANDA ALGORRI, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS 14TH  DAY OF AUGUST, 2017.


/S/ MIRANDA ALGORRI

MIRANDA ALGORRI, CSR NO. 12743, CRR
FEDERAL OFFICIAL COURT REPORTER

**UNITED STATES DISTRICT COURT**