UNITED STATES COURT OF APPEALS



FILED

FOR THE NINTH CIRCUIT

AUG 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Appellee,<br><br>  v.<br><br>LEROY BACA,<br><br>            Defendant-Appellant. | No.   17-50192<br><br>D.C. No. 2:16-cr-00066-PA-1<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before:  SCHROEDER, IKUTA, and N.R. SMITH, Circuit Judges.

The parties' unopposed motions to submit oversized filings in support of and in opposition to the motion for bail pending appeal (Docket Entry Nos. 11, 12) are granted.  The opposition and reply have been filed.

As a general matter, a person who has been convicted of a federal offense is to be incarcerated unless a court makes certain findings.  *See* 18 U.S.C. § 3143(b) (2016); *United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003).  In *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985), we held that under the Bail Reform Act of 1984, "a court must find the following to grant bail pending appeal":

    (1)   that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;

    (2)   that the appeal is not for purpose of delay;

SMR/MOATT

(3)   that the appeal raises a substantial question of law or fact; and

(4)   that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.[1]

The burden is on the defendant to demonstrate his eligibility for bail pending appeal, *see Handy*, 761 F.2d at 1283, and we review a district court's legal determinations de novo and its factual determinations for clear error, *see Garcia*, 340 F.3d at 1015.

In denying appellant's motion for bail pending appeal, the district court found that appellant failed to satisfy his burden as to the second *Handy* factor: whether the appeal was for purpose of delay.  The district court correctly noted that appellant substantively failed to address this factor by providing evidence or specific argument pertaining to his reason for filing an appeal.  The court also mentioned that, in light of appellant's Alzheimer's diagnosis, a delay could "complicate or prevent" further proceedings.

---

[1]   As amended, the Bail Reform Act now requires as to the fourth *Handy* factor that the appeal "raises a substantial question or law or fact likely to result in-- (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B).

SMR/MOATT                                      2

Because appellant did not meaningfully address this factor below, we cannot hold that the district court clearly erred in finding that appellant failed to meet his burden in demonstrating that he filed this appeal for purpose other than delay. *See Handy*, 761 F.2d at 1283. Given that each of the *Handy* factors must be satisfied, evidence that there is a substantial question of law or fact is not alone sufficient to establish that an appeal was "not for purpose of delay." Accordingly, appellant's motion for bail pending appeal (Docket Entry No. 2) is denied. This denial is without prejudice to appellant filing a new application for bail in the district court accompanied by evidence or argument specifically addressing whether this appeal was filed for purpose of delay. The parties do not dispute that appellant is not a flight risk and poses no danger to the public. We express no opinion on whether the district court erred in its analysis of the third and fourth *Handy* factors.