BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Leroy Baca

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  16CR00066-PA |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | MOTION FOR BAIL PENDING APPEAL |
| LEROY BACA, | ) ) | |
| Defendant. | ) ) ) | |

Defendant Leroy Baca, by and through his counsel of record, hereby files this motion for bail pending appeal and supporting documents.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated:   August 28, 2017

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
Attorneys for Defendant Leroy Baca

# **TABLE OF CONTENTS**

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.  Mr. Baca will present several substantial questions on appeal, demonstrating that his appeal is not for the purpose of delay.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  Mr. Baca's Alzheimer's cannot be used as a basis for finding that his appeal is for the *purpose* of delay, and he has litigated this case expeditiously undermining any asserted dilatory purpose. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Proof of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## CASES

*Jones v. United States*,
    526 U.S. 227 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Salerno v. United States*,
    878 F.2d 317 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Singh v. Holder*,
    638 F.3d 1196 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Garcia*,
    340 F.3d 1013 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,6

*United States v. Handy*,
    761 F.2d 1279 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Rich*,
    603 F.3d 722 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Sanchez*,
    74 F.3d 562 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATUTES AND RULES

18 U.S.C. § 371. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1503. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3143. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3624. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. App. P. 9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9th Cir. R. 9-1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## INTRODUCTION

Pursuant to the Ninth Circuit's August 23, 2017 order, defendant Leroy Baca makes a renewed request for bail pending appeal.  Mr. Baca respectfully submits that this Court should reconsider its initial decision to deny bail pending appeal.  As briefed in the Ninth Circuit, Mr. Baca will present at least five substantial or debatable questions on appeal likely to result in reversal, which demonstrates that his appeal is not for the purpose of delay.  Furthermore, his Alzheimer's disease cannot be used as a basis for finding that his appeal is for the purpose of delay, and he has litigated this case expeditiously undermining any asserted dilatory purpose.  The purpose of Mr. Baca's appeal is to obtain a reversal based on the debatable issues that he has briefed in the Ninth Circuit and then to prevail at a retrial, a realistic possibility given his near victory before the first jury.

## BACKGROUND

On May 10, 2017, Mr. Baca submitted a pleading arguing that he should receive bail pending appeal.  Doc. 369.  On May 12, 2017, the Court sentenced Mr. Baca to a custodial term of 36 months for the three counts of conviction under 18 U.S.C. §§ 371, 1503(a), and 1001.  At the sentencing hearing, the Court accepted the bail pending appeal brief submitted by Mr. Baca, and the government filed an opposition on June 2, 2017.  The government did not specifically argue that Mr. Baca was taking an appeal for the *purpose* of delay; instead the government conceded that Mr. Baca was not a flight risk or danger and only argued that he would not present a substantial question that was likely to result in reversal.  Doc. 385.  On July 19, 2017, the Court denied Mr. Baca's request for bail pending appeal.  The Court concluded that Mr. Baca would not present a substantial question on appeal and further stated that he failed to show that his appeal was not for the purpose of delay, reasoning: "prior to sentencing, the Government expressed its concern that Defendant's Alzheimer's disease could worsen during any period of delay and complicate or event prevent re-sentencing or further proceedings."  Doc. 398.

On July 24, 2017, Mr. Baca filed a motion for bail pending appeal in the Ninth Circuit.  Ex. A.  Mr. Baca provided further argument supporting the claims he had

presented to this Court in his bail motion – the exclusion of defense evidence and the sufficiency of the evidence to support the § 1001 conviction. Ex. A.  Mr. Baca also raised three additional claims that he argued were substantial: (1) the Court erroneously empaneled an anonymous jury under *United States v. Sanchez*, 74 F.3d 562 (5th Cir. 1996); (2) the Court gave a non-pattern jury instruction on the "cooperating" witness process that was erroneously one-sided and misleading; and (3) the Court gave a non-pattern instruction on the relationship between federal and state authorities lacking a legal basis, and the instructions tainted the requisite mens rea and undermined the defense. Ex. A.  On August 10, 2017, the government filed an opposition to the motion in the Ninth Circuit, Ex. B, and Mr. Baca filed a reply on August 17, 2017.  Ex. C.

On August 23, 2017, the Ninth Circuit denied the motion "without prejudice to appellant filing a new application for bail in the district court accompanied by evidence or argument specifically addressing whether this appeal was filed for the purpose of delay." Ex. D.  The motions panel noted that it was undisputed that Mr. Baca was not a flight risk or danger and "express[ed] no opinion" on whether the Court erred in its analysis of the substantial question prong of bail pending appeal.  Ex. D.  Today, August 28, 2017, the Ninth Circuit denied the government's request to publish its order.

## **ARGUMENT**

**I.  Mr. Baca will present several substantial questions on appeal, demonstrating that his appeal is not for the purpose of delay.**

To grant bail pending, a court must find that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal.  18 U.S.C. § 3143(b)(1)(B).  Although the statute uses the conjunctive "and," Mr. Baca has failed to find a single case where a court concluded that the defendant presented a substantial question that would result in reversal but nonetheless held that the appeal was for the purpose of delay.  The two inquiries appear to be the flip-side of one another.  If an appeal presents substantial questions, it is not for delay; on the other hand, if an appeal has no realistic chance of success, then it would appear to be for delay.  The predecessor to

section 3143 phrased the inquiry disjunctively as whether "it appears that an appeal is frivolous or taken for delay[,]" Fed. R. App. P. 9, 1972 advisory committee notes, suggesting that an appeal taken for delay was really just another way of stating that the appeal was entirely without merit.  Even if there is a category of cases where a substantial appeal could nonetheless be for delay, it seems that the substantial question inquiry drives or at least is a significant factor in making a delay determination.

Before addressing the substantial questions in this case, Mr. Baca notes that the applicable burden as to delay is not entirely clear.  The Court previously cited *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) in asserting that Mr. Baca had the burden to show that his appeal was not for delay.  In *Handy*, however, the Ninth Circuit did not specifically address which party bore the burden as to the delay question.  The statute itself does not identify which party bears the burden regarding delay.  Section 3143(b) does include a clear and convincing standard regarding flight risk and danger, suggesting that the defendant bears the burden in that regard, but it does not articulate a standard of proof or allocate a burden as to the delay question.  While the defendant has traditionally shouldered the burden as to flight risk and danger in the bail pending appeal context, the government has traditionally maintained the burden regarding the delay question.  *See* Fed. R. App. P. 9, 1972 advisory committee notes.  At the very least, when a defendant has demonstrated a substantial question that would result in reversal, thereby rebutting any initial presumption against bail pending appeal, the government should have the burden of showing that the appeal is nevertheless for the purpose of delay.

In any event, even if Mr. Baca bears the burden, the substantial questions that he has presented to this Court and the Ninth Circuit demonstrate that his appeal is not for the purpose of delay.  Mr. Baca respectfully refers the Court to his motion and reply in the Ninth Circuit regarding the substantiality of the questions for appeal, *see* Ex. A and C, particularly because the Court had not previously considered the additional three issues raised in the bail motion before the Ninth Circuit regarding: (1) the permissibility of an anonymous jury under the Fifth Circuit's decision in *Sanchez*; (2) the validity of the jury

instruction on the "cooperating" witness process; and (3) the propriety of the instructions on the relationship between federal and state authorities and the requisite mens rea.[1]  As for this last additional question, the Ninth Circuit has recognized, in the bail pending appeal context, that it is an open question how federalism concerns apply in this context. *See United States v. Garcia*, 340 F.3d 1013, 1021-22 n.7 (9th Cir. 2003) ("We do not address, for example, a circumstance in which state law or policy affirmatively authorized or directed the acts for which the defendants were convicted under federal law.").

While Mr. Baca maintains that the five issues that he has raised in his pleadings in the Ninth Circuit are likely to result in reversal, he does seek to clarify the standard in that regard.  "The second part of the requirement – that the question be likely to result in reversal, a new trial, a non-prison sentence, or a sentence reduced to less than the time that would be served by the end of the appeal process – concerns only *the type of question* that meets the requirement; it does not involve assessing the likelihood that a reversal will occur in the particular case."  *Garcia*, 340 F.3d at 1020 n.5 (emphasis in original).  The questions that Mr. Baca has raised – exclusion of defense evidence, use of an anonymous jury, jury instruction issues, and sufficiency of evidence – are the "type" that would result in reversal.  Furthermore, in his pleadings, *see* Ex. A and C, Mr. Baca has actually taken an additional step and shown a likelihood of success on appeal by demonstrating that the government will not be able to prove that the errors were harmless in his particular case, thereby undermining any contention that his appeal is for the purpose of delay.

---

[1]      These are not necessarily the only issues that Mr. Baca will ultimately raise on appeal.  Appellate counsel continues to review the record as he drafts these bail pleadings.

**II.  Mr. Baca's Alzheimer's cannot be used as a basis for finding that his appeal is for the *purpose* of delay, and he has litigated this case expeditiously undermining any asserted dilatory purpose.**

Even assuming that a court can deny bail by finding that an appeal is for the "purpose of delay" despite a defendant's showing of substantial questions likely to result in reversal, the delay theory that has been offered here is invalid.  The alleged delay concern is that Mr. Baca's Alzheimer's may get even worse and could possibly complicate or prevent further proceedings.  There are several reasons why this theory is invalid.

Ninth Circuit precedent has long recognized that a medical condition like Alzheimer's is a factor that favors *granting* bail pending appeal, not denying it.  *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1989).  Actually, the Ninth Circuit has explained that a defendant's illness is an exceptional factor that would justify granting bail pending appeal even when bail is statutorily prohibited due to the nature of the offense of conviction.  *See Garcia*, 340 F.3d at 1019-20.  The Department of Justice has also taken a similar view, writing to Congress that bail pending appeal should be allowed, even when statutorily prohibited, for elderly and infirm defendants who present substantial questions on appeal.  *Id.* at 1017-18 and n.4.  "A severely ill or injured defendant might have exceptional reasons [for bail pending appeal] even if the requisite medical treatment is available in prison. . . .  Although a defendant may ultimately be forced to serve a prison sentence regardless of his health, it may be unreasonable to force him to begin his sentence prior to the resolution of his appeal."  *Id.* at 1019-20.

Bail pending appeal should be granted, not denied, when incarceration presents risks to a defendant's physical and mental well-being, and the incarceration of a retired sheriff with Alzheimer's disease would appear to fit into the category of an extraordinary circumstance meriting bail pending appeal, not a reason to deny it.  *Id.* at 1020.  This is especially true in the case of a 36-month sentence subject to possible reductions for good behavior and pre-release custody, 18 U.S.C. § 3624, as Mr. Baca "could be forced to serve most or all of his sentence before his appeal has been decided."

5

*Garcia*, 340 F.3d at 1019.  "Incarcerating such a defendant immediately upon conviction could substantially diminish the benefit he would ordinarily receive from an appeal."  *Id.* at 1019.  The law has long recognized that a defendant's health can deteriorate during the pendency of an appeal, but a defendant's appellate rights trump the government's interests in executing punishment.  *See United States v. Rich*, 603 F.3d 722, 724 (9th Cir. 2010) (abatement *ab initio*).

Furthermore, reliance on Mr. Baca's illness in support of a delay rationale mistakenly conflates the "result" of the appeal with the "purpose" of the appeal.  The "purpose" of Mr. Baca's appeal is to obtain a reversal based on substantial legal issues, and his ultimate purpose is to prevail at a new trial.  Mr. Baca certainly has reason to believe that he could prevail at a new trial, as his first trial resulted in a 11-1 deadlock for *acquittal*.  Mr. Baca's appeal is not a delay tactic, and he cannot *purposefully* control how his disease progresses.  It is also counter-intuitive to think that a defendant would desire the onset of severe dementia in lieu of a retrial or imprisonment.  If anyone is hoping that Mr. Baca will continue to have his faculties at the conclusion of his appeal, win or lose, it is Mr. Baca.

This Court should not interpret the phrase "purpose of delay" in § 3143(b) as allowing the use of a defendant's illness against him, as it is an arbitrary and constitutionally doubtful construction.  *See, e.g.*, *Jones v. United States*, 526 U.S. 227, 239-40 (1999).  If "purpose of delay" under § 3143(b) can be interpreted in such a manner, then the provision violates due process and the Eighth Amendment, at least as applied in this case.  Once Congress has created a right to bail pending appeal, it cannot create an arbitrary or otherwise constitutionally deficient standard by which to evaluate the eligibility for such release, and "regardless of the stage of the proceedings, the same important interest is at stake – freedom from prolonged detention."  *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) (due process requirements for bail pending appeal of deportation orders).

Finally, the way that Mr. Baca has litigated this case also demonstrates that his appeal is not for the purpose of delay.  Mr. Baca was arraigned on the indictment on August 12, 2016, and his first jury trial commenced less than four months later, a quick turn-around given the volume of discovery in the case.  Before the first trial, he unsuccessfully opposed a severance of counts, which would require the delay of a second trial.  When the first jury sent notes reflecting a deadlock, he opposed a mistrial, which would also necessitate the delay of a new trial.  After a mistrial was declared over his objection on December 22, 2016, he proceeded to a second trial two months later on February 22, 2017.  Mr. Baca's sentencing was held in a shortened time frame, he timely filed a notice of appeal and designation of record, and he then paid thousands of dollars for the transcripts so that the complete record on appeal could be produced in a timely fashion.  *See* 9th Cir. R. 9-1.2.  Even if Mr. Baca's illness could be used as a basis to find delay, despite Ninth Circuit authority indicating otherwise, the way in which he has expeditiously litigated this case refutes any contention that he is purposefully manipulating the progress of the proceedings so that his illness will ultimately interfere with a final resolution of the case.

### CONCLUSION

For the foregoing reasons, the Court should not deny bail pending appeal based on the "purpose of delay" prong of § 3143(b).  Mr. Baca will present at least five substantial questions on appeal that are likely to result in reversal.  The purpose of his appeal is to obtain a reversal based on these substantial issues with the ultimate goal of prevailing at a retrial, similar to his near victory at the first trial.  This Court should grant bail pending appeal.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated:   August 28, 2017

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
Attorneys for Defendant Leroy Baca

7

**PROOF OF SERVICE**

I hereby certify that, on August 28, 2017, I electronically filed the attached Motion for Bail Pending Appeal with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2017, at San Diego, California.


*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN