# Exhibit C

(Reply filed in Ninth Circuit)

No. 17-50192

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEROY BACA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Central District of California
Honorable Percy Anderson, District Judge Presiding

REPLY IN SUPPORT OF MOTION FOR BAIL PENDING APPEAL

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0420

Attorneys for Appellant Leroy Baca

# **TABLE OF CONTENTS**

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Standard of review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.  The district court erroneously empaneled an anonymous jury.. . . . . . . . . . . . 3

II.  The district court erred by excluding defense evidence. . . . . . . . . . . . . . . . . 7

      A.     *Rahm* error – exclusion of Alzheimer's evidence. . . . . . . . . . . . . . . 7
      B.     *Whitman* error – exclusion of rebuttal motive evidence. . . . . . . . . . . 9

III.  The sua sponte, non-pattern instruction on the "cooperating"
witness process was erroneously one-sided and misleading. . . . . . . . . . . . . . 10

IV.  The instruction on federal and state authorities lacked a legal basis,
tainted the requisite mens rea, and undermined the defense.. . . . . . . . . . . . . 11

V.  There was insufficient evidence to sustain the 18 U.S.C. § 1001 conviction.. 12

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certificate of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

*Bronston v. United States*,
     409 U.S. 352 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Salerno v. United States*,
     878 F.2d 317 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

*Singh v. Holder*,
     638 F.3d 1196 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Taylor v. Maddox*,
     366 F.3d 992 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*United States v. Annigoni*,
     96 F.3d 1133 (9th Cir. 1996) (*en banc*). . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Barona*,
     56 F.3d 1087 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Christian*,
     749 F.3d 806 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Finn*,
     375 F.3d 1033 (10th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Flores-Montano*,
     424 F.3d 1044 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Garcia*,
     340 F.3d 1013 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Good*,
     326 F.3d 589 (4th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. James*,
987 F.2d 648 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

*United States v. Joseph*,
716 F.3d 1273 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Kohring*,
637 F.3d 895 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Murphy*,
768 F.2d 1518 (7th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Muse*,
83 F.3d 672 (4th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Orduno-Aguilera*,
183 F.3d 1138 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Pallares-Galan*,
359 F.3d 1088 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

*United States v. Rahm*,
993 F.2d 1405 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*United States v. Ramirez*,
714 F.3d 1134 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

*United States v. Sanchez*,
74 F.3d 562 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Shryock*,
342 F.3d 948 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4,5

*United States v. Smith*,
831 F.3d 1207 (9th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,12

*United States v. Swanquist*,
   125 F.3d 573 (7th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Vallejo*,
   237 F.3d 1008 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

*United States v. Wheeler*,
   795 F.2d 839 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Whitman*,
   771 F.2d 1348 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

18 U.S.C. § 1001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

18 U.S.C. § 3143. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

18 U.S.C. § 3559. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 994. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## RULES

Fed. R. App. P. 9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G. § 5K1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STANDARD OF REVIEW

The government's Opposition ("Opp.") to appellant Leroy Baca's motion for bail pending appeal urges abuse of discretion review, Opp. 3, but its own authority states that *de novo* review applies. *United States v. Swanquist*, 125 F.3d 573, 575 (7th Cir. 1997). The main dispute concerns the "substantial question" prong of 18 U.S.C. § 3143(b), a legal determination subject to *de novo* review. *United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003).[1]

The government contends that waiver or plain error should apply to those "substantial questions" that were not raised in the bail motion below. Opp. 7. Its own authority again refutes its position, as *United States v. Wheeler*, 795 F.2d 839, 841 and n.1 (9th Cir. 1986) states that this Court may *grant* bail under Fed. R. App. 9 if it is satisfied by the appellant's motion without any explanation by the district court. While a district court order may be important as to flight risk and danger, those questions are not at issue here, and this Court makes an independent determination on the legal aspects of this motion. Plain error also does not apply because Mr. Baca has only made new "arguments" to support his "claim" that he should receive bail pending appeal. *United States v. Pallares-Galan*, 359 F.3d

---

[1] Although this Court denied bail to one defendant in a related case, Opp. 2, the issues were entirely different, and this Court *granted* bail to several related defendants in *United States v. Smith*, 831 F.3d 1207 (9th Cir. 2016).

1088, 1094-95 (9th Cir. 2004).  The government does not dispute that the ultimate issues were preserved with objections below, and thus plain error will *not* apply at the merits stage.  This is a *motion*, and the plain error doctrine, which is designed to determine whether reversal of an entire cause is appropriate, is inapplicable at this initial bail stage when it will not govern on the merits.[2]  If anything, this Court should remand for further consideration, although that is unnecessary under *Wheeler* and because this Court can equally assess the substantiality of the claims.

The government also contends that even if Mr. Baca can show a "substantial question" that will result in reversal, bail should still be denied because his appeal is for the purpose of delay.  In an odd twist, the government argues that Mr. Baca should immediately serve the potentially invalid sentence before his Alzheimer's gets even worse and possibly "complicates" further proceedings.  Opp. 5.  This argument mistakenly conflates the "result" of the appeal with the "purpose" of the appeal, and a medical condition like Alzheimer's is a factor that favors *granting* bail pending appeal, not denying it.  *Salerno v. United States*, 878 F.2d 317 (9th

---

[2]     Even at the merits stage, plain error does not apply to questions of law where the opposing party will not suffer prejudice, *United States v. Joseph*, 716 F.3d 1273, 1276 n.4 (9th Cir. 2013), and where circumstances justify independent consideration.  *United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005).  This motion presents questions of law, the government has not claimed prejudice, and independent consideration is otherwise appropriate.

Cir. 1989).  The first trial resulted in a 11-1 deadlock for *acquittal*, and therefore

this appeal is not for the purpose of delay given the reasonable possibility of a

favorable outcome at a retrial.  It is actually the government that delayed *several*

*years* before filing the charges, and for it now to cite Mr. Baca's illness and allege

that this appeal is for delay is highly unfair, particularly when he has litigated this

case expeditiously.  The government's theory of "delay" under § 3143(b) is

arbitrary and violates due process and the Eighth Amendment, at least as applied

in this case.  *Cf. Singh v. Holder*, 638 F.3d 1196, 1203-04 (9th Cir. 2011).

## ARGUMENT

### I.  The district court erroneously empaneled an anonymous jury.

Mr. Baca preserved his claim by objecting below, GEX 140, the government

does not contend otherwise, and plain error review does not apply to this bail

motion under *Wheeler*.  The government contends that the findings were not

clearly erroneous, Opp. 10, but concedes that abuse of discretion review applies,

Opp. 8, and ignores that an anonymous jury is "an unusual measure" that must be

supported by "strong" justifications.  *United States v. Shryock*, 342 F.3d 948, 971

(9th Cir. 2003).  Nevertheless, the purported findings were clearly erroneous, as

they were made without an evidentiary hearing or any documentary evidence,

were based on a misapprehension of the relevant standard, and ignored major parts

3

of the record. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

The government contends that it was reasonable for the district court to find that Mr. Baca "likely" maintained connections to LASD personnel with access to "private information" about jurors. Opp. 10. It was pure speculation that current LASD personnel would seek to help a retired sheriff in such a manner, and the government does not identify what "private information" Mr. Baca could supposedly access that could not be accessed by investigators in any other case.

While the government disputes that the charges were lower level felonies, Opp. 11, it does not even attempt to justify the rationale that Mr. Baca was subject to "lengthy incarceration" for purposes of the anonymous jury standard. *Shryock*, 342 F.3d at 972. The charges were Class C and D felonies, 18 U.S.C. § 3559(a), with Guidelines far below the range of sentences that would justify an anonymous jury. This "finding" was based on a misunderstanding of the governing standard.

Another example of the inadequacy of the district court's analysis is the government's dispute about whether only two jurors at prior trials expressed "concerns." The government contends that the "finding" did not specify the number of jurors, Opp. 9 n.4, but the lack of specificity is a deficiency in and of itself. In earlier oral comments, the district court stated that two jurors, out of potentially hundreds, simply expressed fear due to the nature of the charges.

The government does not dispute that, despite significant media attention, none of the jurors in the prior trials had complained about harassment by the media or anyone else. The government's only response is that media attention increased the "possibility" of harassment. Opp. 10-11. It is error, however, to rely only on such a mere possibility while ignoring other undisputed parts of the record demonstrating that this possibility had not occurred and therefore was not likely to come to fruition. *Taylor*, 366 F.3d at 1008. A mere "inference[] of potential risk" is not enough. *United States v. Sanchez*, 74 F.3d 562, 565 (5th Cir. 1996).

The government claims that the charges reflected an abuse of public trust and undermined confidence in law enforcement, Opp. 11, but the relevant standard is whether the defendant participated in a group with the capacity to harm jurors, *Shryock*, 342 F.3d at 971, and the government does not even attempt to make such a showing. The charges against the officer in *Sanchez* undermined confidence in law enforcement, and the Fifth Circuit still found that the use of an anonymous jury constituted reversible error. The conspiracy charge does not justify an anonymous jury, Opp. 13, as the factor considers whether the defendant was involved with "organized crime," a term covering violent gangs like the Mexican Mafia, not any purported "organized" conspiracy. *Shryock*, 342 F.3d at 971-72. The charges were not for violent crimes, or even civil rights violations, and related

5

to an interview and a short-lived conspiracy occurring six years before the trial, a brief period in Mr. Baca's 50-year career. Despite the government's attempt to distinguish *Sanchez*, the civil rights charges in that case were far worse, as the defendant was accused of raping five women by using his authority to make arrests to effectuate the sexual assaults. The government complains that the Fifth Circuit's decision in *Sanchez* is not binding, Opp. 12, but the standard at this stage is simply whether Mr. Baca will present a debatable issue, and such persuasive authority demonstrates that he has met that threshold.

Finally, the government ignores Mr. Baca's contention that the identities of the jurors should have at least been disclosed to counsel so that he could perform an effective jury selection, apparently recognizing that there was no basis for withholding the information from an officer of the court. The government concludes that any error was harmless, Opp. 13 n.5, but this Court has not addressed whether such an error is amenable to harmless error analysis. *See United States v. Annigoni*, 96 F.3d 1133, 1144-44 (9th Cir. 1996) (*en banc*). Even if it is, *Sanchez* demonstrates that the error was not harmless. The government recognizes that the first jury deadlocked 11-1 for acquittal but contends that the first trial also involved an anonymous jury. Opp. 13. The result of the first trial demonstrates that the evidence was far from overwhelming, an important factor in

6

the harmless error analysis, and that defense counsel may have found at least one juror who would have voted for a different result had he not been hampered in his jury selection. *United States v. Kohring*, 637 F.3d 895, 906 (9th Cir. 2011).

## II. The district court erred by excluding defense evidence.

### A. *Rahm* error – exclusion of Alzheimer's evidence

The government contends that Mr. Baca's expert was unreliable and his testimony lacked adequate foundation and was unhelpful. Opp. 14. But the sole *specific* rationale offered to justify these general conclusions was that the expert could only opine that Alzheimer's increased the *probability* that memory impairment affected Mr. Baca's answers during his interview. Ex. B. The government apparently recognizes that this reasoning was erroneous under *United States v. Rahm*, 993 F.2d 1405, 1412 (9th Cir. 1993) and therefore attempts to justify the exclusion on other grounds. The district court did not explore any other purported foundational deficiencies at a hearing, making them inapplicable, *United States v. Christian*, 749 F.3d 806, 813 (9th Cir. 2014), and it initially held that the testimony was otherwise *admissible* but reversed course, without any new facts and after the first jury nearly acquitted, based on the *Rahm* error.

In any event, the government's other complaints are without merit. The government asserts that the expert stated that Mr. Baca "might" have had mild

cognitive impairment ("MCI") that "might" have affected his interview.  Opp. 13.

The expert stated that there was a "reasonable medical certainty" that "Mr. Baca

was either in the pre-clinical stage . . . or the MCI stage of Alzheimer's during his

April 12, 2013 government interview" and that "[i]n either stage, Mr. Baca's

Alzheimer's increased the probability that . . . memory impairment affected his

answers."  Ex. D.  The expert did not use "might" language; nevertheless,

"[e]xperts ordinarily deal . . . in 'coulds' and '*mights*.'"  *Rahm*, 993 F.2d at 1412.

The government complains that the expert did not personally examine Mr.

Baca.  Opp. 14.  This Court has rejected such an argument.  *United States v.

Vallejo*, 237 F.3d 1008, 1021 (9th Cir. 2001).  The government asserts that there

were no reported issues with Mr. Baca's cognitive function during the relevant

time period, but the expert stated that he reviewed records indicating that: in June

2011, Mr. Baca could not recall the name of his bladder medication; in August

2011, an FBI agent stated that Mr. Baca was confused and he had to explain the

situation three times before he understood; a deputy stated that in a meeting during

this time period, Mr. Baca was confused and did not understand what was going

on; and a deputy stated that, just months after the interview, Mr. Baca was "a

confused old man" and seemed "goofy that he couldn't comprehend . . . like he's

senile."  Ex. D.  The government contends that the proposed testimony did not

8

"fit" because Mr. Baca's memory impairment would not negate that he lied about

his "recollections," Opp. 15, an argument again rejected by *Vallejo*, 237 F.3d at

1021.  The testimony supported a defense that Mr. Baca did not intentionally lie

but mistakenly remembered 2-year old facts due to his Alzheimer's.

Finally, the government does not argue harmless error as to any counts.  The

district court flip-flopped on this issue, demonstrating it is debatable, and this

substantial question would taint all counts, thereby meriting bail.

## B. *Whitman* error – exclusion of rebuttal motive evidence

The government now acknowledges that *United States v. Whitman*, 771

F.2d 1348, 1351 (9th Cir. 1985) guarantees the *constitutional* right to introduce

rebuttal motive evidence but argues that Mr. Baca has distorted its theory, which

was that he believed the LASD should police itself, not that he wanted to prevent

exposure of civil rights violations.  Opp. 16.  The government does not explain the

import of this word-play; policing oneself prevents exposure.  The evidence Mr.

Baca sought to introduce, such as his simultaneous cooperation with a federal civil

rights investigation, rebutted the police-itself theory.  It was thus admissible under

*Whitman*, and the government does not argue harmless error.[3]

---

[3]     The government states that the prosecutor's summation "could not
have 'opened the door' to evidence defendant had already introduced."  Opp. 15-
16.  It is not clear what this means, as Mr. Baca was not allowed to introduce the

9

### III. The *sua sponte*, non-pattern instruction on the "cooperating" witness process was erroneously one-sided and misleading.

The government does not dispute that Mr. Baca objected to the instruction, and thus *de novo* review applies. *United States v. Ramirez*, 714 F.3d 1134, 1138 (9th Cir. 2013). The main case relied upon by the government, *United States v. Muse*, 83 F.3d 672 (4th Cir. 1996), suggests error. *Muse* held that it was permissible to instruct jurors not to consider "lack of punishment to others" in response to defense counsel's summation that it was unfair to punish his client and not others. The Fourth Circuit, however, noted "that had the district court used the language . . . without any similar provocation from defense counsel, the instruction might have been error." *Id.* at 677. Mr. Baca's counsel did not make such an unfair punishment argument, and the government does not even make such an assertion. The government contends that the defense created a "misleading impression" that witnesses received sentencing benefits with their agreements, Opp. 19, but there is nothing improper about this classic impeachment argument, and the government has cited no authority suggesting that it is inappropriate.

The government has no response to the misleading, *see* 28 U.S.C. § 994(n); U.S.S.G. § 5K1.1, and one-sided nature of the instruction. The instruction did not

---

evidence, and the government does not deny its police-itself motive theory.

simply cover Model Instruction 7.4, Opp. 17, which was given and did not need to

be repeated. Instead, the instruction erroneously undercut the defense argument

that the cooperators lied because they were hoping to receive sentencing benefits.

*Ramirez*, 714 F.3d at 1137-39. The government summarily concludes that any

error was harmless but does not respond to the fact that the first trial deadlocked

11-1 for acquittal when the instruction was not given, and the district court

pointed to cooperator testimony for the different results.[4]

**IV.  The instruction on federal and state authorities lacked a legal basis, tainted the requisite mens rea, and undermined the defense.**

The government does not dispute that Mr. Baca objected to the challenged

instruction, and therefore *de novo* review will apply. The government cites

irrelevant authority, such as the Supremacy Clause, and distorts Mr. Baca's

argument. Mr. Baca's contention is not that the FBI had to notify the officers

under investigation or the LASD, Opp. 21, but rather that the law is unsettled as to

whether notification to some *other* state authorities was required under the

circumstances. *United States v. Murphy*, 768 F.2d 1518, 1529 (7th Cir. 1985).

Given the unsettled law, it was error to instruct that the FBI had complete

---

[4]   The government states that, although finding error, *Ramirez* did not
reverse. Opp. 20. *Ramirez* reversed one count and affirmed the other count. In
any event, *Ramirez* demonstrates error, and whether there was prejudice depends
upon the specific circumstances of *this* case, which the government has ignored.

authority to decide whether to inform state officials, particularly when Mr. Baca's

defense was that he was legitimately investigating potential state-law violations.

The government ignores that the instructions simply required a finding that

Mr. Baca took actions "for the purpose of obstructing justice," which was equated

with "the purpose of obstructing the pending grand jury investigation," Ex. E, and

appears to concede that Mr. Baca would lack the requisite intent if he obstructed

the investigation because he believed it violated state law. The government

contends that this Court found harmless error as to *different* instructions in *Smith*,

Opp. 22-23, but *Smith* found no prejudice because a good faith instruction was

given, *Smith*, 831 F.3d at 1220-21 and n.18, and no such instruction was given

here. The government also ignores the jury's note on this issue, demonstrating

prejudice, and the prior 11-1 deadlock for acquittal.

## V. There was insufficient evidence to sustain the 18 U.S.C. § 1001 conviction.

As to the first § 1001 deficiency, the government contends that the FBI

occupied "dual roles" as an arm of the grand jury and an executive branch entity.

The only *evidence* was that the investigation was conducted as an arm of the grand

jury. Even if "nothing precludes" dual roles, Opp. 24, the government offered no

*evidence* of dual roles. *United States v. James*, 987 F.2d 648 (9th Cir. 1993).

As to the second deficiency, the government concedes that Mr. Baca told

subordinates not to arrest the FBI agent and fails to explain how his answer to the conjunctive question about arresting the agent constituted a violation under *Bronston v. United States*, 409 U.S. 352 (1973). Opp. 25. The government argues there was a "factual" insufficiency allowing the general verdict to stand, but a *Bronston* defect, particularly where the jury did not receive such an instruction, is a "legal" deficiency tainting the verdict. *United States v. Barona*, 56 F.3d 1087, 1097-98 (9th Cir. 1995). The government claims it is not clear that *Bronston* applies to § 1001, but plain error is not the standard, and ample authority states that it does, *United States v. Good*, 326 F.3d 589, 592 (4th Cir. 2003) (citing multiple circuits), while the government has not cited a single contrary case.

Finally, the government acknowledges that it introduced no direct evidence of materiality but contends that the jury could infer materiality from the fact that Mr. Baca was interviewed because he had potentially relevant information. Opp. 26. The government ignores *United States v. Finn*, 375 F.3d 1033, 1038-40 (10th Cir. 2004), which rejected such an inferential argument as to materiality in a § 1001 case, and mere inference "is not enough by itself to supply the missing evidentiary link." *United States v. Orduno-Aguilera*, 183 F.3d 1138, 1141 (9th Cir. 1999); *see James*, 987 F.2d at 650. The government alleged four false answers in a lengthy interview consisting of more than 400 questions, and despite calling four

13

FBI agents, not one testified that this minuscule subset of answers were material in any way. If any rational inference could be drawn by the jury under these circumstances, it was that the answers were not material.

## CONCLUSION

This Court should grant bail pending appeal.

Respectfully submitted,

Dated: August 17, 2017

*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN
Attorney for Appellant Leroy Baca

Case: 17-50192, 08/17/2017, ID: 10549270, DktEntry: 13, Page 20 of 20

**CERTIFICATE OF SERVICE**

I, hereby certify that on August 17, 2017, I electronically filed the foregoing Reply with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 17, 2017      *s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN