SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Major Frauds Section
        1200/1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3541/4849
        Facsimile: (213) 894-0141
        E-mail:    Lizabeth.Rhodes@usdoj.gov
                   Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 16-66(A)-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR BAIL PENDING APPEAL |
| v. | |
| LEROY BACA, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Lizabeth A. Rhodes and Eddie A. Jauregui, hereby files its opposition to defendant's renewed motion for bail pending appeal.

///

///

1

The government's opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 30, 2017                    Respectfully submitted,

                                          SANDRA R. BROWN
                                          Acting United States Attorney

                                          LAWRENCE S. MIDDLETON
                                          Assistant United States Attorney
                                          Chief, Criminal Division


                                          _____/s/_____
                                          LIZABETH A. RHODES
                                          EDDIE A. JAUREGUI
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................ii

**MEMORANDUM OF POINTS AND AUTHORITIES**................................1

**I.    INTRODUCTION**..................................................1

**II.   ARGUMENT**......................................................1

    A.    There Is A Presumption Against Bail Pending Appeal........1

    B.    Four Discrete Factors Must Be Established To Warrant
          Bail Pending Appeal......................................2

    C.    Defendant Bears The Burden To Prove All Four Factors......5

    D.    Defendant Must Also Meet The Standard For
          Reconsideration.........................................6

    E.    Defendant's Delay Arguments Do Not Warrant
          Reconsideration.........................................9

    F.    Defendant's Purported Substantial Questions Do Not
          Warrant Reconsideration.................................11

**III. CONCLUSION**.....................................................12

**TABLE OF AUTHORITIES**

**CASES**                                                                 **PAGE(S)**

Albanese v. United States,
  75 S. Ct. 211 (1954) ......................................... 4

Kona Enter., Inc. v. Estate of Bishop,
  229 F.3d 877 (9th Cir. 2000) ................................. 7, 8

Salerno v. United States,
  878 F.2d 317 (9th Cir. 1989) ................................. 10

United States v. Alexander,
  106 F.3d 874 (9th Cir. 1997) ................................. 3, 5

United States v. Allied Stevedoring Corp.,
  143 F. Supp. 947 (S.D.N.Y. 1956) ............................. 4

United States v. Baras,
  No. 11-CR-523, 2014 WL 4728992 (N.D. Cal. Sept. 18, 2014) ........ 4

United States v. Benzer,
  No. 13-CR-18, 2015 WL 9460122 (D. Nev. Dec. 23, 2015) ............ 7

United States v. Dillon,
  938 F.2d 1412 (1st Cir. 1991) ................................ 8

United States v. Fitzgerald,
  No. 09-CR-113, 2012 WL 640877 (D. Idaho Feb. 25, 2012) ........... 4

United States v. Flores,
  856 F. Supp. 1400 (E.D. Cal. 1994) ........................... 9

United States v. Florida,
  No. 14-CR-582, 2017 WL 1374599 (N.D. Cal. Apr. 17, 2017) ......... 7

United States v. Garcia,
  340 F.3d 1013 (9th Cir. 2003) ................................ 10

United States v. Gerald N.,
  900 F.2d 189 (9th Cir. 1990) ................................. 2

United States v. Handy,
  761 F.2d 1279 (9th Cir. 1985) ................................ passim

United States v. Hare,
  873 F.2d 796 (5th Cir. 1989) ................................. 9

United States v. Herrera,
  No. 02-CR-531, 2013 WL 4012625 (C.D. Cal. Aug. 2, 2013) .......... 7

United States v. Hickey,
  No. 97-CR-218, 2006 WL 1867708 (N.D. Cal. Jul. 6, 2006) ........ 4, 6

United States v. Holzer,
  848 F.2d 822 (7th Cir. 1988) ....................................... 7

United States v. Jingles,
  702 F.3d 494 (9th Cir. 2012) .................................... 3, 5

United States v. Lill,
  No. 13-CR-448, 2014 WL 5794297 (N.D. Cal. Nov. 6, 2014) ........... 4

United States v. Martin,
  No. 13-CR-466, 2015 WL 3464937 (N.D. Cal. May 29, 2015) ........... 9

United States v. Miller,
  753 F.2d 19 (3d Cir. 1985) .................................... 1, 2, 6

United States v. Motamedi,
  767 F.2d 1403 (9th Cir. 1985) ..................................... 6

United States v. Naone,
  No. 06-CR-209, 2009 WL 4217136 (D. Haw. Nov. 25, 2009) ......... 4, 6

United States v. Rezzonico,
  32 F. Supp. 2d 1112 (D. Ariz. 1998) .............................. 8

United States v. Rodgers,
  No. 10-20235, 2011 WL 2746196 (E.D. Mich. Jul. 14, 2011) ......... 8

United States v. Ward,
  63 F. Supp. 2d 1203 (C.D. Cal. 1999) ............................. 9

United States v. Ward,
  No. 14-CR-306, 2015 WL 1609115 (D. Nev. Apr. 10, 2015) ........... 8

United States v. Williams,
  822 F.2d 512 (5th Cir. 1987) .................................. 2, 6

**STATUTES**

18 U.S.C. § 3142(f) ............................................. 6, 8

18 U.S.C. § 3143 .............................................. passim

**RULES**

Fed. R. App. P. 9 ............................................... 3, 6

iii

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

Nearly six months ago, defendant Leroy Baca ("defendant") was convicted of conspiring to obstruct justice, obstruction of justice, and knowingly and willfully making false statements to the federal government.  All of his co-conspirator subordinates who went to trial are now incarcerated or have served their sentences.  Meanwhile, defendant remains on bond pending the resolution of this renewed motion ("RM"), notwithstanding that both this Court and the Ninth Circuit have now denied his requests for bail pending appeal. Defendant's renewed motion mischaracterizes the legal standard applicable to bail pending appeal and ignores the additional requirements that he must satisfy to merit reconsideration of this Court's prior order (Dkt. 398).  He offers no new evidence, cites no new law, and points to no changed circumstances that could warrant reconsideration.  All of the arguments he makes now could have been made before, and he has offered no justification for his failure to make them in the first instance.  Continued and prolonged post-conviction litigation risks subverting justice and the goals of sentencing.  Defendant's renewed bail motion should be denied.

**II.    ARGUMENT**

    **A.    There Is A Presumption Against Bail Pending Appeal**

"Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances."  H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970) (regarding model for 18 U.S.C. § 3143 ("the Bail Reform Act" or "the Act")); see United

States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985) (the Act was intended "to reverse the presumption in favor of bail"); United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (adopting Miller's interpretation of the Act).  Congress passed the Bail Reform Act to "toughen the law with respect to bail pending appeal" and to "make[] it considerably more difficult for a defendant to be released on bail pending appeal."  Handy, 761 F.2d at 1283.  In so doing, "Congress shifted the burden of proof from the government to the defendant."  Id.  Thus, under the Act, obtaining bail pending appeal should be "no easy matter."  United States v. Gerald N., 900 F.2d 189, 191 (9th Cir. 1990) (per curiam).  Indeed, the law now "establishes a presumption against the grant of such bail."  United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987).

     **B.    Four Discrete Factors Must Be Established To Warrant Bail Pending Appeal**

As this Court correctly explained in its prior order (Dkt. 398 at 2), a district court may not grant bail pending appeal unless it finds four discrete factors:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Handy, 761 F.2d at 1283; see also 18 U.S.C. § 3143(b).

2

The Ninth Circuit's order denying defendant's bail motion (RM Exh. D) unequivocally rejected his argument that the "purpose of delay" factor is the "flip-side" of the "substantial question" factor (RM 2).   As the Ninth Circuit explained, "[g]iven that each of the Handy factors must be satisfied, evidence that there is a substantial question of law or fact is not alone sufficient to establish that an appeal was 'not for purpose of delay.'"  (RM Exh. D at 3.)   Thus, the Ninth Circuit ruled that this Court had "correctly" denied defendant's bail motion based on his failure to address the delay factor with evidence or argument.  (RM Exh. D at 2.)   Defendant's claim that he need only present a substantial question to demonstrate the absence of a dilatory purpose (RM 3) is the very proposition that the Ninth Circuit just rejected.  And although defendant notes that the Ninth Circuit's order was not published (RM 2), the order is, of course, the law of the case and cannot be brushed aside.  See United States v. Jingles, 702 F.3d 494, 502 (9th Cir. 2012); United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

Defendant also contends that the substantial question and delay factors are two sides of the same coin because, historically, bail pending appeal could be denied if it appeared that an appeal was "frivolous or taken for delay."  (RM 2-3 (quoting Fed. R. App. P. 9, advisory committee's note (1972)) (emphasis added).)   In fact, the historical analysis confirms the accuracy of the Ninth Circuit's order.   Prior to the Bail Reform Act, bail pending appeal could be denied based on either frivolousness or a dilatory purpose; this supports the view that, now, bail pending appeal may only be granted

3

if an appeal both "raises a substantial question" "and" is "not for the purpose of delay."  18 U.S.C. § 3143(b) (emphasis added).

Although defendant suggests that no court has denied bail pending appeal where the defendant presented a substantial question but the appeal was nonetheless litigated for the purpose of delay (RM 2), Handy identified the two factors as discrete, 761 F.2d at 1283, and district courts engaging in thorough analyses have analyzed them discretely, see, e.g., United States v. Fitzgerald, No. 09-CR-113, 2012 WL 640877, at *6 (D. Idaho Feb. 25, 2012) (appeal and bail motion were "indicative" of the defendant's "attempt to delay serving his sentence"); United States v. Naone, No. 06-CR-209, 2009 WL 4217136, at *6 (D. Haw. Nov. 25, 2009) ("Substantial delay appears to be the primary motive of Defendant's instant Motion."); United States v. Hickey, No. 97-CR-218, 2006 WL 1867708, at *4-5 (N.D. Cal. Jul. 6, 2006) (finding that delay appeared to be the defendant's "primary purpose").  Moreover, in at least two relatively recent cases, district courts in this Circuit concluded that defendants had failed to raise substantial questions even though their appeals were not for purposes of delay.  United States v. Lill, No. 13-CR-448, 2014 WL 5794297, at *3-4 (N.D. Cal. Nov. 6, 2014); United States v. Baras, No. 11-CR-523, 2014 WL 4728992, at *4 & n.3 (N.D. Cal. Sept. 18, 2014).  And even long before Congress enacted the Bail Reform Act, judges recognized that an appeal might be taken for delay even if it were not frivolous.  See, e.g., Albanese v. United States, 75 S. Ct. 211, 211 (1954) (Frankfurter, J., in chambers) (denying bail pending appeal); United States v. Allied Stevedoring Corp., 143 F. Supp. 947, 951 (S.D.N.Y. 1956) (same).

4

**C.    Defendant Bears The Burden To Prove All Four Factors**

The Ninth Circuit's order also unambiguously rejected defendant's suggestion that the government may bear the burden of demonstrating that the appeal has been filed for the purpose of delay (RM 3).  The order stated that "[t]he burden is on the defendant to demonstrate his eligibility for bail pending appeal," and, as this Court had found, defendant "failed to satisfy his burden" to prove that the appeal was not "for purpose of delay."  (RM Exh. D at 2-3 (emphases added) (citing Handy, 761 F.2d at 1283).)  Again, that order is controlling.  See Jingles, 702 F.3d at 502; Alexander, 106 F.3d at 876.

Defendant's burden and burden-shifting arguments are also illogical.  The statute requires a finding "that the appeal is not for the purpose of delay."  18 U.S.C. § 3143(b)(1)(B).  That is, by definition, a showing that a defendant must make; the government would be inclined to prove the converse.  In other words, if the government bore the burden, the statute would require a finding that the appeal is for the purpose of delay.

Once again, defendant's historical analysis (RM 3) confirms that the Ninth Circuit got it right.  Before the Bail Reform Act, the government did bear the burden of establishing the presence of a dilatory purpose; the Act shifted the burden by requiring proof of the absence of a dilatory purpose.  18 U.S.C. § 3143(b).  That is why Handy held that "Congress shifted the burden of proof from the government to the defendant."  761 F.2d at 1283.  There is no merit to defendant's suggestion that Handy was unclear as to what burden shifted (RM 3).  Even before the Bail Reform Act, defendants bore the

5

burden of proving the absence of flight risk and danger. Fed. R. App. P. 9, advisory committee's note (1972). The only burden for Congress to shift was the burden to establish the factors set forth in 18 U.S.C. § 3143(b)(1)(B), including the absence of delay. <u>See also</u> <u>Naone</u>, 2009 WL 4217136, at *6 ("Defendant must show by 'clear and convincing evidence' that he satisfies all four factors." (quoting 18 U.S.C. § 3143(b) and citing <u>Handy</u>)); <u>Hickey</u>, 2006 WL 1867708, at *4 ("[D]efendant must show that his request for bail is not for 'the purpose of delay.'" (quoting <u>Handy</u>)).

**D.    Defendant Must Also Meet The Standard For Reconsideration**

Although the Bail Reform Act specifically permits the reopening of a detention hearing prior to trial, 18 U.S.C. § 3142(f), neither the Act nor any other provision of law authorizes the reconsideration of a district court order denying bail pending appeal. Prohibiting renewed post-conviction bail motions makes sense. Unlike in the pretrial setting, where the Act resolves doubts "in favor of the defendant," <u>United States v. Motamedi</u>, 767 F.2d 1403, 1405 (9th Cir. 1985), the Act does not favor bail pending appeal and, in fact, presumes against it, <u>Williams</u>, 822 F.2d at 517; <u>Miller</u>, 753 F.2d at 22. Congress appears to have intended to preclude a convicted defendant from filing repeated motions for bail. To permit a defendant multiple bites at the apple would undermine both the presumption against bail pending appeal and the goal of avoiding post-conviction delay.

The government recognizes that the Ninth Circuit's order denying defendant's bail motion was entered "without prejudice to [defendant] filing a new application for bail in the district court accompanied

6

by evidence or argument specifically addressing whether this appeal was filed for purpose of delay." (RM Exh. D at 3.)  That does not mean, however, that this Court must write on a clean slate or allow defendant a complete do-over.  An order denying post-conviction bail should not be revisited absent "significant changed circumstances." United States v. Holzer, 848 F.2d 822, 823 (7th Cir. 1988).  Indeed, because the rules of criminal procedure never provide for reconsideration, when district courts reconsider criminal motions that do not terminate prosecutions, they do so only pursuant to stringent civil requirements, as incorporated through local criminal rules.  See, e.g., United States v. Florida, No. 14-CR-582, 2017 WL 1374599, at *1 (N.D. Cal. Apr. 17, 2017); United States v. Herrera, No. 02-CR-531, 2013 WL 4012625, at *2 (C.D. Cal. Aug. 2, 2013). Here, the relevant reconsideration standard requires:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Civ. R. 7-18 (incorporated through Local Crim. R. 57-1).  That standard should govern defendant's renewed motion for bail pending appeal.  See United States v. Benzer, No. 13-CR-18, 2015 WL 9460122, at *1 (D. Nev. Dec. 23, 2015) (applying civil reconsideration standard to defendant's motion to reconsider bail pending appeal).

Reconsideration is not a vehicle to entertain new arguments that a party failed to raise in the first instance.  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (Reconsideration

7

"may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); United States v. Ward, No. 14-CR-306, 2015 WL 1609115, at *4 (D. Nev. Apr. 10, 2015) (applying Kona to deny government's motion for reconsideration); United States v. Rodgers, No. 10-20235, 2011 WL 2746196, at *1 (E.D. Mich. Jul. 14, 2011) (denying motion to reconsider bail and noting that a "motion for reconsideration is not a vehicle . . . to proffer new arguments"); United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) ("A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through--rightly or wrongly.").  A contrary rule would only encourage the piecemeal, seriatim litigation of legal arguments.

Even if the ordinary reconsideration requirements could be overlooked in light of the Ninth Circuit's order, at a minimum, defendant should be held to the standard that applies when a defendant seeks bail reconsideration prior to trial (where, unlike in the post-conviction setting, the law favors bail).  That standard permits the reopening of a detention hearing if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release" sufficient to safeguard against a defendant's flight risk and danger to the community.  18 U.S.C. § 3142(f).  Neither a defendant nor the government is entitled to reopen a detention hearing to present evidence or argument that was previously available.  United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991) (affirming decision not to reopen detention hearing where

defendant sought to introduce testimony that was previously available to him); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (same); United States v. Martin, No. 13-CR-466, 2015 WL 3464937, at *2 (N.D. Cal. May 29, 2015) ("Defendant appears to mistakenly believe that he can have multiple bites at the apple by repeatedly presenting piecemeal presentations that could have or should have been made at the original detention hearing."); United States v. Ward, 63 F. Supp. 2d 1203, 1206-07 (C.D. Cal. 1999) ("Courts have interpreted [the detention-hearing-reopening] provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing."); United States v. Flores, 856 F. Supp. 1400, 1406-07 (E.D. Cal. 1994) (striking prosecution's supplemental evidence at reopened detention hearing because the government "failed to present good cause" for its "belated introduction").  Allowing a party to present evidence or argument that was "readily available . . . the first time" would "encourage[] piecemeal presentations" and thwart "[j]udicial efficiency."  Flores, 856 F. Supp. at 1406.

**E.    Defendant's Delay Arguments Do Not Warrant Reconsideration**

All of the delay arguments that defendant raises in his renewed motion are arguments that were available to him previously, and he has not offered any justification for his failure to raise them in the first instance.  Although he states that the government did not dispute the issue of delay in its opposition to his first motion for bail pending appeal (RM 1), because defendant bore the burden of establishing the absence of delay, this Court correctly ruled that he had failed to carry it by "not even address[ing]" the delay factor in his motion.  (Dkt. 398 at 8.)  Furthermore, even after this Court

ruled that defendant's failure to even address delay constituted "a sufficient and independent basis" to deny his motion for bail pending appeal (Dkt. 398 at 8), defendant again made no delay argument at all in his opening brief on appeal (RM Exh. A). Under the circumstances, he cannot demonstrate that the denial of his bail motion both by this Court and the Ninth Circuit resulted from a change in the law that might warrant reconsideration. See supra Part II.D.

Moreover, issues of delay were raised prior to defendant's bail motion. The government's opposition noted that the appeal would "only serve to delay resolution of this case," (Dkt. 385 at 2) and, as this Court's order noted, the government had argued in favor of sentencing without delay in light of the fact that defendant is now healthy but may not be if his health deteriorates due to his medical diagnosis (Dkt. 398 at 8; Dkt. 455 (Tr. 2630-34)). Defendant now argues that his claimed medical condition cannot be used against him (RM 6) and points to case law suggesting that a "serious illness or injury" that "would render the hardships of prison unusually harsh" may constitute an "exceptional reason" justifying bail pending appeal, see United States v. Garcia, 340 F.3d 1013, 1019 (9th Cir. 2003) (RM 5[1]), but the government's point is that, despite his diagnosis, defendant's condition would not presently render incarceration unusually harsh. (Dkt. 455 (Tr. 2630-31).) Indeed, defendant himself argued at sentencing that his "Alzheimer's

---

[1] Defendant also cites Salerno v. United States, 878 F.2d 317 (9th Cir. 1989), but that case involved bail pending appeal of an extradition order, which, unlike a criminal conviction, does not appear to be governed by the Bail Reform Act. Id. at 317. Indeed, whereas delay factors against bail pending appeal of a criminal conviction, this Court held that "delay in the appeal process" could constitute an exceptional circumstance warranting bail in an extradition appeal. Id.

10

condition" would inevitably progress, at which point it will pose a challenge to prison guards and other inmates.  (Dkt. 402 (Tr. 27-28).)

The government's concern, therefore, is that a potential deterioration in defendant's health during any period of delay might interfere with the administration of justice.  (Id.)  This Court "shares" that concern (Dkt. 398 at 8), and for good reason.  Justice would not be served if defendant, the man at the very top of a conspiracy to obstruct an investigation into civil rights violations, were able to go unpunished by delaying the appellate process when his co-conspirators who carried out his orders are incarcerated.  As this Court pointed out at sentencing: "As awful as Alzheimer's is, it is not a criminal penalty.  To suggest that it is insults the more than 5 million people in the United States currently suffering from the disease.  Those millions of people and their families have not obstructed justice."  (Dkt. 402 (Tr. 51).)  Those poignant observations remain true.  Defendant's diagnosis is not a get-out-of-jail-free card, and the mere fact that this case has proceeded without substantial delay thus far (see RM 7) does not negate the risk that defendant may be misusing the appellate process for a dilatory purpose.  Defendant has not carried his burden to demonstrate the propriety of reconsideration, nor has he carried his burden to demonstrate that his appeal was not filed for purposes of delay.

### F.    Defendant's Purported Substantial Questions Do Not Warrant Reconsideration

As before, defendant's motion should also be denied based on his failure to raise a substantial question for purposes of appeal.

11

Defendant does not provide any basis whatsoever for this Court to reconsider its thorough analysis rejecting as insubstantial the six issues he raised in his first motion for bail pending appeal. (RM 2-3; CR 398 at 3-8.) Instead, defendant attempts to present three new purportedly substantial questions that he did not raise last time around. (RM 3-4.) As set forth above, however, a motion for reconsideration is not a vehicle for the litigation of new arguments that a defendant failed to raise in the first instance. In addition, the Ninth Circuit's order denied defendant's motion without prejudice to his renewing it before this Court to "specifically address[] whether this appeal was filed for purpose of delay." (RM Exh. D at 3.) Nothing in the Ninth Circuit's order remotely suggests that defendant should be afforded another opportunity to identify substantial questions. He should not. This Court should refuse to evaluate the issues defendant failed to raise in his first bail motion.[2]

**III. CONCLUSION**

For the foregoing reasons, defendant's renewed motion for bail pending appeal should be denied.

---

[2] Even if addressed on the merits, the new issues defendant raises are not substantial questions for the reasons the government set forth in its brief to the Ninth Circuit. (RM Exh. B.)