BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Leroy Baca

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )   Case No.  16CR00066-PA
                               )
          Plaintiff,           )
                               )
v.                             )   REPLY IN SUPPORT OF MOTION
                               )   FOR BAIL PENDING APPEAL
LEROY BACA,                    )
                               )
          Defendant.           )
                               )
_____)

        Defendant Leroy Baca, by and through his counsel of record, hereby files this reply brief in support of his motion for bail pending appeal.

                                   Respectfully submitted,

                                   *s/Benjamin L. Coleman*

Dated:   September 1, 2017         BENJAMIN L. COLEMAN
                                   COLEMAN & BALOGH LLP
                                   Attorneys for Defendant Leroy Baca

# TABLE OF CONTENTS

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Proof of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

i

# TABLE OF AUTHORITIES

## CASES

*Albanese v. United States*,
     75 S. Ct. 211 (1954). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Allied Stevedoring Corp.*,
     143 F. Supp. 947 (S.D.N.Y. 1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Benzer*,
     No. 13-CR-18, 2015 WL 9460122 (D. Nev. Dec. 23, 2015). . . . . . . . . . . . . . . . . . 4

*United States v. Garcia*,
     340 F.3d 1013 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3

*United States v. Hir*,
     517 F.3d 1081 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Holzer*,
     848 F.2d 822 (7th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Peralta*,
     849 F.2d 625 (D.C. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES

18 U.S.C. § 3143. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

## **INTRODUCTION**

Defendant Leroy Baca respectfully submits this reply to the government's opposition ("Opp.") to his motion for bail pending appeal. Alzheimer's disease "is not a get-out-of-jail-free card . . . ." Opp. 11. It is also not a "go straight to jail" card. Ninth Circuit law makes that clear, *see United States v. Garcia*, 340 F.3d 1013, 1017-20 (9th Cir. 2003), and the government barely acknowledges it. Faced with controlling authority refuting its "delay" contention, the government has resorted to a variety of procedural arguments, none of which has any merit. In short, Mr. Baca is not a flight risk or danger and will present substantial questions on appeal likely to result in reversal. His appeal is not for the *purpose* of delay. This Court should grant bail pending appeal.

## **ARGUMENT**

In his motion, Mr. Baca stated that he had not found a single case where a court concluded that the substantial question prong of 18 U.S.C. § 3143(b)(1) was satisfied but nonetheless denied bail by finding that the appeal was for the purpose of delay. Apparently, the government has found no such case either. Although the government cites various unpublished opinions, none fit the bill, and its citation to the published district court opinion in *United States v. Allied Stevedoring Corp.*, 143 F. Supp. 947, 951-52 (S.D.N.Y. 1956) is totally off the mark. Opp. 4. In that pre-Bail Reform Act case, the court found that the defendants' bail application failed on all fronts; their appeals were frivolous and they were recidivists who were dangers to the community and a flight risk.

Perhaps the closest case is Justice Frankfurter's order in *Albanese v. United States*, 75 S. Ct. 211 (1954), which is also considerably off the mark. In *Albanese*, Justice Frankfurter concluded that the defendant's appeal was not "frivolous," but he would not overturn the *Second Circuit's* decision to deny bail if the appeal could be heard within three weeks; otherwise, he would reconsider the bail question. *Albanese* was decided before the Bail Reform Act, and therefore there was no determination that the defendant had presented a substantial question, as defined in section 3143(b), and Justice Frankfurter

certainly did not find that the defendant's non-"frivolous" appeal was for the *purpose* of delay.  Furthermore, Justice Frankfurter was considering the bail application as a reviewing Supreme Court Justice after the court of appeals had already considered the matter, and therefore the standard for overturning the Second Circuit's decision was high.

The bottom line is that the government has not found a single case where a court concluded that the defendant would present a substantial question under section 3143(b) but denied bail by finding that the appeal was nonetheless for the *purpose* of delay.  The fact that not a single such reported case exists supports Mr. Baca's contention that, at the very least, whether an appeal is for the *purpose* of delay is largely driven by whether the appeal will present substantial questions that would result in reversal.

The government fixates on the "burden" for bail pending appeal.  Opp. 5-6.  The language in section 3143(b) does not specifically allocate a "burden," and the  term "burden" has been used loosely in the case law and has not discussed whether a "burden" specifically applies to the delay question and, if it does, whether there is a "burden" of persuasion or merely a "burden" of production and how that "burden" is satisfied.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (presumption against bail under Bail Reform Act only places an initial burden of production on defendant).  Even assuming that a defendant bears either a burden of production or persuasion on the "purpose of delay" question, Mr. Baca has met that burden by: (1) showing he will present a substantial question that is the "type" that would result in reversal, *Garcia*, 340 F.3d at 1020 n.5; (2) going a step further and showing that the government cannot satisfy its burden of showing harmless error; (3) demonstrating that he has a realistic chance of prevailing at a retrial given an 11-1 vote for acquittal at a first trial; and (4) expeditiously litigating the trial and appellate proceedings.  Even assuming Mr. Baca must prove a negative – "that the appeal is *not* for the purpose of delay" – his showing amply satisfies whatever burden he may shoulder.  18 U.S.C. § 3143(b) (emphasis added).

The only contrary fact cited is that Mr. Baca has Alzheimer's disease.  But the most the government can say is that there is a "risk" that Mr. Baca would "misuse" the

appellate process, and it has a "concern" that the deterioration of his health "might interfere with the administration of justice." Opp. 11. The standard, however, is whether the appeal is for the *purpose* of delay, and the government does not even argue that the *purpose* of Mr. Baca's appeal is delay. Furthermore, the Ninth Circuit's decision in *Garcia* makes clear that a defendant's illness is a factor that *favors* bail pending appeal, and all the government can say is that it does not believe that Mr. Baca's incarceration would be unusually harsh. Opp. 10. The government ignores all of the other language in *Garcia*, 340 F.3d at 1017-20, which states that bail pending appeal is particularly appropriate for an elderly and ill defendant who presents substantial claims and has a relatively short sentence in which he could wind up serving a significant portion of the sentence before the appeal is decided.

Faced with Ninth Circuit authority that contradicts its position, the government resorts to a procedural argument. The government contends that this Court should treat this motion as a motion for reconsideration, and therefore it should essentially limit its consideration to whether there has been a change in fact or law since the initial bail pending appeal motion. Opp. 6-9. The government appears to recognize that, as a practical matter, this makes little sense given the procedural posture of the case. Opp. 6,8. The Ninth Circuit specifically entered its order "*without prejudice* to appellant filing a *new application* for bail in the district court accompanied by evidence or argument specifically addressing whether this appeal was filed for purpose of delay." Ex. D (emphases added). The Ninth Circuit did not limit Mr. Baca to a motion to reconsider. It specifically allowed him to file a *new* bail application.

The government advocates a "changed circumstance" test and cites *United States v. Holzer*, 848 F.2d 822, 823 (7th Cir. 1988) in support. Opp. 7. The Seventh Circuit's decision in *Holzer* actually supports Mr. Baca's position. There, the Seventh Circuit reversed a district court's order granting bail pending appeal, whereupon the district court again granted bail. The Seventh Circuit explained that its decision controlled, and there were no changed circumstances undermining its prior decision. In

3

other words, the court of appeals' direction controls, and the Ninth Circuit specifically authorized a *new* bail application. If a "changed circumstance" were somehow needed, the Ninth Circuit's order is the changed circumstance. *See United States v. Peralta*, 849 F.2d 625, 626-27 (D.C. Cir. 1988) (subsequent court order in the litigation was a basis for new consideration of bail). The government cites the unpublished decision in *United States v. Benzer*, No. 13-CR-18, 2015 WL 9460122 (D. Nev. Dec. 23, 2015), Opp. 7, but that case did not involve an order from the Ninth Circuit authorizing a new bail application. The government contends that this Court should not consider the additional substantial questions that Mr. Baca has presented to the Ninth Circuit because the order specifically referenced the delay question when authorizing a new bail application. Opp. 12. The Ninth Circuit's order, however, did not limit the scope of the new bail application, and the additional substantial questions are directly relevant to the "purpose of delay" issue.

It would seem odd for the Ninth Circuit to have authorized this entire process, only to have this Court determine that it will not entertain Mr. Baca's arguments because they could have been raised earlier. For a party concerned about delay, it would seem that the government would want a clean determination on the merits so that any further motions in the Ninth Circuit, should they be necessary, can be ruled on expeditiously and without the need for yet additional consideration by this Court.

Finally, Mr. Baca will end where the government begins. In its introduction, the government points out that the defendants in related cases are either serving or have served their sentences. Opp. 1. The government is the party that chose the scheduling of this case. The government charged Mr. Baca last, several years after the events alleged in the indictment. Most of the defendants in the earlier related cases received bail pending appeal. Mr. Baca should not be penalized because of the government's strategy in timing the indictments. Nor should he be placed at a disadvantage because he has Alzheimer's disease. Mr. Baca will present substantial questions on appeal, which demonstrates that his appeal is not for the purpose of delay. Like most of the related defendants, he is entitled to bail pending appeal.

## CONCLUSION

For the foregoing reasons, the Court should grant bail pending appeal.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated:   September 1, 2017

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
Attorneys for Defendant Leroy Baca

**PROOF OF SERVICE**

I hereby certify that, on September 1, 2017, I electronically filed the attached Reply in Support of Motion for Bail Pending Appeal with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2017, at San Diego, California.


*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN

6