# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | CR 16-66 PA | Date | September 6, 2017 |
|---|---|---|---|

Present: The Honorable     **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

Interpreter     None

| Kamilla Sali-Suleyman | Not Reported | Lizabeth Rhodes (Not present) <br> Eddie Jauregui (Not present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Leroy Baca | Not | | X | Nathan Hochman | Not | | X |
| | | | | Benjamin Coleman | Not | | X |

**Proceedings:**     IN CHAMBERS - ORDER

Before the Court is a second Motion for Bail Pending Appeal filed by defendant Leroy Baca ("Defendant") (Docket No. 478). The Court concludes that a hearing is unnecessary.

## I.     Factual Background

Defendant made his initial appearance on February 10, 2016. On that date, Defendant entered a guilty plea in accordance with a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a single count information that charged him with making false statements in violation of 18 U.S.C. § 1001(a)(2). Defendant's plea agreement called for Defendant to receive a sentence of zero-to-six months of imprisonment. At a sentencing hearing on July 18, 2016, the Court declined to accept the binding plea agreement. Rather than be subject to a sentence imposed by the Court, Defendant exercised his right with withdraw his guilty plea on August 1, 2016.

The Government filed a First Superceding Indictment on August 5, 2016. The First Superseding Indictment charged Defendant with: (1) conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371 & 1503(a); (2) obstruction of justice in violation of 18 U.S.C. § 1503(a); and (3) making false statements in violation of 18 U.S.C. § 1001(a)(2). Those charges arose out of efforts by members of the Los Angeles Sheriff's Department ("LASD") to obstruct a federal grand jury's investigation into excessive force committed by other LASD members at Los Angeles County's jails. Defendant was the elected Sheriff of Los Angeles County at the time of both the abuse conducted by members of his department and of the efforts to obstruct the federal investigation into that abuse.

Although Defendant's counsel requested a trial date in late February or March of 2017, the Court set the trial to begin on December 6, 2016. (See Docket No. 412, Aug. 24, 2016 Hr'g Tr. 9:6-16.) For

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

trial, the Court initially severed the false statements count from the conspiracy and obstruction counts, and tried the conspiracy and obstruction counts first.  After the jury in that trial was unable to reach a unanimous verdict, and the Court declared a mistrial, the Court granted the Government's motion to re-join the three counts.  At a second trial in March 2017, the jury convicted Defendant on all three counts. Following his conviction, the Government sought a sentencing hearing date of May 8, 2017, while Defendant sought a sentencing hearing date of May 31, 2017.  (See Docket Nos. 338 & 339.)  The Court sentenced Defendant on May 12, 2017, to a below-guidelines sentence of 36 months of incarceration and ordered that he report to the Bureau of Prisons to begin serving his sentence on July 25, 2017.

Defendant filed his first Motion for Bail Pending Appeal before this Court.  The Court denied Defendant's first Motion for Bail Pending Appeal on July 19, 2017.  In ruling on the first Motion for Bail Pending Appeal, the Court concluded that Defendant had failed to raise a substantial question that was likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a term of imprisonment less than the expected duration of the appeal process.  See 18 U.S.C. § 3143(b)(1)(B)(i)-(iv).[1/]  The Court additionally noted that Defendant failed to address whether his appeal was "not for the purpose of delay" as required by 18 U.S.C. § 3143(b)(1)(B).  The Court concluded that because Defendant bore the burden on this factor, his failure to address it was, "on its own, a sufficient and independent basis to deny" Defendant's Motion for Bail Pending Appeal.

Defendant then filed a Motion for Bail Pending Appeal in the Ninth Circuit on July 24, 2017. Pursuant to Ninth Circuit Local Rule 9-1.2(e), the filing of that Motion had the effect of allowing Defendant to remain free on bail pending the Ninth Circuit's resolution of the Motion.  Despite this Court having called to Defendant's attention the necessity to satisfy his burden that his appeal was "not for the purpose of delay," Defendant's Motion still did not contain any argument or evidence on this factor.  (See Docket No. 478, Ex. A.)

In an August 23, 2017 Order, the Ninth Circuit denied Defendant's Motion for Bail Pending Appeal.  In its Order, the Ninth Circuit stated:

> In denying appellant's motion for bail pending appeal, the district court found that appellant failed to satisfy his burden as to the second [United States v. Handy, 761 F.2d 1279 (9th Cir. 1985)] factor:  whether the appeal was for purpose of delay.  The district court correctly noted that appellant substantively failed to address this factor by providing evidence or specific argument pertaining to his reason for filing an appeal.  The court also

---

[1/]    In its Opposition to Defendant's first Motion for Bail Pending Appeal, the Government did not dispute that Defendant established by clear and convincing evidence that Defendant was not likely to flee or pose a danger to the safety of the community if released for purposes of 18 U.S.C. §3143(b)(1)(A).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

mentioned that, in light of appellant's Alzheimer's diagnosis, a delay could "complicate or prevent" further proceedings.

Because appellant did not meaningfully address this factor below, we cannot hold that the district court clearly erred in finding that appellant failed to meet his burden in demonstrating that he filed this appeal for purpose other than delay. See Handy, 761 F.2d at 1283. Given that each of the Handy factors must be satisfied, evidence that there is a substantial question of law or fact is not alone sufficient to establish that an appeal was "not for purpose of delay." Accordingly, appellant's motion for bail pending appeal . . . is denied. This denial is without prejudice to appellant filing a new application for bail in the district court accompanied by evidence or argument specifically addressing whether this appeal was filed for purpose of delay. The parties do not dispute that appellant is not a flight risk and poses no danger to the public. We express no opinion on whether the district court erred in its analysis of the third and fourth Handy factors.

(Docket No. 476.)

Following the Ninth Circuit's denial of his Motion for Bail Pending Appeal, Defendant and the Government stipulated to a briefing schedule on his second Motion for Bail Pending Appeal in this Court to address the "purpose of delay" factor. Despite the Ninth Circuit's invitation to Defendant to present this Court with "evidence or argument specifically addressing whether this appeal was filed for purpose of delay," Defendant did not submit any evidence or provide any citation to the record to support his second Motion for Bail Pending Appeal. Instead, he argues that: (1) the "substantial question" inquiry is the "flip-side" of the "purpose of delay" inquiry and that "the substantial question inquiry drives or at least is a significant factor in making a delay determination" (Docket No. 478, 2:26-3:6); (2) the Government should have the burden to establish that the appeal is for purposes of delay (Id. at 3:7-21); and (3) his Alzheimer's diagnosis cannot be used to support a finding that his appeal is for the purpose of delay and he has litigated this case expeditiously. (Id. at 5:1-7:16.)

## II.     Legal Standard

Defendant again seeks bail pending appeal. For a defendant to obtain release on bail pending appeal, the Court must find:

> (A)     by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B)     that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

(i)     reversal,

(ii)    an order for a new trial,

(iii)   a sentence that does not include a term of
        imprisonment, or

(iv)    a reduced sentence to a term of imprisonment less than
        the total of the time already served plus the expected
        duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Section 3143(b)'s requirement that the appeal "is not for purpose of delay" is a separate requirement from the requirement that the appeal "raises a substantial question" likely to result in reversal or a new trial.  See United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) ("[U]nder the 1984 Bail Act a court must find the following to grant bail pending appeal: (1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."). According to the Ninth Circuit, "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." Id. at 1281.  "[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.'  'In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous.'" Id. at 1283 (quoting United States v. Giancola, 754 F.2d 898, 901 (9th Cir. 1985)).

### III.    Analysis

Defendant argues that the Government should bear the burden to establish that Defendant's appeal is not for the purpose of delay, and that even if it is Defendant's burden, the purpose of delay inquiry is the "flip-side" of the "substantial question" inquiry and that "the substantial question inquiry drives or at least is a significant factor in making a delay determination."

Defendant's attempt to shift the burden to the Government is contrary to binding Ninth Circuit precedent and legislative history.  In enacting the 1984 Bail ReformAct, "Congress shifted the burden of proof from the government to the defendant." Handy, 761 F.2d at 1283; see also S. Rep. No. 98-225, at 27(1983) ("The burden under this subsection is on the defendant to establish not only that he will not flee or pose a dander to the safety of any other person or the community, but also that his appeal under subsection (B) is not taken for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial."); see also id. at n.96 ("The advisory notes to Rule 9(c) of the Federal Rules of Appellate Procedure state that the burden of showing that the appeal appears to be frivolous or taken for delay rests with the Government.  The committee intends that under Section 3143

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

the burden of showing the merit of the appeal should now rest with the defendant.  Rule 9(c) is changed by Section 109 of this Title to conform to this Section.").  In its August 23, 2017 Order, the Ninth Circuit confirmed that the "burden is on the defendant to demonstrate his eligibility for bail pending appeal . . . ."  (Docket No. 476.)  Shifting the burden to a defendant seeking bail pending appeal is also consistent with the purpose of the Bail Reform Act, which was "designed to toughen the law with respect to bail pending appeal."  Handy, 761 F.2d at 1283.

Defendant's suggestion that the "purpose of delay" inquiry is the "flip-side" of the "substantial question" would render the "purpose of delay" requirement superfluous.  See TRW Inc. v. Andrews, 534 U.S. 19, 31, 122 S. Ct. 441, 449 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'") (quoting Duncan v. Walker, 533 U.S. 167, 174, 121 S. Ct. 2120, 2125 (2001)).  As a result, under the accepted methods of statutory interpretation, whatever "not for purpose of delay" means, it must require something more than merely satisfying the "substantial question" inquiry.  Interpreting the two clauses to require different things would not violate the plain language of the statute or create a bizarre result that is otherwise inconsistent with the intent of Congress in enacting the Bail Reform Act.  To allow any defendant to satisfy the second "purpose of delay" Handy factor merely by pointing to that defendant's arguments in support of the third and fourth Handy factors would eliminate the second factor and render it superfluous and void.  Neither the language of the statute nor common sense support such circular reasoning.

The Court therefore concludes that Defendant bears the burden to establish that his appeal is not for purpose of delay and that this burden requires something more than meeting his burden to raise a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a term of imprisonment less than the expected duration of the appeal process.  See Ninth Circuit's August 23, 2017 Order (Docket No. 476) ("Given that each of the Handy factors must be satisfied, evidence that there is a substantial question of law or fact is not alone sufficient to establish that an appeal was 'not for the purpose of delay.'").

The only factual argument Defendant attempts to make to satisfy his burden that his appeal is not for purposes of delay is that "he has litigated this case expeditiously."  (Docket No. 478, 5:1-2.)  This action has been pending since February 2016.  Contrary to Defendant's assertion, he has sought on several occasions more time than was necessary to prepare for different phases of the action, including a delay of several months to commence trial.

As the Court noted in its July 19, 2017 Order, the Court shared the Government's concern that Defendant's Alzheimer's disease could worsen during any period of delay and complicate or prevent re-sentencing or further proceedings.  Moreover, given the progressive nature of Alzheimer's disease, the delays in this action, and any additional delay before Defendant begins serving his sentence should Defendant be granted bail pending appeal, would continue to allow Defendant to spend his best remaining days on bail rather than incarcerated.  In the face of these concerns, Defendant has offered no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

evidence and precious little argument of a non-dilatory purpose for his appeal despite repeated opportunities to do so.

The Court therefore concludes that Defendant still has not satisfied his burden to establish that his appeal "is not for the purpose of delay."  18 U.S.C. § 3143(b)(1)(B).  In reaching this conclusion, the Court has not imported the "clear and convincing evidence" standard contained in § 3143(b)(1)(A) to the purpose of delay inquiry.  Nor has the Court adopted the standard applicable to motions for reconsideration for which the Government advocated in its Opposition to Defendant's second Motion. Instead, Defendant's failure to provide any evidence or satisfactory argument tending to show that his appeal is not for the purpose of delay compels the Court to conclude that Defendant has failed to satisfy his burden under the second Handy factor under even the least demanding evidentiary or persuasive burden the Court might adopt.

Defendant's reliance on United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003), and Salerno v. United States, 878 F.2d 317 (9th Cir. 1989), is misplaced.  Garcia involves the application of the "exceptional reasons" standard of 18 U.S.C. § 3145(c)(2) for a defendant who has been convicted of an offense described in § 3143(b)(2).  Salerno involves the "special circumstances" standard applicable to bail in an extradition case.  Neither of these situations apply to Defendant and his application for bail pending appeal under § 3143(b)(1).  Nor is the Court's interpretation of § 3143(b)(1)(B)'s "purpose of delay" clause allowing the use of Defendant's illness against him in an arbitrary manner as Defendant suggests.  (See Docket No. 478, 6:17-26.)  Instead, the nature of Defendant's illness and his prior attempts to prolong these proceedings raise legitimate concerns that he may be pursuing his appeal for the purpose of delay.  It is not arbitrary to enforce both the terms of § 3143(b)(1) and the burden Congress placed on every defendant seeking bail pending appeal by requiring Defendant to provide sufficient evidence or argument to allow the Court to find, as it must, that "the appeal is not for purpose of delay."  Defendant has failed to meet that burden for a third time.

The Court does not view the Ninth Circuit's August 23, 2017 Order denying Defendant's Motion for Bail Pending Appeal "without prejudice to appellant filing a new application for bail in the district court accompanied by evidence or argument specifically addressing whether this appeal was filed for purpose of delay" as providing Defendant with a new opportunity to modify or expand on the arguments he made to this Court in his first Motion for Bail Pending Appeal in support of the third and fourth Handy factors.  For all of the reasons stated in the Court's July 19, 2017 Order, and the Government's Opposition to Defendant's Motion filed with the Ninth Circuit, the Court additionally denies Defendant's Motion for Bail Pending Appeal because he has not met his burden to raise a substantial question that is likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a term of imprisonment less than the expected duration of the appeal process.

Additionally, Defendant's repeated references to the inability of the jury in his first trial to reach a unanimous verdict does not assist Defendant in meeting his burden to establish that he should be granted bail pending appeal.  To allow a mistrial to assist a defendant in satisfying this burden would be

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

contrary to the intent of Congress in enacting the Bail Reform Act.  <u>See</u> S. Rep. No. 98-225, at 27 (explaining that the "change in subsection (b) requires that the chance for reversal is substantial . . . gives recognition to the basic principle that a conviction is presumed to be correct").  The fact that the jury in the first trial was not able to reach a unanimous verdict is not evidence of either Defendant's non-dilatory purpose or his ability to raise a substantial question.[2/]

### **CONCLUSION**

For all of the foregoing reasons, the Court finds that Defendant has again failed to meet his burden to establish that his appeal is not for the purpose of delay.  The Court additionally concludes that Defendant has failed to raise a substantial question likely to result in a new trial, a sentence that does not include a term of imprisonment, or a term of imprisonment less than the expected duration of the appeal process.  Both individually and collectively, the Court's jury instructions, decision to empanel an anonymous jury, and evidentiary rulings, were not error and did not deprive Defendant of his constitutional right to present a defense.  Additionally, sufficient evidence exists to support Defendant's conviction on Count 3.  Finally, even if Defendant has established the existence of a substantial question likely to result in reversal or a new trial on Count 3, either because of the exclusion of Dr. Spar's testimony or the insufficiency of the evidence to support that charge, reversal or a new trial on that count would not result in the reversal of his conviction or a new trial on Counts 1 and 2, and Defendant's conduct on those charges, as well as all of the other 18 U.S.C. § 3553 sentencing factors, would still warrant a sentence that includes a term of imprisonment in excess of the time necessary to resolve any appeal on Count 3.  The Court therefore denies Defendant's Motion for Bail Pending Appeal.

It is further ordered that Defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on September 11, 2017.  In the absence of such designation, Defendant

. . . .

. . . .

---

[2/]    As the Court noted in denying Defendant's first Motion for Bail Pending Appeal, the Government made a number of changes to its presentation of its case-in-chief between the first and second trials.  Despite Defendant's assertion throughout his briefing in support of his Motion for Bail Pending Appeal that the Court's evidentiary rulings are the reason that the second trial resulted in his conviction while the first jury could not reach a verdict, it was these changes in the Government's trial strategy, including the addition of the testimony of William Carey, and emphasizing Defendant's participation in the conspiracy, as well as a different jury composition and Defendant's decision not to call character witnesses, rather than the Court's evidentiary rulings, that explain the different results in the two trials.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.[3]

IT IS SO ORDERED.

---

[3] Defendant and the Government stipulated that, should this Court deny his second Motion for Bail Pending Appeal, Defendant would file a renewed Motion for Bail Pending Appeal with the Ninth Circuit. The Court has set this report date to make sure there is no delay in the filing of that Motion and so that Defendant has a report date in the event that he does not elect to file another Motion for Bail Pending Appeal with the Ninth Circuit.