UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50192 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00066-PA-1 Central District of California, Los Angeles |
| v. | |
| LEROY BACA, | ORDER |
| Defendant-Appellant. | |

Before:  SCHROEDER, IKUTA, and N.R. SMITH, Circuit Judges.

The government's unopposed motion to file Government Supplemental Exhibits Volume 2 under seal (Docket Entry No. 21) is granted.  Docket Entry No. 21 shall remain under seal.

Leroy Baca's September 8, 2017 motion for bail pending appeal (Docket Entry No. 19) is granted.  Baca has clearly and convincingly shown that he is not likely to flee or to pose a danger to the safety of any other person or the community if released, and the parties do not dispute this finding.  18 U.S.C. § 3143(b)(1)(A). We conclude that Baca has raised a "substantial question" of law or fact. *Id*. § 3143(b)(1)(B).  Baca's claim that the district court erred by excluding expert evidence of his Alzheimer's disease is at least "fairly debatable," given that the exclusion of the expert's testimony was directly relevant and material with respect to Baca's claim that he lacked the requisite mens rea for the false statements

SMR/MOATT

charge.  *See United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

Moreover, "if that substantial question is determined favorably to defendant on

appeal, that decision is likely to result in reversal or an order for a new trial of all

counts on which imprisonment has been imposed." *Id.*

Finally, the district court clearly erred in holding that Baca failed to carry his

burden of proving by a preponderance of the evidence that he filed the appeal for a

purpose other than delay.  The record does not support the district court's

conclusion that "the nature of [Baca's] illness" suggests that Baca is pursuing the

appeal for the purpose of delay.  Moreover, the district court failed to recognize

that Baca had raised a substantial question, which is evidence that the appeal is not

for purpose of delay.  Although the district court may not have clearly erred in

determining that Baca's requests for additional time to prepare for trial and

sentencing were indicative of his intent to delay proceedings, this finding alone

would be insufficient to establish that Baca is ineligible for bail.

The matter is remanded to the district court for the limited purpose of

establishing appropriate conditions of release.

The briefing schedule established previously remains in effect.

SMR/MOATT                                     2